12-cv-185-JL

# UNITED STATE DISTRICT COURT
## District of New Hampshire

2012

Petitioner     Dominic S. Ali

)         V.

Respondent    Richard M. Gerry

### DOCKET NO. 2008-S-0858, 0862, 0864.

### MEMORANDUM OF LAW IN SUPPORT OF THE PETITION UNDER 28 U.S.C. 2254 FOR A WRIT OF HABEAS CORPUS

NEW HAMPSHIRE STATE PERISON
DOMINIC S. ALI
P.O. BOX 14
Concord, NH 03302

NEW HAMPSHIRE STATE PERISON
RICHARD M. GERRY, Warden
P.O. BOX 14
Concord, NH 03302

1 of 20

# **INTRODUCTION**

**NOW COMES**, Dominic Ali, who pro-se, respectfully request this Honorable Court relief to vacate and set aside his conviction and sentence for the violation of the RSA Ch,631;2,sentence enhancement 173-B:9,IV,III, second degree assault class A felony and states as follows;

In the recent **Supreme** Court decision on **Apprendi v. New Juersey,147 L.ED,2d 435(2000)** There the Court held that a New Jersey law that allows a sentence to be increased beyond the maximum statutory penalty based on the sentencing factor of "Motive of Racial bias" was unconstitutional, and that any fact that increases a sentence beyond the maximum statutory penalty must be proven beyond a reasonable doubt by the jury. In that, the petitioner Ali conviction does meet the criteria as described in Apprendi decision and if should be vacated.

---

1.At the close of the Petitioner's case, one simple assault charge, one false imprisonment charge, and one obstructing the report of a crime were dismissed. The jury found the Petitioner not guilty of the simple assault charge. On Appeal, The N.H.Superme Court vacated one second degree assault indictment under double jeopardy charge.

# **QUESTION (S ) PRESENTED**

I.  Whether the Court violated Mr.Ali's Right under part (1) article (15) of the State of New Hampshire Constitution and the (5th, 6th) and the (14theen) amends to the United State Constitution when in fact his court appointed counsel for new trial grossly misinformed the petitioner facts and misleading him that his trial counsel done everything for the his defense. In de facto, trial counsels were incompetent and failed to consult with an expert to take deposition of the state expert.

II. Whether the trial Court error in its interpretation of the statutory language of the RSA 173-B;9,IV,III.when it denied the petitioner per-trial motion to dismissed indictment 858 by finding that one prior conviction for violation of restraining order is required to charge Mr.Ali with the enhance penalty for crime of abuse

III. Whether the trial Court violated Mr.Ali's right under part (1) article (15) of the State of New Hampshire Constitution and the (5th, 6th) and the (14theen) amends to the United State Constitution, when his court appointed counsel for new trial grossly misinformed Mr.Ali material facts and misrepresentiaon of material facts in this case and constructively denied Mr.Ali assistance of counsel that legally presumed to result in prejudice.

## ABUSE OF DISCRETION

Under part (1)article (2,)(15) of the State of New Hampshire Constitution and the (5th,6th)and the (14theen )Amendment to the United State Constitution (0)ther then the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum, whether the statute calls it an element or a sentence factor ,must be submitted the jury and proved beyond a reasonable doubt. See; **State v. Lebaron, 148 N.H.226 (2002) (quoting) Harris v. United State, 536 U.S. 545(2002) and See Apprendi v. New Jersey, 530 U.S. 466(2002),** establishing rule that with exception of prior conviction, Judges cannot base a sentence enhancement on a fact not decided beyond a reasonable doubt by the jury. The petitioner argue that the State "RACIALLY PROFILED" the petitioner and brought forward prior conviction merely to show deposition to commit the crime charge or as evicedence of the crime charge and demeaned excessisive bail to withhold the petitioner in County jail, that showed discriminatory conduct have been taken with full recklessness disregard by the district attorney office. Doing so, the State indict the petitioner by finding that only one prior conviction for violation of restraining order is required to enhance the petitioner conviction for abuse. **See: State v. Marcoux, 154N.H.118 (2006)** before trial, the petitioner advised trial counsel that they must investigate his prior conviction because his plea was not intelligently, and voluntary made .See: **Boykin v. Alabama.395, U.S.238 (1969)**.because his Attorney Ryan Norwood from the public defender's office at the time did not provide true advise and professional opinion about the conviction that the State use to enhance his indictment. See; **Powell v. Alabama,287 U.S.45 S.Ct(1932).**The Petitioner is a resident of the State and a citizen of the South Sudan, at the time his hearing his educational level was 3rd grad.(1) The State uses conviction obtained under false allegation

