**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Dominic S. Ali

    v.                                  Civil No. 12-cv-185-JL

Richard M. Gerry, Warden,
New Hampshire State Prison


**O R D E R**


     Pro se petitioner, Dominic S. Ali, has filed a petition for writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2254.  Before the court is Ali's motion (doc. no. 3) -- which cites the Due Process Clause, the Sixth Amendment, and two federal statutes (the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA"), and the Court Interpreters Act, 28 U.S.C. § 1827) -- to support Ali's request for the appointment of counsel and an interpreter to assist him in briefing, arguing, and attending hearings on his § 2254 petition.


Discussion

I.   Appointment of Counsel

     "'[T]here is no constitutional right to representation by counsel in habeas corpus proceedings,' and [the CJA] only requires appointment of counsel for a financially eligible

person if 'the interests of justice so require.'"  United States
v. Yousef, 395 F.3d 76, 77 (2d Cir. 2005) (per curiam) (citation
omitted).  In civil cases, indigent plaintiffs are not entitled
to counsel, unless they show that there are extraordinary
circumstances, such that a denial of counsel is likely to result
in fundamental unfairness.  DesRosiers v. Moran, 949 F.2d 15, 24
(1st Cir. 1991).  The rules governing federal habeas proceedings
similarly do not require counsel's appointment for indigent
petitioners unless the court finds that an evidentiary hearing
is warranted.  See § 2254 Rule 8(c).

     In support of his motion, Ali asserts that he is indigent,
and that he immigrated to this country after fleeing his native
land of Sudan to escape a civil war in 1999.  English is not his
first language.  Additionally, Ali asserts that, at the time of
the state court proceedings, he had attained a third grade
education, and that due to the lack of an interpreter in state
court, he was not fully able to comprehend those proceedings or
communicate with his court-appointed counsel or the state court
judge.

     As to the interests of justice and fundamental fairness,
the court notes that the facts regarding Ali's low level of
education and English language skills, per se, do not warrant

counsel's appointment.  Ali has filed documents in this court without the assistance of counsel, and those documents are generally cogent and clear.  Ali has demonstrated an ability to assert meaningful arguments in writing, and to cite pertinent facts and authority to support his contentions.  The court presumes that Ali's reading skills are at a similar level.

While it is possible that Ali's language problems, if any, may relate more to spoken language than to reading and writing, that fact, if true, would not be enough to persuade the court at this time to appoint counsel.  No hearing is presently scheduled or anticipated in the near future.  I conclude that the interests of justice and fundamental fairness do not require appointment of counsel at this time.  Accordingly, the court denies the motion to appoint counsel (doc. no. 3), without prejudice to refiling if a hearing is scheduled in this case, or if Ali can otherwise show that his circumstances warrant such an appointment.

II.   Interpreter

There is no constitutional right to free interpreter services in federal civil cases.  See Xuli Zhang v. Ross Store Inc., No. 1:10CV1328, 2011 WL 8129471, at *1 n.2 (E.D. Va. May 17, 2011); see also Pedraza v. Phoenix, No. 93 CIV. 2631 (MGC),

1994 WL 177285, at *1 (S.D.N.Y. May 9, 1994) ("there is no federal rule that gives an indigent non-English speaking civil plaintiff the right to a court-ordered translation of pre-trial motions").  The Court Interpreters Act, 18 U.S.C. § 1827, authorizes the "presiding judicial officer" to use the services of an interpreter in federal judicial proceedings if the presiding officer finds on its own or upon a party's motion that the party speaks primarily a language other than English, "so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer." Id. § 1827(d)(1); see also Fed. R. Civ. P. 43(d) (authorizing appointment of interpreter when testimony is taken).[1]

Here, there are no proceedings scheduled or likely to be scheduled in the near future which would require Ali to speak, listen, understand, or communicate in a manner other than in writing, where he has so far demonstrated his proficiency. Therefore, the motion for appointment of an interpreter is denied without prejudice to refiling should a hearing be

---

[1] The CJA, 18 U.S.C. § 3006A(e), provides additional authority for translator services in habeas cases.  That statute authorizes the court to grant counsel's request for "investigative, expert, or other services necessary for adequate representation," if the court finds that such services are necessary for adequate representation, and that the client is financially unable to obtain such services and is eligible for a CJA appointment.  Id.

scheduled, or should Ali be able to demonstrate that the provision of such services is necessary to avoid fundamental unfairness.

### Conclusion

For the foregoing reasons, the motion to appoint counsel and an interpreter (doc. no. 3) is denied.  The denial is without prejudice to refiling should a hearing be scheduled on Ali's petition (doc. no. 1), or if Ali is able to show that there are extraordinary circumstances in his case, requiring an appointment of counsel or an interpreter to avoid fundamental unfairness to Ali.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

October 10, 2012

cc:  Dominic S. Ali, pro se

LBM:nmd