```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Dominic S. Ali

   v.                                                                 Civil No. 12-cv-185-JL

Richard M. Gerry, Warden,
New Hampshire State Prison

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254, by pro se petitioner Dominic Ali.  The matter is here for preliminary review to determine whether the claims raised in the petition are facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

## § 2254 Standard

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Id.  In undertaking this review, the court decides whether the petition contains

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a petition for federal habeas relief. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).

## Background

In February 2008, Ali had a night-time altercation with a woman who had been his girlfriend. The woman fled through a window, leaving her children behind in the apartment where the altercation occurred. At the time of the assault, Ali asserts, the woman and her children were the subject of a state Division of Children, Youth, and Families ("DCYF") child protective services investigation. The victim and Ali each called the police after the incident. After the officers arrived, the victim was treated for injuries, including a broken collarbone.

Ali was charged with multiple counts relating to the February 2008 assault, including two misdemeanors and two felony second degree assault charges. At the time of the assault, Ali had a criminal record consisting of a conviction for violating a restraining order. Relying on that conviction, the state applied N.H. Rev. Stat. Ann. ("RSA") 173-B:9, IV(b), to enhance

one of the second degree assault charges from a class B to a class A felony.[1]

The trial court appointed a public defender to represent Ali on the February 2008 assault charges. Defense counsel moved pretrial to exclude the testimony of a doctor and emergency medical technician ("EMT") who had examined the victim after the assault, asserting that the state had not properly disclosed them as experts. The trial court denied the motion, and those witnesses, Dr. Seidner and EMT Trachim, each testified regarding the victim's injuries. Defense counsel did not depose either witness before trial and did not consult with or call any expert on Ali's behalf at trial.

At trial, defense counsel, Attorney Aileen O'Connell, attempted to cross-examine the victim regarding the DCYF investigation, in order to show that the victim had a motive to

---

[1] RSA 173-B:9, IV(b), provides:

> Any person convicted under RSA 173-B:9, III [of the misdemeanor of knowingly violating a protective order], who, within 6 years of such conviction or the completion of the sentence imposed for such conviction, whichever is later, subsequently commits and is convicted of one or more offenses involving abuse may be charged with an enhanced penalty for each subsequent offense as follows:
>
> . . .
>
> > (b) If the subsequent offense would otherwise constitute a class B felony, it may be charged as a class A felony;
>
> . . . .

lie to the police about why she had left her children behind in the apartment. The judge sustained the state's objection to that line of cross-examination. Defense counsel did not introduce any evidence about the victim's propensity to lie, and did not object when the state introduced the victim's testimony knowing – Ali asserts - it was false and had been coerced by the state's threat to take away her children. Ali also asserts that defense counsel failed to object when the prosecutor in closing argument improperly expressed his own opinion of Ali's guilt. After a two day trial, the jury convicted Ali of the two felony second degree assault counts and two misdemeanors (false imprisonment and obstructing a report of crime or injury).

After trial, Attorney O'Connell withdrew from the case, and the court appointed new counsel, Attorney Anthony Introcaso, to represent Ali at sentencing. Ali alleges that Attorney Introcaso did not provide him with the presentence investigation report ("PSI") prior to the sentencing hearing, and did not verify its accuracy. Ali asserts that the PSI falsely stated that he had two prior convictions.

Relying on the PSI, the trial court, in February 2009, sentenced Ali to two concurrent one-year, stand-committed sentences on the misdemeanors, followed by a consecutive prison term of three and a half to seven years on the class B second

degree assault charge, to be served concurrently with a five to ten year sentence on the class A second degree assault charge.

The New Hampshire Supreme Court ("NHSC") appointed Attorney Paul Borchardt from the appellate defender's office to represent Ali in his direct appeal, and then denied Ali's pro se motion seeking appointment of counsel other than the appellate defender.  See State v. Ali, No. 2009-0140 (N.H. July 7, 2010). Ali, seeking to supplement the issues counsel raised on appeal, filed a pro se motion for leave to file a separate, pro se brief in the NHSC.  A single NHSC justice denied that motion.  See State v. Ali, No. 2009-0140 (N.H. Oct. 6, 2010).  Ali asked Attorney Borchardt to raise those supplemental issues, but counsel declined to do so.

Among other things, Ali's counsel raised a double jeopardy claim on appeal, and, after the state conceded the point based on the "same evidence test," the NHSC found that Ali's conviction and sentence for the second degree assault counts violated Ali's double jeopardy rights.  State v. Ali, No. 2009-0140 (N.H. Dec. 13, 2010).  The NHSC vacated the class B second degree assault conviction and the sentence for it, and affirmed the remaining convictions and sentences, including the class A second degree assault conviction and five to ten year prison term.  See id.

Ali filed a post-conviction petition in state superior court, asserting claims of prosecutorial misconduct, the trial court's abuse of discretion, and ineffective assistance of trial and appellate counsel. See Ali v. Gerry, No. 217-2011-cv-00746 (N.H. Super. Ct., Merr. Cnty.). The state superior court appointed Attorney Ghazi Al-Marayati to advise and represent Ali with respect to his ineffective assistance of counsel claim. Counsel advised Ali that his trial and appellate counsel had provided adequate representation. Attorney Al-Marayati then sought leave to withdraw, and the court granted that request.

