## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Dominic S. Ali

    v.                                         Civil No. 12-cv-185-JL

Richard M. Gerry, Warden,
New Hampshire State Prison


## O R D E R


Before the court is the petition for writ of habeas corpus
(doc. no. 1), filed pursuant to 28 U.S.C. § 2254, by pro se
prisoner Dominic Ali.  The matter is here for preliminary review
to determine whether or not the claims raised in the petition
are facially valid and may proceed.  See Rule 4 of the Rules
Governing Section 2254 cases in the United States District
Courts ("§ 2254 Rules").  The background facts and standard
applied in reviewing a habeas petition pursuant to § 2254 Rule 4
are set forth at length in the report and recommendation issued
on this date, and need not be repeated here.


## Discussion

### I.  Claims

Construing the § 2254 petition (doc. no. 1) liberally, and
without issuing any ruling on whether such claims are

cognizable, the court finds that the petition (doc. no. 1)

asserts the following claims:

1.   Ali's conviction and sentence for an enhanced second degree assault charge were based on the trial court's misinterpretation of state law, particularly N.H. Rev. Stat. Ann. ("RSA") § 173-B:9, IV(b).

2.   Ali's conviction and sentence for that enhanced second degree assault charge violated Ali's right to due process under the Fourteenth Amendment, in that:

   A.   The statute used to enhance the charge to a class A felony, RSA § 173-B:9, IV(b), is ambiguous, and the trial court failed to follow the requisite rule of lenity in allowing Ali to be convicted and sentenced for a second degree assault count charged as a class A felony;

   B.   The underlying conviction used to enhance the second degree assault charge was obtained through a prior plea of guilty, which Ali alleges resulted from a proceeding in which appointed counsel provided him with ineffective assistance;

   C.   Ali's sentence for second degree assault was, in effect, enhanced based on facts not decided by the jury beyond a reasonable doubt.

3.   The prosecutor was allowed to divide a single count indictment into multiple counts in order to pursue an enhanced second degree assault charge against Ali, in violation of Ali's right to due process and a fair trial under the Fourteenth and Sixth Amendments.

4.   The prosecutor knowingly introduced the victim's false testimony, which the state had improperly coerced with the threat of taking away her children, in violation of Ali's right to due process under the Fourteenth Amendment.

5.   The prosecutor's closing argument improperly expressed the prosecutor's opinion of Ali's guilt, in violation of Ali's right to due process under the Fourteenth Amendment.

6.   Trial counsel provided ineffective assistance, in violation of Ali's Sixth Amendment right, in that trial counsel:

   A.   Failed to depose the state's experts pretrial;

   B.   Failed to consult with or obtain a medical expert to rebut the state's experts;

   C.   Failed to properly investigate the status of the victim's Division of Children, Youth, and Families ("DCYF") investigation;

   D.   Failed to introduce evidence regarding the victim's alcoholism, drug addiction, mental illness, and frequent failure to take prescribed medication, which would have led the jury to question her credibility;

   E.   Failed to object to the prosecutor's introduction of the testimony of the victim, which defense counsel knew was both false and improperly coerced by the state; and

   F.   Failed to object to the prosecutor's expression, during closing argument, of his personal opinion of Ali's guilt.

7.   Counsel appointed for the sentencing proceeding provided ineffective assistance, in violation of Ali's Sixth Amendment right, in that counsel:

   A.   Failed to challenge the presentencing investigation report ("PSI"), which improperly listed two prior convictions for Ali;

   B.   Failed to provide the PSI to Ali prior to the sentencing hearing; and

      C.   Failed to assert as a mitigating factor during sentencing that Ali had received ineffective assistance of counsel at trial.[1]

8.   Appellate counsel provided ineffective assistance, in violation of Ali's Sixth Amendment right, in that appellate counsel:

      A.   Failed to raise, in the New Hampshire Supreme Court ("NHSC"), the trial court's misconstruction of RSA § 173-B:9, IV(b); and

      B.   Acted under an actual conflict of interest, based on the affiliation of the public defender's and appellate defender's offices, which precluded appellate counsel from arguing reversible issues including ineffective assistance of trial counsel.

9.   Counsel appointed to advise Ali in regard to his state habeas petition provided ineffective assistance of counsel, in violation of Ali's Sixth Amendment right to counsel.

In the report and recommendation issued on this date, the magistrate judge has recommended that, pursuant to 28 U.S.C. § 2254(i), this court dismiss Claim 9, which asserts that Attorney Ghazi Al-Mayarati provided Ali with ineffective assistance of counsel during a state post-conviction proceeding.

