UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Dominic S. Ali

v.

Richard M. Gerry, Warden

Civil No. 12-cv-185-dL

<u>Defendant's motion to amend part of his petition to add factual allegation in relation to the PSI report</u>

Now comes, Dominic Ali, <u>Sui Juris</u>, respectfully request this Honorable Court to grant this motion for the following reason states bellow;

The defendant has a petition for writ of habeas Corpus doc. No 1) filed pursuant to 28 U.S.c 2254 with this Court, in part claiming violation of his sixth Amendment right, in that Attorney Interocaso failed to present to the Superior Court, prior to sentencing, a sentencing guideline computation and his own PSI report in Ali's postconviction specialist need early enough for the trial Court to consider in relation to the PSI report by the State.

Attorney Anthony L. Interocaso, esq, was assigned after trial counsel withdraw from the due a conflict of interest unknown to the defendant (A2)
Counsel failed to provid sentencing guideline computation or subject prosecution to the meaningful adversarial challeng. See: U.S. v. Jimenes, 270 F.3d 554. CcA 8 Cir 2001) when the information provided by the probation officer in a presentence investigation was not based same sort of specific evidence and dust conjecture of speculation on the part of the office. He Contains allegations relating to charges that were dismissed at trial that the defendant was not found guilty of at trial. See: Exibits (A1)

The defendant did not waive his statutory rights to examine the PSI report when ask by the court, but somehow he,never got the presentencing report from his Counsel and niether did sentencing Counsel had his own reports. But both report was given to the Court and the State. That the Judge did not append to the presentence report a written record of the trial Court's findings or determinations.
Relying on the PSI, the trial Court, in February 2, 2009, Sentence the defendant to two concurrent one year, stand-committed sentence on the misdemeanors, followed by a consecutive prison term of 3½-7 and 7½-15 years on the class A felony second degree assault conviction.

2 of 4

Thats the part of the states committing conspiracy by dividing singul indictment, 858, 859, into multiple prosecution and have the Court and the probation Officer makes its determination on allegation relating to charges that were dismissed at trial and other indictment that the defendant was found not guilty of at trial, and letter would be dismissed on appeal after collateral damages have been done to the defendant. The defendant was charge with One count of class A felony, Two count of class B Felony, and four count of class A's misdemeanors, discriminatory with full reckless disregard by the charging party.

The trial Court never verify that the defendant read and discussed the presentencing report with his attorney Interocaso, because counsel did not have his own PSI and neither did he read the PSI issued by trial Counsel's. see: Franklin v. McCaughtry 398. F.3d 955 (CA 2005) Attorney Interocaso was appointed for sentencing, counsel knew that trial Counsel's for the defendant never advised the defendant of improbability of acquittal and benefits of a plea bargain when the defendant faced potential sentence twice as that as that under plea agreement. The defendant was offer 3½-7 for all charges, that sum were dismissed and found not guilty of. at trial, for lack of

evidence but, it seems more of a conspiracy by the District Attorney's Office, Mr. Brett Harpster- after the defendant refusal and invoking his Constitutional rights to a trial by Jury.

During Attorney Introcaso visit at the County Jail on or about Sept. , 2008, advising the defendant that he has known the prosecutor "misconduct, and Discriminatory conduct with full recklessnes disregard to blacks, that he is Mr. A's, everything of his have to be A's," and that "the Judge is one of his friend, they drink together and that he's prejudice" and advising the defendant that "five years is a walk on the beach in the State prison." and other statement, saying that the "defendant lawyers were young attorneyies and lack of experince on trials". Thats why the defendant still fighting till this day for his ~~equal~~ equal protection and fundamental rights, fairness necessarly for due process of law. The defendant would take a lie detector for these quotation.

## Conclusion

For the reason states above, and pursuant to 28. U.S.C. 2254, ~~the~~ defendant respectfully request this Court to amend this motion for relief and as just and equitable. Reverse of this conviction and sentence -

4 of 5

## Certificate of Service

I, Dominic Ali, hereby certify that this Day of 18th Oct, 2012, that a copy of this motion was forwarded in U.S. Mail first class postage address to the A.G. Office.

