UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Dominic S. Ali
v.
Richard M. Gerry, Warden

Civil No. 12-cv-185-JL

Defendant's objection to dismiss claim nine asserting violation of the sixth Amendment rights by Attorney Ghazi D. Al-Marayati, esq in his Petition.

NOW COMES, Dominic Ali, Sui Juris, respectfully request this Honorable Court to grant this motion objecting for the following reason states bellow;

The defendant has a petition for writ of habeas corpus doc. No 1) filed pursuant to 28 USC 2254, with this Court, claiming his Attorney Ghazi D. Al-Marayati, esq violate his, of the sixth Amendment right to effective assistance of Counsel at all critical stages of a criminal proceeding that his deficient performance prejudice the defendant case, when he's only interested in a fee.

The defendant filed a motion for new trial with the New Hampshire Superior Court Southern District, reasoning his trial Counsel's Attorney Helen V. Sullivan and Aileen O'connell-esq were ineffective in failure to file and request an interlocutory appeal concerning the challenge to the defendant's indictments subsequently conceded by the State in the defendant's pending appeal. see; Exhibits (A 9)

The defendant was prejudiced as result of defense Counsel's deficient performance because the Jury was allowed to hear evidence and testimony prejudicial to his case, that could have been otherwise been excluded. After the N.H. Supreme Court granted his motion based upon ineffective assistance of Counsel's at trial and order the defendant on March 15, 2010, to file a motion to set aside guilty verdict with the trial Court, on or before March 2, 2010. After the ("NHSC) on January 28, 2010, removing the defendant case from the (3dX) argument list and staying further proceeding.

On April 21, 2010, (Garfunkel, J.,) order stated it "will appoint counsel for the defendant to advise and represent him with respect to his merits of his ineffective assistance of counsel's claim" De Novo. Then Attorney Ghazi D. Al-Maraxti was appointed on May 3rd, 2010.

Please be advised that, the trial Court appointed Attorney Al-Mornyti, to represent the defendant for his motion for new trial, No Counsel was appointed for Mr. Ali's Habeas Corpus petition.

Strickland v. Washington, 466 U.S. 668 (1984), the deficient performance prong of the Strickland test turns upon a determination of whether Counsel assistance was reasonable considering all circumstances." The Court must judge the reasonableness of Counsel on the facts to the particular case".

Attorney Ghazi had one thing in mind, is to withdraw the defendant motion for new trial, used my kindness over weakness. His argument is that "he knew Attorney Paul Borchandt, esq who works with the Public Defenders Office, that he does a good job and he is good". But its the other way around especially with his reputation among inmates, that he works with the District Attorenies office as an agent, not an active advocate on behalf of his client.

The State Court used Strickland. v. Washington, to determined what happened in State. v. Veale, 154 N.H. 730 (2007) as a guidness. Attorney Ghazi withdraw defendant's motion for new trial and their is no record with the Supreme Court or the Superior Court to reference that the defendant had no concerns with the Attorney withdrawal of his motion.

Attorney Ghazi withdrew the defendant motion for new trial and rest on the perceived weakness of the prosecution case. Counsel knew his actual constructive denial of assistance and the defendant rights of the Sixth amendment of the Federal constitutions, that his denial is legally presumed to result in prejudice. And that what exactly accord in this case, when the defendant filed his petition. The defendant filed one habeas corpus petition under 2254, Pro-se, on March 8, 2011, in the wrong Jurisdiction. See: exhibits (A8)

On March 8, 2011, the defendant petition was filed in the Hillsborogh County, althought the defendant place of confinedment is in the Marrimack, ss. insted the trial court forwarding the defendant petition to the Correct Jurisdiction or Court, Judge (Garfunkel, d.) erroneously ruled on the petition despite not having legal Jurisdiction over said writ. Due to the error, the defendant refile his petition in the correct Court. See; Ali v. Gerry, NH 217-2011-cv-00746. ("Sc")(2012-0197)"NHSC")- and a having was granted.

The N.H. Superior Court and the New Hampshire Supreme Court provided the defendant with Court appointed Counselis, who is only interested in a fee. ~~Sixth~~ six Attorneyis appointed for the defendant and all constructively, deprive, jeopardize and denies the defendant his Federal Constitutional rights, ~~the~~

the Sixth Amendment.

To recognized the defendant petition for writ of habeas Corpus as "properly" filed, it must be in acompliance with the applicable law and Rules governing its filing. See: Artuz v. Bennet, 531 U.S. 4 (2000) also, Pace v. Diguglielmo, 544 U.S. 408 (2005) defining a ("properly" filed petition) with respect to this Court.

