```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Dominic S. Ali

   v.                                    Civil No. 12-cv-185-JL

Richard M. Gerry, Warden,
New Hampshire State Prison


**O R D E R**

    Before the court is Ali's motion to amend (doc. no. 8) his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Ali seeks leave to add allegations to and clarify an ineffective assistance of counsel claim in the petition.  The motion is granted, and the facts and new claims asserted in the motion, summarized below, are added to Ali's § 2254 petition.

    For reasons stated below, the court finds that Ali has not yet demonstrated exhaustion of his state court remedies, and directs Ali to so demonstrate by November 26, 2012, to comply with this order and the court's October 10, 2012, Order (doc. no. 7).  In the alternative, Ali may timely file a motion to extend the deadline for demonstrating exhaustion, or a motion to stay his federal habeas petition in order to exhaust his claims, on or before November 26, 2012.

I.  Facts and Claims Added to Petition

   A.  Facts Added to Petition

The following facts asserted in the motion to amend (doc. no. 8) are added to Ali's § 2254 petition (doc. no. 1)[1]:

Attorney Anthony Introcaso was appointed to represent Ali after trial counsel from the New Hampshire Public Defender's Office was allowed to withdraw from the case. Before trial counsel withdrew, her office had prepared a memorandum for use in Ali's sentencing. The memorandum proposed a sentence for Ali that was substantially less than that requested by the state. The memorandum included a discussion of mitigating factors to support the imposition of the proposed sentence and also noted the immigration consequences of a prison sentence for Ali. Ali alleges that Attorney Introcaso did not review the memorandum or make the recommendations and information contained therein to the trial judge, and did not prepare or offer the court any sentencing proposal on Ali's behalf.

Ali further asserts that Attorney Introcaso did not review the probation office's presentence investigation report ("PSI"), and that he failed to give Ali a copy of the PSI prior to the sentencing hearing. Ali asserts that the trial court never

---

[1] Ali has asserted in a separate filing that Attorney Ghazi Al-Marayati was appointed to advise Ali on his pro se motion for a new trial, and that Ali proceeded without counsel in his state habeas petition. See Objection (doc. no. 9). Ali's clarification regarding Attorney Al-Marayati's role is noted.

verified whether Ali had read and discussed the report with Attorney Introcaso. Ali asserts that the PSI falsely stated that he had two prior convictions, and that the PSI's sentencing recommendation was based in part on charges or allegations of wrongdoing of which Ali was not convicted, or as to which Ali's conviction was vacated on appeal. Ali asserts that the trial judge based Ali's sentence on the PSI, and did not make any findings independent of the PSI.

Additionally, Ali asserts that Attorney Introcaso knew that trial counsel had never advised Ali before trial of the improbability of acquittal and the benefits of accepting a plea bargain. Ali further alleges that Attorney Introcaso visited him in jail in September 2008 and told him, "five years is a walk on the beach in the state prison," his trial attorneys were young and inexperienced, the prosecutor engaged in misconduct and discriminated against "blacks," and the trial judge was both the prosecutor's friend and was also prejudiced.

B.  Claims Added to Petition

Claim 7, identified in this court's October 10 Order (doc. no. 7), is modified by facts asserted in the motion to amend (doc. no. 8).[2] The additions to Claim 7 are underlined:

---

[2] The remaining claims identified in the order (doc. no. 7) and the report and recommendation (doc. no. 6) issued on October 10, 2012, are not altered by the motion to amend (doc. no. 8) or by this order.

7.  Counsel appointed for the sentencing proceeding, Attorney Introcaso, provided ineffective assistance, in violation of Ali's Sixth Amendment right, in that counsel:

   A.  Failed to challenge the PSI's incorrect statement of Ali's prior criminal record, which improperly listed two prior convictions, and inaccuracies regarding Ali's current convictions;

   B.  Failed to provide the PSI to Ali prior to the sentencing hearing;

   C.  Failed to assert as a mitigating factor during sentencing that Ali had received ineffective assistance of counsel at trial, insofar as Attorney Introcaso knew, but failed to tell the trial judge, that trial counsel never advised Ali before trial of the improbability of acquittal and the benefits of accepting a plea bargain; and

   D.  Did not review the sentencing recommendations prepared by Ali's trial counsel prior to the sentencing hearing, and did not prepare or offer to the court any sentencing proposal on Ali's behalf.

II. Exhaustion

Neither Ali's motion to amend (doc. no. 8), nor any other filing in this case, includes as exhibits any documents demonstrating that he has exhausted his state court remedies for any of his claims for federal habeas relief.  Thus, Ali has not yet complied with this court's October 10, 2012, Order (doc. no. 7), directing him to file such documents by November 26, 2012, to demonstrate exhaustion.

Conclusion

For the foregoing reasons, the court grants the motion to amend the petition (doc. no. 8), and adds to the petition the

4

factual allegations and claims asserted in that motion. Ali is directed to file the specific documents listed in the October 10 Order (doc. no. 7), by November 26, 2012, and is warned that his failure to do so may result in an order dismissing his petition, pursuant to 28 U.S.C. § 2254(b). In the alternative, Ali may file by November 26, 2012, a motion to extend the November 26 deadline, or a motion to stay this petition, if he intends to return to the state courts to exhaust his federal habeas claims.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

November 5, 2012

cc: Dominic S. Ali, pro se

LBM:nmd