# EXHIBIT # (A 1),(A 2)

(A 3) (A 4) (A 8) (A 9)

39-69

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

**Court Name:** NEW HAMPSHIRE SUPREME COURT

**Case Name:** STATE VS DOMINIC ALI

**Case Number:** 2008-S-858/9; ; 862; 864.
(if known)

**MOTION FOR:** appoint new Counsel

**The** Defendant

states the following facts and requests the following relief: 1- I, MR ALi, was found guilty after trial in the Hillsborough County Superior Court, North, Docket #s858, 859, 862, 864 and was sentenced by the court (Barry J.) on 2,2,2009
2- present counsel was assigned to represent me and mr. paul Borchardt from the defender office program.

1- The Defendant find mr. paul. Borchardt is not effective and have no trust in him. 2- The defendant had a right to effective assistance of counsel as protected by the sixth and fourteenth Amendments of united State Constitution. and NH atr (2

**Date** 7/2/10

**Signature** [signature]

**Telephone**

**Address** NHSP,m Concord, NH 03302    P.o.Box 14

I certify that on this date I mailed/delivered a copy of this document to:

SUPREME court    or    NH Attorney General
(other party)        (other party's attorney)

**Date** 7/2/10

**Signature** [signature]

---

## ORDER

☐ Motion granted.    ☐ Motion denied.

**Recommended:**

_____     _____     _____
Date                    Printed Name of Marital Master     Signature of Marital Master

**So Ordered:**

_____     _____     _____
Date                    Printed Name of Judge     Signature of Judge

NHJB-2201-DFS (12/06/2006)    Page 1 of 1
(formerly AOC 607-008)

(Exibit A2)

# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

## In Case No. 2009-0140, State of New Hampshire v. Dominic Ali, the court on July 23, 2010, issued the following order:

On July 7, 2010, the defendant filed a pro se motion to appoint new counsel, seeking appointment of counsel other than the appellate defender. Under RSA 604-A:2, II, whenever the court appoints counsel for an indigent criminal defendant, it shall appoint the appellate defender "if that office is available." Because the appellate defender has not notified this court that it is unavailable to represent the defendant in this matter, the court has no authority to appoint alternate counsel. Consequently, defendant's motion to appoint new counsel is denied.

This order is entered by a single justice (Conboy, J.). See Rule 21(7).

**Eileen Fox,
Clerk**

Distribution:
Mr. Dominic Ali, #81829
Appellate Defender
Paul C. Borchardt, Esquire
Nicholas P. Cort, Esquire
File

THE STATE OF NEW HAMPSHIRE

SUPERIOR COURT

HILLSBOROUGH, SS.                                    DECEMBER TERM, 2008

STATE OF NEW HAMPSHIRE

v.

DOMINIC ALI
08-S-858-865

<u>MOTION TO WITHDRAW AND APPOINT NEW COUNSEL</u>

NOW COMES the defendant, Dominic Ali, by and through counsel, Helen V. Sullivan, Esq., and Aileen O'Connell, Esq., and respectfully requests this Honorable Court to allow the New Hampshire Public Defender's Office to withdraw as appointed counsel in the above-captioned matter.

As grounds for this request, defense counsel states as follows:

1.  The New Hampshire Public Defender's Office was appointed to represent the defendant as the Court determined said defendant to be indigent.

2.  Counsel has become aware of a conflict of interest which exists within the office of the New Hampshire Public Defender. Therefore, pursuant to the New Hampshire Rules of Professional Conduct, Rules 1.7 and 1.10, the New Hampshire Public Defender's Office cannot represent Mr. Ali.

WHEREFORE, Attorney Sullivan and Attorney O'Connell of the New Hampshire Public Defender's Office respectfully request this Honorable Court to:

A.    Allow the New Hampshire Public Defender's Office to withdraw as appointed counsel in the above captioned matter;

B.    Appoint new counsel to represent the defendant forthwith; and

C.    Order such other and further relief as the Court deems just and proper.

Respectfully submitted,

Helen V. Sullivan, Esq. #18359
Aileen O'Connell, Esq. #17144
New Hampshire Public Defender
20 Merrimack Street
Manchester, NH 03101
(603) 669-7888

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been forwarded this 5th day of December, 2008 to the Hillsborough County Attorney's Office.

Helen V. Sullivan, Esq. #18359

# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2009-0140, <u>State of New Hampshire v. Dominic Ali</u>, the court on September 2, 2010, issued the following order:**

Defendant's pro se motion requesting permission to file pro se supplemental brief is denied.  See State v. Belton, 150 N.H. 741, 750 (2004).

This order is entered by a single justice (Conboy, J.).  See Rule 21(7).

**Eileen Fox,
Clerk**

Distribution:
Appellate Defender
Paul C. Borchardt, Esquire
Mr. Dominic Ali, #81829
Nicholas P. Cort, Esquire
File

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

COPY

**Court Name:** New Hampshire Supreme Court

**Case Name:** State V ALi

**Case Number:** 2009 - 0140
(if known)

**MOTION FOR:** Pro-se brief

The **defendants**

states the following facts and requests the following relief: Appeal Pursuant to Rule 7 from Judgment of the Hillsborough County Superior Court North. Brief for the defendant was writh by Mr. Paul Borchardt Assistant Appellate Defender to the State of N.H. supreme Court.

1- The defendant find Counsel did not argue some of the issue properly in the brief.

2- The defendant find their's issue was not raised by Counsel in the -brief.

3. And, for Such other Just relief.

**Date** 7/23/10

**Signature**

**Telephone**

**Address**

I certify that on this date I mailed/delivered a copy of this document to:

N.H.S.C.          or     D.A
(other party)              (other party's attorney)

**Date** 7/22/10

**Signature**

---

## ORDER

☐ Motion granted.          ☐ Motion denied.

**Recommended:**

_____        _____        _____
Date                   Printed Name of Marital Master    Signature of Marital Master

**So Ordered:**

_____        _____        _____
Date                   Printed Name of Judge             Signature of Judge

Case 1:12-cv-00185-JL Document 12-1 Filed 11/20/12 Page 8 of 60 *Exibit (A6)* AD

# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

### In Case No. 2009-0140, State of New Hampshire v. Dominic Ali, the court on October 6, 2010, issued the following order:

Because the defendant is represented by counsel on appeal, the court will not rule on his pro se motion requesting permission for consideration of the defendant's facts, argument, and applicable law in support of the brief. See State v. Porter, 147 N.H. 497 (2002).

This order is entered by a single justice (Conboy, J.). See Rule 21(7).

**Eileen Fox,
Clerk**

Distribution:
Appellate Defender
Paul C. Borchardt, Esquire
Mr. Dominic Ali, #81829
Nicholas P. Cort, Esquire
File



RECEIVED
OCT 0 7 2010
By_____

THE STATE OF NEW HAMPSHIRE

SUPREME COURT

AUGUST 16,2010

STATE OF NEW HAMPSHIRE

V

DOMINIC ALI

2009-0140

## APPELLANT'S MOTION REQUESTING PERMISSION TO FILE

## A PRO-SE SUPPLEMENTAL BRIEF.

NOW COMES DOMINIC ALI, APPELLANT PRO SE, WHO RESPECTFULLY MOVES THIS HONORABLE COURT TO GRANT THIS MOTION FOR PRO SE SUPPLEMENTAL BRIEF FOR THE FOLLOWING FACTS AND REASONS;

## ISSUES NOT BEING RAISED BY APPELLATE COUNSEL:

## QUESTIONS,STATEMENTSA AND ARGUMENT.

1.    QUESTION OF WHETHER THE COURT ERRED IN ITS INTERPRETATION OF THE STATUTORY LANGUAGE OF THE R.S.A.173-B;IV, AND ALLOWING THE STATE TO BERING NOLO CONTENDER PLEA TO ENHANCE INDICTMENT 08-S-858 WITH OUT A PRE-TRIAL;AND THE DEFENDANT OBJECTION;BECAUSE THE STATE HAVE NO PROOF OF ANY KIND OF COMPLAINT OR ABUSE TO ANY ONE_BY THE DEFENDANT.

2.    APPLLATE COUNSEL DID NOT RAISED SOME OF THE EFFICTIVE
STATEMENT FROM THE TESTIMOY OF THE VICTIM. T 45.


3.    APPLLATE COUNSEL DID NOT RAISED SOME OF THE EFFICTIVE
STATEMANT FORM THE TESTIMONY OF DR. JOHN SEIDER,MD OF ELLIOTT
HOSPITAL. T 78.

4.    APPLLATE COUNSEL DID NOT RAISED SOME OF THE EFFICTIVE
STATEMENT FROM THE TESTIMONY OF MR. WALTER TRACHIM THE
PARAMEDIC WITH THE ROCKINGHAM AMBULANCE .T 65-66.

### STATEMENT OF THE FACTS

THE DEFENDANT,DOMINIC ALI,STAND INDICTED ON ONE COUNT OF
CLASS A FELONY (08-S-858) SECOND DEGREE ASSAULT,ONE COUNT OF
CLASS B FELONY (08-S-859) SECOND DEGREE ASSAULT,ONE COUNT OF
OBSTRUCTING THE REPORT OF CRIME AND FALSE IMPRISONMENT. 62,64.

THE DEFENDANT PRAYS FOR THIS HONORABLE COURT PERMISSION
TO FILE HIS PRO SE SUPPLEMENTAL BRIEF;AND RAISED ALL ISSUES
AND GROUNDS IN THIS MATTER THAT HAVE REFLECTED THE VIEW THAT
THE OFFENSE WAS FELONY,AND THE SAME ASSUMPTION BY THE COURT
COULD HAVE INFLUENCED THE SENTENCE IMPOSED ON THE COMPANION
FELONY CONVICTION.

WHEREFORE,THE DEFENDANT RESPECTFULLY REQUEST THAT
THIS PRO SE MOTION FOR PERMISSION BE GRANTED;·

2 of 3

1. AND,FOR SUCH OTHER JUST RELIEF.


RESPECTFULLY SUBMITTED,
AUGUST 16,2010


DOMINIC ALI
PO BOX 14 #81829
CONCORD,NH 03302-0014


CERTIFICATE OF SERVICE:


I,DOMINIC ALI,HEREBY CERTIFY THIS 16OF AUGUST 2010,THAT A
COPY OF THIS MOTION WAS DEPOSITED IN THE US MAIL,WITH FIRST
CLASS POSTAGE,ADDRESSED TO: APPELLATE DEFENDER, PAUL C.BORCHARDT,
ESG,AND D.A. NICHOLAS P.CORT,ESG.

FILE

THE STATE OF NEW HAMPSHIR.
SUPREME COURT

Sept 28,2010

STATE OF NEW HAMPSHIRE

VS

DOMINIC ALI
2009-0140
(58,59)



MOTION REQUESTING PREMISSION FOR CONSIDERATION OF THE
DEFENDANT'S FACTS,ARGUMENT,AND APPLICABLE LAW IN SUPPORT
OF THE BRIEF.

Now comes Dominic Ali,appellant's pro-se,who respecfully
moves this honorable Court to grant this motion for consideration
as grunod in support of the appeal pursuant to rule 7 from
judgment of the Hillsborough County Superior Court/North.

