UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Dominic S. Ali
v.
Richard M. Gerry, Warden

Civil No. 12-cv-185-JL

Defendant motion to Amend Petition for writ of Hebeas Corpus doc 1. Pursuant to 2254

NOW COMES, Dominic Ali, Sui Juris, respectfully request this Court to grant this motion for the following reason states bellow;

The defendant has a petition for writ of Hebens Corpus doc 1 NO 1) filed pursuant to 28 U.S.C 2254, with this Court claiming violation of his Constitutional Rights State and Federal. And that his claimes in his petition are Facially valid, with respect to this Honorable Court.

# FACTS

A Hillsborough County (North) grand jury indicted the defendant for two counts of second degree assault. Both counts alleged act that happened on February 4, 2008. The defendant was also charged with two counts of simple assault, two counts of false imprisonment and two counts of obstruction the report of a crime.

One simple assault charge, one false imprisonment and one obstructing the report of a crime charge were dismissed at the close of the state's case. The jury found Ali guilty of both second degree assault charges, one false imprisonment charge and one obstructing the report of a crime charge, and found him not guilty of two simple assault felony charge.

The trial Court (Barry J.) sentence the defendant to 12 months stand committed on the two misdemeanors and 5 to 10 years stand committed on one second degree assault, consecutive to the 12 months sentence and also the court sentence the defendant to 3½-7 years, suspended on the second degree assault.

The N.H. Supreme Court on appeal vacated one of the second degree charge under double jeopardy charge.

On or about February, 2009, Attorney Anthony L. Introcaso, esq # 1244, listed the specific question made by trial counsel to be raised on appeal, expressed in terms and circumstances of the case. So, that Attorney Paul Borchardt could raised them on appeal. See: Exibit A 1)

Please be advised, that according to the info concerning Appeal question 18teen and nine theren if the defendant has a ineffective clames, the the appellate Defenders would not missed those issues for appeal. Thats why, the defendant filed a motion on July 7, 2010, with the (NeHsc) to incould these issues and to appoint new Counsel. The defendant ask his appellate counsel to withdraw from this case, specificly for the reason of the confliz of Interest with the office. See: (Exibit A 2)

Under claims 8th, Appellate Counsel provided ineffective assistance, that in violation of the Mr. Aliss Sixth Amendement and the 14theen that,

Appellate Counsel failed to raise issues specificly listed by trial Counsel's on the notice of appeal with (NHSC) that the trial Court denied the defendant Pretrial and their misconstruction of the RSA 173-B:9. Be advised.

The State brough indictment of 2nd degree assault (858) that were enhanced charge based on the defendant prior conviction for violation of protective order issued by the Manchester District Court, issued on Mar 29, 04. Under <u>Boykin v. Alabama</u>, 395 U.S. 228 the defendant advised trial Counsel's seven months befor trial that they must investigate this conviction. Trial Counsel's failed to investigate of fear of conflic of interest with the Office. Trial Counsel's made up excuses and made up agreement with the State that is never in the interest of the defendant, that the bias Honorable Court would determine if the State proved the element of the RSA 173-B:9.

## Denial of Pretrial in Violation of the defendant due Process of Law State and Federal. BackGround

At Domestic violence. Final order issued pursuant to RSA 173-B:9, issued on April 8, 2004, by the Manchester District Court that was filed under

perjury, and false allegation when their was insufficient allegation of facts to support the issuance of an Ex-part temporary protective order to the plaintiff's. <u>Fillmore</u> at 147 NH 283.

On March 29, 2004, The plaintiff's filed a petition for (DVP) pursuant to RSA 173-B with the (MDC) See DOC 04-M-440, Specificly stateded that "she is not sure that the defendant or his friend called her cell phone, threatend her with a Gun and Knows where she lived" See: EX ( ) that seems more like meniplation to use the Justice system to have the defendant arrested for no reason.

The Court consider the plaintiff's petition and issued a summoned for the defendant to appear befor the Court on April 8, 2004, for his testimony. The defendant was arrested on April 1, 2004, and the trial Court never brough the defendant to hear his testimony because the plaintiff's never showed up for court for her testimony, and that petition should have been dismissed by the Court.

On April 1, 2004, the defendant was order to appear befor the Court to answer to two Complaint charging him simple Assault RSA 631:2-A and stalking - Appear RSA 633:3-A that accord on March 27, 2004.

The defendant was served with the (DVP) and was arrested at the same time at his residence 335 Cedar St. Manchester, NH 03103 by corrupt cops. In Court, the defendant plead not guilty and trial was scheduled on May 26, 2004, for these charges. Both charges were dismissed, simple assault and stalking and as well as the (DVP) Petition. By Judge Norman E. Champagne. SEE: EX (A 3)

### Parallel Citation

This is the same issues, five months latter On August 29, 2004, The plaintiff's found out that the defendant wants nothing to do with her, She by Slander and anger before leving to California, reported to the New Boston P.D. that the defendant violated a Domestic violence Final order. The defendant was arrested again on an active warrant issued by the Goffstown District Court.

