EXHIBIT ( 1 )

THE STATE OF NEW HAMPSHIRE
SUPREME COURT

MarriMacpss

Dominic S. Ali
V.
Warden, Northern N.H. Correction
Facility

## Case No # 2013-0155

## Petitioners Motion For Recusal

Now comes, Dominic Ali, sui Juris, who respectfully requests this Honorable Court to grant this motion for the following reason states below;

The petitioner, Dominic Ali, has filed a petition for writ of habens corpus in which he attacks the validity of his 2004 Goffstown District Court conviction for violation of a protective order plea that was not intelligently and voluntrilly made. The petitioner asserts that he was denied his constitutional Rights to the effective assistance of Counsel, that counsel from the public Defender's Office grossely misinformed the petitioner about the law, in the proceeding of 2004.

1 of 9

In or about Dec 13, 2010, This Honorable Court Affirmed in part and vacated in part the petitioner's conviction and Sentence. See; Doc# 2009-0140 and <u>Ali v. Gerry</u>, U.S.D.

The petitioner prays, that the Honorable Court ConBoy Ann Cord Should be disqualified from this case for the following reason states below;

The State of N.H. has charge the petitioner with Class A felony and class B simple assault as felonies based on its interpretation of RSA that the trial Court did not decline to look beyond the clear and unambiguous language of the Statute. RSA 173-B:9,IV,III. That the trial Court plessed to dismiss indictment (858).

On or about Sept 27, 2010, befor the final decision on the petitioner's appeal, the petitioner filed a motion requesting premission to file his own brief in support of his Counsel argument that listed No reversable error, in wich Justice ConBoy, on Octo 6, 2010, denied the petitioners motion and petitioner motion to appont new counsel with this Court filed on 7/23/10, for conflic of interest by the N.H.P.D. and the Appellate Defenders

Office. that the Honorable Court Conboy, decision in failure to consider the petitioner claim prejudice the petitioner resulting in an unreliable or fundamentally unfair outcome of the proceeding and substantial miscarriage of Justice, when he rendered a decision that was prejudice in light of prevailing Law, by the reviewing authority. when Counsel for the petitioner failed to look for significant errors of Law, that seem weighty enough to convince an appellate panel to change a sentence or conviction.

The Supreme Court stated in <u>Jones v. Barnes</u>, 463 U.S. 745 (1983) "that Defense Counsel assigned to Prosecute an appeal from a criminal conviction does not have a Constitutional duty to raise every nonfrivolous issue requested by the defendant. The accused has the ultimate authority to make certain Fundamental decisions regarding his case, including the decision whether to take an appeal; and with some limitations, he may elect to act as his own advocate. However, an indigent defendant has no constitutional right to compel appointed Counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional Judgment, decides not to present those points." See; motion to appoint new Counsel, filed on 7/7/2010,

2009-0140. with this Court.

In the instance, case, Denial of the Honorable Court to allowed the petitioner to appear for (DVP) hearing on 4/8/2004, for his testimony that could have the petition dismissed prejudice the petitioners case.

A Domestics violence final order issued persuant to RSA 173-B:9,IV by the Hillsborough County Superior Court on 4/8/2004, that was filed under false allegation, when their was insufficient allegation of facts to support the issuance of an Ex-part temporary (DVP) to the plaintiff's See; _Fillmore v. Fillmore,_ "147 NH 283" The Honorable court then was Conboy who having considered the plaintiff's petition and issued a Summoned for the petitioner who was arrested on april 1st, 2004, for 20 Days, that the Honorable court Conboy did not allowed him to appear befor the Court for his testimony for the purpose of attacking the character for truthfulness of the plaintiff, when the petitioner had proof of an act of dishonesty and false statement made by the plaintiff's. see, Docket 04-M-440, and attachment A). and motion filed on 9/28/2010 _State v. Als,_ 2009-0140 attachment.

The petitioner was arrested againe on an active warrant after the Honorable Court Norman E. Champagne on May 26, 2004, dismissed the plaintiff case, and the (DVP) that was filed under false statement and dishonesty, that played a big role in granting D.V. petition by the Honorable court Conboy. on March 29, 2004.

