THE STATE OF NEW HAMPSHIRE

SUPREME COURT

**In Case No. 2009-0140, <u>State of New Hampshire v. Dominic Ali</u>, the court on December 13, 2010, issued the following order:**

The defendant, Dominic Ali, appeals his convictions for second degree assault, false imprisonment and obstructing a report of crime or injury. He argues that the trial court erred in: (1) finding that the State had provided expert witness discovery pursuant to Superior Court Rule 98 (Rule 98); (2) excluding evidence that the victim had a pending case with the Division for Children, Youth and Families (DCYF); and (3) sentencing him on two second degree assault charges. We affirm in part and vacate in part.

Absent an unsustainable exercise of discretion, we will affirm a trial court's ruling on discovery sanctions. See State v. Belton, 150 N.H. 741, 745, cert. denied, 543 U.S. 1028 (2004). To establish an unsustainable exercise of discretion, the defendant must demonstrate that the trial court's decision was clearly unreasonable and that the decision prejudiced his case. Id.

The defendant first argues that the trial court erred by finding that the State had complied with the requirements of Rule 98 and therefore allowing the State to present expert testimony from Dr. Seidner and from EMT Trachim. Even if we assume without deciding that the trial court's ruling was erroneous, any error was harmless. See State v. Hernandez, 159 N.H. 394, 402 (2009) (error is harmless if State establishes beyond reasonable doubt that verdict was not affected by error).

Prior to trial, the defendant filed a motion in limine seeking to exclude the testimony of witnesses Seidner and Trachim because they had not been identified as experts. In its order denying the motion, the trial court noted that, when asked by the court whether defense counsel wished to take the deposition of Dr. Seidner, no answer was given. The State also advised that the names and reports of these witnesses had already been provided to defense counsel. The trial court then found that defense counsel had been provided with the requisite Rule 98 discovery and had "not demonstrated prejudice of any kind to the defendant or to any prospective defense." We note also that, on appeal, the defendant cites no element of surprise or prejudice from the testimony of the two witnesses.

A review of the record reveals that the victim testified that she was in extreme pain as a result of the defendant's assault and that she had to wear a sling for three to four weeks. One of the investigating officers testified that she could not get a picture of the victim's left shoulder because the victim was unable

to lift her shirt and, that when she later saw the victim at the hospital, the victim had a hard time speaking because of the pain. Given this alternative evidence of the victim's injuries, we conclude that any error concerning the admission of testimony of the observations of witnesses Seidner and Trachim was harmless.

The defendant next argues that the trial court erred in excluding evidence that the victim had an open case with DCYF. He contends that, because the victim left the apartment to call the police after the assault, thereby leaving her children alone, she had a "powerful motive to lie to the police about what happened." As the State notes, defense counsel did not assert at trial that the open case existed before the night of the assault; rather, defense counsel proffered: "There is a motive to lie on [sic] the State. She left her children at home alone. The defendant called the police. At the time, I understand that she did have a case opened with DCYF and that she was under supervision by the Department of Children and Families." Moreover, the evidence presented at trial was undisputed that when the victim jumped out the window to escape the defendant, her friend remained in the apartment and was still there when one of the investigating officers came to interview her. Accordingly, we find no error in the trial court's exclusion of the evidence based upon relevance.

The defendant also argues that the trial court erred in sentencing him on both second degree assault charges because both convictions are based upon the same act and injury caused by the act. The State concedes that, in this case, the two charges are based upon the same evidence, see State v. Hutchinson, 137 N.H. 591, 598 (1993), and that the dual convictions and sentences violate double jeopardy. Accordingly, we vacate the conviction and sentence imposed under Indictment 08-S-0859.

Affirmed in part and vacated in part.

DUGGAN, HICKS and CONBOY, JJ., concurred.

**Eileen Fox, Clerk**

Distribution:
Clerk, Hillsborough County Superior Court North, #08-S-0858-0859, 0862, 0864
Honorable James J. Barry, Jr.
Honorable Gillian L. Abramson
Honorable Robert J. Lynn
Appellate Defender
Paul C. Borchardt, Esquire
Nicholas P. Cort, Esquire
Marcia McCormack, Supreme Court
Michelle A. Caraway, Supreme Court
Lorrie S. Platt, Supreme Court
Irene Dalbec, Supreme Court
File