**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Dominic S. Ali

   v.                                                                 Civil No. 12-cv-185-JL

Edward Reilly, Northern New Hampshire
Correctional Facility Warden[1]

**O R D E R**

Dominic Ali has filed an Amended Petition (doc. no. 14) and an addendum to the petition (doc. no. 15), in response to this court's order directing him to show that he had exhausted his state court remedies as to the claims asserted in his § 2254 petition. See Ali v. Gerry, No. 12-CV-185-JL (doc. no. 7), 2012 WL 4848889 (D.N.H. Oct. 10, 2012). The matter is here for a determination of whether Ali's claims are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

The report and recommendation issued this date ("R&R") finds that Ali's petition is a "mixed" petition, in that it includes two claims (Claims 5 and 6(h)) as to which Ali has not demonstrated exhaustion of his state court remedies, along with

---

[1] Ali's current custodian is Northern New Hampshire Correctional Facility Warden Edward Reilly, who is the proper respondent. See Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

a set of claims as to which he has demonstrated exhaustion.  As explained in the R&R, Ali's § 2254 petition cannot proceed in federal court at this time.  To maintain this action, Ali must choose whether to drop the unexhausted Claims 5 and 6(h) if he cannot otherwise demonstrate that he has exhausted those claims.  Alternatively Ali may retain Claims 5 and 6(h) by seeking a stay of this action and returning to the state courts to exhaust his remedies on those claims.

### Conclusion

1.   Within thirty days of the date of this order, Ali is granted leave to file in this court:

>      A.   An amended § 2254 petition, including additional documents from the New Hampshire Supreme Court ("NHSC") record as exhibits (such as, for example, all of the pages of the notice of appeal filed in Ali's criminal case, where the record in this court includes only the odd-numbered pages from that document), if those exhibits show that Ali has already presented Claims 5 and 6(h) to the NHSC;

>      B.   A motion to stay this action, if Ali intends to litigate, during the pendency of the stay in this case, proceedings in the state courts to exhaust his state court remedies on Claims 5 and 6(h); or

>      C.   A motion to amend the § 2254 petition to drop Claims 5 and 6(h), if Ali is willing to forego seeking federal habeas relief at this time and in any second or successive § 2254 petition filed in the future, based on the assertions in Claims 5 and 6(h).

2.   Should Ali fail to file either an amended petition, a motion to stay, or a motion to drop Claims 5 and 6(h), this

court may recommend that all of the claims asserted in Ali's § 2254 petition be dismissed, without prejudice, for failure to demonstrate exhaustion of each claim therein. <u>See</u> 28 U.S.C. § 2254(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 2, 2013

cc: Dominic S. Ali, pro se

LBM:nmd