**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Dominic S. Ali

    v.                           Civil No. 12-cv-185-JL

Edward Reilly, Warden,
Northern New Hampshire
Correctional Facility[1]


### REPORT AND RECOMMENDATION

Dominic Ali has filed an Amended Petition and an addendum to the petition (doc. nos. 14 and 15), in response to this court's order directing him to show that he had exhausted his state court remedies as to the claims asserted in his § 2254 petition.  See Order (doc. no. 7) (Ali v. Gerry, No. 12-CV-185-JL, 2012 WL 4848889 (D.N.H. Oct. 10, 2012)).  The matter is here for a determination of whether Ali's claims are facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

---

[1]Ali's current custodian is the warden of the Northern New Hampshire Correctional Facility, Edward Reilly, who is thus the proper respondent in this action.  See Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts.

**Background**

I.   <u>Criminal Cases and Jury Trial</u>

The police arrested Ali in February 2008 following Ali's altercation with his former girlfriend.  Ali was charged with multiple criminal offenses, including two misdemeanors and two felony second degree assault charges.  The state used Ali's 2004 conviction for violating a restraining order to enhance one of the second degree assault charges to a class A felony, pursuant to N.H. Rev. Stat. Ann. ("RSA") § 173-B:9, IV(b).[2]

An attorney employed by the New Hampshire Public Defender ("NHPD"), Attorney Ryan Norwood, represented Ali in 2004.  Ali entered a plea of nolo contendere to the restraining order violation charge, and received a "time-served" sentence.  Ali

---

[2]RSA § 173-B:9, IV(b), provides:

Any person convicted under RSA 173-B:9, III [of the misdemeanor of knowingly violating a protective order], who, within 6 years of such conviction or the completion of the sentence imposed for such conviction, whichever is later, subsequently commits and is convicted of one or more offenses involving abuse may be charged with an enhanced penalty for each subsequent offense as follows:

. . .

(b) If the subsequent offense would otherwise constitute a class B felony, it may be charged as a class A felony;

. . . .

alleges that Attorney Norwood provided him ineffective assistance in that case.

The trial court again appointed the NHPD to represent Ali on his February 2008 charges.  Ali asserts that he told his appointed counsel -- Attorneys Helen Sullivan and Aileen O'Connell -- that Attorney Norwood had not represented him effectively on the 2004 charges.  Ali asserts that Attorneys Sullivan and O'Connell failed to investigate that issue, and that they had a conflict of interest, because they were employed by the NHPD, as was Attorney Norwood in 2004.

II.  Trial and Sentencing in 2008

Following trial, a jury convicted Ali of charges arising from the February 2008 incident, including both second degree assault counts.  Ali, through his defense counsel, moved post-trial to allow the NHPD to withdraw from the case because of an unspecified conflict of interest.  The court granted that motion, then appointed a non-NHPD attorney, Attorney Anthony Introcaso, to represent Ali.  Ali asserts that Attorney Introcaso failed to object to errors in the state's presentence investigation report ("PSI"), failed to share the PSI with Ali, and failed to review and argue for the sentencing recommendations set forth in a memorandum prepared for Ali by

Attorneys Sullivan and O'Connell.  After the sentencing hearing,
Attorney Introcaso filed a notice of appeal on Ali's behalf.

III.  <u>Direct Appeal and First New Trial Motion</u>

The New Hampshire Supreme Court ("NHSC") appointed the
office of the New Hampshire Appellate Defender ("NHAD"), whose
lawyers are employees of the NHPD, to represent Ali in his
direct appeal.  In January 2010, Ali moved for the appointment
of new counsel, citing his belief that he had received
ineffective assistance from the NHPD attorneys who represented
him at trial.  In response to that motion, the NHSC stayed Ali's
direct appeal to allow him time to file a motion for a new trial
in superior court.  <u>See</u> Doc. No. 9, at 9 (order in <u>State v. Ali</u>,
No. 2009-0140 (N.H. Jan. 28, 2010)).  After Ali filed that
motion pro se, the superior court appointed non-NHPD Attorney
Ghazi Al-Marayati, who is not a public defender, to advise and
represent Ali with respect to the new trial motion.  Ali asserts
that Attorney Al-Marayati advised him not to pursue the motion,
and in July 2010, Ali, through counsel, withdrew the new trial
motion.  <u>See</u> Doc. No. 9, at 15.

