4/19/13

Dominic Ali 81829
138 East Milan Rd
Berlin, NH 03570

U.S. District Court
55 Pleasant St. R 110
Concord, NH 03301-3941.        1:12-cv-00185-JL
                               Case No, Ali v. N.H. Warden

Dear Mr. Clerk;

        This case is pending with the N.H. Supreme Court under ground of ineffective assistance of counsel State and Federal Constitution and due process of law State and Federal. This Case played a big role in my conviction and sentence, as I petition this court under doc 1:12-cv-00185-JL, 2254. I'm providing you all copies that I was not been aware of and keapt away by my trial counsels from the N.H. Public Defender's Office, who was under conflic of interest at the time of my trial and conviction. Trial Counsels knew of this issues and never present this issue to light that the Manchester District Court and N.H. Superior Court, Conboy that he perjudice Mr. Ali case, On appeal.

1 of 3

with this copies, is the Agreement on Bifurcation Fact finding at trial, that Mr. Ali's incompetent trial Counsel agrees that the trial Judge determine the element of RSA 173-B:9V that Mr. Ali is challenging to this day in this Court under due process of law. The N.H. Superior Court and the Manchester District Court by law should have dismissed this petition of protective order. Known this issue, trial Counsel and fear of conflic of interest that one of there employee grossly misinformed Mr. Ali about the law in the hearing of 9/28/04, wich Mr. Ali is challenging his incompentency under the 6th Amendment State of Federal Constitution. Asking both these Courts for the transcript of the hearing that lead these Court to grant, the (DVP) would allowed Mr. Ali to have veluable impeachment tool. By law, the Court issued a hearing on 4/8/04, were Mr. Ali was at the County Jail and was not allowed to appear by the Court and niether Mr. Ali's Counsel. The (DVP) should have been dismissed with no question, and by law, when the plaintiff also failed to appear in Court. See; Nagy v. Ali, Manchester District Court, 08-DV-053

2 of 3

(DVP) was filed base upon lies or false statement for petition under RSA 173-B 3/19/08 Were Mr. Ali was allowed to appear and the plaintiff failed to appear, the petition was dismiss by the Court. I have a copy of that petition if needed by this Court in support of mr. Ali issues and case.

Copy of these document or been send to the (N.H.S.c) as attachement in support of Mr. Ali's appeal, under 2254. IF their is no hearing set or testimony given, petition should have by dismissed. IF you have any Question please write back at anytime.

Respectfully Submitted,

[signature]

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

Hillsborogh, ss

State of New Hampshire
v.
Dominic Ali
Doc No# 04-M-440

## MOTION FOR FUNDS FOR TRANSCRIPT

NOW COMES, Dominic Ali, Sur Juris, respectfully requests this Honorable Court to grant this motion for the following reason states below;

Mr. Ali was charge with simple assault RSA 631:2-A class A misdemeanor and stalking Affear RSA 633:3-A class A misdemeanor on or about March 29, 2004.

This Court issued a Domestics Violence Final order issued pursuant to RSA 173-B:9,IV by the Honorable Court Carol Ann Conboy having consider the plaintiff petition (DVP) upon allege to the defendant Mr. Ali simple assault and stalking on or about March 29, 2004.

1 of 5

On April 1, 2004, Mr. Ali, was order to appear before the Court to answer to the complaint charging him simple assault and stalking that accord on March 29, 2004. This Court issued a notice of hearing on April 8, 2004, for Mr. Ali and the planitiff's to hear testimony from both parties in wich Mr. Ali was not allowed by the Court to provides his testimony in wich this Court granted a petition for temporary order base on these charges, that on May 26, 2004, The Honorable Court Norman E. Champage dismissed all charges. See; attachement or (EX 2)

Mr. Ali, has filed a petition for writ of habeas corpus in which he attacks the validity of the protective order and his conviction of the violation of a protective order in 2004, by the Goffstown District Court and also his sentence enhancement in 2008, 858 by this protective order, that was filed under false allegation when their was insufficient of fact to support the issuance of an EX-Part Temporary Protectictive order to the plaintiff. This case is pending with the N.H. Supreme Court, See; Doc # 214-2012-CV-00178, <u>Ali v. Reilly</u>, Warden, N.H.-NCF, and also, Ali v. Warden, NCF, Doc # 2013-0155 "NHSC".

