*Exibit A 1*

THE STATE OF NEW HAMPSHIRE

SUPERIOR COURT

DISTRICT COURT
DISTRICT OF N.H.
FILED

2013 MAY 10  A 11: 13

HILLSBOROUGH, SS.                                          DECEMBER TERM, 2008

STATE OF NEW HAMPSHIRE

v.

DOMINIC ALI
08-S-858-865

## MOTION TO WITHDRAW AND APPOINT NEW COUNSEL

NOW COMES the defendant, Dominic Ali, by and through counsel, Helen V. Sullivan, Esq., and Aileen O'Connell, Esq., and respectfully requests this Honorable Court to allow the New Hampshire Public Defender's Office to withdraw as appointed counsel in the above-captioned matter.

As grounds for this request, defense counsel states as follows:

1. The New Hampshire Public Defender's Office was appointed to represent the defendant as the Court determined said defendant to be indigent.

2. Counsel has become aware of a conflict of interest which exists within the office of the New Hampshire Public Defender. Therefore, pursuant to the New Hampshire Rules of Professional Conduct, Rules 1.7 and 1.10, the New Hampshire Public Defender's Office cannot represent Mr. Ali.

WHEREFORE, Attorney Sullivan and Attorney O'Connell of the New Hampshire Public Defender's Office respectfully request this Honorable Court to:

*This is the conflic of interest if you look up Venle "150 NH 730" 2007, I challenge that under Federal Constitution, 5th, 6th and the 14 theern Amendment - U.S. "Strickland v. Wahsington" U.S. Mrs. Clerk!*

A.  Allow the New Hampshire Public Defender's Office to withdraw as appointed counsel in the above captioned matter;

B.  Appoint new counsel to represent the defendant forthwith; and

C.  Order such other and further relief as the Court deems just and proper.

Respectfully submitted,

Helen V. Sullivan, Esq. #18359
Aileen O'Connell, Esq. #17144
New Hampshire Public Defender
20 Merrimack Street
Manchester, NH 03101
(603) 669-7888

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion has been forwarded this 5th day of December, 2008 to the Hillsborough County Attorney's Office.

Helen V. Sullivan, Esq. #18359

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH COUNTY SUPERIOR COURT

HILLSBOROUGH, SS.                                              SEPTEMBER TERM, 2008

STATE

V.

DOMINIC ALI
08-S-0858-65

MOTION IN LIMINE - EXPERT WITNESSES AND TESTIMONY

Dominic Ali respectfully requests this Honorable Court exclude any expert witness testimony presented by the State, of which the State has not provided the defense with notice, specifically any expert testimony from Dr. John Seidner, MD of the Elliott Hospital or Walter Trachim, EMT from Rockingham Regional Ambulance. The defense makes this request pursuant to Superior Court Rule 98, New Hampshire Rule of Evidence 702, RSA's 517:13 and 516:29-a, the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Part I Article 15 of the New Hampshire Constitution. As grounds for this Motion the defense states the following:

1.     Mr. Ali is charged with second degree assault, simple assault, obstructing the report of a crime and false imprisonment.

2.     That State has indicated, by filing its witness list, that it may call Dr. John Seidner from the Elliott Hospital and EMT Walter Trachim from Rockingham Regional Ambulance as witnesses at Mr. Ali's trial. Discovery indicates that Dr. Seidner may have treated the alleged victim Sara Nagy at the Elliott Hospital on the night of the alleged crimes and may have diagnosed certain injuries. Discovery also indicates that Walter Trachim may

have been one of the EMT's who transported Ms. Nagy to the hospital and that he may have made some preliminary diagnosis.

3.   The State has not provided the defense with notice that it will call any experts or rely on any expert testimony at Mr. Ali's trial.  Superior Court Rule 98 requires the State to disclose "any other reports or statements of experts, as well as a summary of each expert's qualifications" thirty days after arraignment. The defense has not received documentation from the State that would comply with this rule for any of the witnesses it has listed on its witness list.

4.   RSA 517:13, III states that in a felony case "either party may take a discovery deposition of any expert witness who may be called by the other party to testify at trial." See also State v. Martin, 142 NH 63 (1997)(holding that failure to allow depositions of expert witnesses reversible error). Because the State has not provided the defense with any notice that it intends to call expert witnesses, the defense has not sought a deposition of any experts in this case.

5.   RSA 516:29-a states that no witness shall be allowed to present expert testimony unless the Court finds: 1) the expert testimony is based upon sufficient facts or data; 2) the expert testimony is the product of reliable principles and methods; and 3) the witness has applied those principles and methods reliably to the facts of this case. The State has not notified the defense or the Court of any such proposed testimony with respect to any expert witnesses for this case.

6.   Accordingly, the defense requests that any expert testimony offered by the State, including but not limited to any diagnosis of any injuries to Ms. Nagy that would require expert training, be excluded from trial.

3

WHEREFORE, The Defendant respectfully requests that this Honorable Court:

(a)     Grant this motion and exclude any expert witness testimony presented by the State, of which the State has not provided the defense with notice;

(b)     Schedule a hearing if necessary;

(c)     Such other relief as the Court deems just.

