*Exibit B* [handwritten]

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Coos Superior Court
55 School St., Suite 301
Lancaster NH 03584

Telephone: (603) 788-4702
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**DOMINIC S. ALI**
**NORTHERN CORRECTIONAL FACILTIY #81829**
**138 EAST MILAN ROAD**
**BERLIN NH 03570**

Case Name:   Dominic S. Ali v Edward Reilly, Warden
Case Number: 214-2012-CV-00178

Please be advised that on December 07, 2012 Judge Bornstein made the following order relative to:

Defendant Motion to Amend his Memorandum of Law in Support of his Motion to Withdraw Nolo Contendere Plea - Granted.

*438-2004-CR-01627* [handwritten]

December 10, 2012

David P. Carlson
Clerk of Court

(463)

C: Kathleen A. Broderick, ESQ; BRETT J HARPSTER, ESQ

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

Coos County, ss

State of N.H.
v.
Dominic Ali
Doc No# 438-2004-CR-01627

<u>Defendant Motion for Permetion to Amend his memorandum of Law in Support of his motion to Withdraw Nolo Contendere plea</u>

Now Comes, Dominic Ali, Sui Juris, respectfully request this Honorable Court to grant this motion for the following reason states bellow

The defendant has a motion to withdraw a Nolo contendere plea that was not intelligently and voluntrily made. The defendant states that his Attorney did not provid true advice and professiunal opinon and failed to disclose material facts and misrepresentation of material facts and not routinely explaind the nature of the offense or plea in sufficient detail. See <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969) Also <u>State v. Sharkey</u>, 155 N.H. 638 (2009)

This motion has nothing to do with Ali's Case No. Ali v. Reilly, 214-2012-cv-00178

1 of 6

## Back Ground

A Domestics violence Final order issued pursuant to RSA 173-B:9,IV On April 8, 2004 by the Hillsborough County Superior Court that was filed under false allegation when their was insufficient allegation of facts to support the issuance of an ex-part temporary protictive order to the plaintiff. See: Fillmore at 147 NH 283

On March 24, 2004, The plaintiff filed a Petition for Domestic violence pursuant to RSA 173-B with the Hillsborough County Superior Court Doc 04-M-44 The Court having consider the plaintiff petition, the Court issued a summoned for the defendant to appear before the Court on April 8, 2004 for a hearing, for the defendant testimony. ~~Some how~~ in this case, with respect to the Court, the Hillsborough County Superior Court never summoned the defendant, because the Court do not ave record of the issued summoned for the defendant. See Exibit (A 1)

On April 1, 2004, the defendant was order to appear before the Court to answer to the complaint charging him simple Assault RSA 631:2-A, and stalking-Appear RSA 633:3-A, that acced on March 27, 2004. See: Exibit A

After he was arrested without been served with the Domestic Violence Petition at his residence 335 Cedar St. Manchester NH. 03103. The defendant plead not guilty and trial was scheduled on May 26, 2004. Both charges were dismissed by the Court. See = Exibit (A 2) Judge Norman E. Champagne.

### Parallel Citation

This is the same issues five month latter On August 29, 2004, The defendant Ex- Girl friend found out that she was five months preganate and the defendant wants nothing to do with her, she by anger and slander reported to the New Boston P.D. that the defendant violated a Domestic Violence Final order Issued by the Superior Court, And the defendant was arrested aguine on a active warrant. After a hearing, the Goffstown District Court sentence the defendant to (29) Days credit by his incompetent assistance of Counsel Mr. Rayn Norwood who was only interested in a fee, C; Davis v- Alaska, 415 U.S. 308 (1974)

Strickland v. Washington, 466 U.S. 668. (1984). The Court of appeals agrees, that the six Amendment impose on Counsel a duty to investigate because a reasonable effective assistance must be based on Professional decision, and informed legal choises care

be made only after investigation of options. The Court observed that Counsels investigatory must be assessed in the light of the information known at the time of the decision not in hindsight, and the amount of pretrial investigation that is reasonable defense measurement.

Strickland, holds were Counsel does not provid such information, Counsel has performed ineffectively, and the Court must judge the reasonableness of Counsel on the fact to the particular case. In the instance case, Attorney Rayn Norwood from the Public Defenders office failure to consider all circumstances to investigate the plaintiff's lies and false allegations were their is no a specifict finding Criminal Conduct in order for the Court to issue that restraining order against the defendant. Were he did not familiarize himself with the discovery and neither did he provid the defendant with the discovery. See: Williams v. Washington, 59 F.3d 673 (7th Cir 1995) also, Brady v. Maryland, 373 U.S. 83 (1963) Also; State v. Laurie, 139 NH 325 (1995).

Attorney Rayn Norwood for the defendant did not review all possibilities for exculpatory evidence that existed in this case and never requests them or move for them.

See: <u>State v. Laurie</u>, 139 NH 325 (1995) also <u>State v. Symond</u>, 131 NH 532 (1989).

The due process clause of the Fourteenth Amendment requires that a plea of guilty be made knowingly and voluntarily, because it involves a waiver of constitutional rights on the part of the person making the plea.

The rule requires that the Court must address a defendant in open Court to make sure that their is a clear understanding between the Court and the defendant of the following;
① The nature of the charges
② The guilty plea was free from coercion
③ The consequence of the guilty plea
④ Defendant's rights to a trial by Jury
⑤ The right to testify and call witness.
⑥ The right to cross-examing witness and the privilege against self incrimination

The Goffstown District Court have no record showing the defendant knowingly and voluntarily waives these Constitutional Rights. Counsel for the defendant thretend him to take a plea Nolo because "it meant nothing" Court records showed the defendant had, See: <u>Henderson v. Morgan</u>, 426 U.S. 637 L ed 2d (1976)

5 of 6

these allegation dismissed. This is the part of the state to combat conspiracy to unlawful goals. This prosecution misconduct seriously affect the fairness integrity or public reputation Judicial Proceedings. See: State v. MacInnels, 151 NH 732 (2007). And Counsel for the defendant failed to subject prosecution to the meaningful adversarial challenge. See: U.S. v. Jimenes, 270 F.3d 554 (CA 8cir 2001) But to misinforme the defendant about the true nature of the offense Nolo conviction. The court acceptance of the defendant plea violated his due process of Law as granted by part (1) article (15) of the State of N.H. Constitution and Federal.

## Conclusion

The defendant respectfully request this Honorable Court to vacate his conviction of Nolo Contendere plea and dismissed with ~~prejudice~~ perjury, and to correct a manifest injustice.

## Certificate of Service

I, Dominic Ali, hereby certify under penalty of perjury, that a copy of this motion was forwarded to AG Office. Nov 1, 2012