UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Dominic S. Ali

   v.                                        Civil No. 12-cv-185-JL

Edward Reilly, Warden,
Northern New Hampshire
Correctional Facility

## REPORT AND RECOMMENDATION

    Dominic Ali has filed a motion to drop the unexhausted claims in his § 2254 petition (doc. no. 20), identified as Claims 5 and 6(h) in the May 2, 2013, report and recommendation (doc. no. 17).

    The May 2, 2013, report and recommendation (doc. no. 17), which remains pending, listed nine claims with subparts, asserted by Ali in the § 2254 petition, and further identified Claims 5 and 6(h) as unexhausted. That report and recommendation recommended that the district judge dismiss Claim 1 and reinstate Claim 9, which the court had previously dismissed. In a May 2, 2013, order (doc. no. 16), this court further granted Ali leave to file either: an amended petition demonstrating exhaustion of all claims; a motion to stay the action; or a motion to drop Claims 5 and 6(h).[1]

---

[1]The May 2, 2013, Order and Report and Recommendation (doc nos. 16 and 17) fail to cite two addenda to the petition (doc.

Ali has moved to drop Claims 5 and 6(h) (doc. no. 20) in response to the court's May 2, 2013, order (doc. no. 16).  That motion should be granted, so that the petition may proceed.

The court, on this date, has directed respondent to file an answer or other response to the § 2254 petition, pursuant to Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The district judge should further direct respondent to address, in its answer or other response to the petition, Claims 2-4, 6(a-g), and 7-9, reproduced below:

   1.   . . . .

   2.   Ali's 2008 enhanced conviction and sentence for second degree assault violated his Fourteenth Amendment right to due process and his Sixth Amendment right to a fair trial, in that:

       a.   The statute used to enhance the charge, RSA § 173-B:9, IV(b), is ambiguous, and the trial court failed to follow the rule of lenity when it allowed Ali to be convicted and sentenced of second degree assault charged as a class A felony;

       b.   The 2004 conviction used to enhance the second degree assault charge was obtained through Ali's nolo contendere plea, which Ali entered neither knowingly nor voluntarily, and which resulted from ineffective assistance of trial counsel;

---

nos. 18 and 23) filed by Ali prior to that date.  Those addenda do not demonstrate exhaustion of Claims 5 and 6(h), and do not require this court to reconsider that order or the report and recommendation.

  c. Ali's 2008 sentence for second degree assault was enhanced based on facts not decided by the jury.

3. Ali's 2008 conviction violated his Sixth and Fourteenth Amendment rights to due process and a fair trial, in that, motivated by racial bias, the trial court allowed the prosecutor to divide a single count indictment into multiple counts, which overcharging resulted in jury confusion, harassment of Ali, and unfair prejudice.

4. Ali's 2008 conviction violated his Sixth and Fourteenth Amendment rights to due process and a fair trial, in that his conviction was based on the victim's false testimony, which the prosecutor knew to be false, and which the state had improperly coerced from the victim.

5. . . . .

6. Attorneys Helen Sullivan and Aileen O'Connell violated Ali's Sixth Amendment right to the effective assistance of counsel in that they:

  a. Failed to depose all witnesses including the state's experts pretrial;

  b. Failed to consult with or obtain a medical expert to rebut the state's experts;

  c. Failed to investigate the status of the state's child protective services investigation of the victim;

  d. Failed to introduce evidence regarding the victim's alcoholism, drug addiction, mental illness, and frequent failure to take prescribed medication, which, if admitted, would have led the jury to question her credibility;

  e. Failed to object to the prosecutor's introduction of the testimony of the victim, knowing that the prosecutor had called the victim as a witness despite the prosecutor's knowledge that her testimony was false and coerced by the state;

  f. Failed to object to the prosecutor's expression, during summation, of his personal opinion of Ali's guilt; and

   g.   Failed to investigate whether the 2004 conviction which provided the basis for enhancing the 2008 felony charge, had been obtained in violation of Ali's constitutional rights.

   h.   . . . .

7.   Attorney Anthony Introcaso, appointed to represent Ali at sentencing, denied Ali the effective assistance of counsel, in violation of Ali's Sixth Amendment rights, in that Attorney Introcaso:

   a.   Failed to challenge the PSI's materially incorrect statement of Ali's prior criminal record, and inaccuracies in the PSI regarding Ali's current convictions;

   b.   Failed to provide the PSI to Ali prior to the sentencing hearing;

   c.   Failed to assert as a mitigating factor during sentencing that Ali had received ineffective assistance of counsel at trial, insofar as Attorney Introcaso knew, but failed to tell the trial judge, that trial counsel never advised Ali before trial of the improbability of acquittal and the benefits of accepting a plea bargain; and

   d.   Did not review the sentencing recommendations prepared by Ali's trial counsel prior to the sentencing hearing, and did not prepare or offer the sentencing court any sentencing proposal on Ali's behalf.

8.   Ali received ineffective assistance of counsel from his appellate counsel, New Hampshire Assistant Appellate Defender Attorney Paul Borchardt, in violation of Ali's Sixth Amendment rights, in that Attorney Borchardt:

   a.   Failed to brief, in the NHSC, all issues listed in the notice of appeal, including the trial court's misapplication of RSA § 173-B:9, IV(b);

   b.   Acted under an actual conflict of interest, based on the affiliation of the New Hampshire Public Defender and New Hampshire Appellate Defender offices,

>    which precluded him from presenting meritorious claims on appeal, including the ineffective assistance of trial counsel; and
>
>    c.   Failed to brief any issues upon which the NHSC could reverse Ali's conviction and/or sentence.

9.   Attorney Ghazi Al-Marayati provided ineffective assistance of counsel in connection with Ali's motion for a new trial, in violation of Ali's Sixth Amendment right to counsel, in that Attorney Al-Marayati incorrectly informed Ali: (a) that trial counsel had done everything possible for his defense; and (b) that appellate counsel was providing good representation, and the incorrect information led Ali to withdraw the new trial motion.

## Conclusion

For the foregoing reasons, the court should grant Ali's motion to drop Claims 5 and 6(h) (doc. no. 20).  The court should further direct respondent to address Claims 2-4, 6(a-g), and 7-9, when it files an answer or other response to the petition.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district

5

court; issues not preserved by such objection are precluded on appeal).

                                              _____
                                              Landya McCafferty
                                              United States Magistrate Judge

May 20, 2013

cc: Dominic S. Ali, pro se

LBM:nmd