United State District Court
For the District of N.H.

Petitioner
Dominic S. Ali                                    6/7/2013

v.

Warden, N.H. State Prison
Defendant

Civil NO. 12-cv-185-JL

<u>Petitioner motion to amend his petition to add factual allegation in relation to the 2008 enhanced conviction and sentence.</u>

Now comes, Dominic Ali, Sui Juris, respectfully requests this Honorable Court to grant this motion for the following reason states blew;

The petitioner Dominic Ali fouds a petition for writ of habeas corpus doc. No 1) pursuant to 28 U.S.C 2254 with this Court. Claiming violation of his Federal Constitutional Rights, In part the Sixth Amendment right to a fair trial and the Fourteenth Amendment rights to due process of law. Claims two, 4 and B.

1 of 11

## BackGround

The petitioner was arrested on February 4, 2008, and was charged with Domestic violence Related crimes allege Simple Assault, one count, False imprisonment one count and obstructing to report a crime one count. All charged of these as misdemeanor offenses. After reviewing the petitioner's record the state discover a conviction of violation of a protective order contrary to RSA 173-B:9 on 09/28/04. That pursuant to RSA 173-B:9, the State upgraded the Indictment Simple Assault to Felonies. see;(Attachment A 8)

The petitioner filed a motion for pretrial and the trial court denied his motion. Then the State with full recklessness and discriminatory conduct of prejudice motivated by racial bias divide single count indictment into multiple counts, which over charging resulted in Jury confusion that is primarly purpose or effect is to appeal to the Jury's sympathies or trigger other mainsprings of human action that might cause the Jury to base its decision on something other then the established proposition in the case. If the Court summarize the evidence of the trial, there was unsufficient evidence for the jury to have found that the petitioner caused serious bodly injury. in the case-

## Denial of Constitutional Rights

The petitioner indictment was enhanced by prior conviction when the record raises some doubt as to the petitioner's competency to enter a plea that is coerced guilty plea. See; <u>U.S. v. Day</u> 949 F.2d 972 (8th cir 1991). When also the state did not prove by a preponderance of evidence the sentence enhancement it assert in the indictment. By denying the petitioner pre-trial motion to dismiss indictment, the Court however knew the petitioner was not informed of critical element of the offense to which he was convicted in 2004, and had information that the petitioner possessed minimal formal education and little familiarity with the American legal system in 2004. See; <u>Valencia v. U.S.</u> 923 F.2d 917 (1st 1991). and also; <u>U.S. v. Coro</u>, 997 F.2d 657 (4th cir 1993) See; attachement (A 8)

The Supreme Court has "Repeatedly and consistently recognized that the criminal trial of an incompetent petitioner violates due process" Citations omitted.

The constitution forbids the trial of a petitioner who is unfit to assist in his own defense. Because our adversarial system of justice depends on vigorous defense. See; <u>Eddmonds v. Peters</u>, 93 F.3d 1307 (7th cir 1996)

The issues of a petitioner competency center on whether he "has sufficient present ability to consult with his attorney with reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceeding. against him."

In the instance case, The Honorable Court Carol Ann Conboy taking part on the petitioners appeal Doc # 2009-0140 decisioded on Dec 13, 2010, and motion requesting premission to file his own brief in support of his Counsel's argument that listed no reversable errors of the LsA 173-B:9, and her denial of the petitioner constitutional Rights to effective assistance on Octo 6, 2010, that her conduct raises reasonable doubts of the Judge's impartiality growing out of Judicial proceedings.

Justice Conboy decision in failure to consider the petitioners claims prejudice the petitioners case resulting in an unreliable or fundamentally unfair outcome of the proceeding and substantial miscarriage of Justice, when she rendered a decision that was prejudice in light of prevailing law, by the reviewing authority, and playing the devils advocate. with all respect.

## Judicial impartiality

A Domestic violence final order issued persuant to RSA 173-B=9, by the Superior Court that was filed under false allegation, when their was insufficient allegation of facts to support the issuance of an Ex-part temporary (DVP) by law to the plaintiff's, See; Fillmore at "147 NH 283".

The Honorable Court then was Justice Conboy who having considering the plaintiff's petitioner and issued a summoned for the petitioner who was arrested on April 1st, 2004, and served with the protective order at the sametime at his residence, See; attachement (A 6) for (20 Days) in county Jail. the Honorable Court Conboy issued a hearing on 4/8/04, for the petitioners testimony in regard of the (DVP) and without Counsel to represent the petitioner she did not allowe the petitioner to appear befor the Court for his testimony for the purpose of attacking the character for truthfulness of the plaintiff's. please be advised, that their is no Court record that showed the plaintiff's appeared befor the Court. See; petitioners motion filed with the Superior Court under Doc# 04-M-440, on April 19th, 2013.

