UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Dominic Ali, Petitioner

v.

Warden, Northern New Hampshire
    Correctional Facility,
    Respondent

Docket No.: 1:12-cv-00185-JL

**RESPONDENT'S ANSWER TO THE PETITION
FOR A WRIT OF HABEAS CORPUS**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent provides the following answer to the petition for a writ of habeas corpus.

1. On May 20, 2013, this Court served the respondent with its Report and Recommendations, instructing the respondent to file "an answer or to other response" within 30 days of service. Doc. 24: 5; Doc. 25: 2[1]

2. At that time, this Court recognized the following claims as being raised by the petitioner:

    1. . . . .

    2. Ali's 2008 enhanced conviction and sentence for second degree assault violated his Fourteenth Amendment right to due process and his Sixth Amendment right to a fair trial, in that:

    a. The statute used to enhance the charge, RSA § 173-B:9, IV(b), is ambiguous, and the trial court failed to follow the rule of lenity when it allowed Ali to be convicted and sentenced of second degree assault charged as a class A felony;

    b. The 2004 conviction used to enhance the second degree assault charge was obtained through Ali's nolo contendere plea, which Ali entered neither

---

[1] "Doc.:_" refers to this Court's document and page number. "Tr.:_" refers to the trial transcript and page number. "S.Tr.:_" refers to the sentencing transcript and page number.

knowingly nor voluntarily, and which resulted from ineffective assistance of trial counsel;

c. Ali's 2008 sentence for second degree assault was enhanced based on facts not decided by the jury.

3. Ali's 2008 conviction violated his Sixth and Fourteenth Amendment rights to due process and a fair trial, in that, motivated by racial bias, the trial court allowed the prosecutor to divide a single count indictment into multiple counts, which overcharging resulted in jury confusion, harassment of Ali, and unfair prejudice.

4. Ali's 2008 conviction violated his Sixth and Fourteenth Amendment rights to due process and a fair trial, in that his conviction was based on the victim's false testimony, which the prosecutor knew to be false, and which the state had improperly coerced from the victim.

5. . . . .

6. Attorneys Helen Sullivan and Aileen O'Connell violated Ali's Sixth Amendment right to the effective assistance of counsel in that they:

a. Failed to depose all witnesses including the state's experts pretrial;

b. Failed to consult with or obtain a medical expert to rebut the state's experts;

c. Failed to investigate the status of the state's child protective services investigation of the victim;

d. Failed to introduce evidence regarding the victim's alcoholism, drug addiction, mental illness, and frequent failure to take prescribed medication, which, if admitted, would have led the jury to question her credibility;

e. Failed to object to the prosecutor's introduction of the testimony of the victim, knowing that the prosecutor had called the victim as a witness despite the prosecutor's knowledge that her testimony was false and coerced by the state;

f. Failed to object to the prosecutor's expression, during summation, of his personal opinion of Ali's guilt; and

g. Failed to investigate whether the 2004 conviction which provided the basis for enhancing the 2008 felony charge, had been obtained in violation of Ali's constitutional rights.

h. . . . .

    7. Attorney Anthony Introcaso, appointed to represent Ali at sentencing, denied Ali the effective assistance of counsel, in violation of Ali's Sixth Amendment rights, in that Attorney Introcaso:

    a. Failed to challenge the PSI's materially incorrect statement of Ali's prior criminal record, and inaccuracies in the PSI regarding Ali's current convictions;

    b. Failed to provide the PSI to Ali prior to the sentencing hearing;

    c. Failed to assert as a mitigating factor during sentencing that Ali had received ineffective assistance of counsel at trial, insofar as Attorney Introcaso knew, but failed to tell the trial judge, that trial counsel never advised Ali before trial of the improbability of acquittal and the benefits of accepting a plea bargain; and

    d. Did not review the sentencing recommendations prepared by Ali's trial counsel prior to the sentencing hearing, and did not prepare or offer the sentencing court any sentencing proposal on Ali's behalf.

    8. Ali received ineffective assistance of counsel from his appellate counsel, New Hampshire Assistant Appellate Defender Attorney Paul Borchardt, in violation of Ali's Sixth Amendment rights, in that Attorney Borchardt:

    a. Failed to brief, in the NHSC, all issues listed in the notice of appeal, including the trial court's misapplication of RSA § 173-B:9, IV(b);

    b. Acted under an actual conflict of interest, based on the affiliation of the New Hampshire Public Defender and New Hampshire Appellate Defender offices, which precluded him from presenting meritorious claims on appeal, including the ineffective assistance of trial counsel; and

    c. Failed to brief any issues upon which the NHSC could reverse Ali's conviction and/or sentence.

    9. Attorney Ghazi Al-Marayati provided ineffective assistance of counsel in connection with Ali's motion for a new trial, in violation of Ali's Sixth Amendment right to counsel, in that Attorney Al-Marayati incorrectly informed Ali: (a) that trial counsel had done everything possible for his defense; and (b) that appellate counsel was providing good representation, and the incorrect information led Ali to withdraw the new trial motion.

Doc. 24: 2-5 (ellipses in original).

