```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Dominic S. Ali

   v.                                     Civil No. 12-cv-185-JL

Edward Reilly, Warden, Northern
New Hampshire Correctional Facility


**O R D E R**

Before the court is Dominic Ali's Motion to Amend (doc. no. 27) his § 2254 petition, which challenges the validity of Ali's 2008 state court conviction and sentence for second degree assault. The motion seeks to add new allegations and legal arguments relating to existing claims in the petition (Claims 2(a) and 2(b)), and also adds two new grounds for federal habeas relief. Respondent did not file an objection.

Discussion

I.   Amendment as of Right

A petition for federal habeas relief may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that a party may amend its pleading once as a matter of course within 21 days after serving it. The court finds that Ali filed his motion to amend less than twenty-one days after this court directed service of

the § 2254 petition.  See Fed. R. Civ. P. 6(d); see also Morales-Rivera v. United States, 184 F.3d 109, 110-11 (1st Cir. 1999).  Accordingly, Ali's motion to amend is granted.

II.  Preliminary Review of Amendment to Petition

Pursuant to Rule 4 of the Rules Governing Section 2254 Petitions in the United States District Courts ("§ 2254 Rules"), this court subjects the petition, as amended, to a preliminary review.  The § 2254 Rule 4 preliminary review addresses, among other things, whether the petitioner has demonstrated that he has exhausted his state court remedies as to each claim asserted in the amended petition.[1]

    A.  Amendments as to Existing Claims

In the Motion to Amend (doc. no. 27), Ali asserts supplemental facts and legal conclusions to clarify Claims 2(a) and 2(c), as identified in the May 20, 2013, report and recommendation (doc. no. 24).  Ali has previously demonstrated that he exhausted his state court remedies as to those claims.  Nothing asserted in the motion alters Claims 2(a) and 2(c) in a manner requiring this court to reconsider its prior findings that those claims are facially valid and exhausted.  The court

---

[1]The legal standards applied in this preliminary review are set forth in this court's May 2, 2013, report and recommendation (doc. no. 17).

notes that respondent has already responded to the amendments to Claims 2(a) and 2(c).  See Ans. (doc. no. 28) at 6-7

    B.    <u>New Claims Asserted in Motion to Amend</u>

The motion to amend (doc. no. 27) further seeks to add two new claims to Ali's § 2254 petition.[2]  Those claims are identified below as Claims 10 and 11[3]:

> 10.  Ali's 2008 conviction violated his Fourteenth Amendment right to due process, because they were enhanced by Ali's 2004 conviction that was the product of a nolo contendere plea tendered when Ali was not "competent" to stand trial.
>
> 11.  Ali's 2008 conviction violated his Fourteenth Amendment right to due process, in that New Hampshire Supreme Court ("NHSC") Justice Carol Ann Conboy, who was a member of the NHSC panel that affirmed the conviction, was biased: (i) because in March 2004, she issued a temporary protective order and presided over a hearing in a proceeding related to Ali's 2004 conviction for violating a protective order, which was used to enhance Ali's 2008 conviction and sentence; and (ii) as evidenced by her denial of Ali's motion to file a pro se brief in Ali's direct appeal of his 2008 conviction, in a manner contrary to "prevailing law."

Claims 10 and 11 are new claims that differ substantially from the claims previously asserted by Ali in this action.

---

[2] Ali has further asserted in the motion (doc. no. 27) that the state engaged in "tactical entrapment" in violation of his Fourteenth Amendment right to due process.  Ali has failed to allege sufficient facts, however, either to give rise to any cognizable claim of entrapment in this case or to show that he has exhausted his state court remedies as to any such claim.

[3] Claims 2-4 and 6-9 have been served in this action.  The court identifies the new claims as Claims 10 and 11, following the numbering of claims in the May 20, 2013, report and recommendation (doc. no. 24).

Ali has failed to show that he has exhausted his state court remedies as to either Claim 10 or 11, above, in connection with any state court proceeding challenging his 2008 conviction and sentence. It is not sufficient, for the purposes of the instant § 2254 petition, that Ali raised analogous claims in a state court petition challenging his 2004 conviction, which is currently on appeal in the NHSC. See Ali v. Warden, No. 2013-0155 (N.H. filed Mar. 6, 2013). Therefore, as amended by the addition of Claims 10 and 11, Ali's § 2254 petition has become a "mixed petition" that is subject to dismissal because it includes both exhausted and unexhausted claims. Pliler v. Ford, 542 U.S. 225, 233 (2004).

To avoid dismissal of the entire petition, Ali may file, in this court, documents from the state court record, which demonstrate that he has exhausted both Claims 10 and 11 in state court proceedings challenging his 2008 conviction and sentence. If Ali did not raise both claims previously in any relevant proceedings in the state courts, he may move this court to stay this § 2254 petition to allow him an opportunity to return to the state courts to do so. Once Ali obtains a final decision from the NHSC in such proceedings, he may return to this court to litigate the fully exhausted § 2254 petition, including Claims 10 and 11.

Alternatively, to avoid dismissal of his currently "mixed" petition and to obtain prompt federal review of the already exhausted claims (i.e., Claims 2-4, 6(a)-(g), and 7-9 (as identified in the May 20, 2013 report and recommendation (doc. no. 24)), Ali may seek leave to file an amended § 2254 petition that omits Claims 10 and 11.  Ali should be aware, however, that in choosing to forego those unexhausted claims, he risks losing the chance to obtain federal court review of Claims 10 and 11 in the future, due to the prohibition against second or successive habeas petitions in 28 U.S.C. § 2244(b).

## Conclusion

For the foregoing reasons, the court issues the following order on the motion to amend (doc. no. 27):

1.   The motion to amend (doc. no. 27) is granted.

2.   The § 2254 petition, as amended by the motion (doc. no. 27), includes two new claims, identified herein as Claims 10 and 11, as to which Ali has not demonstrated exhaustion of state court remedies.

3.   Within fourteen days of the date of this order, Ali shall either:

   (a)   file documents in this court, which come from the NHSC record in his direct appeal of his 2008 conviction, or from his appeal to the NHSC in any post-conviction petition he filed to challenge his 2008 conviction, to show that he has already exhausted his state court remedies as to Claims 10 and 11;

   (b)   file a motion to stay the § 2254 petition in this court, so that he may return to the state courts to exhaust Claims 10 and 11, showing good cause for his

   failure to exhaust those claims in any previous state court proceeding challenging his 2008 conviction; or

   (c) file a motion to amend the § 2254 petition in this court, seeking leave to omit Claims 10 and 11 from the § 2254 petition, specifically acknowledging that in doing so, Ali risks losing the chance to obtain federal habeas relief based on Claims 10 and 11 in the future.

4. Respondent is not required to file an answer or other response to any allegations or claims in the amended petition until such time as this court directs.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

July 3, 2013

cc: Dominic S. Ali, pro se

LBM:nmd