U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2013 JUL 18 P 1:19

United States District Court
For the District of N.H.

Petitioner: Dominic S. Ali

v.                    7/18/2013

Defendant: Edward Reilly, Warden

Civil No. 12-cv-185-JL

Petitioner's motion to dismiss indictment 858, and adding document to support his unconstitutional conviction in 2008 by the product of a Nolo contendere plea

NOW COMES, Dominic Ali, Sui Juris, respectfully requests this Honorable Court to grant this motion for the following reason stated below;

The petition has a petition for writ of Habeas Corpus doc No 2) filed pursuant to 28 U.S.C 2254, with this Court, claiming violation of his Constitutional Right State and Federal.

1 of 10

In part, the Six Amendment right to a fair trial and the Fourteen Amendment rights to due process of law, claim A and B.

Before this Court, is Petitioners motion to Amend (doc. NO 27) his 2254 Petition, which challenges the validity of his 2008 state court conviction and sentence for second degree assault. The motion seeks to add new allegations and legal argument relating to existing claims in the petition (claims 2(a) and 2(b), and also adding two new grounds for Federal habeas relief. This Honorable Court identified those claims as 10 and 11. Claim 2-4 and 6-9 have been served in this action.

The Court identifies the new claims as claims 10 and 11, following the numbering of claims in the May 20, 2013, report and recommendation (doc. No. 24).

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that a party may amend its pleading once as a matter of course within 21 days after serving it. This Honorable Court finds that the petitioner filed his motion to amend less than twenty-one days after this Court directed service of the 2254 petition. See. Fed. R. Civ. P. 6(d); see; also Morales-Rivera v. U.S. 184 F.3d 109 (1st Cir 1999).

The petitioner's motion to amend (doc. No. 27) asserts supplemental facts and legal conclusions to clarify claims 2(a) and 2(c) as identified in the May 20, 2013, this Honorable Court report and recommendation (doc. No 24). The petitioner has previously demonstrated to this Honorable Court, that he exhausted his state court remedies as to those claims. This Court finds nothing asserted in the motion alters claims 2(a) and 2(c) in a manner requiring this court to reconsider its prior findings that those claims are facially

- valid and exhausted. This Court requested the petitioner to file document from the States court record, which demonstrate that he has exhausted both claims 10 and 11 in state court proceeding challenging his 2008 conviction and sentence.

The petitioner has obtains a final decision from the Goffstow District Court, N.H. Supreme Court, 2254 petition Coos county, Superior Court and the N.H. Supreme Court final decisions, and would file these document with this Court. See; Attachment document (1 to 70).

## Background

The petitioner was arrested on Feb. 4, 2008, and was charge with domestic violence related crime allege simple assault and false imprisonment, obstruction to report a crime. All of these charges were misdemeanors offenses. After the State reviewing the petitioners record, the State discover a conviction of a protective order contrary to RSA 173-B:9,III on 9/28/2004.

That pursuant to RSA.173-B:9, the state upgraded the indictment simple assault to Felonies.

Please be advised, On June, 2008, petitioner's attorney Behzad Mirshahem and Helen V. Sullivan filed a motion with the trial Court to dismiss indictment. The state object and the trial Court (Gillian L. Abramson) denied the motion to dismiss. Then Counsel for the petitioner filed a motion for pre-trial, the Court denied their motion also.

Then the State with full recklessness and discriminatory conduct of prejudice motivated by racial bias divide single indictment into multiple count, which result in jury confusion that is primarily purpose or effect is to appeal to the "GRAND JURORS" sympathies or trigger other mainsprings of human action that might cause the trial jury and grand jurors to base its decision on something other than the established proposition in the Case. see; attachment (A1) of the GRAND JURORS indictment.

## Violation of Constitutional Rights

The Supreme Court relied on a strict construction of the 5th Amendment and forbid any express or tacit variation from the initial indictment, holding that, the accused "party can only be tried upon the indictment as found by such grand jury, and especially upon all its language found in the charging part." Citations omitted.

If an essential element of the RSA 173-B:9,IV,III, 2004, conviction of violation of a protective order is omitted from the indictment, the petitioner's 5th Amendment right to be tried on charges found by "GRAND JURY" has been violated. A grand jury also called a jury of inquiry, is a group of citizens (generally more than 12) convened to hear charges and review relevant evidence in the case, where they determine that there is sufficient evidence to support the charges whiches in this case is the conviction of protective order that the grand jury uses to return an indictment, And also the State uses this conviction to deny the petitioner bail in Court, and asking for higher bail.