(2) the court did not sufficient allegations of fact to support the issuance of ex-part temporary protective order to the plaintiff(3)the RSA 173-B;5,require that a trial court must make a specific finding of a criminal conduct in order to issue a final restraining order against the Petitioner. Fillmore v. Fillmore,147N.H.283,(2001)

As a general matter, conviction obtained in preceding which a criminal defendant lacked the effective assistance of representation of Counsel, cannot be used to enhance punishment upon subsequent conviction. See; **Culyer v. Sullivan,446 U.S.335.**

The petitioner argues that the plain meaning of RSA 173-B; 9, IV requires at least two prior convictions before the State can bring an enhanced penalty charge. The petitioner argues the State improperly charged him under RSA 17-B; 9, IV,III because, although he was convicted of violation of a protective order, the petitioner has not been convicted of a subsequent offense of abuse. The petitioner argues that to read the statute other wise would be changing or omitting the language chosen by the legislature and would not be indicative of legislative intent. The State objects, the State argues that the enhanced penalties apply to any abuse charge, which is committed after a violation of a protective order.

The State argues that requiring two convictions before the enhance penalties can be applied is counter the immediate and effective relief promised to domestic violence victims by the legislature. Therefore, the State asserts that petitioner's motion to dismiss indictment under the enhance penalty must be denied.See;**Cook v. Lynaugh,821 F.2d 1072(CA 5 1987)**

The State objection to the Habeas Corpus regarding RSA 173-B; 9, IV, III, has no merits. The agreement that the court would determine whether the State proved the element of the RSA 173-B; 9, IV, III was decided by incompetent assistance of counsel's who work with the state as an agent to criminalize citizen of the state with out due process of law. See; **Franklin v. McCaughtry, 398 f.3d 955(CA 2005)**. The State over charge the defendant with

double jeopardy in order to pursue the enhance penalty conviction. Judge (James Barry)abuse his power, motivated by racial bias allowing the State to over charge the defendant with double jeopardy indictment, when in fact, the State knew that the indictment is in violation of the petitioner State and Federal constitution and decided to withdraw before the N.H.Superme Court made its ruling . See order,2009-0140.This court states in **State v. Macleod, which 141 NH 427** "that the trial court have the authority and the obligation to the curb prosecution broad discretion, if over charging poses dangers of confusion , harassment or other unfair prejudice".

# INEFFECTIVE ASSISTANCE OF COUNSEL BY APPELLATE DEFENDER'S

According to attorney Ghazi D.Al-Maryati, esq, advice to the petitioner that his appellate counsel is effective was not support by reasonable fact to the case. Counsel failed to raise obvious and significant issues that were denied by trial counsels. See; **Robison v. Norris, 60 f.3d 457(CA 8 1995)**. He had no strategic purpose to discover instructional error that would raised violation of the petitioner constitutional rights See. **State v. Veale, 154NH 730(2007).**

On February 23, 2009, Appellate Defender's filed an appeal with the New Hampshire Supreme Court, raising three issues that would not reverse the petitioner conviction for a fact.See, **Evitts v. Lucey, 469 US 387, 105, S.ct.L.Ed 2d 821(1985).**Appellate failure to raise a well established straight forward and obvious misinterpretation of the law that was supported by the record and notice of Appeal with N.H. Supreme Court. He raised whether

the trial court error in finding that the State had not provide expert's witness Discovery under rule (98) of the trial court whishes trial counsel's knew the state intent to call them in trial(2) trial court error in excluding evidence that the complaining witness had the motive to lie to the cops about what happened on the night of the assault ,knowing that trial counsel's failed to assert at trial that the victim had an open case with the DCYF the night of the assault.(3)

He raises' an issue that is useless argument, that the court erred in sentencing the petitioner on double jeopardy clauses after the State already agreed to vacate the suspended indictment(859) before the supreme court rulings

On or about October ,2010,the petitioner request appellate counsel to raise the trial court error in its interpretation of the statutory language of the RAS 173-B;9,IV,III,after the NH supreme Court decline to add this issue for oral argument because the petitioner was represented by Attorney Paul C. Borchardt, Esq. Appellate counsel ignored the Petitioner's request and proceed in oral argument without the petitioner's satisfaction with the issues he raised. See, NH supreme Court order October 6,2010,Defendant fact ,argument and applicable of law in support the brief.