The superior court denied Ali's state habeas petition on March 5, 2012. The NHSC declined to accept Ali's discretionary appeal of that state habeas petition. See Ali v. Gerry, No. 2012-0197 (N.H. May 3, 2012).

### Claims

Construing the § 2254 petition (doc. no. 1) liberally, the court finds that in his petition (doc. no. 1), Ali has asserted the following claims:

    1. Ali's conviction and sentence for the enhanced second degree assault charge were based on the trial court's misinterpretation of state law, particularly RSA § 173-B:9, IV(b).

    2. Ali's conviction and sentence for the enhanced second degree assault charge violated Ali's right to due process under the Fourteenth Amendment, in that:

    A.    The statute used to enhance the charge to a class A felony, RSA § 173-B:9, IV(b), is ambiguous, and the trial court failed to follow the requisite rule of lenity in allowing Ali to be convicted and sentenced for a second degree assault count charged as a class A felony;

    B.    The underlying conviction used to enhance the second degree assault charge was obtained through a prior plea of guilty, which Ali alleges resulted from a proceeding in which appointed counsel provided him with ineffective assistance;

    C.    Ali's sentence for second degree assault was, in effect, enhanced based on facts not decided by the jury beyond a reasonable doubt.

3.    The prosecutor was allowed to divide a single count indictment into multiple counts in order to pursue an enhanced second degree assault charge against Ali, in violation of Ali's right to due process and a fair trial under the Fourteenth and Sixth Amendments.

4.    The prosecutor knowingly introduced the victim's false testimony, which the state had improperly coerced with the threat of taking away her children, in violation of Ali's right to due process under the Fourteenth Amendment.

5.    The prosecutor's closing argument improperly expressed the prosecutor's opinion of Ali's guilt, in violation of Ali's right to due process under the Fourteenth Amendment.

6.    Trial counsel provided ineffective assistance, in violation of Ali's Sixth Amendment right, in that trial counsel:

    A.    Failed to depose the state's experts pretrial;

    B.    Failed to consult with or obtain a medical expert to rebut the state's experts;

    C.    Failed to properly investigate the status of the victim's DCYF investigation;

    D.    Failed to introduce evidence regarding the victim's alcoholism, drug addiction, mental illness, and frequent failure to take prescribed medication,

  which would have led the jury to question her credibility;

  E. Failed to object to the prosecutor's introduction of the testimony of the victim, which defense counsel knew was both false and improperly coerced by the state; and

  F. Failed to object to the prosecutor's expression, during closing argument, of his personal opinion of Ali's guilt.

7. Counsel appointed for the sentencing proceeding provided ineffective assistance, in violation of Ali's Sixth Amendment right, in that counsel:

  A. Failed to challenge the PSI's incorrect statement of Ali's prior criminal record, which improperly listed two prior convictions;

  B. Failed to provide the PSI to Ali prior to the sentencing hearing; and

  C. Failed to assert as a mitigating factor during sentencing that Ali had received ineffective assistance of counsel at trial.[2]

8. Appellate counsel provided ineffective assistance, in violation of Ali's Sixth Amendment right, in that appellate counsel:

  A. Failed to raise, in the NHSC, the trial court's misconstruction of RSA § 173-B:9, IV(b); and

---

[2] Ali has further asserted that Attorney Introcaso failed to present to the superior court, prior to sentencing, a "sentencing guideline computation" and Ali's "postconviction specialist need," early enough for that court to consider in relation to the PSI.  This court cannot discern from the petition how counsel's conduct in this regard might be construed to be a ground for a Sixth Amendment claim.  In an order issued on this date, Ali is granted leave to amend this part of his petition to add factual allegations, if he intends to assert additional violations of his Sixth Amendment rights based on these allegations.

      B.   Acted under an actual conflict of interest, based on the affiliation of the public defender's and appellate defender's offices, which precluded appellate counsel from arguing reversible issues including ineffective assistance of trial counsel.

9.   Counsel appointed to advise Ali in regard to his state habeas petition provided ineffective assistance of counsel, in violation of Ali's Sixth Amendment right to counsel.

## Discussion

Federal habeas relief is not available for claims asserting that counsel was ineffective in post-conviction proceedings. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Accordingly, this court should dismiss Ali's claim grounded upon his allegation that he received incompetent advice from Attorney Al-Marayati, as Attorney Al-Marayati was appointed to advise him in connection with his state habeas petition (Claim 9 above).

## Conclusion

For the foregoing reasons and pursuant to 28 U.S.C. § 2254(i), the court should dismiss Claim 9 above, which asserts that Attorney Ghazi Al-Marayati provided ineffective assistance of counsel in connection with Ali's state habeas petition. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R.

9

Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

October 10, 2012

cc: Dominic S. Ali, pro se

LBM:nmd