---

[1]Ali has further asserted that Attorney Introcaso failed to present to the superior court, prior to sentencing, a "sentencing guideline computation" and Ali's "postconviction specialist need," early enough for that court to consider in relation to the PSI.  This court cannot discern from the petition how counsel's conduct in this regard might be construed as a ground for a Sixth Amendment claim.  Ali is granted leave to amend this part of his petition to add factual allegations, if he intends to assert additional violations of his Sixth Amendment rights based on these allegations.

II.  Exhaustion

To be eligible for habeas relief on Claims 1-8 above, Ali must show that he has exhausted all of the remedies available to him in the state courts on those claims, or that state corrective processes are unavailable or ineffective to protect his rights.  See 28 U.S.C. § 2254(b)(1).  "[A] petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas case."  Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011).

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).  "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted).

"Ineffective assistance of counsel claims must be exhausted as to each ground alleged to constitute a violation of the Sixth Amendment." Evicci v. Maloney, No. Civ.A. 99-11561-DPW, 2003 WL 21339277, *7 (D. Mass. June 4, 2003), aff'd, 387 F.3d 37 (1st Cir. 2004).  To demonstrate that he has exhausted each of his claims of ineffective assistance of counsel, Ali must show that he fairly presented to the NHSC the factual basis of each specific claim raised in the § 2254 petition.  See id.

Ali asserts that in State v. Ali, No. 2009-0140, he presented the claims numbered above as Claims 1-3 to the NHSC. Specifically, Ali asserts that he raised those claims in his motion requesting leave to file a pro se brief in his direct appeal.  Ali has failed to file a copy of that motion in this matter, however, which prevents this court from determining if Claims 1-3 were in fact fairly presented to the NHSC.

Ali further contends that his motion to appoint new counsel in NHSC case no. 2009-0140, and his state habeas petition, both raised ineffective assistance of counsel claims, like Claims 6-8 above, and that his state habeas petition raised the issues listed above in Claims 1-5.  Ali's failure to file, as exhibits in this court, his motion to appoint new appellate counsel, the superior court decision on his state habeas petition, and the

notice of discretionary appeal filed in the NHSC, prevents this court from verifying whether he exhausted his state court remedies on Claims 1-8.

A federal habeas petition containing unexhausted claims is subject to being dismissed without prejudice, or, as appropriate, stayed to grant the petitioner an opportunity to exhaust all of his claims.  See Rhines v. Weber, 544 U.S. 269, 278-79 (2005).  Alternatively, a petitioner may be granted leave to file an amended petition that omits any unexhausted claims, see id., although in choosing to forego unexhausted claims, the petitioner risks losing the chance to file these claims in a future habeas petition, due to the prohibition against second or successive habeas petitions set forth in 28 U.S.C. § 2244(b). See, e.g., Gautier v. Wall, 620 F.3d 58, 60-61 (1st Cir. 2010).

The § 2254 petition (doc. no. 1) filed here includes Claims 1-8 above, as to which Ali has not yet demonstrated exhaustion. Accordingly, before this petition may proceed, Ali must file an amended petition to demonstrate exhaustion of his state court remedies on Claims 1-8.

## Conclusion

Ali is granted leave to file an amended petition within 45 days of the date of this order, to demonstrate that he has exhausted his state court remedies on Claims 1-8 above, and to clarify or correct this court's identification of his claims.

The amended petition must include the following documents as exhibits, to demonstrate that Ali has exhausted his state court remedies on each of his claims for federal habeas relief:

1.   Ali's motion for appointment of new appellate counsel, which he filed in the NHSC in case no. 2009-0140;

2.   Ali's motion for leave to file a pro se brief, which he filed in the NHSC in case no. 2009-1040;

3.   Ali's notice of appeal, which he filed in the NHSC in case no. 2009-0140;

4.   The superior court order denying Ali's state petition for habeas corpus, issued in March 2012, in Ali v. Gerry, No. 217-2011-cv-00746 (N.H. Super. Ct., Merr. Cnty.);

5.   Ali's notice of discretionary appeal, which Ali filed in the NHSC, in case no. 2012-0197;

6.   The NHSC order declining to accept Ali's discretionary appeal in case no. 2012-0197; and

7.   Any other NHSC order or superior court order relating to the claims asserted by Ali in his habeas petition, and any other notice, brief, exhibit, or motion filed as part of the NHSC record in any case involving Ali as a party, which demonstrates that Ali presented to the NHSC each issue raised in his § 2254 petition.

Should Ali fail to file an amended petition within 45 days, or otherwise fail to comply with this order, the court may recommend that Ali's § 2254 petition be dismissed for failure to demonstrate exhaustion of state remedies as to Claims 1-8.  See 28 U.S.C. § 2254(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

October 10, 2012

cc:  Dominic S. Ali, pro se

LBM:nmd