_Dominic Ali_ (signature)            _Susan Perreault_ (signature)
Dominic Ali 81829
138 E Malin Rd
Berlin, NH 03570

SUSAN PERREAULT, Notary Public
My Commission Expires January 27, 2015

C: file.

# EXHIBIT # A1

**Dominic Ali**
**Prep for sentencing hearing**

- Corrections to PSI

Sub-Section that describes police version:
Contains allegations relating to charges that were dismissed at trial and that he was found not guilty of at trial. Court should not consider these allegations in sentencing.

Sub-Section listing his criminal record:
Indicates that he has two convictions for violating a restraining order. This is not accurate. The record attached to the PSI only indicates one conviction for violation of a restraining order. There is only one conviction for violating a restraining order listed in the records state sent us in discovery, and our review of the court files from the Goffstown District Court only indicate one conviction for violating a restraining order.

- Sara's statements to Jillian

With respect to victim input – Before trial, in late August, our investigator Jillian Kalosky interviewed Sara Nagy. At that time, Sara indicated that she wanted to tell the prosecutors that Dominic had served his time and that he had been in jail since February. When asked if the 7 months he had served was enough, she said yes. During this interview, she indicated on two different occasions that rather than more jail time, Dominic should get anger management and alcohol treatment.

- Background

Dominic is 23 years old.
He is a Sudanese refugee.
He fled Sudan as a teenager with his mother and sister because of the civil war.
He was resettled as a refugee in Manchester in 2000.
He lived has lived here in Manchester since that time.
He lived for 6 years with his mother and sister until they moved to Portland, ME.

- Family

Dominic's family in this country includes his mother and sister who live in Portland, ME. They were unable to attend today's hearing, but his sister, Sara Langoia, prepared a letter that we hope the Court will review.

In that letter Sara notes that Dominic has been a caring and loving person and a hard worker. She indicates that she saw him struggle growing up in Sudan, but says he always found a way to hold himself together when things went wrong. She says that they both grew up without a father and that Dominic was a father figure to her and he has helped hold her family together. She notes that she and her mother feel hopeless without him. Finally, she describes her conversations with her brother from jail and her impression of him that he is willing to change and that he has plans to finish school and to work and to stay out of trouble.

1 of 7

Dominic's educational and work history confirm his sister's impressions that he is a hard worker.

- Education history

While he dropped out of high school in the ●th grade when he was 19, he continued his education by getting involved in the Youth Empowerment Program here in Manchester. That program provides academic, work readiness and occupational skills training for young adults. Dominic participated in that program from October of 2003 – June of 2005 and then received follow up services. By the time he completed that program, he had obtained full time employment and he was continuing to prepare for the GED test.

Julie Sennevill who is the program coordinator for that program prepared a letter that we submitted with our sentencing memorandum. In that letter ulie notes that it was a pleasure to work with Dominic. That he was successful and that he maintained contact with program staff even after he completed the program. She notes that he was polite, respectful, an eager student and motivated to finish his schooling. She said he interacted well with his classmates and worked well in groups and received favorable reviews from his employer.

- Work history

Once Dominic got his green card, he has worked at various jobs including McDonalds, H&R Block, North American Equipment Upfitters, Lindt Chocolate Factory and at the time of his arrest he had been working at Capital Auto Auction for about 4 months.

Of these jobs, the longest job he held was with North American Upfitters. He worked there for over 2 years. The President of that Company, Michael Dunican, prepared a letter on behalf of Dominic that we submitted with the sentencing memorandum. In that letter Mr. Dunican said that Dominic was an excellent employee, he worked well with others and was one of their best welders and that he would be an asset to any company that chose to hire him.

- Programming in jail

Jails and prisons are not generally therapeutic environments, it is often survival of the fittest and they can be violent places that reinforce criminal behavior rather than rehabilitate people.

However, there are some programs available at the house of corrections for inmates to improve themselves and advance and Dominic has taken advantage of many of them.