Under the laws governing the petitioner's writ of habeas Corpus, the Superior Court of the County in which the applicant is confined has jurisdiction RSA 534. See: Rumsfeld v. Padilla, 542 US 438, 159 L.ed 2d, SCt 2718 (2004) Federal Habeas Corpus statute straight forwardly provid, "that the proper respondent to a habeas petition is "the person who has custody over the petitioner." In case and chif or stare decisis.

## Conclusion

For the reason states and pursuant to 28 USC 2254, the defendant respectfully request this Court to grant this objection to the Discussion by the Court to dismiss claim 9 which asserts that Attorney Ghazi Al-Marayati provided denial of the Sixth Amendment a right to Counsel. And order relief as is Just and equitable. Reverse of this conviction and sentence.

## Certificate of Service

I, Dominic Ali, hereby certify that this Day of 18 Oct, 2012, that a copy of this objection was forwarded in the U.S. Mail first class postage address to the Attorney Generals office.

_____        _____
Dominic Ali  81829
138 E Malin Rd                SUSAN PERREAULT, Notary Public
Berlin, NH  03570             My Commission Expires January 27, 2015

C: file

# EXHIBIT #(A1 to A10)

THE STATE OF NEW HAMPSHIRE SUPREME COURT.     2009-0140

-------------------------------------------

                                           Janury 23/2010

State of New Hampshier    vs   Dominic Ali

-------------------------------------------     POSTED

Motion to appoint a new Counsel.

-------------------------------------------

Now comes to the defendent i Mr.Ali.Dominic and my new appointed appellate defender Mr,Paul Borchardt,and move this Honorble court to allow Mr.Paul Borchardt to withdraw as a Counsel from my case ,Because i Mr. Ali find the New Hampshire Public Defender Program was inffective in my case,duoring the trial and sentencng

.1/    I Mr.Ali was found guilty after trial in the Hillsbrough
c      County Superior Coutr,Notth.Docket;no 2008-08-858.08-8859.08-864.08-862. And was sentence by (Barry James)ON Feb/2/09. For one year at the House of Correction.

and three and half to seven suspended,pluas five to ten at the NHSP,men.Consecutive to 08-864-862.

2/    Present cunsel was assigend to represent me ,I Mr.Ali On December 3/2008 after the court determined that i Mr.Ali was indigent and qualified for appointed Counsel. The court-oppointment was post conviction.

3/    The rule 7 mandatory notic of Appeal was filed with the Supreme Court Contemporaneously a new Counsel be appointed to pursue my appeal befor the Supreme Court.

Their for I ask the Honorble Court to send me a finacial affidav--ied for my new Counsel,and allow him to pursue my appeal - befor the Supreme Court.

            Wherefore I Mr.Ali move this Honodrble Court to
                    grant this motion.
                Respectfully Submittied

            ALI .DOMINIC

EX
A1

RECEIVED
JAN 27 2010
NH SUPREME COURT

# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2009-0140, <u>State of New Hampshire v. Dominic Ali</u>, the court on January 28, 2010, issued the following order:**

The defendant, Dominic Ali, filed a *pro se* motion to appoint new counsel. In the motion, the defendant states that he believes that the Public Defender was ineffective in its representation of him during trial. This case is removed from the February 24 3JX oral argument list, and further proceedings are stayed. See State v. Veale, 154 N.H. 730 (2007).

On or before March 1, 2010, the defendant may file a motion to set aside guilty verdict based upon ineffective assistance of counsel in the superior court. Additionally, on or before March 1, 2010, the defendant shall either: (1) notify this court that a motion to set aside guilty verdict has been filed; or (2) notify this court that he does not intend to file a motion to set aside guilty verdict. If no such motion is filed within the time allowed, then the stay shall be terminated and processing of the appeal shall continue.

This order is entered by a single justice (Dalianis, J.). See Rule 21(7).

**Eileen Fox,
Clerk**

Distribution:
Michelle A. Caraway, Supreme Court
Irene A. Dalbec, Supreme Court
Claire Mackinaw, Supreme Court
Appellate Defender
Paul C. Borchardt, Esquire
Nicholas P. Cort, Esquire
File



EX
A2

# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

In Case No. 2009-0140, <u>State of New Hampshire v. Dominic Ali</u>, the court on March 2, 2010, issued the following order:

Dominic Ali's motion for an expansion of time to notify the court that he has filed a motion to set aside guilty verdict or that he does not intend to do so is granted.

Accordingly, on or before March 15, 2010, the defendant may file a motion to set aside guilty verdict based upon ineffective assistance of counsel in the superior court. Additionally, on or before March 15, 2010, the defendant shall either: (1) notify this court that a motion to set aside guilty verdict has been filed; or (2) notify this court that he does not intend to file a motion to set aside guilty verdict. If no such motion is filed within the time allowed, then the stay shall be terminated and processing of the appeal shall continue.