A. The defendant respecfully asking this honorable Court
premission and attention to trial Court errea and State objection
and prejudice in this case. Matters that I would like to express
in the brief that was filed by Counsel.Clear evidence to the
violation of protective order from abuse that is jactitation
and lead to the sentence enhancement penalty and missed
interpretation of the statutory language of the RSA 173-B;IV.
see exhibit (1) and page 2,3,4.

B. Whether the Court erred in allowing the jury to develop
a jactitation against the defendant and use the misconduct
evidence use by the State to draw an inference about the
likelihood that the defendant commited the act which he is
charged. When their's Clear evidence as Dr.Seider testify
see page (5) T 78.and T45.

1 of 5

**a.** On the issue of sentence enhancement whiches appllate
Counsel did not raised on brief; the defendant argues that plain
meaning of RSA 173-B,iv requires at least two prior conviction
before the State can bring an enhanced penalty charge.
The defendant argues the State improperly charge me under RSA
173-B;9 iv because,although I was convicted of a violation of
protective order,I was not been convicted of subsequent offense
of abuse.See Exhibit 1,Docket no#04 03121.
The defendant argues that to read the statute otherwise would
be changing or omitting the language chosen by the legislater
and would not be indicative of legislative inten.

The State objects.The State argues that the enhanced
penalties apply to any abuse charge which is committed after
a violation of a protective order.The State argues that RSA
173-B;9, is to be construed liberally and with a focus on the
victim.Further ,the State argues its interpretation of the
statute is consistent with the plain and ordinary meaning of
the language of the statute with the legislature's intent.
Therefore,the state asserts that defendant's motion to dismiss
must be denied.

In matters of statutory interpretation,the Court determines
"the legislature's intent s expressed in the word of the statute
considered as a whole." State v. Dansereau,   ---NH---(decided
August 15,2008)(slip op.at3). In so doing,the Court "first
examine[s] the language of the statute,and where possible,ascribe

[s] the plain and ordinary meaning to word used. When a statute's language is plain and unambiguous,[the Court] need not look beyond it for further indication of legislative intent."Town of Acworth V. Fall Mt.Reg'l Sch.Dist,.151 N.H.399,401(2004)( citation omitted).The Court "interprets legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include."Densereau at 3(citation omitted).Criminal Code provision are construed"according to the fair import of their terms and to promote justice."RSA 625:3(2007);see Densereau at 3(citing State V.Foss,148 N.H.209,211(2002)).

The plain language of RSA 173-B:9,IV provides that the State may charge the defendant with an enhanced penalty for any crime of abuse committed within six years of conviction for a violation of a protective order.RSA 173-B:9,IV(2002)read,in relevant part:

> Any person convicted...of violating a protective order enforceable under the law of this state,who, within six years of such conviction,whichever is subsequently commits and is convicted of one or more offenses involving abuse may be charge with a enhanced penalty for each subsequent offense...

(emphasis added).

The New Hampshire Supreme Court has not yet interpreted RSA 173-B:9,IV However,the Court finds instructive the enhanced penalty prevision of the child protection Act,RSA 169-C:21-a,IV, and State v. Balukas, 155 N.H.377 (2007)(interpreting RSA 169-C:21-a,IV,states,

23
of
69

Interrogatories.

In the matter of the victim Sara.N,Dr.John and Mr.Walter
testimony at trial.

A.    The victim Sara.N fabricates stores and is known by the

family to be a liar and untrust worthy. She doesn't know very

moral boundaries. As victim testify,T 31.by the State;What did

the defendant hit you with?victim;a soda can. T 32.in my head

30 time.Then Mr.Walter Trachim with the Rockingham Ambulance

paramedic testify that the victim did not tell him that she

had been hit in the head.Iam tolking 30 time but their's no

injury.A clear jactitation.

B.    On T 78. Dr.John Seider,MD from the Elliott Hospital testify

that victim injury limited her bility to put any weight or

pressure on her arm.And then here the victim T45. she lifte

the frame of the window to get out and then lifted her five-

year old twin that weight 33 pound.This is a clear statement

that Sara's injury are more consistent with a fall out the window

This is a clear unfair perjudice by trial Court.This Court must

revers,amend,suspend or Acquittal.

DOMINIC ALI
P.O. BOX 14
CONCORD,NH 03302

AUG 8,2010

MANCHESTER DISTRICT COURT
35 AMHERST    ST PO BOX 456
MANCHESTER,NH 03105

DEAR CLERK :

THANK YOU FOR YOUR TIME. YOU HAVE SEND ME THE WRONG
IFORMATION. I AM ASKING FOR DOMESTIC SIMPLE ASSAULT 631:2-a
I WAS ARRESTED BY MANCHESTER P.D ON APRIL 4,2004- BOOKING NO:
04-001481-CALL NO:04-023835 . THEN I WAS THAKING TO THE DEPARTMEN
OF CORRECTION, 445 WILLOW ST,MANCHESTER FOR 20 DAYS AND BILL
WAS SET TO $ 1000 DOLLERS. STATE V ALI , DEFENDANT IN THE WAS
LORETTA D. LEEROY.

COURT DATE 07/21/2004.

DOCKET NO:04-3121  $C\lambda$

VIOLATION DATE 03/27/2004.

DOMESTIC VIOLENCE FINAL ORDER,ISSUED PURSUANT TO RSA 173;B

AND CASE WAS ~~ISSUE~~ DISMISSED.

RECEIVED

RECEIVED

SEP 02 2010

AUG 1 0 2010

MANCHESTER DISTRICT COURT

MANCHESTER DISTRICT COURT

7-17-10 Copy Done,

Docket# O4 1513 TN# _____

## State of New Hampshire
## COMPLAINT

Docket#

XX DOMESTIC VIOLENCE RELATED

☐ VIOLATION          XX CLASS A  MISDEMEANOR          ☐ FELONY
                     ☐ CLASS B

YOU ARE HEREBY NOTIFIED TO APPEAR BEFORE SAID COURT

AT_____O'CLOCK IN THE AM/PM ON_____YR.____
UNDER PENALTY OF LAW TO ANSWER TO A COMPLAINT
CHARGING YOU WITH THE FOLLOWING OFFENSE:

TO THE Goffstown D......COURT, COUNTY OF Hillsborough

### THE UNDERSIGNED COMPLAINS THAT:  PLEASE PRINT

NAME. Ali............................Dominic...................
       Last Name                  First Name              MI
.264 Cedar St...Manchester,..NH.........03103....
Address                         State                        Zip

DOB 1/1/84.. OPLIC.# 01AID85011........................

| | WRITE OUT: | | | |
|M| B | 606 | 200 | Black | Brown |
|Sex| Race| Height| Weight| Color Hair| Color Eyes|

☐ COMM. VEH.          ☐ COMM. DR. LIC.          ☐ HAZ. MAT.

AT New Boston................................
                        (Location)
ON THE 29.. DAY OF August.........YR. 04..at. 3:50.... XXX  P.M.

on/at in said county and state, did commit the offense of Violation of.....

..Protective Order............... contrary to RSA 173-B:9..

and the laws of New Hampshire for which the defendant should be held to answer, in

that the defendant did Knowingly violate a " Domestic
Violence Final Order", issued pursuant to
RSA 173-B case/docket # 04-M-440 on 4/8/04
by the Superior Court - Hillsborough County
by having contact with the Defendant, Loretta
Leeroy by telephone through a third party,
Randy Boggess

(Enhanced penalty under RSA 597:14-b)

against the peace and dignity of the State.

☐ SERVED IN HAND

.Andrew Wood................................New Boston
Complainant                                           Dept.

Personally appeared the above named complainant and made oath that the above
complaint by him/her subscribed is, in his/her belief, true.

DATE. 8-30-04...... D. Lynn Laus..........
AOC-103-045 REV. 7/00                        Justice of the Peace

COURT COPY

A True Copy Attest:
Goffstown District Court

by Bobbi Prull

Docket # __04__ __0312__ TN # _____

# The State of New Hampshire

## COMPLAINT

Docket # 04-23535

Docket # 04-0312I

(EX A2)

☐ DOMESTIC VIOLENCE RELATED

☐ VIOLATION   ☒ CLASS A MISDEMEANOR   ☐ FELONY
                ☐ CLASS B

YOU ARE HEREBY NOTIFIED TO APPEAR BEFORE SAID COURT
AT __09:15__ O'CLOCK IN THE AM/PM ON XX __April, 1__ YR. __2004__
UNDER PENALTY OF LAW TO ANSWER TO A COMPLAINT
CHARGING YOU WITH THE FOLLOWING OFFENSE;
TO THE ....Manchester District.... COURT, COUNTY OF ....Hillsborough....   7-21-0 Tr s

THE UNDERSIGNED COMPLAINS THAT: PLEASE PRINT

NAME ....ACH DOMINIC.......................................................
335 CEDAR ST A-2   MANCHESTER NH 03103                          MI
..............................................................................
Address   1/ 1/1985                    State                         Zip

DOB ......... OP. LIC.# .................................................

| M | B | 600 | 230 | WRITTEN INK | BRO |
|---|---|-----|-----|------------|-----|
| Sex | Race | Height | Weight | Color of Hair | Color of Eyes |

☐ COMM. VEH.   ☐ COMM. DR. LIC.   ☐ HAZ. MAT.

48 HENRIETTE ST  MANCHESTER
AT ........................................................................
        (Location)
ON THE ....27.... DAY OF ....March.... YR. ....2004.... at ....13:30.... A.M.
                                                              P.M.

on/at in said county and state, did commit the offense of .................
Simple Assault                                    631:2-A
.......................................... contrary to RSA ............

and the laws of New Hampshire for which the defendant should be held to

answer, in that the defendant did
knowingly cause unprivileged physical contact to Loretta Leeroy when he
shoved her in the chest, knocking her down and then punched her twice

against the peace and dignity of the State.

☐ SERVED IN HAND _[signature]_
Chief John A Jaskolka  Badge# 1
..............................................................................
Complainant                                                      Dept.

Personally appeared the above named complainant and made oath that the
above complaint by him/her subscribed is, in his/her belief, true.

DATE __4/1/2004__  X_[signature]_ Gisele V McCarthy
AOC 103A-045 7/00                                              Justice of the Peace

**COURT COPY**

Docket # __04 03122__ TN # _____

## The State of New Hampshire
## COMPLAINT

☒ DOMESTIC VIOLENCE RELATED   04-23835

☐ VIOLATION   ☒ CLASS A MISDEMEANOR   ☐ FELONY
              ☐ CLASS B

YOU ARE HEREBY NOTIFIED TO APPEAR BEFORE SAID COURT
AT 08:15 O'CLOCK IN THE AM/PM ON April, 1 ___ YR. 2004
UNDER PENALTY OF LAW TO ANSWER TO A COMPLAINT
CHARGING YOU WITH THE FOLLOWING OFFENSE:
TO THE ...Manchester District... COURT, COUNTY OF ...Hillsborough...   7-21-04
                                                                       Tr 301

THE UNDERSIGNED COMPLAINS THAT: PLEASE PRINT
                ALI, DOMINIC
NAME ....................................................................
        Last Name              First Name              MI
      335 CEDAR ST A-2  MANCHESTER NH 03103
.........................................................................
Address   1/ 1/1985              State                  Zip
DOB ......... OP. LIC.# ..........................................

| M | B | 600 | 230 | WRITE OUT BLK | BRO |
| Sex | Race | Height | Weight | Color of Hair | Color of Eyes |

☐ COMM. VEH.     ☐ COMM. DR. LIC.     ☐ HAZ. MAT.