### Abuse of Prosecutorial Power

After (29) Days in Jail, A hearing was set on this matter by the Goffstown District Court. The defendant was sentence by his incompetent Attorney from the Public Defenders Office to (29) Days Credit. Because he was only interested in a fee. See: Davis v. Alaska, 415 U.S. 308 (1974). Also.

<u>Strickland v. Washington</u>, 466 U.S. 668 (1984) Were the Court of appeals agrees that the Sixth Amendment impose on Counsel a duty to investigate. Because a reasonable effective assistance must be based on professional decision and informed legal choises can be made only after investigation of options.

The Court observed that Counsel's investigatory must be assessed in the light of the information known a the time of the decision not in hindsight, and the amont of pretrial investigation that is reasonable defense measurement. <u>Stricland</u> Helds were counsel else not provid such information, Counsel has performed ineffectively. Their fore, the Court must Judge the reasonableness of Counsel's on the facts to the particular Case.

In the instance case, The District Attorney use of the defendant prior Conviction for Indictment enhancement. (858) Seconde degree assault. Defendent's trial Counsel's fear of Conflic of interest by known that Attorney Rayn Norwood from their own Office failed to consider all circumstancess to investigate the plunitiff's lies and false allegations. Were their is no specifict finding of

criminal Conduct. ALL Attorney's for the defendant never familiarize them self with the Discovery and neither did they provide the defendant with all copies of the Discovery.
See: <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) Also <u>Williams v. Washington</u>, 59 F.3d 673 (7th Cir 95)

    Attorney Rayn Norwood and trial Counsel's did not review all possibility for exculpatory evidence that existed in this case.
    The due process clause of the 14 tueen Amendment requires that a plea of guilty be made knowingly and voluntarily, because it involves a waiver of Constitutional rights State and Federals.

    Attorney Rayn Norwood railRoaded the defendant to the a plea that is not what he said to be true. He advise the defendant to "plea guilty," the defendant told him "NO" because he had done nothing Just like the defendant was arrested five months ago for the same issue and the case was dismissed. then Counsel advised the defendant to "plea "Nolo" "because meant nothing and you don't Know What happened." After he threatened the defendant who was under duress "if he did not take a plea the defendant would face six month in Jail"-

See: <u>Henderson v. Morgan</u>, 426 U.S. 637 (2d 1976) for some hearsay allegation. The defendant found out that he was found guilty of (DVP) order four years later when he was indicted of simple assault misdemeanor that been enhanced a class B felony then to class A felony. See: Exibit(A 4).

The defendant demanded trial by jury and advised trial counsels to investigate this Nolo conviction because his plea was not intelligently and voluntarily made. Trial counsels made up excuses and ignored the defendant request by making up an agreement with the state the day of the trial, Sept 25, 2008. that the court not the jury would hear about the Nolo conviction. See: Exibit A5) Digest made by trial's counsel's.

The defendant filed a motion with (NHSC) on appeal to appoint new counsel other then the appellate defenders office. The (NHSC) decision that appellate office need to inform the court that they can't represent the defendant. Then appellate defender states the same thing like the (NHSC) this went on back and forth. Appellate Defender's knew about the conflic of interest and they did not want to inform the (NHSC). The trial court and (NHSC) seems to blame the defendant for everthing and every issues that was not raised for argument on appeal. This is the ...lation of the defendant sixth Amendment right ... the start of this case.

The defendant filed a motion to file a pro-se brief with the (NHSC) which has not been granted by the Court. According to the rule the defendant need to ask for permission to file. And the motion was denied. The defendant then filed a motion to ~~file~~ to requesting permission for consideration of the defendant's facts, Argument, and applicable law in support of the brief. The (NHSC) states that because the defendant is represented by Counsel on appeal the Court would not rule on the motion. See: Exhibit (A 6)

(1) See: the defendant notice of filed with the (NHSC) 2009-0140, See Exibits (A 1) and

(2) Defendant order of the Superior Court issued in March 2012, Ali v. Gerry, 217-2011-CV-00746 See: Exibits (A 9)

(3) Defendant notice of discretionary appeal, 2012-0197 (NHSC) Exibits (A 8) and the Court order March 2012) Exibit (A 9)

(4) Defendant discretionary appeal # 2012-0197 decline by the (NHSC) Exibits (A 8)

(5) Defendant motion, that the New Hampshire Public Defenders Office has a Conflic of interest from 2008 by his trial Counsels - Exibit (A 7)

## Conclusion

For the reasons states, above, and pursuant to 28. U.S.C 2254, the defendant respectfully request this Court to amend this motion for relief and as it Just and equitable. Reverse this conviction.

## Certificate of Service

I, Dominic Ali, hereby certify under penalty of purjury, that this Day of           this motion was forwarded in the U.S. Mail first class postage address.

_____ 11/15/12         _____ 11/15/12
Dominic Ali 81829                     Angela Poulin
138 E Malin Road
Berlin, NH 03570

[Notary seal: ANGELA POULIN, STATE OF NEW HAMPSHIRE, JUSTICE OF THE PEACE, MY COMMISSION EXPIRES AUGUST 10, 2016]