The petitioner was sentence to (29) Days credit by the Goffstow-District Court and his incompetent Counsel from the Public Defenders Office, Known the petitioner was motivated primarily by a strong desire not want to plea Guitty to anything that result in conviction.

On or bout, 2009, the petitioner filed a Rule 7 Notice of Mandatory appeal with this Court. And one of the specific question to be raised on appeal was the statutory language of RSA 173-B:9, iv when the trial Court denied the petitioner pre-trial motion to dismiss his case under indictment 2008, 08-S-858. that Justice Conboy had a big hand in making a decision of the (DVP), petitioners motion on 9/28/10, and the petitioners appeal on Dec 13, 2010, and also petition of Dominic Ali, Doc No 2011-0873 for Original Jurisdiction January 25, 12. and Ali's motion for new counsel with this Court, see:-2009-0140, 7/23/2010, decision-

The neutrality requirement helps guarantee that life liberty or property will not be taken on the basis of an erroneous or distorted conception of facts or the law. At the same time, it preserves both the appearance and reality of fairness "generating the feeling so important to a popular government that Justice has been done be ensuring that no person will be deprived of his interest in the absences of a proceeding in which he may present his case with assurance that the arbiter is not pre-disposed to find against him.

In the instance case or pass cases of the petitioner with this Court, the Honorable decision prejudice the petitioner resulting in an unreliable or fundamentally unfair outcome of the proceeding. 29 U.S.C. 455, it read in part quite simply " Any Justice or Judge of the United State shall disqualify himself in any case in which he has a Substantial interest, has been of Counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper opinion, for him to sit on the trial appeal or other proceeding therein". See; U.S. v. Chant "907 F. 2d1018" (3 Cir. 1990) Chantal.

The Honorable Court Conboy denial of petitioner Constitutional Rights effective assistance of Counsel when his appellate Counsel only interested in a fee and was under conflic of interst, that he failed to challenge the State who obtains a conviction through such trial that unconstitutionaly deprives the petitioners rights.

The State improperly enhance the Petitioner indictment under RSA 173-B:9,IV petition and the decision by Justice Conboy in 4/8/2004. that during the petitioner appeal, did not disqualify him self from the petitioner case, 2009-040, that his conduct raised reasonable doubts of the Judges impartiality growing out of Judicial proceedings.

For instance, the U.S. Supreme Court states in Jones v. Barnes, 463 U.S. 745 (1983) in states that in part, defense counsel from criminal conviction does not have a constitutional duty to raise every issues requested by the petitioner." But on October 6, 2010, the Honorable Court Conboy denies to rule on the petitioner motion filed on Sept 28, 2010, filed with this Court. after the petitioner appellate Defender refuses to argue some of the issues that would reverse the petitioner conviction including ineffective assistance of Counsel by the trial Counsel from the New Hampshire Public Defender's Office, See; State v. Veale, 154 NH 730

7 of 9

See; also the petitioner motion to appoint new Counsel other then the appellate Defender Office filed on 7/23/2010, in this Court. Also was denied by Justice Conboy rather then disqualify him self from this cases. See; Evitts v. Lucey, 469 U.S. 387, L.ed. 2d (1985).

The U.S. Supreme Court applied a three factor test to determine whether a Judicial action taken in violation of section 455 (a) should be remedied by vacatur. This test requires a court to consider "(1) the risk of injustice to the parties in the particular case, (2) the risk that denial of relief will produce injustice in other cases and (3) the risk of undermine the public's confidence in the Judicial process; with respect to this Honorable Court. see; Roberts v. Bailar, 625 F.2d 125, (6th Cir 1980).

WHEREFORE, The petitioner prays that;

1. the Honorable Court Conboy be disqualified from this Case;

2. And for Such other Just relief as this Court deems right.

_(signature)_

## Certificate of Service

I, Dominic Ali, hereby certify under penalty of perjury that the states is true and a copy of this motion was filed and forwarded first class postage address to AG Office Concord on this Date; 4/8/2013

_(signature)_                    _(signature)_

Dominic Ali 81829
138 East Milan Road
Berlin, NH 03570
C: file.

April 8, 2013