Following those events, the NHSC lifted the stay in Ali's
direct appeal and denied Ali's motion to appoint counsel other
than the appellate defender.  <u>See</u> Doc. No. 14-1, at 2-3 and 6-8.
In December 2010, the NHSC vacated the class B second degree

4

assault conviction and sentence on double jeopardy grounds, and affirmed the remaining convictions.  See State v. Ali, No. 2009-0140 (N.H. Dec. 13, 2010).

IV.   Pro Se Post-Conviction Proceedings

In 2011, Ali filed a pro se habeas petition in the Hillsborough County Superior Court, asserting ineffective assistance of trial counsel.  The superior court denied that petition, because, through Attorney Al-Marayati, Ali had withdrawn a new trial motion in July 2010 based on the same claim.  See Doc. No. 9, at 16-17 (order denying petition in State v. Ali, Nos. 216-2008-cr-00858, 00862, 00864 (N.H. Super. Ct., Hillsborough Cnty., N. Div., June 9, 2011)).  The NHSC declined to accept Ali's request for a discretionary appeal of that denial.  See State v. Ali, No. 2011-495 (N.H. Sept. 15, 2011).

Ali next filed a petition for state habeas relief in the Merrimack County Superior Court.  The superior court denied that petition, see Doc. No. 14-1, at 31-35 (order denying petition in Ali v. Gerry, No. 217-2011-cv-00746 (N.H. Super. Ct., Merrimack Cnty. Mar. 5, 2012)).  In May 2012, the NHSC declined to accept Ali's request for a discretionary appeal of that denial.  See Doc. No. 14-1, at 55 (order declining to accept appeal in Ali v. Gerry, No. 2012-0197 (N.H. May 2, 2012)).

Ali filed his § 2254 petition (doc. no. 1) in this court on May 15, 2012, and filed an addendum thereafter (doc. no. 12). On November 6, 2012, the district judge presiding in this case issued an order (doc. no. 11), dismissing Ali's claim of ineffective assistance as to Attorney Al-Marayati.  See <u>Ali v. N.H. State Prison Warden</u>, No. 12-CV-185-JL, 2012 WL 5414615 (D.N.H. Nov. 6, 2012) (approving <u>Ali v. Gerry</u>, No. 12-CV-185-JL, 2012 WL 5412860 (D.N.H. Oct. 10, 2012) (report and recommendation)).  Ali filed an amended petition (doc. no. 14) and an addendum to the petition (doc. no. 15) following this court's further order (doc. no. 7), directing him to demonstrate exhaustion of state court remedies as to the federal claims remaining in the petition.  See <u>Ali v. Gerry</u>, No. 12-CV-185-JL, 2012 WL 4848894 (D.N.H. Oct. 10, 2012).

## Claims

Ali has asserted the following claims in this action:

1.   Ali's 2008 conviction and sentence on the enhanced second degree assault charge were the result of the trial court's misapplication of RSA § 173-B:9, IV(b).

2.   Ali's 2008 enhanced conviction and sentence for second degree assault violated his Fourteenth Amendment right to due process and his Sixth Amendment right to a fair trial, in that:

> a.   The statute used to enhance the charge, RSA § 173-B:9, IV(b), is ambiguous, and the trial court failed to follow the rule of lenity when it allowed Ali to be convicted and sentenced of second degree assault charged as a class A felony;

b.   The 2004 conviction used to enhance the second degree assault charge was obtained through Ali's nolo contendere plea, which Ali entered neither knowingly nor voluntarily, and which resulted from ineffective assistance of trial counsel;

c.   Ali's 2008 sentence for second degree assault was enhanced based on facts not decided by the jury.