2 of 3

The extra details from the hearing on 4/8/04 by the plaintiff's testimony are useful in the defense prepare for trial.

More generally, these transcripts are of value because there is a reasonable probability that a witness may deviate at trial from his or her prior testimony in this Court. Thus, the transcripts are a valuable impeachment tool.

The equal protection and due process protection of the 14 theen Amendment to U.S. Constitution and part (1) Article (15) of this state constitution entitle an indigent defendant to a transcript at the States expense when transcripts is of value to his defense and there is no available alternative. See; Griffin v. Illinois, 351 U.S. 12 (1956). State v. Cofske, 129 N.H. 133 (1987).

Mr. Ali is unable to make more specific representation concerning the testimony at the Hearing on 4/8/04, at 1:30 pm. Federal law does not, however, require any more specific representation to entitle Mr. Ali to a transcript in these circumstances. See, Griffin & Britt v. North Carolina, 404 U.S. 226, 227 (1971) "There can be no doubt that the State must provide an indigent defendant transcripts when that

transcripts is needed for an effective defense or appeal: Bundy v. Wilson, 815 F.2d 125 (1st cir 1987).

The Court has also emphasized that the holding in the line of cases that began with Griffin, involving a criminal defense's right of access to a transcript are firmly rooted in both the due process and equal protection clauses of the 14 theen Amendment."

To the extent that state law may require more, it is in Conflict with Federal law. CF. State v. Brown, 143 NH 197 (1998).

Mr. Ali has been informed that hearing transcripts would cost feeb.

WHEREFORE, Dominic Ali, respectfully requests that this Court authorize the expenditure of the cost. So, that Mr. Ali may obtain a transcript of the Temporary order and Notice of hearing on April 8th, 2004. 04-M-440-

4 of 5

<u>Certificate of Service</u>

I, Dominic Ali, hereby certify that copy of this motion has been forwarded in the U.S. Mail First class postage address on April, 19, 2013, to AG's Office, also to (NH-SC) U.S. District Court.

_____          04/19/13 _____
4/19/2013                      [Notary seal: Angela Poulin, Justice of the Peace, State of New Hampshire, My Commission Expires August 10, 2016]


_____
Dominic Ali 81829
138 East Milan Road
Berlin, NH 03570
C-file

5 of 5

# The State of New Hampshire

JUDICIAL BRANCH

PNO __2160040046__

**DOMESTIC VIOLENCE**
**TEMPORARY ORDER AND NOTICE OF HEARING**
PURSUANT TO RSA 173-B

__Hillsborough__ County      __Superior__ Court

IN THE MATTER OF    __04-M-440__ Case/Docket No.

__Loretta D. LeeRoy__    v.    __Dominic Ali__
(Plaintiff's Name)            (Defendant's Name)

**Relationship to Defendant**
- [ ] married
- [ ] separated
- [ ] divorced
- [ ] cohabit/cohabited
- [ ] child in common
- [ ] household member
- [ ] other _____

(Street Address)
(City, State, Zip)
(SSN)

The Court, having jurisdiction over the parties and subject matter under New Hampshire RSA 173-B (Protection of Persons from Domestic Violence), and having considered the Plaintiff's Domestic Violence Petition dated __3-29-04__, hereby finds that the Plaintiff is in immediate and present danger of abuse as defined in RSA 173-B and makes the following **TEMPORARY ORDERS OF PROTECTION:**

1. [X] The Defendant shall not abuse the Plaintiff.
2. [X] The Defendant shall not have any contact with the Plaintiff, whether in person or through third persons, including but not limited to contact by telephone, letters, fax, e-mail, the sending or delivery of gifts or any other method unless specifically authorized by the Court.
3. [X] The Defendant shall not enter the premises and curtilage where the Plaintiff resides, ~~except when the Defendant is accompanied by a peace officer and, upon reasonable notice to the Plaintiff, is allowed entry by the Plaintiff for the sole purpose of retrieving toiletries, medication, clothing, business equipment, and any other items as determined by the Court~~.
4. [X] The Defendant shall not contact the Plaintiff at or enter upon Plaintiff's place of employment, school, or _____.
5. [X] The Defendant shall not abuse Plaintiff's relatives (including children) regardless of their place of residence, or members of the Plaintiff's household.
6. [X] The Defendant shall not take, convert or damage any property in which the Plaintiff has a legal or an equitable interest.
7. [ ] The Plaintiff is awarded custody of the minor child(ren); the Defendant may exercise the following visitation: _____
8. [X] The Defendant shall relinquish to a peace officer all firearms and ammunition in his/her control, ownership or possession, and the Defendant is prohibited from purchasing or obtaining any firearms or ammunition during the pendency of this order.
9. [ ] The Defendant shall also relinquish all deadly weapons as defined in RSA 625:11,V which may have been used, intended to be used, threatened to be used or could be used in an incident of abuse. These weapons may include the following: _____
10. [ ] Other protective orders: _____