Respectfully Submitted,

Aileen O'Connell, #17144
Helen Sullivan, # 18359
New Hampshire Public Defender
20 Merrimack Street
Manchester, NH 03101

CERTIFICATE OF SERVICE

I, Aileen O'Connell, hereby certify that a copy of the foregoing Motion has been forwarded this 4th day of September 2008 to Assistant County Attorney Brett Harpster.

Aileen O'Connell, #17144

# THE STATE OF NEW HAMPSHIRE

**Merrimack, ss. County**                                    **Superior Court**

**Dominic Ali**

V.

**Richard M. Gerry/Warden**

## DOCKET NO.2008, 0858, 0862, 0864.

## DEFENDANT'S MOTION FOR LEAVE TO REFILE

Now comes, Dominic Ali, who pro-se, respectfully request this Honorable court to grant this motion for the following reason states below;

1.   The defendant raise claim in his pro-se motion to appoint new counsel with the Supreme Court, requesting appointment of counsel other then the appellate Defender's because he received ineffective assistance of counsel during his trial Sept 25,26,2008.At the time his direct appeal was pending before the Supreme Court.

2.   On January 28, 2010, The Supreme Court order removing the defendant case from 3jx argument list staying g further proceeding and order the defendant to file a motion,this court to set aside guilty verdict.Based upon ineffective assistance of counsel.

A6

1

17 of 21

3.    The defendant filed a motion for new trial in this court on March 22, 2010, based upon ineffective assistance of counsel. See; order April 21, 2010, The Honorable court (Garfunkel J.)In that, order states that this court will appoint counsel for the defendant in this case.

4.    On May 3, 2010, Attorney Ghazi D.Al-Marayati, esq, enters his appearance as counsel for the defendant for his motion for new trial, which based upon ineffective assistance of counsel during trial. The defendant raised claim of prejudice because of trial counsel's deficient performance by allowing the jury to hear evidence form the State's expert's testimony prejudicial to the defendant case that was without deposition and could have been otherwise excluded and their failure to request an interlocutory appeal concerning the challenge to the defendant indictment that subsequently conceded be the State in the defendant appeal.

5.    On July 2, 2010, Counsel for new trial mad not even minimum effort to act as a defendant attorney, He was only interested in a fee. Counsel advised the defendant that his trial counsel done everything for his defense and grossly misinformed the defendant that his appellate counsel is good. When in fact, the defendant was motivated primarily by a strong desire not have appellate counsel, Mr. Paul C.Barchardt, esq, as the defendant counsel for appeal. Attorney Ghazi D. Al-Marayati knew that he was burdened by an actual conflict of interest by trial counsel and appellate defender's because their error's were prejudicial and deprived the defendant a fair trial and due process of law. He failed to proved

18 of 21 —

assistance of counsel and knew his actual constructive denial of the assistance of counsel is legally presumed to result in prejudice.

6. To recognize the defendant petition for writ of habeas corpus as "properly filed it must be in compliance with the applicable laws and Rules governing its filing See: **Artuz v. Bennett**, 531 U.S. 4 (2000); **Pace v. Diguglielmo**, 544 U.S. 408 (2005)(defining a "properly filed" petition).

7. Under the laws governing the petitioner's writ of habeas corpus, the Superior Court of the County in which the applicant is confined has jurisdiction, RSA 534.

8. On March 8, 2011, the defendant petition for writ of habeas corpus was file in the Hillsborough County, though the defendant place of confinement is in Marrimack,ss.County.Insted of this court forwarding his petitioner to the correct court, Judge(Garfunkel J.) erroneously ruled on the petition, despite not having legal jurisdiction over said writ.

9. Due to the error in this case, the defendant seeks leave to refile his petition in the correct jurisdiction (Court) so that his Constitutional claim is properly preserved for Federal Review.

See; **Rumsfeld v. Padilla**, 542 U.S.438.159 (L.ed.2d) S.Ct.2718 (2004) Federal Habeas corpus Statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over the petitioner. Defendant petition was file under State v. Ali.

WEHERFORE, the defendant respectflly request this Honorable Court;

3

1- Grand this motion for the following reason statesded;

2- And for such other and further relief as is Just and equitable.

Dominic Ali 81829
P.O.BOX 14
Concord, NH 03302

_Ali Dominic_          _Oct 8, 2011_

## CERTIFICATE OF SERIVCE

I, Dominic Ali ,hereby declare under penalty of perjury that the facts states in the forgoing motion for leave to refile is true and correct copy of this motion has been forwarded in the U.S. mail  postage paid envelope first class to N.H.Attoroney Genaral;Attorney Ghazi D.Al-Marayati,esq.

_Ali Dominic_                    _Becky A. Harding_  10/18/11
Dominic Ali 81829
P.O.BOX 14
Concord, NH 03302

BECKY A. HARDING, Notary Public
My Commission Expires  2/2/2016

C: fie

4                                              20 of 21