5 of 11  The petitioner has proof of dishonesty and false statement made by the plaintff's on the (DVP)

## Stare Decisis

That on May 26, 2004, the Honorable Norman E. Champagne dismissed the plaintiff case as well the (D.V. petition) by Law. See; Ali v. Sarwan 08-DV-053. and attachement (A 3, 4 doble) and (A 9)

The petitioner was arrested again on an active warrant for violation of protective order that the court dismissed, issued pursuant to RSA 173-B:9 Doc # 04-M-440 on 4/8/04, See; attachement ( ) which has played a part in the petitioner 2008, inditement. The petitioner plead not guilty a hearing was set on 9/28/04, by his incompetent attorney from the Public Defender's Office, who did not look for significant errors of Law that seem weighty enough to convince the trial court to dismiss the case. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). A fair trial is one in which "evidence subject to adversarial testing is presented to an impartial tribunal for resolution of lissues defined in advance of the proceeding." Criminal defendant required counsel's skill and knowledge in order to be able to successfully rebuff the States attempt to imprison or execute them. The legal profession is capable of maintaining standards that justify the laws presumption that counsel ordinarily serves his function in the adversary system.

This incuides such basic duties as assisting the defendant and showing him undivided loyalty by representing him unburdened by any conflic of interest. Counsel should advocate the defendant's case, consult with him on the important decision and keep him informed of important development in the course of the prosecution. But these basic duties do not serve as a "checklist" for Counsel, for "no particular set of detailed rules for Counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense Counsel or the range of legitimate decision regarding how best to represent a criminal defendant". Counsel must have "wide latitude" to make resonable tactical decisions, see; <u>Nell v. James</u>, 811 F.2d 100 (CA2)

The petitioner states that his Counsel did not provid true advice and proffessional opinon and not routinely exploine the nature of the offense or plea in sufficient detail, see; <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969), attorney Rayan Norwood showed up in Court for the hearing of the petitioner as part of his "checklist" of every case and only interested in a fee, and allowing the States tactical entrapment of the petitioner as well his trial Counsel from the same Office as this attorney-

See; <u>Childress v. Johnson, 103 F.3d 1221 (CA5 1997)</u>
Counsel advise on the 2004 proceeding is that "you will go home if you plea Nolo," the petitioner ask what is Nolo, Counsel advised "Nolo meant nothing, you don't know what happend."

On Nov 12, 2010, The petitioner filed a motion to withdraw his Nolo Plea that was not intelligently and voluntrily made. On Dec 17, 2010, the Goffstown District court reviwed the petitioners motion and appointed Counsel who was incompetent him self. On Feb 15, 2011, the Court heard testimony regarding the motion based upon ineffective assistance of Counsel who did not testify, the Court denied the petitioners motion, based upon petitioner lacks of Credibility. On Sept 13, 2012, the petitioner filed a petition for writ of habeas corpus with the N.H. Superior Court coos county and the petitioner their decision to the N.H.S.C. See; doc. No. 2013-0155 Ali v. Warden.

## Judicial Bias

Their is more then credibility from the petitioner statement that this is nothing but states factual of entrapment and the Honorable court Carol Ann Conboy conduct that raises reasonable doubts of the Judge's impartiality growing out of Judicial Proceeding. See; <u>Franklin v. McCaughtry, 398 F.3d 955 (7th CA 05)</u>

That on April 8, 2013, the petitioner filed a motion For Recusal of Justice Carol Ann Conboy from his case, see; attachment (A 7) with the "N.H.s.c" for the reason she prejudice cases, Docs# 04-M-440, s.c., petitioners Mandatory appeal, Doc# 2009-0140, motion filed with "NH.s.c" on 9/28/10, petition for original jurisdiction Doc # 2011-0873, 1/25/12, motion to appoint new counsel 7/23/2010 with "NHsc". Some of these doc is filed with this court, underlined.

The petitioner characterizes the Court decision that the petitioner posed a credible threat to the plaintiff safety as based largely and relying heavily on the false allegation of the prior incedent on 3/29/04 in which Justice Conboy made her decision of the (DVP) that took the petitioner four years to know that he was or had (DVP) against him and he was convicted on 9/28/04 by the Goffstown District Court for violation of the (DVP) order.

The victim fabricated stories and is known by her family to be a liar and untrustworthy that she doesn't know very many moral boundaries and unfortunate that she's willing to do whatever to have the petitioner arrested whenever she like, by simple call to the cops.

knowing that the District Attorney is more then likely to act on these false statement and act of dishonesty to arrest the petitioner that as a black men he's more then likely to comitts the crime, and always discriminatry conduct have been taken with fulreckleness disregard by over charging, and tactical entrapment by the D.A.

The petitioner is currently incarcerate for felonies of six years to ten as resoult of Justice Conboy decision that was prejudice not giving the petition a chance to defend him self when she granted the (DvP) and dening the petitioner's motions on appeal of 2009-0140 "N.H.S.C." in the light of prevailing law by the reviewing authority.

## Conclusion

The petitioner Dominic Ali, respectfully moves this Honorable Court to grant this motion and vacate this conviction and sentence chance RSA 173-B;9, with prejudice and order release of the petitioner from New Hampshire State prison Warden, Ex maleficio.

## Certificate of Service

I, Dominic Ali, hereby declare under penalty of perjury that the facts stated in the forgoing are true and correct copy of this motion is forwarded in the U.S. mail first class postage address to the N.H.S.C. and the A.G. office.

6/7/13

*[signature]*

Dominic Ali 81829
138 East Milan Road
Berlin, NH 03570

C: file

June 7, 2013

*[signature: Angela Poulin]*

[Seal: Angela Poulin, State of New Hampshire, Justice of the Peace, My Commission Expires August 10, 2018]