2.    In response to paragraphs 1 through 6, the petitioner was charged with two counts of second degree assault, *see* RSA 631:2 (2007), two counts of simple assault, *see* RSA 631:2-a (2007), two counts of false imprisonment, *see* RSA 633:3 (2007), and two counts of obstructing a report of crime or injury, *see* RSA 642:10 (2007). Tr.: 4-9.[2] The defendant was tried by a jury in the Northern District of the Hillsborough County Superior Court (*Abramson*, J.) on September 25 through 26, 2008. At the close of evidence, the court dismissed three of the eight counts. Tr.: 144-45. The jury acquitted the defendant on one count of simple assault. Tr.: 190. It convicted him on both counts of second degree assault, one count of false imprisonment, and one count of obstructing a report of crime or injury. T2 189-91. The court (*Barry*, J.) sentenced him to two concurrent sentences of twelve months in the House of Corrections on the misdemeanor convictions, followed by a term of five to ten years in the state prison on one second degree assault count, with a concurrent sentence of three and a half to seven years on the other second degree assault count. Exh. A.

4.    In response to paragraph 7, the petitioner did not testify at trial.

5.    In response to paragraphs 8 and 9, the petitioner filed a direct appeal from his conviction. In his appeal he raised the following claims:

    I.    Whether the trial court correctly admitted testimony by a doctor and an emergency medical technician regarding the victim's injuries, after finding

---

[2] References to the record areas follows: "NOA" is the notice of appeal; "DB" is the defendant's brief; "DBA" is the appendix to the defendant's brief;  "T1" and "T2" are the two volumes of trial transcript.

     that the defendant had been fully notified of the substance of that testimony and suffered no prejudice from its admission.

II. Whether the trial court properly excluded as irrelevant evidence that DCYF had opened a case on the victim after the defendant called the police when the victim left her apartment following his assault on her, leaving three of her children there with a friend.

III. Whether the court correctly found no double jeopardy violation when the jury convicted the defendant on one count of second degree assault for recklessly causing serious bodily injury by picking the victim up, throwing her to the floor, and breaking her collarbone, and on another count for recklessly causing bodily injury under circumstances manifesting an extreme indifference to the value of human life by picking her up, throwing her to the floor and kicking her repeatedly, thus causing both the broken collarbone and bruises.

Exh. C: 1. On December 13, 2010, the New Hampshire Supreme Court affirmed the petitioner's convictions, but remanded the case for resentencing.

  6. In response to paragraph 10 and 11, the respondent is in the process of gathering the documents related to the petition for a writ of habeas corpus filed in the Merrimack County Superior Court. The respondent will file these documents with this Court and will address the accuracy of the petitioner's representations at that time. At this juncture, because the respondent does not have access to the relevant documents, the respondent denies the allegations.

  7. In response to paragraph 12, until the respondent has the documents associated with the petition, the respondent denies the allegation.

  8. In response to paragraph 13, it appears that the petitioner may have appealed the decision to the New Hampshire Supreme Court, but he has filed several appeals. Without the underlying documents, the respondent cannot match the petition to

the appeal.  The respondent denies the allegation until the respondent can give an informed response.

8. In response to paragraphs 14 and 15, the respondent is aware of no other petitions filed by the petitioner in federal or state court challenging the conviction or judgment in this case.

9. In response to paragraph 16, the record reflects the lawyers who have represented the petitioner.

10. In response to paragraph 17, the respondent is aware of no other sentence to be completed by this petitioner.

11. In response to paragraph 18, it appears that the petition may not be timely. If, in the course of preparing the motion for summary judgment, it appears otherwise, the respondent will raise that defense at that time.

12. The respondent has identified the following transcripts, which will be filed conventionally with this Court: 8/27/2008; 9/25/08; and 9/26/08.

13. The respondent will also conventionally file the following documents with this Court from the petitioner's direct appeal: the Notice of Appeal; the petitioner's brief and appendix; the State's brief; the New Hampshire Supreme Court decision on the direct appeal.  As soon as the respondent has access to the petition and related documents that were filed in the Merrimack County Superior Court, the respondent will identify the documents relevant to this case and file them conventionally or as attachments to the respondent's motion for summary judgment.

14. The petitioner has also filed a memorandum of law, as well as several amendments to his petition.  The respondent rejects the allegations contained in the

memorandum of law and does not adopt his legal analysis.  Moreover, to the extent that the amendments make additional factual allegations, the respondent does not adopt those representations.

15.     By way of further answer, respondent states that the petitioner was properly convicted and sentenced in the Northern District of the Hillsborough County Superior Court.  The respondent further answers that the petitioner is not entitled to the relief he seeks in his petition because he cannot demonstrate that the decisions of the state court denying his requested relief resulted in any decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or that the state court's decisions were based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  *See* 28 U.S.C. § 2254 (d).

16. The respondent believes that an evidentiary hearing is unnecessary because the petition can be appropriately resolved on the current record (upon the filing of the transcripts). The respondent will file a motion for summary judgment within sixty days of the date of filing this answer.

                                         Respectfully Submitted,

                                         Warden, Northern New Hampshire
                                         Correctional Facility, Respondent.

                                         By his attorneys,

                                         Joseph A. Foster
                                         Attorney General

                                         */s/ Elizabeth C. Woodcock*
                                         Elizabeth C. Woodcock
                                         Bar Number: 18837
                                         Assistant Attorney General
                                         Criminal Justice Bureau
                                         33 Capitol Street
                                         Concord, NH 03301-6397
                                         Phone: (603) 271-3671
June 19, 2013                          Elizabeth.Woodcock@doj.nh.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served the petitioner, who is pro se, at the following address:

Dominic S. Ali, #81829, Northern New Hampshire Correctional Facility, 138 East Milan Road, Berlin, NH 03570

                                         */s/ Elizabeth C. Woodcock*
                                         Elizabeth C. Woodcock