See; U.S. v. Hogan, 712 F.2d 757 (2d cir 1983) The petitioner 2008 conviction violated his Fourteenth Amendment right to due process of law, in that the "N.H.S.C." Justice Carol Ann Conboy, who was a member of the "NHSC" panel that affirmed the conviction, was biased. Because in 2004 she issued a temporary protective order and presided over a hearing in a proceeding related to the petitioner's March, 2004 protective order and conviction of protective order, which was used by the States to return an indictment by the GRAND JURY, to enhance the petitioner 2008, conviction and sentence; As evidenced by her denial of the petitioner Constitutional Right and petitioner motion to file a pro-se brief in the petitioner direct appeal of his 2008 conviction, in a manner contrary to "Prevailing Law".

The fact remains that the petitioner was prejudiced by the misstatements of important facts and the grand jury's independent role was impaired.

The petitioner indictment was enhance by conviction when the record raises some doubts as to the petitioner competency to enter a plea that is coerced guilty plea, see; U.S. v. Day, 949 F.2d 972 (8th cir-1991). When also the State failed to prove by a preponderance of evidence the sentence enhancement it assert in the indictment to the grand jury.

The petitioner characterizes the Honorable Court Carol Ann Conboy, who she prejudice his case, that the petitioner posed a credible threat to the plaintiff as based largely and relying heavily by law on the false allegation of the prior incident on 3/29/04 that lead to the issuant of the protective order, in which Justice Norman E. Champagne dismissed that case on May 26, 2004, see; 08-DV-053, and by law the "DVP" of 2004, issued by Justice Conboy. It took the petitioner 4 years to know that he was convicted of protective order that was filed by false allegation.

## Conclusion

The petitioner Dominic Ali, respectfully moves this Honorable Court to grant this motion to dismiss indictment, 858, and allowed document to support his unconstitutional conviction of 2004, 2008, and dismissed this indictment with prejudice, and order release of the petitioner A.S.A.P from State prison.

## Certificate of service

I, Dominic Ali, hereby declare under penalty of perjury, that the fact states in this motion and document are true Court record and copy of this motion and doc has been forwarded U.S. mail first class postage address to the Attorney Generals Office, Concord, This Date 7/12/2013.

_[signature]_
Dominic Ali 81829
138 East Milan Rd
Berlin, NH 03570
C: file

_[notary signature]_

OFFICIAL SEAL
ANGELA BERGERON
NOTARY PUBLIC - NEW HAMPSHIRE
My Comm. Expires Jan. 27, 2015



*Attachment A2*

D.O.B. 8/8/1985
Manchester Police Department 08-2310
Manchester District Court 08-1542

RSA Ch. 631:2, 173-B:9 IV(b)
**Second Degree Assault**
**Class A Felony**
7½ - 15 yrs NHSP, $4,000 fine

08  0858

# STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                                                 SUPERIOR COURT

## INDICTMENT

At the Superior Court holden at Manchester, within and for the County of Hillsborough aforesaid, in the month of **April**, in the year of **two thousand and eight,** the **GRAND JURORS FOR THE STATE OF NEW HAMPSHIRE**, on their oath, present that

### DOMINIC ALI

**209 Pine Street, #1**
**Manchester, NH 03103**

on or about the **4th** day of **February** in the year **2008**, at **Manchester,** in the County of Hillsborough aforesaid, **did commit the crime of Second Degree Assault, in that Dominic Ali recklessly caused serious bodily injury to another when Dominic Ali recklessly grabbed Sara N. while she was on a bed and then recklessly threw Sara N. onto the floor causing Sara N. to sustain serious bodily injury, to wit, a fractured collar bone, after having been previously convicted in the past six years of the crime of Violation of a Protective Order in the Goffstown District Court in the year 2004, and Dominic Ali lived with Sara N. on February 4, 2008 and Sara N. was the mother of his child** contrary to the form of the Statute, in such case made and provided, and against the peace and dignity of the State.

This is a true bill.

Date 17 April 08

_____
Foreperson

1 Arraignment Date 5/23/08
O'Neill
Bertolami
Wickwire
Not Guilty

arguerite L. Wageling
llsborough County Attorney

_____
Brett J. Harpster, Assistant County Attorney

10 of 10