On July 7, 2010, the Petitioner file a pro-se motion to the NH Supreme Court seeking appointment of counsel other then the appellate defender's Under part (1) article (15)of the State of New Hampshire constitution and the six amendment to the United State Constitution reasoning that his appellate counsel had a conflict of interest with the Public Defender's were the two Office work together and alter information and would not raise any ineffective assistance claim of one another and any other issues that would reveres the petitioner's unconstitutional conviction. That's why the Petitioner wont him off his case regardless of this case outcome. See; **Penseon v. Ohio,488 U.S.75,102 Led(2d S.Ct 1988)**

Also, **Lombard v. Lynavgh, 868 F.2d** 1475(CA 5th Cir 1989). Where Lombard counsel brief did not discuss the evidence refer to the record or set forth any reasonable grounds of error that might support an appeal and failed to raise on appeal point of error whishes would have entitled him to reversal of his conviction.

After the Supreme Court mad an order on the petitioner appeal, Appellate counsel with his lies states that he had no good explanation of why the judge failed to give trial counsel's deposition of the State expert witness. See; State v. Ali, Docket Number ,2008,858,859.order September 19,2008.

When defacto, Attorney Helen v. Sullivan, esq, and Aileen O'Connell, esq mad up excuses. When ask by the Honorable Court judge (Barry J,) if desired to take deposition of the state expert's witness. See, **Richter v. Hickman, 578 f.3d 944(CA 9 2009)** According to attorney Ghazi D-Al-Marati, esq advise "that appellate defender's is competent", his advise was not within the rang of competent demanded attorney in criminal cases. **Strickland v. Washingtion.466 US 668(1`984),** the court of appeal agrees that the six Amendments imposes on counsel a duty to investigate because a reasonable effective assistance must be based on professionals decision and informed legal chaises can be made only after investigation of options. The court observed that counsel's investigatory decision must be assessed in light of the information known at time of the decision's not in the hand sight and the (p2061)amount of pretrial investigation the is reasonable defense precise measurement and counsel's never did so in this case.

With respect to Judge (Gillian L. Abramson) Disa vow ,who denies to dismiss Petitioner's indictment before trial and her prejudice ruling The defendant raised this issue on his both petitions and the notice of appeal and did pursue it on oral argument before the N.H. Supreme Court. See order, October 6, 2010. The statue is unambiguous in its intents and ambiguity does exist, Then the NH Supreme Court would notice in its decision in State v. Dansereau, that any remaining doubt as to the legislature's intent must be resolve in favor of the defendant. Ambiguity in a criminal statute should be resolved in against an interpretation that increases the penalties or punishment imposed on the defendant. The government violated the double jeopardy clause by dividing single indictment into multiple prosecutions to commit conspiracy. The lower Court and the New Hampshire Supreme Court provided the Petitioner with court appointed counsel's who keeps constructively denies, deprive, and jeopardizes the defendant defense by not providing the guiding hand of the assistance counsel. See, **U.S v. Moore, 159 F.3d 1154(9th cir 1998)** also, **Nell v. James, 811 F.2d 100(CA 2 1987).** The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of facts or the law. See, **Mathews v. Eldridge, 424 U.S. 319 (S.ct L.ED 2d 1976)** at the sometime, it preserves both the appearance and reality of fairness, "generating the feeling so important to a popular government the justice has been done."**Jonit Anti- Fascist committee v. Mc Grath, 341 U.S. 123 S.Ct L.ED (1951)** be ensuring that no person will be deprived of his interest in the absences of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him. See, **Evitts v. Lucey, 409 U.S. 387(S.Ct L.ED 2d 1985).**

The "legislature must be presumed to know the meaning of words, and to have used the words of a statute advisedly." Caswell v. BCI Geonetics, 121 N.H. 1048, 1050 (1981). The legislature has demonstrated that it does recognize a distinction in meaning between the words "charged with" and "sentenced to" and uses them deliberately. To presume the legislature must have meant something other than "charged with" when the words "charged with" have a clear and concise meaning is not proper statutory interpretation.