We have submitted certificates of completion that reflect some of the programs he has participated in as well as a print out that reflects his attendance in various programs.

He has been participating in programming since the month of his arrest last February.

Those records show that he participated in the Thresholds Program run by Sister Marguerite Gravel. We included some information in our sentencing memorandum about

Dominic Ali – draft sentencing memorandum.

Dominic Ali was charged in the Hillsborough County Superior Court with two indictments of Second Degree Assault, one indictment and one information of simple assault, two informations of false imprisonment and two informations of obstructing the report of a crime. After a jury trial in September of 2008, one simple assault charge, one obstructing the report of a crime charge and one false imprisonment charge were dismissed. He was found not guilty of the simple assault indictment. He was found guilty of the remaining four charges.

Dominic Ali was born in Khartoum, Sudan, August 8, 1985. He lived in Sudan with his extended family until he was 16 years old. At that age, he fled to Egypt with his mother and sisters due to the civil war in Sudan. He lived in Egypt for approximately 1 year, and then he and his mother and sister applied for refugee status through the United Nations and were re-settled in the United States. He arrived in New York at John F. Kennedy Airport in 2000 and was immediately relocated to Manchester, New Hampshire with his mother and sister. He has lived in Manchester since 2000. He lived for 6 years with his mother and sister until they moved to Portland, Maine.

Upon his arrival in the United States and in Manchester, Dominic attended Central High School. In the 10th grade he dropped out and began working. After leaving Central High School however, he continued his education by attending the Youth Empowerment Program which is a federally funded employment and training program that provides academic, work readiness and occupational skills training to young adults. Dominic attended the Youth Empowerment Program from 2003-2005. By the time he completed that program, he had obtained full time employment and was working towards his GED. Julie Senneville, the Youth Empowerment Program's Coordinator, notes that while in the program, Dominic was polite, respectful and an eager student. (See letter from Julie Senneville at attachment ____).

Dominic obtained his "green card" approximately 4-5 years ago. Since then, he has worked at McDonalds, H&R Block, North American Outfitters, AG Associates Grocery, Inc., and Lindt Chocolate Company. At the time of his arrest, he had been working for about four months at Capital Auto Auction in Londonderry as a driver.

He held his job with North American Outfitters, as a welder, for over two years from 2004 – 2006. Michael Dunican, Dominic's supervisor at North American Outfitters, notes that Dominic was an excellent employee and was one of the company's best welders and that he "would be an asset to any company that chose to hire him." (See letter from Michael Dunican at attachment ___).

Dominic has been incarcerated at the Hillsborough County House of Corrections since his arrest in this case on February 4, 2008. While incarcerated, he has taken advantage of various courses and programming at the jail. Participation in all of these programs is voluntary. Dominic has participated in the Thresholds Program, a program that focuses on decision-making and positive thinking. (See description of Thresholds Program at

attachment ___). He has also participated in a Money Management Program, Parenting Program, Writing and Communications Program as well as AA/NA groups, GED preparation, English as a Second Language classes, a Children's Literacy Workshop and Breaking the Chains of Addiction Program. Dominic has earned certificates of participation in the Thresholds, Money Management, Parenting and Writing and Communications Programs (See Certificates at attachment ___). Dominic's participation in other programming is documented in the attached list printed from the Program's Department at the Hillsborough County House of Corrections. (See print out at attachment ___).

Dominic's criminal record consists of a disorderly conduct conviction from 2006 and a conviction for violation of a protective order from 2004.

Dominic's convictions on the indictments and informations at issue in this case may likely constitute convictions for "crimes of domestic violence," and "crimes of moral turpitude" under federal immigration law. If he receives a sentence of a year or more on some of these convictions, he may also have convictions for "aggravated felonies" under immigration law. Because of this, Dominic is likely to be put into immigration removal proceedings after he finishes serving any sentence.