This order is entered by a single justice (Duggan, J.). <u>See</u> Rule 21(7).

**Eileen Fox,
Clerk**

Distribution:
Appellate Defender
Paul C. Borchardt, Esquire
Nicholas P. Cort, Esquire
File



EX
A 3

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

State of New Hampshire
vs
Dominic Ali

### DEFNDNT'S MOTION FOR NEW TRIAL

NOW COMES Dominic Ali, Defendant pro-se, who respectfully moves for new trial, for the following reasons:

1. Defense counsel was ineffective for his failure to file and request an interlocutory appeal concerning the challenge to the defendant's indicments subsequently conceded by the state in the defendant's pending appeal.

2. The defendant was prejudiced as a result of defense counsels deficient performance because the jury was allowed to hear evidence and testimony prejudicial to the defendant's case that would have otherwise been excluded.

3. The defendant had a right to the effective assistance of counsel as protected by the Sixth and Fourteenth Amendments.

WHERFOR, the defendant respectfully requests that his motion for new trial be granted, and:

   a. That the court allow thirty days for the submission of a memorandum of law in support of his motion;

   b. That an evidentiary hearing be set in this matter;

   c. That counsel be appointed;

   d. And, for such other just relief.

*preserved for federal habeas*

Respectfully submitted,
March 15, 2010

Dominic Ali
P.O. BOX 14
Concord, NH 03302

Certificate of Service:
I, Dominic Ali hereby certify this 15th of march 2010, that a copy of this trial motion was forwarded in the US Mail to counsel of record:

Dominic Ali

EX
(A 9)

# STATE OF NEW HAMPSHIRE

HILLSBOROUGH-NORTH, SS                                    SUPERIOR COURT

## NOTICE OF DECISION

April 23, 2010

Dominic Ali
#81829 - NHSP
PO Box 14
Concord NH 03302

**State v. Dominic Ali**

Docket #'s:
08-S-0858; 0859; 0862; 0864

Please be advised that on 4/21/2010 Judge Garfunkel made the following order relative to:

**Court Order ;**
  On Motion for New Trial

John M. Safford, Clerk
300 Chestnut Street, Room 127
Manchester, NH 03101-2490
603-669-7410

cc: Brett J. Harpster, Esq., ACA
    Probation/Parole
    Ghazi D. Al-Marayati, Esq.

EX A4

AOC Form SUSP050 (Rev. 08/14/2003)

# BOOKMAN & AL-MARAYATI

ATTORNEYS
802 Main Street
Melrose, MA 02176

Charles A. Bookman, Partner*
Ghazi D. Al-Marayati, Partner*
Kiera M. Slye, Associate*

phone: (781) 712-0007
fax: (781) 662-1132

## ATTORNEY-CLIENT PRIVILEGE

May 3, 2010

John Safford, Clerk
Hillsborough County Superior Court
P.O. Box 2143
Nashua, NH 03061

Re: <u>State of New Hampshire v. Dominic Ali</u>
Docket Nos.: 08-S-0858, 0859, 0862 & 0864

Dear John:

Enclosed for filing please find my <u>Appearance</u> with regard to the above referenced matter.

Kindly file in your usual manner and contact this office if you have any questions or concerns. Thank you for your attention and cooperation.

Truly yours,

Ghazi D. Al-Marayati

GDA/mb
Enclosure

CC: Brett J. Harpster, Esq., ACA
Dominic Ali

EX
A 5

* Admitted to practice in Massachusetts and New Hampshire

STATE OF NEW HAMPSHIRE
SUPERIOR COURT

Hillsborough, ss.                                              May Term, 2010

STATE OF NEW HAMPSHIRE

v.                                                             08-S-0858, 0859, 0862 &
                                                               0864
DOMINIC ALI

### APPEARANCE

Please enter my appearance as counsel for the defendant, Dominic Ali.

Dated: May 3, 2010

Respectfully submitted,

Ghazi D. Al-Marayati
Bookman & Al-Marayati
802 Main Street
Melrose, MA 02176
(781) 712-0007
NH Bar ID# 12819

### Certification

I, Ghazi D. Al-Marayati, certify that a copy of this document was mailed to Brett Harpster, Esq., ACA this 3rd day of May, 2010.
12th

Ghazi D. Al-Marayati

EX
A6

## STATE OF NEW HAMPSHIRE
## SUPERIOR COURT

Hillsborough, ss.                                                                July Term, 2010

STATE OF NEW HAMPSHIRE

v.                                                                                    08-S-0858, 0859, 0862 & 0864

DOMINIC ALI

### DEFENDANT'S NOTICE OF WITHDRAWAL OF DEFENDANT'S MOTION FOR NEW TRIAL

NOW COMES THE DEFENDANT, Dominic Ali, by and through counsel, Ghazi D. Al-Marayati, and withdraws the defendant's motion for a new trial.