      48 HENRIETTE ST  MANCHESTER
AT ......................................................................
                    (Location)                              A.M.
        27        March          2004    13:30
ON THE ......... DAY OF ............. YR. ..... at ..... P.M.

on/at in said county and state, did commit the offense of ...............
Stalking - Appear                        633:3-a
..................................... contrary to RSA ...........

and the laws of New Hampshire for which the defendant should be held to

answer, in that the defendant did
knoiwngly engage in a course of conduct targeted at Loretta Leeroy which he
knew would place her in fear for her personal safety when he was parked in
front of her home as she returned from work at 0030hrs on 03-29-04, was
parked out front again at 0010hrs on 03-30-04 and war parked in front of her
home for the third time on 03-31-04 at 2349 hrs

against the peace and dignity of the State.

☐ SERVED IN HAND   _Michael Dahl_

Chief John A Jaskolka  Badge # 1
_____
Complainant                                              Dept.

Personally appeared the above named complainant and made oath that the
above complaint by him/her subscribed is, in his/her belief, true.

DATE  4/1/2004 ........ _Gisell McCarthy_ ......................
                                              Justice of the Peace

C 103A-045 7/00
COURT COPY

# State of New Hampshire

## Supporting Affidavit for Arrest W/O Warrant

Hillsborough County                                    Manchester District Court

I Lieutenant Robert Cunha being duly sworn, depose and say:

1. That the Manchester Police Department has arrested:

   Dominic Ali              08/08/1985           209 Pine St. A-1 Manchester, NH

2. I have information that a crime (or offense) has been committed by the defendant as follows:

3. That the Defendant, Dominic Ali was arrested on February 4, 2008 by Officer McKenney of the Manchester Police Department and charged with the Domestic Violence Related crimes of Simple Assault, False Imprisonment (2-counts) and Obstructing the Report of a Crime (2-counts). Officer McKenney charged all of these as misdemeanor offenses and has filed a Supporting Affidavit for the Arrest w/o a Warrant.

4. That I reviewed the Defendant's criminal record and discovered that he has a conviction for the Violation of a Protective Order contrary to RSA 173-B:9 on 09/28/2004 out of the Goffstown District Court.

5. That pursuant to RSA 173-B:9, I upgraded the "abuse" related offenses (Simple Assault and 2 counts of False Imprisonment) to Felonies.

_____
(Signature)

Then personally appeared the above named  Lieutenant Robert Cunha
and made oath that the foregoing affidavit by him is true.

Before me on  this 4th day of February, 2008

_____
(Justice of the Peace)

MPD FORM 120 (1/6/98)          (A 4)

# NEW HAMPSHIRE SUPREME COURT

## RULE 7 NOTICE OF MANDATORY APPEAL

This form should be used for an appeal from a final decision on the merits issued by a superior court, district court, probate court or family division court except for a decision from: (1) a post-conviction review proceeding; (2) a proceeding involving the collateral challenge to a conviction or sentence; (3) a sentence modification or suspension proceeding; (4) an imposition of sentence proceeding; (5) a parole revocation proceeding; or (6) a probation revocation proceeding.

---

1. COMPLETE CASE TITLE AND DOCKET NUMBERS IN TRIAL COURT

STATE OF NEW HAMPSHIRE V. DOMINIC ALI

DOCKET NUMBERS 2008-S-858; 859;862;864

---

2. COURT APPEALED FROM AND NAME OF JUDGE(S) WHO ISSUED DECISION(S)

HILLSBOROUGH COUNTY SUPERIOR COURT, NORTHERN DIVISION

JUDGE JAMES J. BARRY

JUDGE GILLIAN ABRAMSON

---

| 3A. NAME AND ADDRESS OF APPEALING PARTY. IF REPRESENTING SELF, PROVIDE TELEPHONE NUMBER | 3B. NAME, FIRM NAME, ADDRESS AND TELEPHONE NUMBER OF APPEALING PARTY'S COUNSEL |
|---|---|
| DOMINIC ALI<br>NH STATE PRISON<br>P.O. BOX 14<br>CONCORD, NH 03301 | ANTHONY L. INTROCASO, ESQUIRE (1244)<br>INTROCASO PROFESSIONAL ASSOCIATION<br>84 BAY STREET<br>MANCHESTER, NH 03104<br>(603) 668-2000<br><br>(Counsel appointed post verdict, for sentencing) |

| 4A. NAME AND ADDRESS OF OPPOSING PARTY | 4B. NAME, FIRM NAME, ADDRESS AND TELEPHONE NUMBER OF OPPOSING PARTY'S COUNSEL |
|---|---|
| ATTORNEY GENERAL'S OFFICE<br>33 CAPITOL STREET<br>CONCORD, NH 03301 | BRETT HARPSTER, ESQUIRE<br>HILLSBOROUGH COUNTY ATTORNEY'S<br>300 CHESTNUT STREET<br>MANCHESTER, NH 03301<br>603 627-5605 |

Exhibit (A 1)

1

IF YOUR ANSWER IS YES, YOU MUST COMPLETE THE TRANSCRIPT ORDER FORM ON PAGE 4 OF THIS FORM.

13. LIST SPECIFIC QUESTIONS TO BE RAISED ON APPEAL, EXPRESSED IN TERMS AND CIRCUMSTANCES OF THE CASE, BUT WITHOUT UNNECESSARY DETAIL. STATE EACH QUESTION IN A SEPARATELY NUMBERED PARAGRAPH. SEE SUPREME COURT RULE 16(3)(b).

1. Whether the court violated Mr. Ali's rights under part 1 article 15 of the New Hampshire Constitution and Sixth Amendment of the United States Constitution when it limited his cross examination of the complaining witness' motive to lie and credibility by preventing the defense from questioning the complaining witness about her involvement with DCYF around the time of the alleged assault.

*① federal habeas*

2. Whether the court violated Mr. Ali's rights under part 1 article 15 of the New Hampshire Constitution and the Fifth, Sixth and Fourteenth Amendment of the United States Constitution by denying the defendant's motion in limine to exclude expert witness testimony after the State failed to comply with Superior Court Rule 98's requirements regarding expert witnesses.

3. Whether the Court erred in its interpretation of the statutory language of R.S.A. 173-B:9, IV when it denied the defendant's pre-trial motion to dismiss indictments 08-S-858 and 860 by finding that only one prior conviction for violation of a restraining order is required to charge a defendant with an enhanced penalty for a crime of abuse.

4. Whether the court erred in allowing the complaining witness to testify to hearsay statements about her medical diagnosis of a broken bone in violation of Rule of Evidence 803(4).

*② federal habeas, on 6th Amdt grounds if preserve*

5. Whether the court erred in allowing State's witness Detective Keim to testify to hearsay statements of the complaining witness in violation of Rule of Evidence 801. *← maybe a fed. issue, if preserved on 6th Amdt.*

6. Whether the court violated Mr. Ali's rights under part 1 article 16 of the New Hampshire Constitution and the 5th Amendment of the United States Constitution, protecting him from double jeopardy by denying the defendant's motion to dismiss either indictment 08-S-0858 or 0859 both charging second degree assault.

   a. Whether the court erred in not using its authority to curb the prosecution's discretion where the state overcharged Mr. Ali with two separate second degree assault indictments based on the same evidence (State v. Macleod, 141 NH 427).

*← won on this issue*

7. Whether the court erred in denying the defendant's motion to dismiss information 08-S-0862 charging false imprisonment under R.S.A. 633:2 where there was insufficient evidence to find that the defendant interfered substantially with the complaining witness' physical movement. *maybe*

# TRANSCRIPT ORDER FORM

INSTRUCTIONS:

1. If a transcript is necessary for your appeal, you <u>must</u> complete this form.
2. List each portion of the proceedings that must be transcribed for appeal, e.g., entire trial (see Superior Court Administrative Rule 3-1), motion to suppress hearing, jury charge, etc., and provide information requested.
3. Determine the amount of deposit required for each portion of the proceedings and the total deposit required for all portions listed. Do <u>not</u> send the deposit to the Supreme Court. You will receive an order from the Supreme Court notifying you of the deadline for paying the deposit amount to the trial court. Failure to pay the deposit by the deadline may result in the dismissal of your appeal.

.LIST EACH PORTION OF CASE PROCEEDINGS TO BE TRANSCRIBED.

| DATE OF PROCEED–ING | TYPE OF PROCEED–ING | LENGTH OF PROCEED–ING | NAME OF JUDGE(S) | NAME OF COURT REPORTER (IF PROCEEDING WAS RECORDED SO INDICATE) | PORTIONS PREVIOUSLY PREPARED ** | DEPOSIT (SEE SCHEDULE BELOW) |
|---|---|---|---|---|---|---|
| 9/25/08 | Trial | Full day | Barry J. | | | |
| 9/26/08 | Trial | Half Day | Barry, J. | | | |
| 8/27/08 | Motion Hearing | One hour | Abramso n,j. | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | TOTAL DEPOSIT: |

DO NOT SEND DEPOSIT AT THIS TIME.

## SCHEDULE OF DEPOSITS

| Length of Proceeding | Deposit Amount |
|---|---|
| Hearing or trial of one hour or less | $ 175 |
| Hearing or trial up to ½ day | $ 450 |
| Hearing or trial of more than ½ day | $ 900/day |
| Previously prepared portions | Number of pages x $.50 per page per copy |
| | If additional copies are needed |

NOTE: The deposit is an estimate of the transcript cost. After the transcript has been completed, you may be required to pay an additional amount if the final cost of the transcript exceeds the deposit. Any amount paid as a deposit in excess of the final cost will be refunded. The transcript will not be released to the parties until the final cost of the transcript is paid in full.

** For portions of the transcript that have been previously prepared, indicate number of copies that were prepared.

# The State of New Hampshire

**HILLSBOROUGH COUNTY NORTHERN DISTRICT**      **SUPERIOR COURT**

## MITTIMUS/RETURN FROM SUPERIOR COURT – HOUSE OF CORRECTIONS SENTENCE

**Docket No. 08-862**
**DOB: 8/8/85**

**Name: Dominic Ali**

Address: HCHOC

☐ Indictment    ☐ Waiver    ☒ Information    ☐ Complaint

**Offense:**   False Imprisonment        RSA: 633:3       **Date:** 2/4/08

**Disposition:**   **Guilty By:**    ☐ Plea   ☒ Jury   ☐ Court       **TN:**

*A finding of guilty is entered*
**Conviction:** ☐ Felony     ☒ Misdemeanor     ☐ Violation of Probation

1. ☒   The defendant is sentenced to the House of Corrections for a period of **12 Months**.