3.   Ali's 2008 conviction violated his Sixth and Fourteenth Amendment rights to due process and a fair trial, in that, motivated by racial bias, the trial court allowed the prosecutor to divide a single count indictment into multiple counts, which overcharging resulted in jury confusion, harassment of Ali, and unfair prejudice.

4.   Ali's 2008 conviction violated his Sixth and Fourteenth Amendment rights to due process and a fair trial, in that his conviction was based on the victim's false testimony, which the prosecutor knew to be false, and which the state had improperly coerced from the victim.

5.   Ali's conviction violated his Fourteenth Amendment right to due process, because the prosecutor improperly expressed his own opinion of Ali's guilt during his closing argument.

6.   Attorneys Helen Sullivan and Aileen O'Connell violated Ali's Sixth Amendment right to the effective assistance of counsel in that they:

a.   Failed to depose all witnesses including the state's experts pretrial;

b.   Failed to consult with or obtain a medical expert to rebut the state's experts;

c.   Failed to investigate the status of the state's child protective services investigation of the victim;

d.   Failed to introduce evidence regarding the victim's alcoholism, drug addiction, mental illness, and frequent failure to take prescribed medication, which, if admitted, would have led the jury to question her credibility;

e.    Failed to object to the prosecutor's introduction of the testimony of the victim, knowing that the prosecutor had called the victim as a witness despite the prosecutor's knowledge that her testimony was false and coerced by the state;

f.    Failed to object to the prosecutor's expression, during summation, of his personal opinion of Ali's guilt;

g.    Failed to investigate whether the 2004 conviction which provided the basis for enhancing the 2008 felony charge, had been obtained in violation of Ali's constitutional rights;

h.    Acted under an actual conflict of interest, given that defense counsel in 2004 and in 2008 all worked for the NHPD, which caused the 2008 attorneys not to either file a motion to vacate, or otherwise challenge, Ali's 2004 conviction, and thus denied Ali the ability to prevent an enhancement of his 2008 sentence.

7.    Attorney Anthony Introcaso, appointed to represent Ali at sentencing, denied Ali the effective assistance of counsel, in violation of Ali's Sixth Amendment rights, in that Attorney Introcaso:

a.    Failed to challenge the PSI's materially incorrect statement of Ali's prior criminal record, and inaccuracies in the PSI regarding Ali's current convictions;

b.    Failed to provide the PSI to Ali prior to the sentencing hearing;

c.    Failed to assert as a mitigating factor during sentencing that Ali had received ineffective assistance of counsel at trial, insofar as Attorney Introcaso knew, but failed to tell the trial judge, that trial counsel never advised Ali before trial of the improbability of acquittal and the benefits of accepting a plea bargain; and

d.    Did not review the sentencing recommendations prepared by Ali's trial counsel prior to the sentencing hearing, and did not prepare or offer the

sentencing court any sentencing proposal on Ali's behalf.

8.   Ali received ineffective assistance of counsel from his appellate counsel, NHAD Attorney Paul Borchardt, in violation of Ali's Sixth Amendment rights, in that Attorney Borchardt:

  a.   Failed to brief, in the NHSC, all issues listed in the notice of appeal, including the trial court's misapplication of RSA § 173-B:9, IV(b);

  b.   Acted under an actual conflict of interest, based on the affiliation of the NHPD and NHAD offices, which precluded him from presenting meritorious claims on appeal, including the ineffective assistance of trial counsel; and

  c.   Failed to brief any issues upon which the NHSC could reverse Ali's conviction and/or sentence.

9.   Attorney Al-Marayati provided ineffective assistance of counsel in connection with Ali's motion for a new trial, in violation of Ali's Sixth Amendment right to counsel, in that Attorney Al-Marayati incorrectly informed Ali: (a) that trial counsel had done everything possible for his defense; and (b) that appellate counsel was providing good representation, which led Ali to withdraw the new trial motion.

## Discussion

The standard applied in reviewing Ali's § 2254 claims, pursuant to § 2254 Rule 4, is set forth in the October 10 report and recommendation (doc. no. 6), and is applied to the discussion of Ali's claims herein.