**FURTHER ORDERS:**

11. [ ] Use of Vehicle: _____
12. [ ] Other: _____

__3-29-04__
(Date)
__603 669-7410__
(Telephone Number of Court)

(Signature of Judge / ~~Master Recommendation~~)
(Signature of Judge Approving Master's Recommendation)
__Carol Ann Conboy__
(Print / Type Name of Judge)

THESE ORDERS ARE EFFECTIVE IMMEDIATELY AND REMAIN IN EFFECT UNTIL FINAL ORDERS ARE MADE BY THE COURT. ANY WILLFUL VIOLATION OF THE PROTECTIVE PROVISIONS OF THESE ORDERS IS A CRIME AS WELL AS CONTEMPT OF COURT. VIOLATIONS SHALL RESULT IN ARREST AND MAY RESULT IN IMPRISONMENT. ALL FUTURE NOTICES AND ORDERS SHALL BE MAILED. BOTH PARTIES MUST KEEP THE COURT INFORMED OF CURRENT ADDRESSES.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF HEARING**
A hearing on this case will be held at the above Court on __4/8/04__ (date) at __1:30__ ~~a.m.~~/p.m. The Plaintiff and Defendant are summoned to appear at the hearing. The Court will hear testimony from both parties. FINAL ORDERS may be issued at that time.

__March 29, 2004__
(Date)        (Clerk/Coordinator)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE TO DEFENDANT**

1. PURSUANT TO RSA 173-B:6, you have a right to a hearing on these temporary orders within five business days, but not earlier than three business days, after you file a written request with the Court. Unless you request this hearing in writing, the case will be heard on the date shown above.

AOC-251-243 (12/99)    COPY DISTRIBUTION: [ ] PLAINTIFF [ ] DEFENDANT [ ] LAW ENFORCEMENT [ ] OTHER _____

# The State of New Hampshire

**JUDICIAL BRANCH**
**DOMESTIC VIOLENCE FINAL ORDER**
**PURSUANT TO RSA 173-B**

PNO __2160040046__

__Hillsborough__ County

**IN THE MATTER OF**

Superior Court
__04-M-440__ Case/Docket No.

__Loretta D. LeeRoy__ v. __Dominic Ali__
(Plaintiff's Name)       (Defendant's Name)       (DOB)

**RELATIONSHIP to DEFENDANT**
[ ] married      [ ] household member
[ ] separated      [ ] other _____
[ ] divorced
[ ] cohabit/cohabited
[ ] child in common

(Street Ad)

(City, Stat)

(SSN)

The Court, having jurisdiction over the parties and subject matter under New Hampshire RSA 173-B (Protection of Persons from Domestic Violence), having considered the Plaintiff's Domestic Violence Petition and having conducted a hearing on __4-8-04__, of which the Defendant received actual notice, and was ___ / was not _X_ present, hereby finds that:

☐ The Plaintiff has NOT been abused: CASE DISMISSED.

☒ The Plaintiff has been abused as defined in RSA 173-B, and finds and makes the following final orders:

**PROTECTIVE ORDERS:**

1. ☒ The Defendant shall not abuse the Plaintiff.

2. ☒ The Defendant shall not have any contact with the Plaintiff, whether in person or through third persons, including but not limited to contact by telephone, letters, fax, e-mail, the sending or delivery of gifts or any other method unless specifically authorized by the Court.

3. ☒ The Plaintiff shall have exclusive use and possession of the parties' residence unless Paragraph 12 is checked.