### III. The Legislature Clearly States When and Under What Circumstances Enhanced Penalties are Available.

A review of other statutes indicates that the legislature clearly provides for enhanced penalties when it intends to do so and plainly states under what circumstances such penalties are available. For example RSA 633:3-a, VI(a), the stalking statute, provides:

> "Any person convicted of a violation of this statute and who has one or more prior stalking convictions in this state or another state when the second or subsequent offense occurs within 7 years following the date of the first or prior offense shall be guilty of a class B felony."

The plain language of this statute indicates that one prior conviction for stalking automatically means an enhanced penalty for any subsequent offense that would otherwise be a misdemeanor.

Similarly, RSA 265-A:18, IV, the DWI sentencing provisions, provides for an enhanced penalty after only one prior conviction. The language of the statute is as follows:

> "Upon conviction of any offense under RSA 265-A:2, I or RSA 265-A:3, based on a complaint which alleged that the person has had one or more prior convictions under RSA 265-A:2, I or RSA 265-A:3, or RSA 630:3, II, or under reasonably equivalent offenses in an out-of-state jurisdiction,

> within 10 years preceding the date of the second or subsequent offense, the person shall be subject to the following penalties in addition to those provided in paragraph I. . ."

As with the stalking statute, this statute provides for an enhanced penalty after one conviction.

The language in RSA 633:3-a, VI(a) and in RSA 265-A:18, IV, both unambiguously provide for an enhancement with only one prior conviction. Had the legislature intended RSA 173-B:9 to provide for an enhancement after only one prior conviction for violation of a protective order the language in the statute would resemble the language in the stalking and driving while intoxicated penalty statutes. Instead, the legislature stated its intent in 173-B:9, IV that the enhanced penalty only apply after a subsequent conviction.

Ultimately "the legislative intent is to be found not in what the legislature *might have* said, but rather in the meaning of what it *did* say." Caswell, 121 N.H. at 1051 (emphasis added). RSA 173-B:9, IV states that any person with a conviction for a violation of a protective order within six years who "subsequently ***commits and is convicted of*** one or more offenses involving abuse may be charged with an enhanced penalty for each subsequent charge." The plain meaning of the statute requires two prior convictions, the first for a violation of a protective order, before a third or subsequent charge may be enhanced. Mr. Ali has one conviction for a violation of a protective order. He has no subsequent convictions involving abuse. By law, as Mr. Ali has only one prior conviction for violation of protective order before being charged with these pending matters, his charges cannot be enhanced.

# **LEGAL ARGUMENT**

The petitioner argues that his court appointed counsel for new trial performance fell below an objective standard of reasonableness in failure to disclose material facts or misrepresentation of material facts in this case.**See;State v. Sharkey,155N.H.638(2009).**

Counsel grossly misinformed the petitioner that he is only advising not representing him in this case; Grossly misinformed the petitioner that his trial counsel's did everything for the defense, when in fact, they did not. **See; Strickland v. Washington, 466 U.S. 668(1984).**

The Court in Strickland states that purpose of effective assistance guarantee of the six Amendments is ...to ensure that criminal defendant receive a fair trial .Id. at 689.

The RSA 517;13,III,of the State of New Hampshire states that in a felony case "either party may take a discovery deposition of any expert's witness who may be called by the other party to testify at trial . Trial counsel's strategy is to cross-examine the State's expert's and hop to "poke holes" in the State's expert's opinion rather then seeking their own.
See; **Rickey v. Bardshaw,498 F.3d 344, (6th cir.2007).**