If Dominic is removed to Sudan, he will be returning to a country in conflict where he has few connections.
"Sudan has been at war with itself for more than three quarters of its existence. Since independence [in 1953], protracted conflict rooted in deep cultural and religious differences retarded Sudan's economic and political development and forced massive internal displacement of its people." U.S. Department of State, Bureau of African Affairs, July 2008, Background Note: Sudan, http://www.state.gov/r/pa/ei/bgn/5424.htm. "During more than 20 years of conflict … violence, famine and disease killed more than 2 million people, forced an estimated 600,000 people to seek refuge in neighboring countries, and displaced approximately 4 million others within Sudan, creating the world's largest population of internally displaced people." U.S. Department of State, Bureau of African Affairs, July 2008, Background Note: Sudan, http://www.state.gov/r/pa/ei/bgn/5424.htm. While the civil war between the northern and southern regions of Sudan, which began in 1983, has ended, conflict continues in the west of Sudan in Darfur. U.S. Department of State, Sudan, Country Specific Information, http://www.state.gov/travel/cis_pa_tw/cis/cis_1029.html.
Since 2003, Darfur has been considered "one of the world's worst human rights and humanitarian catastrophes." Amnesty International, Darfur History, http://www.amnestyusa.org/. The government of Sudan and the Janjawid, an allied militia, have been responsible for killings, torture, rape, detentions, forced displacement, the burning of homes and villages, and the theft and deliberate destruction of crops and cattle. Amnesty International, Darfur History, http://www.amnestyusa.org/. It is estimated that 300,000 men, women and children have died and 2.6 million people have been displaced from their homes as a result of this conflict. Amnesty International, Darfur History, http://www.amnestyusa.org/.

the Thresholds Program – it is a program that works on changing inmates' thought processes, decision making and problem solving skills. The information we included on the Thresholds program indicates that those who have participated have a reduced rate of recidivism.

He has also participated several other programs including programs on money management, parenting, writing and communications, alcoholics and narcotics anonymous, GED preparation, Adult Basic Education – English as a Second language classes, a children's literacy workshop and the breaking the chains of addiction program.

- Immigration consequences

Dominic is in this country as a refugee from Sudan. We note this because not only will he serve a sentence on these cases that this court will impose, his convictions in these cases will also likely result in him being put into federal removal or deportation proceedings with the possibility that he could be deported to Sudan.

In our sentencing memorandum, we provided the Court with some information on the conditions in Sudan. It is a country that has been at war with itself for years. Fighting still continues between the northern and southern regions that were at war when Dominic fled the country with his family in 1999. Due to the wars, Sudan is currently the location of the world's largest population of internally displaced people. The Western region of Sudan, Darfur, is the location of what is considered one of the world's worst human rights and humanitarian catastrophes.

*Taking this background information into consideration --*

- Recommendation for sentence:
- Goals of sentencing
    - Punishment
    - Rehabilitation
    - Deterrance

The sentence we recommend accomplishes these goals. I would note that at trial we requested that the court dismiss one of the second degree assault indictments because of their similarity – based on part 1 article 16 of the NH Const. and the 5th Amendment. The court denied our motions and we understand the Court's ruling. Without waiving or conceding our argument – we are making our sentencing recommendation based on the court's ruling and the jury's findings of guilt on 4 charges including both of the second degree assaults.

*With respect to the two misdemeanor charges*: 08-0862 and 64: concurrent sentences of 304 days in the house of corrections, with 304 days credit for time served since February 4, 2008.

*With respect to the two second degree assault convictions 08-0858-9*: concurrent sentences of 11 months in the house of corrections, all suspended for 5 years on the

condition of good behavior; 3 years of probation with treatment as recommended by probation.

This sentence involves punishment – 304 days in the house of corrections is a significant period of incarceration.

This sentence involves rehabilitation – Dominic would be able to continue the progress he has begun at the jail through any treatment that would be recommended by his probation officer while he serves 3 years of probation.

This sentence involves deterrence – specific deterrence to Dominic because he will have exposure under state v. white if he violates probation; and general deterrence because again, 304 days in jail is a significant loss of liberty.