Respectfully submitted,

Dated: July 2, 2010

Ghazi D. Al-Marayati
Bookman & Al-Marayati
802 Main Street
Melrose, MA 02176
(781) 712-0007
NH Bar ID# 12819

**Certification**

I, Ghazi D. Al-Marayati, certify that a copy of this document was mailed via first-class, postage prepaid to Brett Harpster, Esq., ACA and Paul C. Borchardt, Esq. this 2nd day of July, 2010.

Ghazi D. Al-Marayati

EX A7

STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.  
NORTHERN DISTRICT

SUPERIOR COURT

State of New Hampshire

v.

Dominic Ali

Docket No. 08-S-858, 862, 864

### ORDER

Pending before the court is the defendant's Petitioner [sic] For Habeas Corpus. In his petition, the defendant seeks relief based upon claims of ineffective assistance of counsel.

The defendant initially raised this claim in his *pro se* motion to appoint new counsel that he filed in the New Hampshire Supreme Court. At that time, the defendant's direct appeal was pending before the Court. On January 28, 2010, the Supreme Court entered an order removing the defendant's case from the 3JX argument list and staying further proceedings. In that order, the Court provided further that the defendant could "file a motion to set aside guilty verdict based upon ineffective assistance of counsel in the superior court."

On March 2, 2011, the Supreme Court granted the defendant's motion for additional time within which to file his "motion to set aside guilty verdict based upon ineffective assistance of counsel in the superior court." The court enlarged the time period to March 15, 2011.

Ex A8

The defendant filed a motion for new trial in this court on March 22, 2010, alleging ineffective assistance of counsel. Although it was untimely, this court allowed the motion and appointed counsel to represent the defendant. See Order dated April 21, 2010 (Garfunkel, J.). In that order, the court stated that it "will appoint counsel for the defendant to advise and represent him with respect to the merits of his ineffective assistance of counsel claim." Counsel entered his appearance on May 3, 2010.

On July 2, 2010, the defendant, through his court appointed counsel, withdrew his motion for new trial. On December 13, 2010, the Supreme Court issued an order on defendant's direct appeal affirming his conviction, in part, and vacating it in part.

The defendant has now filed his Petitioner [sic] for Habeas Corpus alleging ineffective assistance of counsel in the superior court. This is the same claim that he withdrew after conferring with counsel. At some point the defendant must be bound by his prior decisions, particularly when he has received the advice of counsel. He has now reached that point. Accordingly, his Petitioner for Habeas Corpus is DISMISSED with prejudice.

**SO ORDERED.**

June 9, 2011

David A. Garfunkel
Presiding Justice

2

THE STATE OF NEW HAMPSHIRE

GOFFSTOWN DISTRICT COURT

STATE OF NEW HAMPSHIRE

v.

DOMINIC ALI

## MOTION TO WITHDRAW AND APPOINT NEW COUNSEL

NOW COMES the defendant, Dominic Ali, by and through counsel, John P. Newman, Esq., Public Defender, and respectfully requests this Honorable Court to allow the New Hampshire Public Defender's Office to withdraw as appointed counsel in the above-captioned matter.

As grounds for this request, defense counsel states as follows:

1. Dominic Ali has a Motion to Withdraw Nolo Contendere Plea pending in the Goffstown District Court.

1. The New Hampshire Public Defender's Office was appointed to represent the defendant as the Court determined said defendant to be indigent.

2. Counsel has become aware of a <u>conflict of interest</u> which exists within the office of the New Hampshire Public Defender. Therefore, pursuant to the New Hampshire Rules of Professional Conduct, Rules 1.7 and 1.10, the New Hampshire Public Defender's Office cannot represent Mr. Ali.

WHEREFORE, Attorney Newman of the New Hampshire Public Defender's Office respectfully requests this Honorable Court to:

A10

1. Allow the New Hampshire Public Defender's Office to withdraw as appointed counsel in the above captioned matter;

2. Appoint new counsel to represent the defendant forthwith; and

3. Order such other and further relief as the Court deems just and proper.

Respectfully submitted,

John P. Newman, Esq. #8820
Managing Attorney
New Hampshire Public Defender
20 Merrimack Street
Manchester, NH 03101
(603) 669-7888

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been forwarded this 20 day of January, 2011 to the New Boston Police Department.

John P. Newman, Esq.