2. ☒   This sentence is to be served as follows:
     ☒    Stand Committed      ☒    Commencing **Forthwith**.

3. ☒   The sentence is     ☐   consecutive to _____
                              ☒   concurrent with **08-864**

4. ☒   Pretrial confinement credit: **364** days.

**Date: 2/2/09**                    **Hon. James J. Barry, Jr.**              **Marshall A. Buttrick**
                                        Presiding Justice                                 Clerk

## MITTIMUS

In accordance with this sentence, the Sheriff is ordered to deliver the defendant to the **County House of Correction**. Said institution is required to receive the Defendant and detain him/her until the Term of Confinement has expired or s/he is otherwise discharged by due course of law.

*February 2, 2009*                          Attest: *Marshall A. Buttrick*
Date                                                           Clerk

## SHERIFF'S RETURN

I delivered the defendant to the **County House of Correction** and gave a copy of this order to the Superintendent.

_____            _____
Date                                                   Sheriff

cc:
☒ State Police                 ☐ DMV                    ☒ Dept. of Corr.
☒ Pros. Atty. Brett Harpster, Esq.    ☒ Offender Recs        ☒ Anthony Introcaso, Esq
☐ Sex Off. Reg. - K. Cliver         ☐ Defendant           ☐ Machester PD
☒ HOC: Hills. Cty                ☒ Office of Cost Cont.    ☐ GAL
                                        ☒ SRB                    ☒ Sheriff

33. of 69

# The State of New Hampshire

**HILLSBOROUGH COUNTY NORTHERN DISTRICT**                    **SUPERIOR COURT**

MITTIMUS/RETURN FROM SUPERIOR COURT – STATE PRISON SENTENCE

**Docket No. 08-858**
**DOB: 8/8/85**

**Name: Dominic Ali**

☒ Indictment      ☐ Waiver      ☐ Information      ☐ Complaint

**Offense:**   **Second Degree Assault**                    **RSA: 631:2**                    Date:  2/4/08

**Disposition:   Guilty By:**            ☐ Plea      ☒ Jury      ☐ Court                    TN:

*A finding of guilty is entered*
**Conviction:**            ☒ **Felony**            ☐ **Misdemeanor**            ☐ **Violation of Probation**

1. ☒  The defendant is sentenced to the New Hampshire State Prison for not more than **10 YEAR(S)**), nor less than **5 YEAR(S)**There is added to the minimum sentence a disciplinary period equal to 150 days for each year of the minimum term of the defendant's sentence, to be prorated for any part of the year.

2. ☒  This sentence is to be served as follows:
   ☒   Stand Committed      ☒   Commencing **Upon completion of House of Correction Sentences on 08-864 and 08-862.**

6. ☒  The sentence is      ☒   consecutive to **08-864 and 08-862**
                           ☐   concurrent with _____

8. ☒  The Court recommends to the Department of Corrections:
   A. ☒  Drug and alcohol treatment and counseling.
   B. ☐  Sexual offender program.
   C. ☐  Sentence to be served at the House of Corrections.
   D. ☐  _____

   Pursuant to RSA 499:10-a, the clerk shall notify the appropriate health care regulatory board if this conviction is for a felony and the person convicted is licensed or registered as a health care provider.

## OTHER CONDITIONS

11. ☒  The following conditions of this sentence are applicable whether incarceration is suspended, deferred or imposed or whether there is no incarceration ordered at all.  Failure to comply with these conditions may result in the imposition of any suspended or deferred sentence.

    C. ☒  The defendant is ordered participate meaningfully and complete any counseling, treatment and educational programs as directed by the correctional authority or Probation/Parole Officer.
    G. ☒  The defendant is ordered to be of good behavior and comply with all the terms of this sentence.
    H. ☒  Other: **Defendant shall enter and complete 1.  Anger Management Program and 2. Domestic Violence Program.  Defendant shall have no contact with Sara Nagg.**

**2/2/09**                    **Hon. James J. Barry, Jr.**                    **Marshall A. Buttrick**
Date                          Presiding Justice                          Clerk

## MITTIMUS

In accordance with this sentence, the Sheriff is ordered to deliver the defendant to the **New Hampshire State Prison.** Said institution is required to receive the Defendant and detain him/her until the Term of Confinement has expired or s/he is otherwise discharged by due course of law.

**February 2, 2009**                    Attest: _____
Date                                              Clerk

34. of 69

# THE STATE OF NEW HAMPSHIRE
## Northern District of Hillsborough County
300 Chestnut Street
Manchester, NH 03101 2490
603 669-7410

## NOTICE OF HEARING



AILEEN O'CONNELL ESQ
NEW HAMPSHIRE PUBLIC DEFENDER
20 MERRIMACK STREET
MANCHESTER NH 03101

### State v. Dominic Ali

08-S-0858; 0859; 0860; 0861; 0862; 0863; 0864; 0865

The above-referenced cases have been scheduled before Judge
Gillian L. Abramson for the following:

Hearing-Motion to Dismiss

| | |
|---|---|
| Date: | August 27, 2008 |
| Time: | 9:00 am |
| Location: | Hillsborough Superior - North |
| | 300 Chestnut Street |
| | Manchester, NH 03101 |

Failure of Defendant to be present at this hearing will result in the
issuance of Arrest Warrant as well as the imposition of a $50
Administrative Processing Fee.
Defendant and Counsel must be present.

Please advise clients, witnesses, and others that it is a class B
felony to carry a firearm or other deadly weapon as defined in
RSA 625:11,V in a courtroom or area used by a court.

8/11/2008

BY ORDER OF THE SUPERIOR COURT
John Safford, Clerk

cc: Brett J. Harpster, Esq., ACA
Helen V. Sullivan, Esq.

AOC Form SUSP080 (Rev. 07/10/2000)

## THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                    SUPERIOR COURT
NORTHERN DISTRICT

State of New Hampshire

v.

Dominic Ali

08-S-0858-0865

### ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENTS

The defendant, Dominic Ali, stands indicted on one count of Class A felony
second degree assault, one count of Class B felony second degree assault, one count
of Class B felony simple assault, one count of Class A misdemeanor simple assault,
two counts of false imprisonment, and two counts of obstructing the report of a crime or
injury. The State indicted the Class A felony of second assault and the Class B felony
of simple assault pursuant to the enhanced penalties statute, RSA 173-B:9, IV. The
defendant moves to dismiss these two indictments. The State objects. The Court held
a hearing on this motion on Wednesday, August 27, 2008. After consideration of the
pleadings, argument, and applicable law, the Court DENIES the defendant's motion.

In 2004 the defendant was convicted of violation of a protective order in
Goffstown District Court. On February 4, 2008, the defendant allegedly threw his
girlfriend and mother of his child, Sara N., on the ground and repeatedly kicked her,
fracturing her collar bone.



omitted). The Court "interprets legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." Dansereau at 3 (citation omitted). Criminal Code provisions are construed "according to the fair import of their terms and to promote justice." RSA 625:3 (2007); see Dansereau at 3 (citing State v. Foss, 148 N.H. 209, 211 (2002)).

The plain language of RSA 173-B:9, IV provides that the State may charge the defendant with an enhanced penalty for any crime of abuse committed within six years of a conviction for a violation of a protective order. RSA 173-B:9, IV (2002) reads, in relevant part:

> Any person *convicted ... of violating a protective order* enforceable under the law of this state, who, *within six years of such conviction* or the completion of the sentence imposed for such conviction, whichever is later, *subsequently commits and is convicted of one or more offenses* involving abuse *may be charged with an enhanced penalty for each subsequent offense* ...

(emphasis added).

The New Hampshire Supreme Court has not yet interpreted RSA 173-B:9, IV. However, the Court finds instructive the enhanced penalty provision of the Child Protection Act, RSA 169-C:21-a, IV, and State v. Balukas, 155 N.H. 377 (2007) (interpreting RSA 169-C:21-a, IV). RSA 169-C:21-a, IV, states,

> Any person *convicted ... of violating a protective order* enforceable under the laws of this state, who, *within six years of such conviction* or the completion of the sentence imposed for such conviction, whichever is later, *subsequently commits and is convicted of one or more offenses* under this chapter *may be charged with an enhanced penalty for each subsequent offense*...

(emphasis added).

order. The defendant was convicted of violation of a protective order in 2004. In 2008, he allegedly committed two acts of abuse, as defined by RSA 173-B:1. The State correctly indicted the defendant with a Class A Felony for 2nd Degree Assault and a Class B Felony for Simple Assault under the enhanced penalty statute, RSA 173-B:9, IV.

For the reasons set forth above, the defendant's motion to dismiss is DENIED.

SO ORDERED.

_9/2/08_
Date

Gillian L. Abramson
Presiding Justice

5

# THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS.**
**Northern District**

**SUPERIOR COURT**

State of New Hampshire

v.

Dominic Ali

Docket Nos. 08-S-0858, 0859, 0860, 0861, 0862, 0863, 0864 & 0865

## ORDER

The defendant is scheduled for trial by jury on Thursday, September 25, 2008, on two counts of second degree assault (08-S-0858, 08-S-0859), two counts of simple assault (08-S-860, 08-S-861), two counts of false imprisonment (08-S-0862, 08-S-0863) and two counts of obstructing the report of a crime (08-S-0864, 08-S-0865).

A hearing was held this date on the defendant's Motion in Limine which seeks to preclude any testimony from John Seidner, M.D. or Walter Trachim, E.M.T., that is other than lay testimony.

The defense contends that the State has failed to provide notice that it will call any experts and rely on any expert testimony at the defendant's trial. The defense also contends that the State has not complied with Superior Court Rule 98 by disclosing any other reports or statements of experts as well as a summary of each expert's qualifications within thirty days of arraignment. The defense claims that it is prejudiced as a result of this and is unable at this time to make an informed decision as to whether or not 604-A funds should be sought to seek an

## STATE OF NEW HAMPSHIRE

**MERRIMACK, SS**                                    **SUPERIOR COURT**

Dominic S. Ali

v.

Richard M. Gerry

No. 11-CV-746

### ORDER

Dominic Ali (the "petitioner"), an inmate at the New Hampshire State Prison, petitions this Court for a Writ of Habeas Corpus. The State objects. The Court held a hearing on the matter on February 10, 2012. For the reasons set forth below, the petition is **DENIED**.

The Court finds the following relevant facts. In 2008, petitioner was indicted on one count of Class A felony second degree assault, one count of Class B felony second degree assault, one count of Class B felony simple assault, one count of Class A misdemeanor simple assault, two counts of false imprisonment, and two counts of obstructing the report of a crime or injury. The charges arose from an incident that occurred on February 4, 2008, involving Sara N., the mother of his child. The State indicted the Class A felony second degree assault and the Class B felony simple assault pursuant to the enhanced penalties statute, RSA 173-B:9, IV, on the basis that petitioner was convicted of violating a protective order in 2004.

Prior to trial, petitioner moved to dismiss the indictments against him for Class A felony second degree assault and Class B felony simple assault, arguing that, under the enhancement provision of RSA 173-B:9, IV, two convictions are required before a

*40 of 69*

charge with an enhanced penalty may be brought. (Pl.'s Ex. 2.) Because petitioner did not have any abuse-related convictions other than his 2004 conviction for violating a protective order, he argued he was improperly charged. (Id.)