I.   <u>State Law Claim (Claim 1)</u>

>    [F]ederal habeas corpus relief does not lie for errors
>    of state law. . . . [I]t is not the province of a
>    federal habeas court to reexamine state-court
>    determinations on state-law questions.  In conducting
>    habeas review, a federal court is limited to deciding
>    whether a conviction violated the Constitution, law,
>    or treaties of the United States.

<u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (internal

quotation marks and citation omitted).  Ali's claim challenging

the state court's application of a state statute to enhance

Ali's sentence cannot be resolved, therefore, in a federal

habeas action.  Accordingly, the court should dismiss Claim 1,

identified above.


II.  <u>Post-Conviction Counsel Claim (Claim 9)</u>

     Ali has asserted, in Claim 9, that Attorney Al-Marayati

provided ineffective assistance of counsel in the proceedings on

Ali's motion for a new trial, in violation of Ali's Sixth

Amendment right to the effective assistance of counsel.  On

November 6, 2012, this court dismissed that same claim when it

approved the October 10 report and recommendation.  <u>See</u> Order

(doc. no. 11) (<u>Ali v. N.H. State Prison Warden</u>, No. 12-CV-185-

JL, 2012 WL 5414615 (D.N.H. Nov. 6, 2012)).  The authority cited

in the report and recommendation for dismissing that claim was

28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of

counsel during Federal or State collateral post-conviction

proceedings shall not be a ground for relief in a proceeding
arising under section 2254.").

   One premise for the October 10 report and recommendation
was that Attorney Al-Marayati represented Ali _after_ the NHSC
issued a decision in Ali's direct appeal.  _Cf._ _Pennsylvania v._
_Finley_, 481 U.S. 551, 555 (1987) (there is no right to counsel
in state collateral proceedings after exhaustion of direct
appellate review).  Ali has since clarified, however, that
Attorney Al-Marayati was appointed to represent him, with
respect to the new trial motion, before Ali's direct appeal had
concluded, and that the appeal was stayed during the pendency of
the motion for new trial proceedings.  That clarification
warrants reconsideration of the October 10 report and
recommendation and the November 6 order, as to Claim 9.

   In deciding whether § 2254(i) bars Claim 9, this court must
resolve whether Congress intended that statute to apply to a
post-trial, pre-appeal new trial motion such as Ali's.  That
question is complicated by Congress's use of the potentially
ambiguous term "collateral post-conviction proceedings," which
might apply only to post-trial proceedings that occur after the
conviction becomes final, or to all collateral post-trial
proceedings.  When a statute is susceptible to two
constructions, the construction that avoids constitutional
problems should prevail.  This court notes that there is

authority both for and against the proposition that the Sixth
Amendment right to counsel applies to new trial motions
litigated during the post-trial, pre-appeal period, see, e.g.,
Kitchen v. United States, 227 F.3d 1014, 1018 (7th Cir. 2000)
(federal defendant has right to counsel for post-trial, pre-
appeal motion for new trial).  But see United States v.
Williamson, 706 F.3d 405, 418 (4th Cir. 2013) (no right to
counsel for new trial motion filed while appeal remained
pending).  The First Circuit has not addressed the precise
issue, and the Supreme Court has expressly declined to weigh in
on it.  See Marshall v. Rodgers, 133 S. Ct. 1446, 1450-51 (2013)
(assuming without deciding that post-trial, pre-appeal motion
for new trial is critical stage of prosecution).

Issuing a ruling on the merits of Claim 9 at this time,
before respondent has appeared, is neither prudent nor proper in
light of the complexity of the issues involved and the lack of
controlling precedent.  The court should have the benefit of
both parties' briefing before issuing its ruling.  Accordingly,
the court should:  reconsider the order approving the October
10, 2012, report and recommendation (doc. no. 6); vacate the
November 6, 2012, order (doc. no. 11) to the extent that it
dismissed Claim 9; and reinstate that claim in this action.