4. ☒ The Defendant shall not enter the premises and curtilage where the Plaintiff resides, except when the Defendant is accompanied by a peace officer and, upon reasonable notice to the Plaintiff, is allowed entry by the Plaintiff for the sole purpose of retrieving toiletries, medication, clothing, business equipment, and any other items as determined by the Court: _____.

5. ☒ The Defendant shall not contact the Plaintiff at or enter upon Plaintiff's place of employment or school, or as further specified herein:
_____
_____

6. ☒ The Defendant is restrained from abusing Plaintiff's household members, or Plaintiff's relatives (regardless of their place of residence), and engaging in any other conduct which would place the Plaintiff in reasonable fear of bodily injury to the Plaintiff or the Plaintiff's household members or relatives.

7. ☒ The Defendant shall not use, attempt to use or threaten to use physical force against the Plaintiff or the parties' child(ren) which would reasonably be expected to cause bodily injury.

8. ☒ The Defendant shall not take, convert or damage any property in which the Plaintiff has a legal or an equitable interest.

9. ☒ The Defendant shall relinquish to a peace officer all firearms and ammunition in his/her control, ownership or possession, and the Defendant is prohibited from purchasing or obtaining any firearms or ammunition during the pendency of this order.

10. ☐ The Defendant shall also relinquish all deadly weapons as defined in RSA 625:11,V which may have been used, intended to be used, threatened to be used, or could be used in an incident of abuse. These weapons may include the following: _____
_____

11. ☐ Other protective orders: _____

A TRUE COPY
ATTEST: _____

AOC-250-248 (12/99)    COPY DISTRIBUTION: ☐ PLAINTIFF    ☐ DEFENDANT    ☐ LAW ENFORCEMENT    ☐ OTHER _____ RETURN

/ of 2

12 ☐ The Court finds that the Defendant exclusively owns or leases and pays for the premises located at _____ and that the Defendant has no legal duty to support the Plaintiff or minor children. Therefore the Defendant shall have exclusive access use and possession of the premises (including household furniture and furnishings). However, the Plaintiff may enter in and on said premise with a peace officer for the sole purpose of removing the Plaintiff's personal possessions.

13 ☐ The Plaintiff is awarded custody of the minor child(ren)

14 ☐ Visitation of children
   ___ No visitation pending further hearing
   ___ Unsupervised
   ___ Supervised by _____
   ___ Days and times _____
   ___ Pick up/Drop off at _____
   Restrictions _____
   _____
   _____
   _____

15 ☐ The Defendant shall pay child support to the Plaintiff. (See Uniform Support Order (USO) attached.)

16 ☐ The Plaintiff shall have use of the following vehicle:
   Make _____, Model _____, Year _____

17 ☐ The Defendant shall have use of the following vehicle.
   Make _____ Model _____; Year _____.

18 ☐ The Defendant shall pay to the Plaintiff the amount of $_____ for losses suffered as a direct result of the abuse, and $_____ for attorney's fees.

19. ☐ The Defendant shall attend _____ a batterer's intervention program and/or _____ personal counseling, for a period of _____ months/year.
   The Defendant shall provide proof of attendance to the Court at monthly intervals.

20 ☐ Other _____
   _____
   _____

__4-8-04__
(Date)

_____
(Signature of Judge / ~~Master Recommendation~~)

_____
(Signature of Judge Approving Master's Recommendation)

__603-669-7410__
(Telephone Number of Court)

_____     PHILIP P. MANGONES
(Print/Type Name of Judge)     PRESIDING JUSTICE

THESE ORDERS ARE EFFECTIVE IMMEDIATELY AND REMAIN IN EFFECT FOR ONE YEAR. THE ORDERS MAY BE EXTENDED BY ORDER OF THE COURT UPON MOTION BY THE PLAINTIFF, SHOWING GOOD CAUSE, WITH NOTICE TO THE DEFENDANT. BOTH PARTIES SHALL ENSURE THAT THE COURT HAS A CURRENT ADDRESS DURING THE PENDENCY OF THESE ORDERS.

ANY WILLFUL VIOLATION OF THE PROTECTIVE PROVISIONS OF THESE ORDERS IS A CRIME AS WELL AS CONTEMPT OF COURT. VIOLATIONS SHALL RESULT IN ARREST AND MAY RESULT IN IMPRISONMENT.