Under equal protection, the 14theen Amends of the United State Constitution, the petitioner sought to depose not only the Doctor's but also all witness who testify at trial Sept 25, 26, 2008, for the State. The deposition was needed for trial counsels or expert's witness to form an opinion as to suggestiveness techniques of the expert's that a layperson could not understand. See**; State v. Martin,142 N.H. 63(2007).**reversible errors. Trial counsel's made up an excuse that the State failed to provide notice that it will call an expert's and contends that the State has not complied with Superior Court rule (98).After hearing, the court finds and ruled that trial counsel's has been provided with Discovery in accordance with rule (98) and has knowing of the State intend to call expert's witness. Trial counsel's made up another excuse that their

unable to make an informed decision to seek an important expert's witness, <u>When ask by the Honorable court if desire to take deposition of the State's expert's trial counsel's were incompetent.See: **House v. Balkcom,725 F.3d 608(CA 11 1984).**</u>

### Denial of Assistance of Counsel

There is a reasonable probability that had trial counsel's consulted with an expert's witness of their own in order to examining the qualification of the State expert's the proceeding would have been different. See: **State v. Whittaker, 158N.H.762 (2009).** Trial counsel has conceded the validity of the prosecution medical evidence without first having made any attempt to investigate whether that evidence could have been challenge by an expert's of their own.See:**Dugas v. Coplan,428 F.3d 317(1 st cir.2005).**

### The record reveal, see, T.45, 46, testimony the victim Sara N. and Dr.Seider at T.78.

Q; and you lifted the frame of the window up so that you could get out?
A; yeah; they are new window; they slide up easy.
Q; Okey; and then you lifted one of your five year old twin?
A; Yeah.
Q; Okey; about how mush did she weight?
A; Like 33 pound, they are little.
Q; there are littlie? Okay and your already testify that the window is about five to seven feet from the ground?
A; Yeah.

### Element of surprise by Dr.Seider that appellate counsel failed to sites on Appeal

Q; Okey and the type of the injury the victim had limited her movement?
A; Correct.
Q; Limited her ability to lift objects?
A; Absolutely.
Q; and limited her ability to put weight or pressure on her arm?   A; Correct .

In this case, No competent lawyer would have failed to consult with a medical expert's witness. Had trial counsel's consulted with an expert's of their own ,He could have provided the scientific, technical ,or other specialize knowledge that would assists the jury and defense facts to understand the evidence or to determine a fact in the issue of the state claim of serious bodily injuries.   See;**Pavel v. Hollins, 261 F.3d 210(2d cir.2001).**
The expert's would have provided a perspective that the jury could not have because of their limited knowledge or experience and attorney could argue what the evidence proves.

Expert's opinion is a from of evidence that the jury may conceder in rendering the verdict. Without this opinion the jury could only guess whether the petitioner inflicted the injury of the victim .The expert's could have explained that the victim Sara.N injuries was more consist with the fall from the seven foot window that the State suppress during the petitioner's trial by not showing how high the window form the ground**. State v. Laurie,139N.H.325(1995)**

The record reveals  see ,**T45,46**.Element of surprise and prejudice, See **T.78**.expert's for the State testify that the victim injury limited her ability to put weight or pressure on her arm that limited her movement to jump out the window or lift her twins that weight (33) pounds ,And  she was found next door from her apartment. Having said that, she was able to move and lift her twin. As result of default by trial counsel's incompetent assistance, they allowed testimony of the E.M.T.the was bias, see T.58. See; **lindstadt v. Keane,239 F.3d 191(CA 2.2001).**In order to secure a  convicted with his lies knowing that he would not be held accountable for his bias testimony. That's why deposition were needed in petitioner's trial .Had trial counsel's called an important expert's witness, his testimony could have rebutted the

prosecution already weak case and present and affirmative case that the charge crime did not accord and that the victim stories was incredible.

Further more ,trial counsel's assert during trial that the victim had open case with the D.C.Y.F and had a powerful motive to tie to the police about what happened but failed to assert at trial that the victim had an open case with D.C.Y.F. existed the night of the assault. See: **State v. Gagne,136 N.H.101(1992).** Had trial counsel's done any investigation of the D.C.YF they would have known that case still open and that the petitioner's name is on the DCYF investigation list on or about three months before trial. The petitioner was desire to obtain privilege information and under the six amendment to the Federal constitution the trial court must permit the petitioner to use privilege martial if it is essential and reasonable necessary to permit counsel to adequately cross-examine for purpose of showing unreliability and bias.See:**Chambers v. Mississippi,410 U.S.284 LED 2d (1973**).