Finally -

If the court is not inclined to adopt our recommendation for sentence, we would ask the Court to consider sentences that could prevent Dominic from having convictions for aggravated felonies under immigration law. While his convictions in these cases standing alone most likely will make him subject to removal/deportation, in immigration court he may still have some defenses to his removal due to the conditions in Sudan. He will have more defenses available to him if he can avoid convictions for aggravated felonies. In this case, he will have convictions fro aggravated felonies if he receives sentences of a year or more on these convictions. For that reason, if the Court does not adopt our recommendation, we would ask the court to consider using consecutive sentences of no more than 11 months each.

As the Court has heard, Dominic is a young man who had a difficult early life in that he had to flee from his home because of war. In this country, he has worked hard to educate himself and he has been a productive member of society. While in jail he has taken steps to rehabilitate himself, and that rehabilitation should be allowed to continue outside of the jail or prison. He is too young for this Court to give up on him and throw him away. He has a chance to have a meaningful life and make something of himself.

We ask that the court issue a sentence that gives him a chance. We ask that the court issue a sentence that takes into account not only what Mr. Doe has done, but also what he is capable of doing in the future, if given the opportunity to so.

and general deterrence. Specifically, Dominic will have lengthy prison exposure pursuant to State v. White, 131 N.H. 555 (N.H. 1989), if he violates probation. The lengthy period of time he has already served in jail also sends a message to the community that convictions for offenses such as these result in a deprivation of liberty.

18. If the Court is not inclined to adopt this defense recommendation for sentence, the defense requests that the Court consider using consecutive sentences of no more than 11 months each so as to avoid sentences that will result in convictions for aggravated felonies under federal immigration law.

WHERFORE, the defendant respectfully requests this Court:

A. Formulate a sentence for Mr. Ali that is fair and just given all of the facts and circumstances of this case; and
B. Grant the defendant such other and further relief as is just and equitable

Respectfully submitted,

*[signature]*
Aileen O'Connell, #17144
Helen Sullivan, #18359
New Hampshire Public Defender
20 Merrimack Street
Manchester, NH 03101
(603) 669-7888

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Memorandum On the Issue of Sentencing has been forwarded this 2nd day of December, 2008 to Brett Harpster, Esquire, Hillsborough County Attorney's office.

*[signature]*
Aileen O'Connell, #17144

7 of 7

# EXHIBIT # A2

THE STATE OF NEW HAMPSHIRE

GOFFSTOWN DISTRICT COURT

STATE OF NEW HAMPSHIRE

v.

DOMINIC ALI

## MOTION TO WITHDRAW AND APPOINT NEW COUNSEL

NOW COMES the defendant, Dominic Ali, by and through counsel, John P. Newman, Esq., Public Defender, and respectfully requests this Honorable Court to allow the New Hampshire Public Defender's Office to withdraw as appointed counsel in the above-captioned matter.

As grounds for this request, defense counsel states as follows:

1. Dominic Ali has a Motion to Withdraw Nolo Contendere Plea pending in the Goffstown District Court.

1. The New Hampshire Public Defender's Office was appointed to represent the defendant as the Court determined said defendant to be indigent.

2. Counsel has become aware of a conflict of interest which exists within the office of the New Hampshire Public Defender. Therefore, pursuant to the New Hampshire Rules of Professional Conduct, Rules 1.7 and 1.10, the New Hampshire Public Defender's Office cannot represent Mr. Ali.

WHEREFORE, Attorney Newman of the New Hampshire Public Defender's Office respectfully requests this Honorable Court to:

1. Allow the New Hampshire Public Defender's Office to withdraw as appointed counsel in the above captioned matter;

2. Appoint new counsel to represent the defendant forthwith; and

3. Order such other and further relief as the Court deems just and proper.

Respectfully submitted,

John P. Newman, Esq. #8820
Managing Attorney
New Hampshire Public Defender
20 Merrimack Street
Manchester, NH 03101
(603) 669-7888

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been forwarded this 20 day of January, 2011 to the New Boston Police Department.

John P. Newman, Esq.