Following a hearing on the matter, on September 2, 2008, this Court (Abramson, J.) denied petitioner's motion to dismiss. (State v. Ali, Docket No. 08-S-058, Hillsborough County Superior Court, Doc. # 17, at 5.). The Court interpreted RSA 173-B:9, IV "as allowing the State to charge a defendant with an enhanced penalty for any qualifying crime of abuse which is committed within six years of a conviction for violation of protective order." (Id. at 4–5.) Because petitioner "was convicted of violation of a protective order in 2004," the Court ruled that "[t]he State correctly indicted [him] with a Class A Felony for 2nd Degree Assault and a Class B Felony for Simple Assault under the enhanced penalty statute, RSA 173-B:9, IV." (Id. at 5.)

Thereafter, following a jury trial, petitioner was convicted of one count of Class A felony second degree assault, one count of Class B felony second degree assault, one count of false imprisonment, and one count of obstructing the report of a crime or injury.[1] (Pet. 3.) He was sentenced to 12 months stand committed on the two misdemeanor convictions; 5–10 years on the Class A felony second degree assault conviction, which was to run consecutively with the 12-month sentence; and, 3 1/2–7 years on the Class B felony second degree assault conviction. (Id.)

On February 23, 2009, petitioner filed a notice of appeal with the Supreme Court, raising, among other issues, the question of whether the trial court erred in its interpretation of RSA 173-B:9, IV. (State v. Ali, Docket No. 08-S-058, Doc. # 42.) The

---

[1] At the close of the State's case, one simple assault charge, one false imprisonment charge, and one obstructing the report of a crime or injury charge were dismissed. (Pet. 3.) The jury found petitioner not guilty of the other simple assault charge. (Id.)

Supreme Court accepted his case for review on March 18, 2009. (Id., Doc. # 44.) While his appeal was pending, he filed a pro se motion to appoint new counsel, arguing that his trial counsel was constitutionally ineffective. (Id., Doc. # 46, Ex. 1.) The New Hampshire Supreme Court gave petitioner leave to file a "motion to set aside guilty verdict based upon ineffective assistance of counsel," removed petitioner's case from the 3JX argument list, and stayed further proceedings relative to his direct appeal. (Id.) Petitioner subsequently filed a motion for a new trial based on ineffective assistance of counsel and was appointed counsel "to advise and represent[] him with respect to the merits" of that claim. (Id., Doc. #48, at 2.)

On July 2, 2010, petitioner, through counsel, withdrew his motion for a new trial and proceeded with his direct appeal to the Supreme Court. (Id.) On appeal, petitioner argued "that the trial court erred in: (1) finding that the State had provided expert witness discovery pursuant to Superior Court Rule 98 (Rule 98); (2) excluding evidence that the victim had a pending case with the Division for Children, Youth and Families (DCYF); and (3) sentencing him on two second degree assault charges." (Id., Doc. # 53.)[2] The Supreme Court vacated the conviction and sentence imposed for the Class B felony second degree assault on the grounds that his convictions for the Class A and Class B felony second degree assaults were based upon the same evidence. (Id.) However, the Supreme Court affirmed his other convictions. (Id.)

Thereafter, petitioner filed a Petition for Writ of Habeas Corpus in the Superior Court, alleging claims of ineffective assistance of counsel at trial. The Court (Garfunkel, J.) dismissed the petition with prejudice, reasoning that it was the "same claim

---

[2] Although raised in his notice of appeal, petitioner did not brief the issue regarding the trial court's interpretation of RSA 173-B:9, IV.

42 of 69

[petitioner] withdrew after conferring with counsel." (Id., Doc. #55, at 2.) Petitioner then filed a notice of appeal of that decision to the Supreme Court, which was declined pursuant to Supreme Court Rule 7(1)(B). (Id., Docs. # 56 & 57.)

In his present petition, petitioner now argues he was unconstitutionally convicted under the enhancement provision of RSA 173-B:9, IV, in light of the Supreme Court's decision to vacate his conviction for the Class B felony second degree assault. Further, petitioner generally avers that he was denied the right to effective assistance of counsel at trial and on appeal under the Sixth Amendment and part I, article 15 of the New Hampshire Constitution.

The Court finds that petitioner's claims regarding RSA 173-B:9, IV and the ineffectiveness of his trial counsel are procedurally barred. Petitioner had actual knowledge of the issue surrounding the interpretation of RSA 173-B:9, IV and raised it before the trial court during trial. The issue was fully briefed, litigated, and resulted in a five-page order. Further, petitioner raised the issue in his notice of appeal to the Supreme Court, but failed to pursue it on appeal. Petitioner also filed a pro se petition for Writ of Habeas Corpus and, yet again, failed to raise the issue at that time. Accordingly, as he "had both knowledge of the issue and an opportunity to raise it . . . but failed to do so, he has procedurally waived the issue for collateral review." Avery v. Cunningham, 131 N.H. 138, 143 (1998). Likewise, as petitioner's claim for ineffective assistance of trial counsel was dismissed with prejudice in his prior Petition for Writ of Habeas Corpus to this Court, that claim is also barred. See Grote v. Powell, 132 N.H. 96, 99 (1989) ("[R]epeated applications for a writ of habeas corpus introducing no new facts material to the issue will ordinarily be summarily disposed of.").

In any event, to the extent petitioner claims ineffective assistance of appellate counsel for failing to argue that the trial court erred in its interpretation of RSA 173-B:9, IV, that claim lacks merit. The Court finds no error in the trial court's interpretation of the statute. Accordingly, petitioner was not prejudiced by appellate counsel's failure to argue the issue on appeal. State v. Sharkey, 155 N.H. 638, 641 (2007) (stating that, to demonstrate actual prejudice, the defendant must show "that there is a reasonable probability that the result of the proceeding would have been different had competent legal representation been provided"); see also State v. Killam, 137 N.H. 155, 158 (1993) (internal quotations and citations omitted) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.")

For the reasons above, the petition for Writ of Habeas Corpus is **DENIED**.

**SO ORDERED.**

Date _____ $3|5|12$

Gillian L. Abramson
Presiding Justice

5

44 of 69

EXIBIT (A8)

THE STATE OF NEW HAMPSHIRE
SUPREME COURT

**EILEEN FOX**
CLERK OF COURT
**MARCIA McCORMACK**
DEPUTY CLERK
**TIMOTHY A. GUDAS**
DEPUTY CLERK

**DAVID S. PECK**
REPORTER OF DECISIONS



**LORETTA S. PLATT**
SENIOR STAFF ATTORNEY
**RICHARD C. BELL, JR.**
STAFF ATTORNEY
**BRET D. GIFFORD**
STAFF ATTORNEY

ONE CHARLES DOE DRIVE
CONCORD, N.H. 03301-6160
(603) 271-2646
1-888-535-1946
TTY/TDD RELAY 1-800-735-2964
www.courts.state.nh.us

March 26, 2012

Mr. Dominic Ali 81829
New Hampshire State Prison
281 North State Street
Concord, NH 03301

RE: 2012-0197, Dominic S. Ali v. Warden, New Hampshire State Prison

Dear Mr. Ali:

On March 21, 2012, a filing in reference to the above-captioned matter was received in the clerk's office and has been docketed as case number 2012-0197. A court order will be issued regarding further proceedings.

All correspondence and pleadings, which are filed at the Supreme Court by any party in the case, except the initial filing of the appeal document, must have the correct Supreme Court docket number. Please refer to Rule 26.

Very truly yours,

Allison R. Cook
Deputy Clerk

Distribution:
Merrimack County Superior Court, 217-2011-CV-00746
Appellate Defender
Attorney General
File

45 of 69

# THE STATE OF NEW HAMPSHIRE
# SUPREME COURT

Merrimack , ss                    March, 2012 , Term

Dominic Ali

v.

Richard M. Gerry

## MOTION TO WAIVE RULE 7 IN PART

NOW COMES the Appellant in the matter captioned above, pro se, and respectfully moves and states that he/she has submitted a Notice of Appeal and is without sufficient funds to provide the Honorable Court with the number of conformed copies required by Rule 7. The Appellant has submitted his/her Affidavit relative to his/her financial condition. The Appellant has submitted two (2) copies of his/her Notice of Appeal with the original and has otherwise complied with the Rule by sending conformed copies to the Court below and to Counsel for parties.

WHEREFORE, the Appellant respectfully prays this Honorable Supreme Court waive the exact requirements of Rule 7 and authorize submission to the Court of the original and two (2) copies and for such further relief as in law or equity may appertain or be deemed just.

Respectfully Submitted,

Dominic Ali

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

## RULE 7 NOTICE OF DISCRETIONARY APPEAL

This form should be used only for an appeal from a final decision on the merits issued by a superior court, district court, probate court or family division court in: (1) a post-conviction review proceeding; (2) a proceeding involving the collateral challenge to a conviction or sentence; (3) a sentence modification or suspension proceeding; (4) an imposition of sentence proceeding; (5) a parole revocation proceeding; or (6) a probation revocation proceeding; (7) a landlord/tenant action or a possessory action filed under RSA chapter 540; (8) an order denying a motion to intervene; or (9) a domestic relations matter filed under RSA chapters 457 to 461-A, except that an appeal from a final divorce decree or from a decree of legal separation should be filed on a Rule 7 Notice of Mandatory Appeal form.

---

1. COMPLETE CASE TITLE AND CASE NUMBERS IN TRIAL COURT

*Dominic S. Ali v. Richard M Geary*

*Case No. 217-2011-CV-00746*

---

2. COURT APPEALED FROM AND NAME OF JUDGE(S) WHO ISSUED DECISION(S)

*Merrimack, SS Superior Court*

*Judge (Gillian L. Abramson)*

---

3A. NAME AND ADDRESS OF APPEALING PARTY. IF REPRESENTING SELF, PROVIDE TELEPHONE NUMBER

*Dominic S. Ali*
*P.O. Box 14*
*Concord, NH 03302*

3B. NAME, FIRM NAME, ADDRESS AND TELEPHONE NUMBER OF APPEALING PARTY'S COUNSEL

---

4A. NAME AND ADDRESS OF OPPOSING PARTY

*Attorney General*
*23 Capital St*
*Concord, NH 03301*

4B. NAME, FIRM NAME, ADDRESS AND TELEPHONE NUMBER OF OPPOSING PARTY'S COUNSEL

*Brett Horpfer, Esq*
*Hillborough County*
*300 Chestnut St*
*Manchester, NH 03301*

*603-627-5608*

---

NHJB-2297-SUREME (01/01/2008)          Page 1 of 4

3

**RULE 7 NOTICE OF DISCRETIONARY APPEAL**

5. NAMES OF ALL OTHER PARTIES AND COUNSEL IN TRIAL COURT

Defense; Behzad Mirhashem, esg 10031 Helen V. Sullivan
Aileen O'Connell, esg.
Pos-conviction; Anthony L. Interocaso, esg.
Appellate Court; Paul Borchardt, esg
Motion For New trial; Ghazi D- Al-Marayati, esg

---

6. DATE OF CLERK'S NOTICE OF DECISION OR SENTENCING.

March 08, 2012

DATE OF CLERK'S NOTICE OF DECISION ON POST-TRIAL MOTION, IF ANY.