III. Exhaustion

The standard applied in evaluating whether Ali has demonstrated exhaustion of his state remedies is set forth in the October 10, 2012, report and recommendation (doc. no. 6). Applying that standard, this court finds that Ali has demonstrated exhaustion of Claims 2-4, 6(a)-6(g), and 7-9.

The record before this court, however, fails to demonstrate that Ali has exhausted his state remedies as to Claims 5 and 6(h).  Claim 5 is a due process claim challenging Ali's conviction on the ground that the prosecutor expressed an opinion regarding Ali's guilt in his closing argument, and Claim 6(h) asserts a claim of ineffective assistance of counsel resulting from an actual conflict of interest affecting his trial counsel.[3]  As to Claim 5, Ali did not present the prosecutorial misconduct issue to the NHSC as a separate due process claim; rather, he raised only an ancillary issue, whether trial counsel's failure to object to the prosecutor's summation violated Ali's Sixth Amendment right to counsel.  The failure to raise the prosecutorial misconduct issue as an

---

[3]Ali has filed as an exhibit in this court an incomplete copy of the notice of appeal that initiated his direct appeal of his conviction in the NHSC.  See State v. Ali, No. 2009-0140.  The copy of that notice of appeal in this court's record contains only the odd-numbered pages from the original NHSC filing.  See Doc. No. 14-1, at 21-30.  This court is unable to discern whether the missing, even-numbered pages of the notice of appeal in State v. Ali, No. 2009-0140, might demonstrate exhaustion of Claims 5 and 6(h).

independent due process claim renders that claim unexhausted for the purposes of § 2254.

As to Claim 6(h), the court finds no evidence in the record before it that Ali raised the claim asserting that his 2008 trial counsel had an actual conflict of interest based on the fact that his 2004 attorney was from the same office.  Ali has thus failed to demonstrate that he has exhausted his state court remedies as to this aspect of his claim that trial counsel provided ineffective assistance to him in 2008.

A "mixed" petition, including both exhausted and unexhausted claims, such as Ali's, is subject to dismissal in its entirety.  Pliler v. Ford, 542 U.S. 225, 233 (2004).  To avoid dismissal of all of his claims, Ali may move this court to stay the habeas action to allow him an opportunity to return to the state courts to exhaust his state court remedies as to Claims 5 and 6(h).  He may exhaust his state court remedies as to those claims by asserting them in a petition for a writ of habeas corpus in the state courts.  He must thereafter present both federal issues to the NHSC and obtain a final decision in an appeal of any adverse superior court rulings.

Alternatively, to avoid dismissal of his currently "mixed" petition, Ali may seek leave to file an amended § 2254 petition in this court that omits Claims 5 and 6(h).  Ali should be aware, however, that in choosing to forego unexhausted claims,

he risks losing the chance to file the foregone claims in federal court, due to the prohibition against second or successive habeas petitions of 28 U.S.C. § 2244(b).

To proceed in this matter at this time, therefore, Ali must either: (a) amend his petition to demonstrate that he has exhausted his state court remedies as to Claims 5 and 6(h); (b) seek a stay in this matter to enable him to return to the state courts to exhaust his unexhausted claims; or (c) move to amend his petition to drop Claims 5 and 6(h) and proceed only on his remaining, exhausted, cognizable claims.  In a separate order on this date, the court has directed Ali to move for a stay to allow him to exhaust his claims; to move to amend his petition to drop Claims 5 and 6(h); or to file exhibits demonstrating that he has already exhausted his state court remedies as to Claims 5 and 6(h).

## Conclusion

For the foregoing reasons, the court should dismiss Claim 1, numbered herein.  This court should reinstate Claim 9 into the petition, and reconsider and vacate its November 6, 2012, Order (doc. no. 11), which approved the October 10, 2012, report and recommendation (doc. no. 6), to the extent it dismissed Claim 9.  In an order issued this date, the court grants Ali

leave to address his failure to demonstrate exhaustion of the state court remedies as to Claims 5 and 6(h).

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge


May 2, 2013

cc:  Dominic S. Ali, pro se

LBM:nmd