AOC-250-248 (12/99)    COPY DISTRIBUTION  ☐ PLAINTIFF  ☐ DEFENDANT  ☐ LAW ENFORCEMENT  ☐ OTHER _____

Ex A2)

Docket # __04  0312__ TN # _____

Docket # __04-03121__

# The State of New Hampshire
## COMPLAINT

04-23535

☐ DOMESTIC VIOLENCE RELATED

☐ VIOLATION  ☒ CLASS A MISDEMEANOR  ☐ FELONY
☐ CLASS B

YOU ARE HEREBY NOTIFIED TO APPEAR BEFORE SAID COURT AT __08:15__ O'CLOCK IN THE AM/PM ON __April, 1__ YR. __2004__ UNDER PENALTY OF LAW TO ANSWER TO A COMPLAINT CHARGING YOU WITH THE FOLLOWING OFFENSE:

TO THE __Manchester District__ COURT, COUNTY OF __Hillsborough__

THE UNDERSIGNED COMPLAINS THAT: PLEASE PRINT

NAME __LT. DOMINIC__ .............................................
         First Name                                  MI

__MANCHESTER NH 03103__
         State                          Zip

IC.# ................................................

| Sex | Race | Height | Weight | Color of Hair | Color of Eyes |
|---|---|---|---|---|---|
| | | 600 | 230 | WRITE BLK | BRO |

☐ COMM. VEH.   ☐ COMM. DR. LIC.   ☐ HAZ. MAT.

AT __48 HENRIETTE ST MANCHESTER__
                    (Location)

ON THE __27__ DAY OF __March__ YR. __2004__ at __13:30__ A.M./P.M.

on/at in said county and state, did commit the offense of __Simple Assault__

contrary to RSA __631:2-A__

and the laws of New Hampshire for which the defendant should be held to answer, in that the defendant did

knowingly cause unprivileged physical contact to Loretta Leeroy when he shoved her in the chest, knocking her down and then punched her twice

against the peace and dignity of the State.

☐ SERVED IN HAND

Chief John A Jaskolka Badge# 1
.................................................
Complainant                                    Dept.

Personally appeared the above named complainant and made oath that the above complaint by him/her subscribed is, in his/her belief, true.

DATE __4/1/2004__  X __Gisell McCarthy__
                                         Justice of the Peace

AOC 103A-045 7/00           **COURT COPY**

Docket # 04 03122  TN # _____

Docket # 04-03122

# The State of New Hampshire
## COMPLAINT

☒ DOMESTIC VIOLENCE RELATED    04-23835

☐ VIOLATION    ☒ CLASS A MISDEMEANOR    ☐ FELONY
                ☐ CLASS B

YOU ARE HEREBY NOTIFIED TO APPEAR BEFORE SAID COURT AT 08:15 O'CLOCK IN THE AM/PM ON April, 1 YR. 2004 UNDER PENALTY OF LAW TO ANSWER TO A COMPLAINT CHARGING YOU WITH THE FOLLOWING OFFENSE:

TO THE Manchester District COURT, COUNTY OF Hillsborough

7-21-04
Tr 301

THE UNDERSIGNED COMPLAINS THAT: PLEASE PRINT

NAME ALI, DOMINIC
     First Name                        MI

MANCHESTER NH 03103
     State                             Zip

IC.# ..........................................

| Sex | Race | Height | Weight | WRITE OUT Color of Hair | Color of Eyes |
|-----|------|--------|--------|------------------------|---------------|
| M   | B    | 600    | 230    | BLK                    | BRO           |

☐ COMM. VEH.    ☐ COMM. DR. LIC.    ☐ HAZ. MAT.

AT 48 HENRIETTE ST MANCHESTER
         (Location)

ON THE 27 DAY OF March YR. 2004 at 13:30 A.M./P.M.

on/at in said county and state, did commit the offense of Stalking - Appear
................................. contrary to RSA 633:3-a

and the laws of New Hampshire for which the defendant should be held to answer, in that the defendant did

knoiwngly engage in a course of conduct targeted at Loretta Leeroy which he knew would place her in fear for her personal safety when he was parked in front of her home as she returned from work at 0030hrs on 03-29-04, was parked out front again at 0010hrs on 03-30-04 and war parked in front of her home for the third time on 03-31-04 at 2349 hrs

against the peace and dignity of the State.