Moreover .trial counsel's failed to object to <u>prosecution misconduct</u> and failed to subject prosecution to the meaningful adversarial challenge .See: **Davis v. Alaska,415 U.S.308 L.ed.2d(1974).**To offer the jury a basis to infer that the victim is an alcoholic and a drug addict who suffer form paranoia and bipolar disorder and never took her medication regularly and that her character is such that she would less likely then the average trustworthy citizen to be truthful in her testimony. See: **Tucker v. Prelesnik 181 F.3d 747(CA 6.1999).** Also See: T.31, 32.alson See: **Napue v. Illinois,360 U.S.246(1959).**Trial counsel's knew the State threatened the victim to testify in order for the State not to investigate her DCYF open case and have her kids taken away. See: **Burns v. Gammon,260 F.3d892(2001).**That's why the State objects when counsel's ask the victim about her open case with the DCYF. See: T.49.

Therefore, the victim fabricated stories and she is known by the family to liar and untrustworthy and because she had received, promised from the State in return of her testimony.

On September 26, 2008, trial counsel has failed to object to the prosecutor misconduct repeatedly commenting to the jury on his personal opinion of the defendant guilt .See: **T.157, 167.** In the State closing argument, which's he claim that is how the victim injured her shoulder.

Had trial counsel's objects to the State misconduct, the jury could have found that the prosecutor claim not proving beyond reasonable doubt and his comment were senseless and not supporting his claim of assault.

Prosecution improper statement and the victim fabricated false testimony could in any reasonable likelihood have effected the jury judgment and hence the outcome of the verdict.

On February 2, 2009, Attorney Anthony L. Interocaseo, esq, was assigned, as new counsel for sentencing, and neither he was effective in sentencing.

Attorney Anthony L. Interocaso, esq, was assigned the next day after trial counsels withdraw form the case due to a conflict of interest unknown to the petitioner. Counsel failed to subject prosecution to the meaningful adversarial challeng.See:**U.S. v. Jmenes-270 F.3d 554(CA 8 Cir 2001).**Counsel knew that P.S.I. report was based on the two conviction of the petitioner. He failed to challenge the P.S.I. report that was based upon doubt.    That P.S.I.report wan never giving to the petitioner. **See; U.S. v. Davenport, 151 F.3d 1325 (CA cir.11 1981)** .Sentencing counsels failed to raise ineffective assistance of counsel and failed to provide sentencing guideline computation or postcanviction specialist need to the judge early enough to considered in relation to the P.S.I. report. The Court and P.S.I. chooses the appropriate sentencing rang by identifying the rang in the sentencing table the correspond the petitioner's total offense level and criminal, Whiches in this case the petitioner have no criminal record.

# **DENIAL OF CONSTITUTIONAL RIGHTS**

The six Amendments entitle the petitioner to the assistance of counsel at all critical stages of a criminal proceeding. Failure of attorney Ghazi D. Al-Marayatil to provide assistance of counsel was a constructive denial of the petitioner right to counsel, Under part(1)article (15) of the State of New Hampshire Constitution and the (5th,6th)and the (14theen )Amendment of the United State Constitution.

On July 2, 2010, Attorney Ghazi D. Al-Marayati knew his actual constructive denial of assistance of counsel is legally presumed to result in prejudice. .See; **Tucker v. Day,969 F.2d 155(5th cir.1992)** also, **Strickland v. Washington ,466 U.S.668(1984)**holds that were counsel does not provide such information, counsel has perform ineffectively .Attorney Ghazi D. Al-Marayatil,esq denied the petitioner assistance of counsel because he knew for fact that he is burdened by an actual conflict of interest by the appellate Defenders and trial counsel's and that there error's were prejudicial and deprived the petitioner of "fair trial" whose result is reliable .See; **Stoia v. U.S. 109 F.3d 392(CA 7 1997).**He failed to disclose material facts or misrepresentation of material fact in favor of the petitioner to over turn his conviction and prejudiced the petitioner resulting in an unreliable or fundamentally unfair outcome of the proceeding of this case. There is reasonable probability that had not been for this counsel incompetent assistance the petitioner would not have allowed him to withdraw after he grossly misinformed the petitioner facts of this case. S**ee: State v. Sharkey, 155 N.H.638 (2007).** With out a doubt the petitioner would insist upon firing him form this case and allowed new Counsel be appointed.