---

7. CRIMINAL CASES: DEFENDANT'S SENTENCE AND BAIL STATUS

858,859, -10- yr NH SPM
862,864, No bail mc Ali
NHSPM 862. 12 month
Hoc sc 364 days Pte
862 12 month
Hoc sc 364 Con w/862

---

8. APPELLATE DEFENDER REQUESTED?  ☐ YES  ☒ NO

IF YOUR ANSWER IS YES, YOU MUST CITE STATUTE OR OTHER LEGAL AUTHORITY UPON WHICH CRIMINAL LIABILITY WAS BASED AND ATTACH FINANCIAL AFFIDAVIT (OCC FORM 4)

---

9. IS ANY PART OF CASE CONFIDENTIAL?  ☐ YES  ☒ NO

IF SO, IDENTIFY WHICH PART AND CITE AUTHORITY FOR CONFIDENTIALITY.  SEE SUPREME COURT RULE 12.

---

10. IF ANY PARTY IS A CORPORATION LIST THE NAMES OF PARENTS, SUBSIDIARIES AND AFFILIATES.

---

11. DO YOU KNOW OF ANY REASON WHY ONE OR MORE OF THE SUPREME COURT JUSTICES WOULD BE DISQUALIFIED FROM THIS CASE?  ☐ YES  ☒ NO

IF YOUR ANSWER IS YES, YOU MUST FILE A MOTION FOR RECUSAL IN ACCORDANCE WITH SUPREME COURT RULE 21A.

---

12. IS A TRANSCRIPT OF TRIAL COURT PROCEEDINGS NECESSARY FOR THIS APPEAL?  ☒ YES  ☐ NO

IF YOUR ANSWER IS YES, YOU MUST COMPLETE THE TRANSCRIPT ORDER FORM ON PAGE 4 OF THIS FORM.

**RULE 7 NOTICE OF DISCRETIONARY APPEAL**

.13.  NATURE OF CASE AND RESULT (Limit two pages double-spaced; please attach.)

14.  ISSUES ON APPEAL (Limit eight pages double-spaced; please attach.)

The New Hampshire Supreme Court reviews each discretionary notice of appeal and decides whether to accept the case, or some issues in the case, for appellate review.  The following acceptance criteria, while neither controlling nor fully describing the court's discretion, indicate the character of the reasons that will be considered.

1. The case raises a question of first impression, a novel question of law, an issue of broad public interest, an important state or federal constitutional matter, or an issue on which there are conflicting decisions in New Hampshire courts.
2. The decision below conflicts with a statute or with prior decisions of this court.
3. The decision below is erroneous, illegal, unreasonable or was an unsustainable exercise of discretion.

Separately number each issue you are appealing and for each issue:  (a) state the issue; (b) explain why the acceptance criteria listed above support acceptance of that issue; and (c) if a ground for appeal is legal sufficiency of evidence include a succinct statement of why the evidence is alleged to be insufficient as a matter of law.

15.  ATTACHMENTS

Attach to this notice of appeal the following documents in order:  (1) a copy of the trial court decision or order from which you are appealing; (2) the clerk's notice of the decision below; (3) any court order deciding a timely post-trial motion; and (4) the clerk's notice of any order deciding a timely post-trial motion.

Do not attach any other documents to this notice of appeal.  Any other documents you wish to submit must be included in a separately bound Appendix, which must have a table of contents on the cover and consecutively numbered pages.

16.  CERTIFICATIONS

I hereby certify that every issue specifically raised has been presented to the court below and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading.

_____
Appealing Party or Counsel

I hereby certify that on or before the date below, copies of this notice of appeal were served on all parties to the case and were filed with the clerk of the court from which the appeal is taken in accordance with Rule 26(2).

3/16/2012
Date

_____
Appealing Party or Counsel

RULE 7 NOTICE OF DISCRETIONARY APPEAL

# TRANSCRIPT ORDER FORM

INSTRUCTIONS:

1. If a transcript is necessary for your appeal, you <u>must</u> complete this form.
2. List each portion of the proceedings that must be transcribed for appeal, e.g., entire trial (see Superior Court Administrative Rule 3-1), motion to suppress hearing, jury charge, etc., and provide information requested.
3. Determine the amount of deposit required for each portion of the proceedings and the total deposit required for all portions listed. Do <u>not</u> send the deposit to the Supreme Court. You will receive an order from the Supreme Court notifying you of the deadline for paying the deposit amount to the trial court. Failure to pay the deposit by the deadline may result in the dismissal of your appeal.

LIST EACH PORTION OF CASE PROCEEDINGS TO BE TRANSCRIBED.

| DATE OF PROCEEDING | TYPE OF PROCEEDING | LENGTH OF PROCEEDING | NAME OF JUDGE(S) | NAME OF COURT REPORTER (IF PROCEEDING WAS RECORDED SO INDICATE) | PORTIONS PREVIOUSLY PREPARED ** | DEPOSIT (SEE SCHEDULE BELOW) |
|---|---|---|---|---|---|---|
| 3/27/08 | Motion to dis | 2 mints | G. Abramson | Court Superior | | $ |
| 9/25/08 | trial | Half hr | Barry. J | Superior | | $ |
| 9/26/08 | trial | Half hr | Barry. J | Superior | | $ |
| 2/10/12 | Petition | 15 mints | G. Abramson, | Merrimack Superior | | $ |
| | | | | | | $ |
| | | | | | | $ |
| DO NOT SEND DEPOSIT AT THIS TIME | | | | | | TOTAL DEPOSIT: $ |

## SCHEDULE OF DEPOSITS

| Length of Proceeding | Deposit Amount |
|---|---|
| Hearing or trial of one hour or less | $ 175 |
| Hearing or trial up to ½ day | $ 450 |
| Hearing or trial of more than ½ day | $ 900/day |
| Previously prepared portions | Number of pages x $.75 per page per copy If additional copies are needed |

NOTE: The deposit is an estimate of the transcript cost. After the transcript has been completed, you may be required to pay an additional amount if the final cost of the transcript exceeds the deposit. Any amount paid as a deposit in excess of the final cost will be refunded. The transcript will not be released to the parties until the final cost of the transcript is paid in full.

** For portions of the transcript that have been previously prepared, indicate number of copies that were prepared.

50'
of
69

(13)    The defendant was found guilty after trial by jury in the Hillsborough court
Superior court See, doc No. 2008, 858, 859, and was sentence by the Honorable court
(James Barry) on February 2, 2009, to five to ten in the State Prison.

  The defendant raised claim in this sui juris motion to appoint new counsel with this
court, at the time the defendant's direct appeal was pending before this court.

    On January 28, 2010, this court order removing the defendant case from 3xi argument
list and staying further proceeding and order the defendant to file a motion to set aside a
guilty verdict with the trial court.

  The defendant file a motion for new trial on March 22, 2010, based upon ineffective
assistance of counsel. On April 22, 2010, (Judge Garfunkel, J) in that order, the court
states, "it will appoint new counsel for the defendant to advise and represent the
defendant in this case. On May 3,2010,Attorney Ghazi D. Al-Marayati,esq enter his
appearance as a counsel for the defenandt.On July 2.2010, counsel for the defendant
knew that he was burden by an actual conflict of interest  by trial counsel's and appellate
defender's Office that their error's  were prejudicial and deprived the defendant a due
process of law  and knew his actual  constructive denial of assistance of counsel  is
legally presumed to result  in prejudice. He filed to disclose martial facts or
misrepresentation of material fact in favor of the defendant. He took the defendant both
briefs State and Appellate and advise the defendant to rely on his Appellate Defender's
knowing that their was a conflict of interest. Attorney Ghazi D. Al-Marayati, esq, knew
the defendant was motivated primarily by a strong desire not to have appellate counsel
represent him in this case.See, NH Supreme Court order July 23, 2010.

7

His advise was not within the rang of competent demanding attorney in criminal case. Counsel made not even a minimum effort to act as a counsel that he was only interested in a fee. He filed to challenge the State who obtains a conviction through such trial the unconstitutionally deprives the defendant his constitutional right State and Federal to the assistance of counsel at all critical stages of criminal proceeding. When in defacto, the trial court abuse of discretion when it denied the defendant motion to dismiss (2008,858) when the trial error and improperly charge him with an enhance penalty under the RSA 173-B;9,IV,III and the State abuse of power and collateral damage to indict the defendant with two double jeopardy in order to pursue an enhance penalty of class A misdemeanor to felony conviction (858) Even though this court vacate indictment (859)the lesser conviction after the fact the State uses these two similar indictment to enhance both sentence and secure an unconstitutional conviction of the defendant .

On December 13, 2010, this court made an order on the defendant appeal affirming in part and vacated in part the defendant conviction. .   On March 8, 2011, the defendant files a petition for writ of Habeas Corpus in the trial court. Instead the trial court forwarding this petition to the correct court judge (Garfunkel, J) erroneously rule on the petition despite not having legal jurisdiction over said writ. Under Laws governing the petitioner's writ of Habeas Corpus, The Superior court of the county in which the applicant is confined has jurisdiction RSA 534.See, Appendix ( $\underline{A6}$   ) and this petition follow.

## ABUSE OF DISCRETION

Under part (1)article (2,)(15) of the State of New Hampshire Constitution and the $(5^{th},6^{th})$and the (14theen )Amend emend to the United State Constitution (0)ther then the fact of prior conviction any fact that increases the penalty for a crime beyond the prescribed statutory maximum whether the statute calls it an element or a sentence factor ,must be submitted the jury and proved beyond a reasonable doubt. See; **State v. Lebaron, 148 N.H.226 (2002) (quoting) Harris v. United State, 536 U.S. 545(2002) and See Apprendi v. New Jersey, 530 U.S. 466(2002)** establishing rule that with exception of prior conviction, Judges cannot base a sentence enhancement on a fact not decided beyond a reasonable doubt by the jury. The petitioners argue that the State brought forward prior conviction merely to show deposition to commit the crime charge or as evicedence of the crime charge and demeaned excessisive bail to withhold the petitioner in County jail.

The State indict the petitioner by finding that only one prior conviction for violation of restraining order is required to enhance the petitioner conviction for abuse. **See: State v. Marcoux, 154N.H.118 (2006)** Before trial, the petitioner advised trial counsel's that they must investigate this conviction because his plea was not intelligently, and voluntary made .See: **Boykin v. Alabama.395,U.S.238(1969)**. As a general matter, conviction obtained in preceding which a criminal defendant lacked the effective assistance of representation of Counsel cannot be used to enhance punishment upon subsequent conviction. .