☐ SERVED IN HAND  _signature_
Chief John A Jaskolka Badge# 1

.................................................
Complainant                            Dept.

Personally appeared the above named complainant and made oath that the above complaint by him/her subscribed is, in his/her belief, true

DATE 4/1/2004  _signature_  Justice of the Peace

JC 103A-045 7/00
          COURT COPY

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH COUNTY SUPERIOR COURT

HILLSBOROUGH, SS.                                               SEPTEMBER TERM, 2008

STATE

V.

DOMINIC ALI
08-0858 and 08-0860

AGREEMENT ON BIFURCATED FACT-FINDING AT TRIAL

The parties in the above captioned matter agree that the jury in this case will not hear evidence related to the elements of R.S.A. 173-B:9, IV (c), specifically evidence related to the alleged prior conviction for violating a restraining order contained in indictments 08-0858 and 0860. Instead, the State will present any evidence on the elements of R.S.A. 173-B:9, IV (c) to the Court during trial but outside the presence of the jury. At the end of the evidence at trial, the parties request that the Court determine whether or not the State has proven the elements of R.S.A. 173-B:9, IV (c), contained in indictments 08-0858 and 08-0860, beyond a reasonable doubt.

The parties further agree that the following language contained in indictments 08-0858 and 08-0869 should not be read to the jury: "... *after having been previously convicted in the past six years of the crime of Violation of a Protective Order in the Goffstown District Court in the year 2004, and Dominic Ali lived with Sara N. on February 4, 2008 and Sara N. was the mother of his child...*"

Respectfully submitted,

| /c/ | /c/ | /c/ | 9/15/08 |
|---|---|---|---|
| The State | Counsel for Defendant | Defendant | Date |

STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                              SUPERIOR COURT
NORTHERN DISTRICT

DOCKET NOS. #08-S-0858-0865

STATE OF NEW HAMPSHIRE

VS.

DOMINIC ALI

## STATE'S NOTICE OF INTENT TO INTRODUCE CERTIFIED RECORDS OF REGULARLY CONDUCTED ACTIVITY

NOW COMES the State of New Hampshire, in the above-entitled matter, by and through the Hillsborough County Attorney's Office, and hereby submits its Notice of Intent to Introduce the following Certified Records of Regularly Conducted Activity pursuant to New Hampshire Rule of Evidence 902(11).

1. Certified copy of criminal conviction, Violation of Protective Order, Docket No. 04-1627, Goffstown District Court, Goffstown, NH

Dated: September 19, 2008                    Respectfully submitted,

                                             _____
                                             Brett J. Harpster, #15141
                                             Assistant County Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the within has been forwarded to Aileen O'Connell and Helen Sullivan, counsel for the defendant on September 19, 2008.

                                             _____
                                             Brett J. Harpster
                                             Assistant County Attorney

Docket# 04-1627NS

## State of New Hampshire
## COMPLAINT
*Wrong Track Theory*

☒ DOMESTIC VIOLENCE RELATED

☐ VIOLATION  ☒ CLASS A MISDEMEANOR  ☐ FELONY
☐ CLASS B

A True Copy Attest:
Goffstown District Court
By _Robyn Pratt_

YOU ARE HEREBY NOTIFIED TO APPEAR BEFORE SAID COURT AT _____ O'CLOCK IN THE AM/PM ON _____ YR. _____ UNDER PENALTY OF LAW TO ANSWER TO A COMPLAINT CHARGING YOU WITH THE FOLLOWING OFFENSE TO THE Goffstown District COURT, COUNTY OF Hillsborough

THE UNDERSIGNED COMPLAINS THAT: PLEASE PRINT

NAME Ali Dominic
     First Name            MI
Manchester, NH 03103
        State              Zip
01AID84011
WRITE OUT
06 / 200 / Black / Brown
Height / Weight / Color Hair / Color Eyes

☐ COMM. VEH.   ☐ COMM. DR LIC.   ☐ HAZ. MAT.