Counsel tempted when he decided to withdraw the petitioner motion for new trial and rest on the perceived weakness of the prosecution case. See: **McFarland v. Yukins,356 F.3d 709(6th cir.2004).** The constitutional requirement of substation equality and fair process can only be attained where counsel act in the role of an active advocate on behalf of his client, and opposed to that of amicus curiae. The no-merit letter and procedure it trigger do not reach that dignity. Connsel should and can with honor and without conflict be of more assistance to his client and the court. His role as advocate requires that he support his client's motion for new trial to get a fair justice to the beast of his ability. Here the court admitted that it "will appoint counsel for the defendant to advise and represent the petitioner with respect to the merit of his ineffective assistance of counsel claim" but did not address whether counsel admitted failure to disclose materiel fact of this case.

As matter of law State and Federal, the petitioner assertions of ineffective assistance of counsel simply cannot excuse a lawyer failure to inform and then advise his client, there purpose of advice is to have an effect on the petitioner view of what he should do or have done. Counsel knew that the petitioner was motivated primarily by a strong desire not to have appellate defender's representing him in this case, for the fact that he would not raise ineffective assistance of counsel by the trial counsel's .**See: State v. Veale,154 N.H.730(2007).** and that was right form the get go, when counsel meat the petitioner at the State Prison. Counsel knew of this desire because the accurate and full receipt of counsel 's advise and opinion concerning the appeal that raises no reversible error and counsel knew that, and counsel advice can often dose change the client's thinking on the critical issue. Strickland v. Washington, the deficient performance prong of the Strickland test turns upon a determination of whether counsel assistance was reasonable considering all circumstances. The court must judge the reasonableness of counsel on the fact to the

particular case. A petitioner claming ineffective assistance of counsel must show (1) that counsel representation fell below an objectives standard of reasonableness and (2) that counsel deficient per performance prejudiced his case. Strickland v.Washingtion, Second part o f Strickland requires a criminal defendant to show prejudice from counsel 's deficient performance for the purpose of establishing ineffective assistance of counsel under Federal Constitution(6th) Amends' Where such claim involves counsels performance during the course of legal proceeding- either at trial or appeal (a)showing how specific error s of counsel undermined the reliability of a finding of guilt, or (b)demonstrating that attorney errors actually had an adverse effect on the defendant case. In the instance case, the petitioner motion for new trial pursuing a fair trial .The petitioner would not have allowed counsel to withdraw his motion for new trial by his failure to provide the assistance of counsel and grossly misinformed the petitioner fact and material fact of this case.(A)that trial counsel were incompetent assistance in failure to consider all circumstances to investigate the petitioner prior conviction that dose not satisfy to enhance petitioner indictment(B) be that their failure to call an important expert witness or take deposition of the State expert(C)be that their failure to object to prosecutor misconduct. The petitioner would not have been convicted of a crime he did not committed.Theirfore,Attornoy  Gahzi D. Marayati,esq,foulty advise and deficient performance prejudice the petitioner resulting in an unreliable or fundamentally unfair outcome of the proceeding, in failure to disclose material fact or misrepresentation of material facts in favor to the petitioner's case.

# CONCLUSION

The petitioner Ali respectfully move this Honorable Court to vacate and set a side his conviction and sentence for the violation of the RSA ch,631:2,sentence enhance RSA 173-B;9,IV,III.2008,858,and order release from Richard M. Gerry custody, Ex maleficio.

Respectfully Submitted,

*[signature]*

Dominic Ali 81829
P.O.Box 14
Concord, NH 03302

# CERTIFICATE OF SERVICE

I, Dominic Ali, hereby declare under penalty of perjury that the facts stated in the forgoing are true, correct copy of this Memorandum of law has been provided to District Attorney by postage paid envelope, and mailing sail envelope via U.S. mail this 10 day of May, 2012.

*[signature]*

Dominic Ali 81829
P.O.BOX 14
Concord, NH 03302
C; file.

*Becky A. Harding 5/11/12*

BECKY A. HARDING, Notary Public
My Commission Expires 2/2/2016

20 of 20