The petitioner argues that the plain meaning of RSA 173-B; 9, IV requires at least two prior conviction s before the State can bring an enhanced penalty charge. The petitioner argues the State improperly charged him under RSA 17-B; 9, IV because, although he was convicted of violation of a protective order, the petitioner has not been convicted of a

subsequent offense of abuse. The petitioner argues that to read the statute other wise would be changing or omitting the language chosen by the legislature and would not be indicative of legislative intent. The State objects, the State argues that the enhanced penalties apply to any abuse charge, which is committed after a violation of a protective order. The State argues that requiring two convictions before the enhance penalties can be applied is counter t the immediate and effective relief promised to domestic violence victims by the legislature. Further, the State argues its interpretation of the statue and consistent with the plain and ordinary meaning of the language of the statute and with the legislature's intent. Therefore, the State asserts that petitioner's motion to dismiss must be denied. The State objection to the Habeas Corpus regarding RSA 173-B; 9, IV, III, has no merits. The agreement that the court would determine whether the State proved the element of the RSA 173-B; 9, IV, III was decided by incompetent assistance of counsel's. The State over charge the defendant with double jeopardy in order to pursue the enhance penalty. See Appendix(_____) Judge (G Abramson ) States that "in 2004 the defendant was convicted of violation of protective order and in 2008, he allegedly committed two acts of abuse that would allowed the State to enhance the defendant indictment (2008-s-858,859)same as this court decision  in Balukas .That's why Judge (James Barry)abuse his power motivated by racial bias  allowing  the State to over charge the defendant with double jeopardy indictment when in fact the State knew it is violation the defendant State and Federal  constitution and decided to withdraw before this Honorable Court made its ruling . See order,2009-0140.This court states in  **State v. Macleod, which 141 NH  427** that the trial court  have the authority and the obligation to the curb prosecution broad discretion, if over charging  poses dangers of confusion  or harassment or other unfair prejudice.

In matters of statutory interpretation, the Court determines "the legislature's intent as expressed in the words of the statute considered as a whole." See: State v. Dansereau, __NH__ (Decided August 15, 2008) (so [p [.at 3). In so doing, the Court "first examines [s] the language of the statute, and where possible, ascribes[s]the plain and ordinary meaning to the wards used. When a statute's language is plain and unambiguous, [the court] need not look beyond it for further indication of legislative intent.

**Town of Acworth v. Fall Mt.Reg'l Sch.Dist. 151 NH 399,401(2004)** (citation omitted) The Court "interprets legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to inculd."Dansereau at 3 (citation omitted).Criminal Code provisions are construed "according to the fair import of their terms and to promote justice." RSA 652; 3(2007); See Dansereau at 3(**Citing State v. Foss, 148 NH 209, 2121(2002 )** The plain language of RSA 173-B;9,IV provided that the State may charge the petitioner with an enhance penalty for any crime of abuse committed within six years of a conviction for a violation of a protective order's 173-B;9,IV(2002)reads, in relevant part:

> Any person convicted …. Of violation of protective order
> Enforceable under the law of this state, who ,within six years
> of such   conviction or the completion of the sentence imposed   for such
> conviction, whishes later subsequently commits and is
> convicted of one or more offenses involving abuse may be charge with an  enhance
> penalty for each subsequent   offense….

(Emphasis added)

The New Hampshire Supreme Court has not yet interpreted RSA 173-B; 9, IV.

However, the Court finds instructive the enhanced penalty provision of the Child Protection

Act,RSA 169-C21-a ,IV,and State v. Balukas,155 NH 377(2007)(interpreting RSA 169-C;21-a,IV)..RSA 169-C; 21-a, IV, states;

> Any person convicted .... Of violation a protective order
> Enforceable under the laws of this state, who within six years
> Of such conviction or the completion of the sentence impose
> for such conviction,whiches later subsequently commits and is convicted
> of one or more offenses under this chapter may be charge with an enhance
> penalty for each subsequent offense......

(Emphasis added).

The court views RSA 169-C; 21-a, IV and its interpretive case law as more instructive in statutory interpretation than the arguments put forth by the parties because RS 169-C;21-a,IV mirrors the language of RSA 173-B;9,IV.See Dansereau at 3(Court reviewed statutory scheme in search of other statues with similar language as part of statutory interpretation process).      In Balukas, the New Hampshire Supreme Court interpreted RSA 169-C; 21-a, IV to mean that once a defendant is convicted of violating a protective order, every qualifying offense thereafter alleged against the defendant in the next six years could be charge under the enhance penalty statute.150 N.H.at 379-380.The defendant in Balukas was convicted of violating a protective order.Id at 378, He then violated the protective order two more time.Id The Court concluded that the State properly enhanced the charges for those two violation s from Class A misdemeanors to Class B felons'. At 380.The Court reach this decision solely by examining the plain language of the statute and declined to examine the legislative history because of the unambiguous language of the statute .Id Cf.Dansereau at 6-7(where statute was ambiguous on its face, Court applied legislative history and rule of lenity).      The language in RSA 173-B;9,IV,is identical to the statute analyzed in Balukas,therefore,the Court follows the New Hampshire Supreme Court's interpretation in Baulkas.   Accordingly, the Court holds that RAS 173-B; 9, IV is interpreted as allowing the State to charge a defendant with an enhance penalty for any qualifying crime of abuse which is committed within six years of a conviction for violation of protective order.

56 of 69

With respect to Judge (G Abramson) the defendant raised this issue on his both petitions and the notice of appeal and did pursue it on oral argument before this Supreme Court. See order, October 6, 2010.    If this Honorable Court fined that the statue is unambiguous in its intents and determined that ambiguity does exist. Then this court would notice in its decision in State v. Dansereau, that any remaining doubt as to the legislature's intent must be resolve in favor of the defendant. Ambiguity in a criminal statute should be resolved in against an interpretation that increases the penalties or punishment imposed on the defendant. The government violated the double jeopardy clause by dividing single indictment into multiple prosecutions to commit conspiracy. This Honorable Court provided the defendant with the right to challenge his unconstitutional conviction by the trial court, but his court appointed counsel's keeps constructively denies, deprive, and jeopardizes the defendant defense by not providing the guiding hand of the assistance counsel. See, **U.S v. Moore,159 F.3d 1154(9th cir 1998)**also, **Nell v. James,811 F.2d 100(CA 2 1987).** The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of facts or the law. See, **Mathews v. Eldridge,424 U.S. 319 ( S.ct L.ED 2d 1976)** At the sometime, it preserves both the appearance and reality of fairness, "generating the feeling so important to a popular government the justice has been done.".**Jonit Anti- Fascist committee  v. Mc Grath , 341 U.S. 123 S.Ct L.ED (1951)** be ensuring  that no person will be deprived of his interest in the absences of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him. See, **Lombard  v.  Lynagh,868 F.2d 1475(CA 5th 1989)** also, **Evitts  v. Lucey,409 U.S. 387( S.Ct L.ED 2d  1985).**

57 of 69

# **LEGAL ARGUMENT**

The petitioner argues that his court appointed counsel for new trial performance fell below an objective standard of reasonableness in failure to disclose material facts or misrepresentation of material facts in this case.**See;State v. Sharkey,155N.H.638(2009).**

Counsel grossly misinformed the petitioner that he is only advising not representing him in this case; Grossly misinformed the petitioner that his trial counsel's did everything for the defense, when in fact, they did not. **See; Strickland v. Washington, 466 U.S. 668(1984).**

The Court in Strickland states that purpose of effective assistance guarantee of the six Amendments is ...to ensure that criminal defendant receive a fair trial .Id. at 689.

The RSA 517;13,III,of the State of New Hampshire states that in a felony case "either party may take a discovery deposition of any expert's witness who may be called by the other party to testify at trial . Trial counsel's strategy is to cross-examine the State's expert's and hop to "poke holes" in the State's expert's opinion rather then seeking their own.

See; **Rickey v. Bardshaw.498 F.3d 344, (6th cir.2007).**

Under equal protection, the 14theen Amends of the United State Constitution, the petitioner sought to depose not only the Doctor's but also all witness who testify at trial Sept 25, 26, 2008, for the State. The deposition was needed for trial counsels or expert's witness to form an opinion as to suggestiveness techniques of the expert's that a layperson could not understand. See; **State v. Martin,142 N.H. 63(2007).**reversible errors. Trial counsel's made up an excuse that the State failed to provide notice that it will call an expert's and contends that the State has not complied with Superior Court rule (98).After hearing, the court finds and ruled that trial counsel's has been provided with Discovery in accordance with rule (98) and has knowing of the State intend to call expert's witness. Trial counsel's made up another excuse that their

unable to make an informed decision to seek an important expert's witness, When ask by the

Honorable court if desire to take deposition of the State's expert's trial counsel's were

incompetent.See: House v. Balkcom,725 F.3d 608(CA 11 1984).

## Denial of Assistance of Counsel

There is a reasonable probability that had trial counsel's consulted with an expert's witness of

their own in order to examining the qualification of the State expert's the proceeding would

have been different. See: State v. Whittaker, 158N.H.762 (2009). Trial counsel has conceded

the validity of the prosecution medical evidence without first having made any attempt to

investigate whether that evidence could have been challenge by an expert's of their

own.See:Dugas v. Coplan,428 F.3d 317(1 st cir.2005).

### The record reveal, see, T.45, 46, testimony the victim Sara N. and Dr.Seider at T.78.

Q; and you lifted the frame of the window up so that you could get out?

A; yeah; they are new window; they slide up easy.

Q; Okey; and then you lifted one of your five year old twin?

A; Yeah.

Q; Okey; about how mush did she weight?

A; Like 33 pound, they are little.

Q; there are littlie? Okay and your already testify that the window is about five to seven
feet from the ground?

A; Yeah.

### Element of surprise by Dr.Seider that appellate counsel failed to sites on Appeal

Q; Okey and the type of the injury the victim had limited her movement?

A; Correct.

Q; Limited her ability to lift objects?

A; Absolutely.

Q; and limited her ability to put weight or pressure on her arm?   A; Correct .

*59 of 69*

In this case, No competent lawyer would have failed to consult with a medical expert's witness. Had trial counsel's consulted with an expert's of their own ,He could have provided the scientific, technical ,or other specialize knowledge that would assists the jury and defense facts to understand the evidence or to determine a fact in the issue of the state claim of serious bodily injuries. See;**Pavel v. Hollins, 261 F.3d 210(2d cir.2001).**

The expert's would have provided a perspective that the jury could not have because of their limited knowledge or experience and attorney could argue what the evidence proves.

Expert's opinion is a from of evidence that the jury may conceder in rendering the verdict. Without this opinion the jury could only guess whether the petitioner inflicted the injury of the victim .The expert's could have explained that the victim Sara.N injuries was more consist with the fall from the seven foot window that the State suppress during the petitioner's trial by not showing how high the window form the ground**. State v. Laurie,139N.H.325(1995)**

The record reveals see ,**T45,46**.Element of surprise and prejudice, See **T.78**.expert's for the State testify that the victim injury limited her ability to put weight or pressure on her arm that limited her movement to jump out the window or lift her twins that weight (33) pounds ,And she was found next door from her apartment. Having said that, she was able to move and lift her twin. As result of default by trial counsel's incompetent assistance, they allowed testimony of the E.M.T.the was bias, see T.58. See; **lindstadt v. Keane,239 F.3d 191(CA 2.2001).**In order to secure a convicted with his lies knowing that he would not be held accountable for his bias testimony. That's why deposition were needed in petitioner's trial .Had trial counsel's called an important expert's witness, his testimony could have rebutted the

prosecution already weak case and present and affirmative case that the charge crime did not accord and that the victim stories was incredible.