AT New Boston
        (Location)
ON THE 29 DAY OF August YR 04 at 3:50 PM

on/at in said county and state, did commit the offense of Violation of Protective Order contrary to RSA 173-B:9

and the laws of New Hampshire for which the defendant should be held to answer, in that the defendant did Knowingly violate a "Domestic Violence Final Order" issued pursuant to RSA 173-B case/docket # 04-M-440 on 4/08/04 by the Superior Court- Hillsborough County by attempting to have contact with the defendant, Loretta Leeroy by telephone through a third party, Randy Boggess

( Enhanced penalty under RSA 597:14-b)

against the peace and dignity of the State.

☐ SERVED IN HAND

_____   New Boston Police
Complainant                  Dept

Personally appeared the above named complainant and made oath that the above complaint by him/her subscribed is, in his/her belief, true
DATE 7/19/04                _____
                            Justice of the Peace
AOC-103 045 REV 7/00        COURT COPY

# The State of New Hampshire

Hillsborough COUNTY          Goffstown District COURT

04-CR-138 / 1627   NO

## ACKNOWLEDGMENT AND WAIVER OF RIGHTS
## CLASS A MISDEMEANORS

The statements made below shall apply to each and every complaint, if there be more than one, to which I intend to plead guilty or nolo

September 28, 2004

I, Dominic Ali of Manchester have been charged in the Goffstown District Court with the following offense(s): Violation of protective order

I understand that the complaint is one accusing me of a Class A Misdemeanor(s), and that I have the right to be represented by a lawyer of my own choosing and at my own expense, and that if I am unable to afford a layer one will appoint one for me subject o an order of reimbursement based on my ability to pay

☑ I am represented by Ryan Norwood, a lawyer admitted to practice in New Hampshire. I am satisfied with my lawyer and all explanations have been clear

☐ I do not want a lawyer I understand and know what I am doing I hereby waive my right to a lawyer.

I understand that I do not have to plead GUILTY or NOLO and that even after signing this form I still do not have to plead GUILTY or NOLO.

I understand that by pleading GUILTY or NOLO to the charge(s) that I am giving up the following constitutional rights as to the charges:

---

**MY RIGHT** to a speedy and public trial.
**MY RIGHT** to see, hear, and question all witnesses This gives me the opportunity and right to face the witnesses against me and question them myself or through my attorney. **MY RIGHT** to present evidence and call witnesses in my favor and to testify on my own behalf
**MY RIGHT** to remain silent and not testify at a trial
**MY RIGHT** to have the judge *ORDER* into court all evidence and witnesses in my favor.
**MY RIGHT** not to be convicted unless the State proves that I am guilty beyond a reasonable doubt with respect to all elements of the charge(s), which have been explained to me
**MY RIGHT** to keep out evidence, including confessions, illegally obtained
**MY RIGHT** to a trial before a jury and my right to appeal issues of law to the Supreme Court
**I GIVE UP ALL THE ABOVE RIGHTS OF MY OWN FREE WILL**

---

I understand that by pleading **GUILTY** or **NOLO** I am admitting to or not contesting the truth of the charge(s) against me in the complaint(s) and that on the judge's acceptance of my **GUILTY** or **NOLO** plea, a conviction(s) will be entered against me

No force has been used upon me, nor have any threats been made to me by any member of the Prosecutor's Office or anyone else to have me enter this plea of GUILTY or NOLO

No promises have been made to me by any member of the Prosecutor's Office or anyone else in an effort to have me enter this plea of GUILTY or NOLO to the charge, except as follows

Time Served - 29 days

A True Copy Attest: Goffstown District Court
Robin J Howell

AOC-100-215 (10/02)

However, I understand that the judge is not bound by the prosecutor's recommendation as to sentence, and that I may withdraw my plea if the judge exceeds the limits of a negotiated plea.

I understand as a consequence of my plea of GUILTY or NOLO that the judge may impose any sentence deemed appropriate in the judge's sole discretion, subject to a maximum penalty of one year in jail and a $2,000 fine for each offense.

I understand that if I am convicted of stalking under RSA 633:3-a and have one or more prior stalking convictions in this state or another state when the second or subsequent offense occurs within seven years following the date of the first or prior offense, I shall be guilty of a class B felony.