Further more ,trial counsel's assert during trial that the victim had open case with the D.C.Y.F and had a powerful motive to tie to the police about what happened but failed to assert at trial that the victim had an open case with D.C.Y.F. existed the night of the assault. See: **State v. Gagne,136 N.H.101(1992).** Had trial counsel's done any investigation of the D.C.YF they would have known that case still open and that the petitioner's name is on the DCYF investigation list on or about three months before trial. The petitioner was desire to obtain privilege information and under the six amendment to the Federal constitution the trial court must permit the petitioner to use privilege martial if it is essential and reasonable necessary to permit counsel to adequately cross-examine for purpose of showing unreliability and bias.See:**Chambers v. Mississippi,410 U.S.284 LED 2d (1973**).

Moreover .trial counsel's failed to object to prosecution misconduct and failed to subject prosecution to the meaningful adversarial challenge .See: **Davis v. Alaska,415 U.S.308 L.ed.2d(1974).**To offer the jury a basis to infer that the victim is an alcoholic and a drug addict who suffer form paranoia and bipolar disorder and never took her medication regularly and that her character is such that she would less likely then the average trustworthy citizen to be truthful in her testimony. See: **Tucker v. Prelesnik 181 F.3d 747(CA 6.1999).** Also See: T.31, 32.alson See: **Napue v. Illinois,360 U.S.246(1959).**Trial counsel's knew the State threatened the victim to testify in order for the State not to investigate her DCYF open case and have her kids taken away. See: **Burns v. Gammon,260 F.3d892(2001).**That's why the State objects when counsel's ask the victim about her open case with the DCYF. See: T.49.

Therefore, the victim fabricated stories and she is known by the family to liar and untrustworthy and because she had received, promised from the State in return of her testimony.

On September 26, 2008, trial counsel has failed to object to the prosecutor misconduct repeatedly commenting to the jury on his personal opinion of the defendant guilt .See: **T.157, 167.** In the State closing argument, which's he claim that is how the victim injured her shoulder.

Had trial counsel's objects to the State misconduct, the jury could have found that the prosecutor claim not proving beyond reasonable doubt and his comment were senseless and not supporting his claim of assault.

Prosecution improper statement and the victim fabricated false testimony could in any reasonable likelihood have effected the jury judgment and hence the outcome of the verdict.

On February 2, 2009, Attorney Anthony L. Interocaseo, esq, was assigned, as new counsel for sentencing, and neither he was effective in sentencing.

Attorney Anthony L. Interocaso, esq, was assigned the next day after trial counsels withdraw form the case due to a conflict of interest unknown to the petitioner. Counsel failed to subject prosecution to the meaningful adversarial challeng.See:**U.S. v. Jmenes-270 F.3d 554(CA 8 Cir 2001).**Counsel knew that P.S.I. report was based on the two conviction of the petitioner. He failed to challenge the P.S.I. report that was based upon doubt.       That P.S.I.report wan never giving to the petitioner. **See; U.S. v. Davenport, 151 F.3d 1325 (CA cir.11 1981)** .Sentencing counsels failed to raise ineffective assistance of counsel and failed to provide sentencing guideline computation or postcanviction specialist need to the judge early enough to considered in relation to the P.S.I. report. The Court and P.S.I. chooses the appropriate sentencing rang by identifying the rang in the sentencing table the correspond the petitioner's total offense level and criminal, Whiches in this case the petitioner have no criminal record.

# CONCLUSION

The petitioner Ali respectfully mover this Honorable Court to vacate and set a side his conviction and sentence for the violation of the RSA ch,631:2,sentence enhance RSA 173-B;9,IV,III.2008,858,and order release from Richard M Gerry custody .

Respectfully Submitted,

Dominic Ali 81829
P.O.Box   14
Concord, NH 03302

# CERTIFICATE OF SERVICE

I, Dominic Ali, hereby declare under penalty of perjury that the facts stated in the forgoing are true and correct copy of this Rule 7 Notice of Discretionary Appeal has been provided to District Attorney by postage paid envelope and mailing sail envelope via U.S. mail this 16th day of March 2012.

Dominic Ali 81829
P.O.BOX 14
Concord, NH 03302
C; file.

## THE STATE OF NEW HAMPSHIRE

### SUPREME COURT

## In Case No. 2012-0197, Dominic S. Ali v. Warden, New Hampshire State Prison, the court on May 2, 2012, issued the following order:

Notice of appeal is declined. See Rule 7(1)(B). Dominic S. Ali's motion for new counsel is, therefore, moot.

Under Supreme Court Rule 7(1)(B), the supreme court may decline to accept a notice of discretionary appeal from the superior or circuit court. No appeal, however, is declined except by unanimous vote of the court with at least three justices participating.

This matter was considered by each justice whose name appears below. If any justice who considered this matter believed the appeal should have been accepted, this case would have been accepted and scheduled for briefing.

Declined.

*   Dalianis, C.J., and Hicks, Conboy, and Lynn, JJ., concurred.

### Eileen Fox,
### Clerk

Distribution:
Merrimack County Superior Court, 217-2011-CV-00746
Hon. James J. Barry, Jr.
Hon. Gillian L. Abramson
Mr. Dominic Ali 81829
Appellate Defender
Attorney General
File

( Exhibit 5 )

DOMINIC ALI DIGEST

Motion to Dismiss, August 27, 2008

3     Helen mentions <u>Dansereau</u> for rule of lenity.

4     Harpster asks Abramson, if she agrees w/ defense, to allow him to amend indictment to a

lower charge. Abramson agrees.

In Sum: nothing of importance said at that hearing.

Chrissy B to prevent her from reporting a crime to a law enforcement agency.

STATE'S OPENING:

10-13 Harpster begins with the elements of each offense. Four pages of transcript on the
elements of the offense.

13- On 2/3 and 2/4, SN lived with DA, her b/f, Chrissy Bean, a friend, and four kids (SN's, I
believe).

On 2/3/08, Super Bowl Sunday, DA went to a friend's house to watch the Super Bowl.
He comes home, punches SN in the head, swears at her, says she brought a man into the house.

14 DA picks her up, throws her onto the floor, she lands on her shoulder. DA kicks her in the
back. Then he walks away, tells her to come out with him. DA then fights with Maiek (for God's
sake Harpster this is impossible to follow. I can barely remember who this Maiek guy is, and I
have no idea why they are fighting. This isn't telling a story; it's a mishmash of statements cut
and pasted into chronological order). DA throws Maiek out of the apartment. SN wanted to call
the cops, DA says "you're not going anywhere." Then he takes the cell phones from SN and CB.
He then takes SN into the bedroom, hits her with a can of soda.

15 SN goes out the window later. Paramedics treated her. Her shoulder was pushed forward.
Also ER doctor says he x-rayed her, which shows she had a fractured collar bone.

16 Cops interrogated DA. DA says he threw laundry detergent on Maiek.

17 DA says SN did leave out the window, and says they were just arguing.

18 **Defense moves to dismiss one of the 2nd degree charges. The same facts support two
indictments, and that is overcharging under State v. Macleod, or a double jeopardy issue.
State says the charges allege different elements. Denied.**

66 of 69

32    She says he hit her with the can ~30 times. She was blacking out, the can exploded, he

      said don't move. She went to check on a crying kid.

33    She jumps out the window.

35    Window is 5-7 feet off the ground. Various photos of the outside of the window are

admitted.

36    SN goes to neighbor's house, calls the police.

37    Two paramedics see her. They give her some medicine. She goes to Eliot, take x-rays and

      put her in a splint.

38    * Harpster asks her what her injuries were. Aileen objects on personal knowledge.

Abramson says overruled, and cites 803:4, the hearsay exception for statements for medical

treatment or diagnosis.

      *Abramson is definitely wrong.* That's hardly surprising. What she says to the doctors is

*not hearsay, but the doctors telling her she has a broken bone is not a statement for medical*

*treatment.* But Aileen did not object on hearsay.

6 th
Amendmer
- Confrontati
Clause

39    Admits two photos of her injuries on 2./5/08.

41    She was in a cast for 3-4 weeks.

41    On cross, Aileen opens with her 2001 conviction for theft by deception. Just one question

      on it. Come on AOC, that should be a page of cross.    Ineffective assistance of

43-44  AOC has her repeat stuff to show DA hit her hard, repeatedly, in the face.    counsel)

45    SN opened the window, lifted her 33 lb. 5 year-old and dropped her on the ground.

47    DA called the cops, said "some crazy white girl jumped out my window" as she is going

      out the window.

48    Went to neighbor's house, saw DA outside. She saw DA speak to cops when they arrive.

77    She had no fluid leaking from her ear.

78    [Both sides rest, then Barry asks a question. She asks doctor "you used the term displaced facture."]

OFFICER CHRISTOPHER BIRON

81    Dispatched to 209 Pine Street for a child left unattended.

83    Talked to Ali. He said he had been in an argument with his girl. He came back from Super Bowl, and saw a guy in the apartment. Kicked guy out, threw bottle of detergent at guy. Then argued with girlfriend.

85-6  Talk to Ali later. Ali denied anything physical. **Over a hearsay objection, Barry allows the cop to describe the dispatch call for the fact that it was made. Barry is so full of it this trial.**

86    Cop says he told Ali a second call had been made about a woman jumping out a window. He said SN jumped out the window.

87    Window was chest high.

88    Cop starts to say "we had a conversation based on my thought that it was odd". **Aileen objects, speculation. Barry allows it. Barry is allowing everything this trial.**

89-90 Cop spoke with CB, a friend of SN. **AOC objects, hearsay, and Barry overrules the objection.**

90    Cop arrests DA, finds two cell phones on him during SITA.

91    DA says one phone belongs to him, one phone belongs to SN.

94    During interview, DA was calm.

96    No blood, scratches, injuries on DA.

97    JM was gone when he got there.

139   861, SA against JM. No testimony from JM, the only evidence is DA's confession. No

testimony that contact was made. The confession says that he threw the detergent at JM.

140   False imprisonment, 862. Testimony is DA told SN "don't move", then she heard a baby

crying, and she in fact moved. -> no substantial physical interference with movement.

False imprisonment, 863. Charge alleges DA told SB to "stay the fuck out of it" and that

prevented her from leaving the apartment. No testimony that he said that to her. No testimony

that her behavior was affected by that.

141   865, obstructing report. No testimony that anyone intended to call police. This one

addresses CB, and no testimony that CB intended to call police. DA not found with CB's

phone.

143   Harpster agrees that the SA against JM must be dismissed. And Barry does so.

144   Harpster agrees with 863 and 865, the CB charges. Barry dismissed those.

145   **Barry dismissed 861, 863, 865. Finds sufficient evidence of the cell phone charge,**

**although it is awkwardly worded. He says taking a cell phone is blocking access to**

**it. Finds the two 2nd Degree assaults allege sufficiently different injuries to both go to**

**the jury.**

*Wrong & reversed*
*on appeal*

146   DEFENSE RESTS