I understand that if the complaint is one accusing me of a second offense of operating under the influence within ten years of a first conviction, I SHALL be guilty of a CLASS A MISDEMEANOR, shall be sentenced to confinement for a period of not less than ten consecutive days, three days to be served in the house of correction and seven days to be served at the Intervention Detention Center at my own expense, to be served within 21 days of sentencing. I understand that if I fail to complete the program, I shall be in contempt of court and shall serve a minimum of 30 days in the house of corrections. I may also be sentenced to imprisonment for up to a maximum period of one year, shall lose my license and/or right to operate for a minimum period of three years, shall be fined not less than $500 and not more than $2,000, and I may not have my license and or right to operate restored until I furnish proof of financial responsibility to the New Hampshire Department of Motor Vehicles. If I am convicted of a subsequent driving under the influence charge after completing the program at the Intervention Detention Center, I shall be sentenced to no less than 30 consecutive days at the house of correction and must complete a 28-day treatment program at my own expense before my driving privileges are restored.

Should the complaint be one of aggravated driving while intoxicated, I shall be guilty of a CLASS A MISDEMEANOR, shall be fined not less that $500 and not more than $2,000, shall lose my license to operate for a period of not less than one year and not more than two years.

I understand that if I am convicted of driving after revocation or suspension of my license for operating under the influence first or subsequent offense or for aggravated driving while intoxicated, I shall be guilty of a CLASS A MISDEMEANOR, shall be sentenced to imprisonment for a period of not less than seven days and may be sentenced to imprisonment for up to a maximum period of one year, shall be fined not more than $2,000, and shall have my license and/or right to operate revoked for an additional year.

Should the complaint be one involving an offense against the motor vehicle laws, and if I should have a record of as few as two other motor vehicle convictions, I understand that the State may seek to have me declared a HABITUAL OFFENDER; and as a consequence of being declared an habitual offender, I would lose my license to operate for one to four years. I realize that if I am found to be a habitual offender, it is my responsibility, at the end of the revocation period, to petition the Director, Division of Motor Vehicles, to restore my privilege to drive a motor vehicle. I understand that if I were to operate during that revocation period, or any time before my privilege to drive a motor vehicle is restored, then I would be subjecting myself to a mandatory prison term of not less than one year, and not more than five years.

Should the complaint be one of a Class A Misdemeanor theft of property not exceeding $500, following two convictions upon such a charge, a third offense is chargeable as a FELONY.

I understand that if I am convicted of DWI four times in ten years, that the fourth conviction will be a FELONY and that I could be sentenced to imprisonment for up to seven years and a fine of up to $4,000. I will also lose my license or right to operate for a minimum of seven years.

I understand the nature of the charge(s) against me and the maximum punishment that may be imposed. I am not under the influence of alcohol or drugs.

I understand the entire contents of the Acknowledgment of Rights, and I freely and voluntarily sign this form below. I also understand that I may have a copy of this form upon request.

_____     _____
Date                        Defendant

                            _____
                            Highest Educational Grade Completed

As counsel for the defendant, I have thoroughly explained to the defendant all the above, including the nature of the charge(s), the elements of the offense(s) which the State must prove beyond a reasonable doubt and the minimum and maximum penalties. I believe the defendant fully understands the meaning of the Acknowledgment of Rights, is not under the influence of drugs or alcohol, and knowingly waives all rights as set forth in this form.

9/28/04                     _____
Date                        Counselor for the Defendant

I hereby certify that I have examined the Defendant concerning the plea entered in this case. Based upon that examination I find that the Defendant understands the nature of the charge(s), the minimum and maximum penalties which may be imposed therefore, and the elements of the offense(s); and I find that the Defendant is not under the influence of drugs or alcohol, and that the waiver of each rule set forth on this form is made intelligently, knowingly and voluntarily. I further find there is a factual basis for the Defendant's plea.

_____     _____
Date                        Presiding Justice

AOC-100-245 (10/02)

## CERTIFICATION

I, _____, of the Goffstown District Court, do hereby certify that the following certified copy of the criminal complaint, conviction, appearance of counsel and acknowledgment/waiver of rights form relative to the matter listed below:

> *State v. Dominic Ali*
> CONVICTION:  Violation of Protective Order
> DOCKET #: 04-1627

1. The certified copies attached hereto ~~were~~ are of documents made at or near the time of the occurrence of the matters set forth by a person with knowledge of those matters,
2. Was kept in the course of the regularly conducted activity; and
3. Was made by the regularly conducted activity as a regular practice.

Signed upon the pains and penalties of perjury this 9th day of September, 2008

Robin Pirelle
Authorized representative