*(A 1)*                                                                    *1 of 70*

# The State of New Hampshire

**JUDICIAL BRANCH**
## DOMESTIC VIOLENCE
## TEMPORARY ORDER AND NOTICE OF HEARING
### PURSUANT TO RSA 173-B

**PNO**   2160040046

Hillsborough County                                    Superior _____ Court

### IN THE MATTER OF

04-M-440  Case/Docket No.

Loretta D. LeeRoy            v.        Dominic Ali              1/1/84

(Plaintiff's Name)                    (Defendant's Name)                    (DOB)

**Relationship to Defendant**                264 Cedar Street

[ ] married                 [ ] household member          (Street Address)
[ ] separated               [ ] other _____
[ ] divorced                                            Manchester, NH  03103
[ ] cohabit/cohabited                                   (City, State, Zip)
[ ] child in common         _____                Unknown
                                                        (SSN)

The Court, having jurisdiction over the parties and subject matter under New Hampshire RSA 173-B (Protection of Persons from Domestic Violence), and having considered the Plaintiff's Domestic Violence Petition dated _3-29-04_, hereby finds that the Plaintiff is in immediate and present danger of abuse as defined in RSA 173-B and makes the following **TEMPORARY ORDERS OF PROTECTION**:

1. ☒ The Defendant shall not abuse the Plaintiff.
2. ☒ The Defendant shall not have any contact with the Plaintiff, whether in person or through third persons, including but not limited to contact by telephone, letters, fax, e-mail, the sending or delivery of gifts or any other method unless specifically authorized by the Court.
3. ☒ The Defendant shall not enter the premises and curtilage where the Plaintiff resides, ~~except when the Defendant is accompanied by a peace officer and, upon reasonable notice to the Plaintiff, is allowed entry by the Plaintiff for the sole purpose of retrieving toiletries, medication, clothing, business equipment, and any other items as determined by the Court.~~
4. ☒ The Defendant shall not contact the Plaintiff at or enter upon Plaintiff's place of employment, school, or _____
5. ☒ The Defendant shall not abuse Plaintiff's relatives (including children) regardless of their place of residence, or members of the Plaintiff's household.
6. ☒ The Defendant shall not take, convert or damage any property in which the Plaintiff has a legal or an equitable interest.
7. ☐ The Plaintiff is awarded custody of the minor child(ren); the Defendant may exercise the following visitation; _____
_____
8. ☒ The Defendant shall relinquish to a peace officer all firearms and ammunition in his/her control, ownership or possession, and the Defendant is prohibited from purchasing or obtaining any firearms or ammunition during the pendency of this order.
9. ☐ The Defendant shall also relinquish all deadly weapons as defined in RSA 625:11,V which may have been used, intended to be used, threatened to be used or could be used in an incident of abuse. These weapons may include the following: _____
10. ☐ Other protective orders: _____

~~RECEIVED~~

APR 20 2013

**FURTHER ORDERS:**

1. ☐ Use of Vehicle: _____

2. ☐ Other: /

_3-29-04_
(Date)                                                **MANCHESTER DISTRICT COURT**

603 669-7410                         _C.A. Combry_
Telephone Number of Court)           (Signature of Judge / Master Recommendation)

                                     (Signature of Judge Approving Master's Recommendation)
                                     Carol Ann Conboy
                                     (Print / Type Name of Judge)

THESE ORDERS ARE EFFECTIVE IMMEDIATELY AND REMAIN IN EFFECT UNTIL FINAL ORDERS ARE MADE BY THE COURT. ANY WILLFUL VIOLATION OF THE PROTECTIVE PROVISIONS OF THESE ORDERS IS A CRIME AS WELL AS CONTEMPT OF COURT. VIOLATIONS SHALL RESULT IN ARREST AND MAY RESULT IN IMPRISONMENT. ALL FUTURE NOTICES AND ORDERS SHALL BE MAILED. BOTH PARTIES MUST KEEP THE COURT INFORMED OF CURRENT ADDRESSES.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •
### NOTICE OF HEARING
A hearing on this case will be held at the above Court on _4/8/04_ (date) at _1:30_ ☒a.m./p.m. The Plaintiff and Defendant are summoned to appear at the hearing. The Court will hear testimony from both parties. FINAL ORDERS may be issued at that time.

March 29, 2004
(tel)                                                (Clerk/Coordinator)

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •
### NOTICE TO DEFENDANT
PURSUANT TO RSA 173-B:6, you have a right to a hearing on these temporary orders within five business days, but not earlier than three business days after you file a written request with the Court. Unless you request this hearing in writing, the case will be heard on the date shown above.

1-248 (12/99)    COPY DISTRIBUTION: ☐ PLAINTIFF   ☐ DEFENDANT   ☐ LAW ENFORCEMENT   ☒ OTHER _____

·(A 2)

# The State of New Hampshire

**JUDICIAL BRANCH**    PNO __2160040046__
## DOMESTIC VIOLENCE FINAL ORDER
## PURSUANT TO RSA 173-B

__Hillsborough__ County                                   __Superior_____ Court

**IN THE MATTER OF**          __04-M-440___ Case/Docket No.

_____Loretta D. LeeRoy_____  v.      ___Dominic Ali___     1/1/84
(Plaintiff's Name)                          (Defendant's Name)        (DOB)

**RELATIONSHIP to DEFENDANT**                    ___264 Cedar Street_____
[ ] married            [ ] household member      (Street Address)
[ ] separated          [ ] other _____
[ ] divorced                                     __Manchester, NH  03103_____
[ ] cohabit/cohabited  _____          (City, State, Zip)
[ ] child in common    _____          ___unknown_____
                                                 (SSN)

The Court, having jurisdiction over the parties and subject matter under New Hampshire RSA 173-B (Protection of Persons from Domestic Violence), having considered the Plaintiff's Domestic Violence Petition and having conducted a hearing on ___4-8-04___, of which the Defendant received actual notice, and was ___ / was not _X_ present, hereby finds that:

☐ The Plaintiff has NOT been abused: CASE DISMISSED.

☒ The Plaintiff has been abused as defined in RSA 173-B, and finds and makes the following final orders:

SEP 2 1 2004

**PROTECTIVE ORDERS:**

1. ☒ The Defendant shall not abuse the Plaintiff.

2. ☒ The Defendant shall not have any contact with the Plaintiff, whether in person or through third persons, including but not limited to contact by telephone, letters, fax, e-mail, the sending or delivery of gifts or any other method unless specifically authorized by the Court.

3. ☒ The Plaintiff shall have exclusive use and possession of the parties' residence unless Paragraph 12 is checked.

4. ☒ The Defendant shall not enter the premises and curtilage where the Plaintiff resides, except when the Defendant is accompanied by a peace officer and, upon reasonable notice to the Plaintiff, is allowed entry by the Plaintiff for the sole purpose of retrieving toiletries, medication, clothing, business equipment, and any other items as determined by the Court: _____

5. ☒ The Defendant shall not contact the Plaintiff at or enter upon Plaintiff's place of employment or school, or as further specified herein:
_____
_____

6. ☒ The Defendant is restrained from abusing Plaintiff's household members, or Plaintiff's relatives (regardless of their place of residence), and engaging in any other conduct which would place the Plaintiff in reasonable fear of bodily injury to the Plaintiff or the Plaintiff's household members or relatives.

7. ☒ The Defendant shall not use, attempt to use or threaten to use physical force against the Plaintiff or the parties' child(ren) which would reasonably be expected to cause bodily injury.

8. ☒ The Defendant shall not take, convert or damage any property in which the Plaintiff has a legal or an equitable interest.

9. ☒ The Defendant shall relinquish to a peace officer all firearms and ammunition in his/her control, ownership or possession, and the Defendant is prohibited from purchasing or obtaining any firearms or ammunition during the pendency of this order.

10. ☐ The Defendant shall also relinquish all deadly weapons as defined in RSA 625:11,V which may have been used, intended to be used, threatened to be used, or could be used in an incident of abuse. These weapons may include the following: _____

**RECEIVED**

11. ☐ Other protective orders: _____   APR 2 6 2013

**TRUE COPY:**                                        **MANCHESTER DISTRICT COURT**
**ATTEST:**  _John W. Safford_ _____

C-250-248 (12/99)    COPY DISTRIBUT: Clerk ☐ PLAINTIFF   ☐ DEFENDANT   ☐ LAW ENFORCEMENT   ☐ OTHER ___   RETURN

3 o f case # 04-M-448

**FURTHER ORDERS:**

12. ☐ The Court finds that the Defendant exclusively owns or leases and pays for the premises located at _____
and that the Defendant has no legal duty to support the Plaintiff or minor children. Therefore, the Defendant shall have exclusive access
use and possession of the premises (including household furniture and furnishings). However, the Plaintiff may enter in and on said premise
with a peace officer for the sole purpose of removing the Plaintiff's personal possessions.

13. ☐ The Plaintiff is awarded custody of the minor child(ren).

14. ☐ Visitation of children.

_____ No visitation pending further hearing.

_____ Unsupervised.

_____ Supervised, by _____

_____ Days and times:_____

_____ Pick up/Drop off at:_____

_____ Restrictions: _____

_____

_____

15. ☐ The Defendant shall pay child support to the Plaintiff. (See Uniform Support Order (USO) attached.)

16. ☐ The Plaintiff shall have use of the following vehicle:

Make _____; Model _____; Year _____.

17. ☐ The Defendant shall have use of the following vehicle:

Make _____; Model _____; Year _____.

18. ☐ The Defendant shall pay to the Plaintiff the amount of $_____ for losses suffered as a direct result of the abuse, and

$_____ for attorney's fees.

19. ☐ The Defendant shall attend: _____ a batterer's intervention program and/or _____ personal counseling, fo
a period of _____ months/year.
The Defendant shall provide proof of attendance to the Court at monthly intervals.

20. ☐ Other _____

_____

_____

4-8-04

(Date)

603-669-7410
(Telephone Number of Court)

**RECEIVED**

APR 26 2013

**MANCHESTER DISTRICT COURT**

(Signature of Judge / Master Recommendation)

_____
(Signature of Judge Approving Master's Recommendation)

PHILIP P. MANGONES
PRESIDING JUSTICE

(Print/Type Name of Judge)

THESE ORDERS ARE EFFECTIVE IMMEDIATELY AND REMAIN IN EFFECT FOR ONE YEAR. THE ORDERS MAY BE
EXTENDED BY ORDER OF THE COURT UPON MOTION BY THE PLAINTIFF, SHOWING GOOD CAUSE, WITH NOTICE TO
THE DEFENDANT. BOTH PARTIES SHALL ENSURE THAT THE COURT HAS A CURRENT ADDRESS DURING THE
PENDENCY OF THESE ORDERS.

ANY WILLFUL VIOLATION OF THE PROTECTIVE PROVISIONS OF THESE ORDERS IS A CRIME AS WELL AS CONTEMPT
OF COURT. VIOLATIONS SHALL RESULT IN ARREST AND MAY RESULT IN IMPRISONMENT.

OC-260-248 (12/99)        COPY DISTRIBUTION: ☐ PLAINTIFF    ☐ DEFENDANT    ☐ LAW ENFORCEMENT    ☐ OTHER _____

19

Docket # __04  0312__ TN # _____

## The State of New Hampshire
### COMPLAINT

04-23835

☐ **DOMESTIC VIOLENCE RELATED**

☐ **VIOLATION**   ☐ **CLASS A MISDEMEANOR**   ☐ **FELONY**
                  ☐ **CLASS B**

YOU ARE HEREBY NOTIFIED TO APPEAR BEFORE SAID COURT
AT   08:15   O'CLOCK IN THE AM/PM ON   April, 1   2004   YR. ____
UNDER PENALTY OF LAW TO ANSWER TO A COMPLAINT
CHARGING YOU WITH THE FOLLOWING OFFENSE;
TO THE   Manchester District   COURT, COUNTY OF   Hillsborough

**THE UNDERSIGNED COMPLAINS THAT:** PLEASE PRINT

RH, DOMINIC

NAME ...................................................................
                                                            MI
335 CEDAR ST A-2  MANCHESTER NH 03103

Address   1/ 1/1985   State   Zip

DOB ......... OP. LIC.# .........................................

| | | | | WRITE DARK | BRO |
|M|B|600|230|  |  |
|Sex|Race|Height|Weight|Color of Hair|Color of Eyes|

☐ COMM. VEH.   ☐ COMM. DR. LIC.   ☐ HAZ. MAT.

48 HENRIETTE ST  MANCHESTER
AT ...................................................................
                        (Location)
ON THE   27   DAY OF   March   YR. 2004   at  13:30 A.M./P.M.

on/at in said county and state, did commit the offense of .................
Simple Assault                                       631:2-A
........................................... contrary to RSA ...........

and the laws of New Hampshire for which the defendant should be held to

answer, in that the defendant did
knowingly cause unprivileged physical contact to Loretta Leeroy when he
shoved her in the chest, knocking her down and then punched her twice

against the peace and dignity of the State.

☐ **SERVED IN HAND**

Chief John A Jaskolka  Badge# 1

Complainant                                          Dept.

Personally appeared the above named complainant and made oath that the
above complaint by him/her subscribed is, in his/her belief, true.

DATE   4/1/2004                                   Justice of the Peace

AOC 103A-045 7/00

**COURT COPY**

ATTESTED Mary A Barton CLERK
MANCHESTER DISTRICT COURT

A TRUE COPY

RECEIVED

SEP 02 2010

MANCHESTER DISTRICT COURT

Docket # 04-0312

2-21-04
TT 30

(A 4)
5 of 10

Docket # __04  03122__ TN # _____

Docket # __04 0312__

## The State of New Hampshire
## COMPLAINT

[X] **DOMESTIC VIOLENCE RELATED**    04-23835

[ ] **VIOLATION**    [X] **CLASS A MISDEMEANOR**    [ ] **FELONY**
                     [ ] **CLASS B**

YOU ARE HEREBY NOTIFIED TO APPEAR BEFORE SAID COURT
AT 08:15 O'CLOCK IN THE AM/PM ON XX April. 1 . YR. 2004
UNDER PENALTY OF LAW TO ANSWER TO A COMPLAINT
CHARGING YOU WITH THE FOLLOWING OFFENSE:
TO THE ...Manchester District... COURT, COUNTY OF ...Hillsborough...    7-21-04
                                                                       Tr 301

THE UNDERSIGNED COMPLAINS THAT: PLEASE PRINT

NAME .....ALI, DOMINIC.....................................
        Last Name          First Name          MI
  335 CEDAR ST A-2  MANCHESTER NH 03103
Address                      State                Zip
DOB ...1/1/1985... OP. LIC.# ...............................

| M | B | 600 | 230 | WRITE OUT BLK | BRO |
|---|---|-----|-----|-----|-----|
| Sex | Race | Height | Weight | Color of Hair | Color of Eyes |

[ ] COMM. VEH.    [ ] COMM. DR. LIC.    [ ] HAZ. MAT.

AT  48 HENRIETTE ST  MANCHESTER ........................
              (Location)
ON THE ...27... DAY OF ...March... YR. ...2004... at ...13:30... A.M.
                                                              P.M.

on/at in said county and state, did commit the offense of .................
Stalking - Appear                          633:3-a
........................................ contrary to RSA ...........

and the laws of New Hampshire for which the defendant should be held to

answer, in that the defendant did
knoiwngly engage in a course of conduct targeted at Loretta Leeroy which he
knew would place her in fear for her personal safety when he was parked in
front of her home as she returned from work at 0030hrs on 03-29-04, was
parked out front again at 0010hrs on 03-30-04 and war parked in front of her
home for the third time on 03-31-04 at 2349 hrs

**RECEIVED**

APR 26 2013

MANCHESTER DISTRICT COURT

against the peace and dignity of the State.

[ ] SERVED IN HAND    _signature_

Chief John A Jaskolka Badge# 1
Complainant                                    Dept.

Personally appeared the above named complainant and made oath that the
above complaint by him/her subscribed is, in his/her belief, true.

DATE 4/1/2004    _signature_
                                              Justice of the Peace

# The State of New Hampshire

Hillsborough **COUNTY**

Goffstown District **COURT**

04-CR-155 **NO.**
1627

## ACKNOWLEDGMENT AND WAIVER OF RIGHTS
## CLASS A MISDEMEANORS

The statements made below shall apply to each and every complaint, if there be more than one, to which I intend to plead guilty or nolo.

September 28 20 04

I, Dominic Ali of Manchester have been charged

in the Goffstown District Court with the following offense(s): Violation of protective Order

I understand that the complaint is one accusing me of a Class A Misdemeanor(s), and that I have the right to be represented by a lawyer of my own choosing and at my own expense, and that if I am unable to afford a layer the Court will appoint one for me subject to an order of reimbursement based on my ability to pay.

☑ I am represented by Ryan Norwood , a lawyer admitted to practice in New Hampshire. I am satisfied with my lawyer and all explanations have been clear.

☐ I do not want a lawyer. I understand and know what I am doing. I hereby waive my right to a lawyer.

I understand that I do not have to plead GUILTY or ~~NOLO~~ and that even after signing this form I still do not have to plead GUILTY or NOLO.

I understand that by pleading GUILTY or NOLO to the charge(s) that I am giving up the following constitutional rights as to the charges:

> **MY RIGHT** to a speedy and public trial.
> **MY RIGHT** to see, hear, and question all witnesses. This gives me the opportunity and right to face the witnesses against me and question them myself or through my attorney. **MY RIGHT** to present evidence and call witnesses in my favor and to testify on my own behalf.
> **MY RIGHT** to remain silent and not testify at a trial.
> **MY RIGHT** to have the judge *ORDER* into court all evidence and witnesses in my favor.
> **MY RIGHT** not to be convicted unless the State proves that I am guilty beyond a reasonable doubt with respect to all elements of the charge(s), which have been explained to me.
> **MY RIGHT** to keep out evidence, including confessions, illegally obtained.
> **MY RIGHT** to a trial before a jury and my right to appeal issues of law to the Supreme Court.
> **I GIVE UP ALL THE ABOVE RIGHTS OF MY OWN FREE WILL.**

I understand that by pleading **GUILTY** or **NOLO** I am admitting to or not contesting the truth of the charge(s) against me in the complaint(s) and that on the judge's acceptance of my **GUILTY** or **NOLO** plea, a conviction(s) will be entered against me.

No force has been used upon me, nor have any threats been made to me, by any member of the Prosecutor's Office or anyone else to have me enter this plea of GUILTY or NOLO

No promises have been made to me by any member of the Prosecutor's Office or anyone else in an effort to have me enter this plea of GUILTY or NOLO to the charge, except as follows:

Time Served -29 days

A True Copy Attest
Goffstown District Court
By

AOC-100-245 (10/02)

Docket# 04 1513 TN# _____

# State of New Hampshire
## COMPLAINT

XX DOMESTIC VIOLENCE RELATED

☐ VIOLATION    ☒ CLASS A  MISDEMEANOR    ☐ FELONY
            ☐ CLASS B

YOU ARE HEREBY NOTIFIED TO APPEAR BEFORE SAID COURT

AT_____O'CLOCK IN THE AM/PM ON_____YR.____
UNDER PENALTY OF LAW TO ANSWER TO A COMPLAINT
CHARGING YOU WITH THE FOLLOWING OFFENSE:

TO THE Goffstown D. ..... COURT, COUNTY OF Hillsborough

**THE UNDERSIGNED COMPLAINS THAT:** PLEASE PRINT

NAME..Ali................Dominic.....................
      Last Name         First Name              MI
.264 Cedar St   Manchester, NH.........03103...
Address                     State               Zip
DOB.1/1/84.. OPLIC.#.01AID85011...................
                                    WRITE OUT:
▨M▨ ▨B▨ ▨606▨ ▨200▨ Black____ Brown____
Sex   Race   Height  Weight  Color Hair  Color Eyes

☐ COMM. VEH.    ☐ COMM. DR. LIC.    ☐ HAZ. MAT.

AT.New Boston.................................
            (Location)                      ☒
ON THE 29.. DAY OF August.........YR. 04 .at..3;50.... P.M.

on/at in said county and state, did commit the offense of Violation of.....
..Protective Order.............. contrary to RSA 173-B:9..

and the laws of New Hampshire for which the defendant should be held to answer, in

that the defendant did Knowingly violate a " Domestic
Violence Final Order", issued pursuant to
RSA 173-B case/docket # 04-M-440 on 4/8/04
by the Superior Court - Hillsborough County
by having contact with the Defendant, Loretta
Leeroy by telephone through a third party,
Randy Boggess

(Enhanced penalty under RSA 597:14-b)

against the peace and dignity of the State.

☐ SERVED IN HAND
_____              New Boston
Complainant                  Dept.

Personally appeared the above named complainant and made oath that the above
complaint by him/her subscribed is, in his/her belief, true.

DATE 5.30.04........ _____
                     Justice of the Peace
AOC-103-045  REV. 7/00
                COURT COPY

A True Copy Attest:
Goffstown District Court

by_____

**RECEIVED**
APR 26 2013
MANCHESTER DISTRICT COURT

Case 1:12-cv-00185-JL Document 36-1 Filed 07/18/13 Page 8 of 70

THE STATE OF NEW HAMPSHIRE
GOFFSTOWN DISTRICT
COURT

8 of 70.

Nov 12, 2010

RECEIVED
GOFFSTOWN

2010 NOV 16  P 3: 35

State of New Hampshire

v.

Dominic Ali

438-2004-CR-01627

### DEFENDANT PRO-SE MOTION TO WIHTDRAW NOLO CONTENDERE PLEA.

Now comes Dominic Ali,pro-se,who respectfully moves this honorable Court to grant this motion to his plea upon ineffective assistance of counsel.See State v. Veale,154 N.H.730 (2007).

In support of this motion,the defendant states the following facts and relief:

1. On April 4,2004 the defendant was charge with the violation of"Domestic Violence Final Order",and was sentence to (29)Days credit in County Jail.

2. The defendant states that his plea to the Nolo contendere that lead to conviction was not intelligently and voluntarily made,and that counsel did not provid such true advice or professional opinion to the defendant.Counsel statesment to the defendant is"you will go home,if you plea nolo;this is mean nothing".See Boyking v. Alabama,395 U.S.238(1969).

3. Counsel failure to disclose plea affer to the defendant,and not routinely explained the nature of the offense in sufficient detail to give the defendant notice of what he is being asked to admit,or what is the outcome of this plea. See State v. Levey,122 N.H.375(1985).

4. Counsel failure to disclose material facts and misrepresentation of material facts to the defendant. The defendant states that he is not a U.S. Citizen,and Counsel did not explain all of the consequences of the plea that lead to conviction before the defendant decided to enter a plea. See State v.Harper,126 N.H.815,498(1985).

5. The defendant states that the petition pursuant to the R.S.A
   173-B:9,IV to the Justice of the Court for protictive order
   was filed base on "false allegation",and that this case is
   dismissed.See exhibit(1),Docket # 04-03121. and this Court
   must vacate the conviction.


   WHEREFORE,the defendant respectfully request this Court:


A. Allowed Counsel be appointed as protected by the
   New Hampshire Constitution part(1)article(2)and the
   United State Constitution the (6th) and the (14theen)
   Amendment.

B. That evidentiary hearing be set in this matter;

C. Allowed the Court to correct a manifest injustice ;

D. Grant the defendant such other and further relief as is just
   and equitable.


## CERTIFICATE OF SERVICE

 I,Dominic Ali hereby certify that this 12th of Nov,2010,that
a copy of this motion was forwarded in the U.S Mail,with first
class postage,addressed to:Counsel for record;Mr.Ryan Norwood
New Hampshire Public Defender,and New Boston Police Department.


Dominic Ali
P.O.BOX 14
Concord,NH 03302
81829

C:file .

Respectfully submitted,

NOV 12,2010

10 of 70

# THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS**                **GOFFSTOWN DISTRICT COURT**

State of New Hampshire vs. Dominic Ali

438-2004-CR-1627

## ORDER ON DEFENDANT'S MOTION TO WITHDRAW NOLO CONTENDERE PLEA

On February 15, 2011, the Court heard testimony regarding the defendant's motion to withdraw his plea. After listening to the record of September 28, 2004, the Court finds that the defendant's recollection of the circumstances surrounding the entry of his plea lacks credibility. Furthermore, the record indicates that the defendant entered his plea knowingly, intelligently and voluntarily. Accordingly, defendant's motion is denied.

_____                _____
Date                                   Paul H. Lawrence, Presiding Justice

5-5

**MANDATE**

Certified and Issued as Mandate Under NH Sup. Ct. R. 24

*Michelle A. Caraway*        9/14/2011

Clerk/Deputy Clerk        Date

11 of 70

## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

### In Case No. 2011-0482, State of New Hampshire v. Dominic Ali, the court on July 25, 2011, issued the following order:

Motion for late entry is denied. Rule 7(1) of the Supreme Court Rules requires that a notice of appeal be filed in this court within thirty days from the date on the clerk's written notice of the decision on the merits. A timely filed post-trial motion stays the running of the appeal period. The clerk's written notice of decision is dated March 3, 2011. Consequently, the appeal should have been filed on or before April 4, 2011. The notice of appeal was filed on July 6, 2011, and thus is untimely filed. The motion for late entry does not demonstrate "exceptional circumstances" as required by Rule 21(6). The appeal is therefore dismissed as untimely filed.

Motion for waiver of the filing fee is granted. Motion to allow counsel to withdraw and to appoint new counsel is moot.

Appeal dismissed.

This order is entered by a single justice (Duggan, J.). See Rule 21(7).

**Eileen Fox,**
**Clerk**

Distribution:
Clerk, Goffstown District Court  438-2004-CR-01627
Honorable Paul H. Lawrence
Appellate Defender
Attorney General
Mr. Dominic Ali 81829
File

GOFFSTOWN RECEIVED DIVISION
2011 SEP 15 A 11: 27

## THE STATE OF NEW HAMPSHIRE

MERRIMACK, SS.                                      SUPREME COURT

State of New Hampshire        8/1/2011
v.
Dominic Ali

Docket No. 2004,438-CR-01627.

### RULE 7 MANDATORY NOTICE OF APPEAL

**NOW COMES** Dominic Ali pro-se, who respectfully moves this
honorable court to grant this Notice of Appeal for the following
reason states below;

In support of this Notice;

On April 4,2004 Mr.Ali was charge with the violation of
Domestic Violence Final Order,and was sentence to (29)days credit
in County Jail by the Goffstown District Court.

Mr.Ali appeals from the order of the Goffstown District Court
deny Mr.Ali motion to withdraw his nolo contendere plea based
upon ineffective assistance of counsel. Filed on 11/12/10 deny 3/3/11

On December 17,2010 the Court reviewd Mr.Ali's motion and
appointed Public Defender to represent him in this case.

On January 20,2011,Mr.John P. Newman from the Public Defender's
Office filed a motion to withdraw and Appoint New Counsel.The
New Hampshire Public Defender's Office cannot represent Mr.Ali
due to the conflict of interest with the Office during his trial.

On January 31,2011 the Goffstown District Court appointed
new counsel and he entered his appearance as a counsel for Mr.Ali
On March 8,2011,Mr.Ali adviced counsel that he insiset to
file an appeal,and request the New Hampshire Supreme Court to
rule on the Court error of the Trial court as soon as possible.
May 19,2011,Counsel advice Mr.Ali that he reguested the Appellate
Defender's to handle the case,Knowing that Mr.Ali has a conflic
of interest with the Office.See;State v. Veale,154 N.H.730(2007).

Mr.Ali argues that on April 4,2004 his plea to the nolo
contendere plea that lead to his conviction was not intelligently
and voluntarily made.See; **Boykin v. Alabama**,395 U.S.238(1969).
And that court appointed counsel Ryan Norwood from the Public
Defender's Office at the time of the proceeding did not provid
such true advice or professional opinion to Mr.Ali. Counsel
adviced to plea guilty and Mr.Ali told him no,then he advice
if convicted Mr.Ali would face six month in County Jail,then
counsel adviced Mr.Ali that he would go home if Mr.Ali plea
nolo and nolo meant nothing.See;**State v. Levey**,122 N.H.375(1985).
Mr.Ali counsel failure to disclose plea offer and not routinely
explained the nature of the offense in sufficient detail
to give Mr.Ali notice of what he is being ask to admit,or what
is the outcome of this plea because Mr.Ali did not want to plea
guilty in the first place.

There is a reasonable probability that had not been for this
counsel advised,Mr.Ali would not have plea nolo whiches meant
guilty and lead to conviction. Mr.Ali would have
insisted upon going to trial.And the court did not allowed Mr.Ali
to withdraw his plea to correct a manifest injustice.See; **State
v. Laforest**,140 N.H.289(1995).Mr.Ali's counsel deficient
performance fell below an objective standard of reasonableness
in failure to disclose material facts or misrpresentation of
material fact for the defense.Ryan Norwood from the Public
Defender's Office fail to supply the effective assistance of
counsel that been guaranteed by part(1)artilce(15)of the State
of New Hampshire Constitution when he grossly misinformed Mr.Ali
collateral consequences of pleading Nolo contendere.Mr.Ali rely
upon that advice in deciding to plea Nolo,and there is a
reasonable probability that had not been for this counsel advice
Mr.Ali would not plead to this conviction.
See; **State v. Sharkey**,155 N.H.638(2007).

LIST OF SPECIFIC QUESTION TO RAISED ON APPEAL.
SEE SUPREME COURT RULE 16(3)(b).


1. Whether the court violated Mr.Ali's right under part (1)
article (15)of the State of New Hampshire Constitution and
(5th,6th)and the (14theen)Amends of the United State
Constitution when it deny the motion to withdraw his nolo
contendere plea that based upon ineffective assistance of counsel
form the Public Defender's Office.


2.  Whether the court violated Mr.Ali's right under part(1)
article(15) of the State of New Hampshire Constitution and the
(5th,6th)and (14theen)Amends of the United State
Constitution when court appointed counsel grossly misinformed
Ali about the nolo contendere plea and failed to routinely
explained the nature of the offense in sufficient detail to
give the Mr.Ali notice of what he is being asked to admit,or
what is the outcome of his plea.


3. Whether the court violated Mr.Ali right under the fifth Amends
of the United State Constitution by failure to offer Mr.Ali
an interpreter during the court hearing,when his counsel t
told the proceeding judge that Mr.Ali is form the Sudan and
he dose not comprehen the presentation of the charge;pursuant
to the CIA act,Mr.Ali is entitled to an interpreter.


4.  Whether Court erred in not allowing the nolo conviction be
vacated because the petition pursuant to the R.S.A 173-B;9,IV
to the Justice of the court for protective order was filed
by the victim based on "false allegation"and hearsay statements
of the complaining victim in violation of Rule of Evidence 803(4)
when in de facto,the false allegation was dismissed by the
Manchester District Court trial date May 26,2004. See;
 Fillmore v. Fillmore,147 N.H.283(2001).

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

Goffstown District Court
329 Mast Road
Goffstown NH 03045

Telephone: (603) 627-2211
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**JOREL V. BOOKER, ESQ**
**BOOKER LAW OFFICE PC**
**66 MAIN STREET**
**RAYMOND NH 03077**

Case Name:   **State v Dominic Ali**
Case Number:   **438-2004-CR-01627**

Enclosed please find a copy of the Court's Order dated March 03, 2011 relative to:

**Order on Defendant's Motion to Withdraw Nolo Contendere Plea**

March 03, 2011

Lillian T. Deeb
Clerk of Court

(438144)

C:  New Boston Police Department

4-5

THE STATE OF NEW HAMPSHRIE

MERRIMANCE,SS.                          SUPREME COURT

                                        July 1,2011

                   State of New Hampshire

                            v.

                      Dominic Ali

              Docket No. 2004-438-CR-01627.

## DEFENDANT PRO-SE MOTION FOR LATE ENTERY

   **NOW COMES,** Dominic Ali,who respectfully moves this honorable
court to grant this motion for the following reason states below;


1. On Nov 12,2010,the defendant filed a motion with the Goffstown
District Court based upon ineffective assistance of counsel
and to withdraw his nolo contendere plea.See; State v. Veale,
154 N.H.730(2007).

2. The court reviwed the defendant motion and appointed counsel
from the Public Defender's Office.Due to the conflic of interest
Counsel filed a motion to withdraw on January 20,2011.The court
appoint new counsel to represent the defendant in this case.
on Jaunary 31,2011.

3. On February 15,2011,the court heard testimony regarding the
defendant's motion to withdraw his plea.On March 3,2011,the
Goffstown District Court denied the defendant's motion.

4. On March 7,2011,Counsel for the defendant advice that there
are several options available to him to unfavorable order of
the court. and that the defendant has (30)days to file a written
notice in which to file an appeal.On March 8,2011,the defendant
requested counsel to file an appeal with the New Hampshire

Supreme Court to the rule and error of the trial court.

5. On May 13,2011,the defendant ask if counsel did file an appeal with the Supreme Court as requested by the defendant. Counsel respond that he forwarded the defendant request to the Appellate Defender's.So far,the defendant did not get any respons from the Appellate defendere Office whiches the the Public Defender's Office and the defendant has a conflic of interest with Office. See; Veale,154 N.H.730(2007). Theirfore,the defendant pro-se filed a motion for late entery because he dos not know whos handling his case.

## CERTIFICATE OF SERVICE

I,Dominic Ali hereby certify that on July 1,2011 ,that a copy of this motion was forwarded in the U.S. mail first class postage to : New Boston Police Department and Attorney.

Dominic Ali
P.O.BOX 14
Concord,NH 03302
C:file.

MANDATE

Certified and Issued as Mandate Under NH Sup. Ct. R. 24

*Michelle A Caraway*                    9/14/2011
Clerk/Deputy Clerk                      Date

19 of 70

# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

### In Case No. 2011-0482, <u>State of New Hampshire v. Dominic Ali</u>, the court on September 14, 2011, issued the following order:

After review, the court denies the defendant's motion for reconsideration.

<u>Reconsideration denied.</u>

Dalianis, C.J., and Duggan, Hicks, Conboy and Lynn, JJ., concurred.

**Eileen Fox,**
**Clerk**

Distribution:
Clerk, Goffstown District Court  438-2004-CR-01627
Honorable Paul H. Lawrence
Appellate Defender
Attorney General
Mr. Dominic Ali 81829
Michelle Caraway, Supreme Court
File

## THE STATE OF NEW HAMPSHIRE
## SUPREME COURT

*7/30* ,2011.

### State of New Hampshire

### v.

### Dominic Ali

### Docket No.2011-0482.

### DEFENDANT'S MOTION TO RECONSEDER THE LATE ENTERY APPEAL

NOW COMES Dominic Ali,pro-se,who respectfully request this honorable court to grant this motion for the following reason states below;

1) On the 4th day of April in the year of our lord two thousand and four,the defendant was charge with the Violation of Demestic Violence Final Order and was sentence by the Goffstown District Court to (29)days in Hillsborough County Jail credit.

2) On NOv 12,2011,the defendant filed a motion to withdraw his Nolo contendere plea based upon ineffective assistance of Counsel with the Goffstown District Court.

3) On February 15,2011,the Court heard testimony regarding the defendant motion to withdraw his plea.March 3,2011,the Court order denied the defendant motion,In that order,the Court states that the defendant entery of his plea lacks credibility and that the defendat entered his plea knowingly,intelligently,~~and~~ and voluntarily.

4} On March 7,2011,Attorney Jorel V. Booker advised the defendant
to bring to his attention if the defendant wish to exercise
any option within (30)days with this court to rule on an error
of the Goffstown District Court.
On March 8,2011,the defendant advised counsel that he should
filed a Notice of Appeal with this court.

5) On May 13,2011,the defendant respond with another letter asking
if counsel filed the notice of appeal with this court.If so,for
the record, he should forward his motion to withdraw from this
case and allowed appellate be appointed.On May 19,2011,counsel
for the defendant correspondence that he forwarded the defendant
case to the Appellate Defender's Office.In that letter of May
13,2011,Attorney Jorel V.Booker correspondence that he did not
request an appeal with this court and he thought that the
defendant was refering to an appeal that was taken prior to
his involvement in this case,When in fact,the defendant was telling
counsel pecifictly to file an appeal with this court within
the time frame.

6) The defendant filed this late entery notice of appeal with
this court because the defendant did not have any respond from
the Appellate Defender regarding his appeal with this court.The
defendant did contact the Appellate Office regarding this case
and their is "NO ONE"handling the defendant case as counsel
advised the defendant. Consequently,the defendant filed a pro-
se,Rule 7 Mandatory Notice of Appeal with this court,Even though
it is untimely filed.

7) The defendant has a conflic of interest with the Public
Defender's Office.See;State v. Veale,154,N.H.730(2007)
Accordinlty,this Office can not represent the defendant in this
case.See;New Hampshire Rule of Perfessional Conduct Rule (1.7.)
and (1.10.).

WHEREFORE, the defendant respectfully requests that the court:

1)      Allowed contract Attorney be appointed;


2)      Allowed this Court to correct a manifest injustice;


3)      Grant the defendant such other and further relief as

         is just and equitable.


                                          Dominic Ali#81829
                                          P.O.BOX 14
                                          Concord,NH 03302



## CERETIFICATE OF SERVICE

     I,Dominic Ali,herby certify that this day of   2011,that
a copy of this Motion was forwarded in the U.S. Mail first class
postage to : New Boston Police Department;Goffstown District court
clerk.






Dominic Ali 81829
p.o.BOX 14
Concord,NH 03302

### THE STATE OF NEW HAMPSHIRE

**MARRIMACK, SS**                                      **SUPREME COURT**

### State of  New Hampshire

**V.**
**Dominic Ali**

Docket No.

### PETITION FOR ORGINAL JURISDICTION

NOW COMES, Dominic Ali, who Pro-se, respectfully request this Honorable court to grant this petition for the following reason states below;

### BACKGROUND

On February 15, 2011, petitioner was assigned attorney Joral V.Booker, esq, as

counsel in case. He was the primary counsel for the petitioner at the time, who was an

experience criminal trial lawyer, who was very optimistic about the petitioner chances at

the hearing. Counsel had no strategic purposes to discover instructional error.

The petitioner had a motion to withdraw his nolo contender plea that was filed on

November 12, 2010, with the Goffstown District Court.

On February 15, 2011, Attorney Jorel V. Booker, esq, tempetd to rest on the perceived

weakness of the prosecution case, and only interested in a fee.

1

## STATEMENT OF FACT

On August 29, 2004, petitioner victim reported to the New Boston Police Department that on August 29, 2004, that the petitioner Dominic Ali violated a Domestic Violence Final order issued by the Manchester District Court on April 8, 2004.

The petitioner was charge with the violation of protective order and was sentenced to (29) days credit in jail.

On Nov 12, 2010, the petitioner filed a motion to withdraw his nolo contender plea that was not intelligently and voluntarily made. On December 17, 2011, the Goffstown Districts Court reviewed the petitioner motion and appoints new counsel for the petitioner. On February 15, 2011, the Court heard testimony regarding the petitioner motion to withdraw his conviction that was based upon ineffective assistance of counsel.

On March 3, 2011, the Court denied the petitioner motion, states that the petitioner entry lacks credibility and that his plea was entered knowingly, intelligently and voluntarily made.

On March 7, 2011, Attorney Jorel V.Booker, esq, advised petitioner to bring to his attention if the petitioner whishes to exercise his constitutional rights within (30) days to appeal to this court to rule on the error of the Goffstown District Court.

On March 8, 2011, the petitioner responded with a latter advising counsel that he should file an appeal with the New Hampshire Supreme Court. Counsel responded that he has not file an appeal with this court, as petitioner request him to do so. Instead that he had forwarded petitioner request with the New Hampshire Appellate Defender's Office.

The petitioner contacted the appellate defender's Office and they do not have any request of appeal requested by attorney Jerol v. Booker, Esq. As result of counsel failure to request an appeal with this court, the petitioner filed pro-se, Rule 7 Mandatory Notice of Appeal with this Court on July 7,2011, Even though it was untimely filed. On July 25, 2011, this Court dismissed his appeal for the reason states.  Then motion to reconsider was filed and was denied on September 14, 2011, for the same reason.

## PETITONER'S LEGAL ARGUMENT

        The petitioner argue that his victim reported to the New Boston P.D, that the petitioner violated his  Domestic violence final order issued by the Manchester District Court on April 8,2004, when in fact the protective  order was filed under false allegation (1)there were insufficient allegation  of fact to support the issuances of an ex  part temporary protective order to the plaintiff (2) the RAS 173-B;9,required that  a trial court . must make a specific finding criminal  conduct in order to issue a final restraining order against the petitioner . See; **Karen Alexander v. Jonathan Evans, 147 NH 441(2002).** As result of false allegation to issuing of the protective order, Trial scheduled date May 26,2004,the Manchester District Court did dismiss the case under Docket no 04 03121,date ~~July~~ May 26,2004. Further more, the victim have not been the resident of the State. See; **Fillmore v. Fillmore, 147 NH 283(2001**.

The petitioners argue that on April 4, 2004, his plea to the nolo contender must be dismissed because it was no intelligently and voluntarily made. See; **Boykin v. Alabama, 395 US 238(1969).**

His attorney Ryan  Norwood from the public Defender's Office at the time of the hearing did not provide such true advise and professional  opinion ,He advised the petitioner "to plea guilty", the petitioner told him no, then he threatened if convicted ,the petitioner would face six months in county jail. Then he advised the petitioner to plea nolo "because it meant nothing" and that meant you don't know what happened. See; **State v. Sharkey, 155 NH 638(2009).** Counsel failed to disclose plea offer and not routinely explained to give the petitioner notice of what he is been ask to admit, or what is the outcome, because the petitioner would not plea guilty in the first place over false allegation. See; **State v. Levey, 122 NH 375(1985).**

There is a reasonable probability that had not been for Attorney Rayn Norwood advised, the petitioner would not plead to this guilty conviction.  The petitioner would insist upon going to trial by jury. See; **Strickland v. Washington, 466 US 668(1984).** Holds were Counsel dose not provide such information, Counsel has perform in effectively. The day of the hearing, Counsel told Judge (Michael J.Ryan) that the petitioner is a native of Sudan, explaining that he do not understood the seriousness of the charge against him, but in the other hand counsel explain to the petitioner that the charge meant nothing. As ground for abuse of Discretion and violation of the CIA Act ,the Court

failed to offer an interpreter during the hearing by violating the petitioner right under the fifth Amendment, Pursuant to the CIA act, the petitioner is entitle to an interpreter .

The judge at the hearing had best position to assist the petitioner .usage, comfort level and intelligibility because the petitioner did not understood as counsel advised on the record, and the judge knew that petitioner language was other then the English. The lack of an interpreter during the petitioner proceeding inhibited him "comprehension of the plea or communication proceeding with the judicial and petitioner comparative ability to speak or understand the English language at the time in Court. The petitioner is not a U.S. Citizen and is protected by Part (1) article (2) of the State of New Hampshire. His counsel uses his kindness over weakness and did not explain all of the consequence of the plea nolo contender that lead to his conviction .See; **State v. Harper,126 NH 815(1985).** See; also, **Clark v. U.S. 159 F.3d 296( 2ⁿᵈ cir 1995).**

## DENIAL OF CONSTITUTIONAL RIGHS

The six Amendments entitled the petitioner the right to assistance of counsel at all certicle stages.Attoney Jorel v. Booker,esq,kenw that his actual constructive denial of assistance of counsel is legally would presumed to result in prejudice. He failed to disclose martial fact or misrepresentation of martial fact and his deficient performance prejudice the petitioner resulting in an reliable or fundamentally unfair outcome of the proceeding, He knew that petitioner's counsel at the time of the hearing lied to the defendant about the plea that result in conviction that was obtained unjust and under constitutional violation.

5

That he decided to do noting See; **Strickland v. Washington, 466 US 688(1984).**
The court of appeal s agreed, that the six Amendments impose on Counsel a duty to
investigate because reasonable effective assistance must be based on professionals
decision, and informed legal chaises can be made only after investigation of options.
The court observed that counsel investigatory must be assesses in light of the information
known at the time of the decision not in hind sight, and the amount of pretrial
investigation that is reasonable defense precise measurement. Here Attorney Jorel v.
Booker,esq,knew that petitioner lack of comprehension during his proceeding lead
substation miscarriage of justice that the judge did not seek to measure understanding of
what the petitioner have been ask to admit and the plea stand for, Instead the Judge
threatened the peititioner,in his word " don't come to Goffstown again ,I would lock you
up for five years in the State Prison"As result of this conviction that was obtained under
violation of constitutional ,the petitioner is serving six years in the Sate prison.

## CONCLUSION

The petitioner Ali respectfully moves this Honorable court to dismiss his conviction
RSA 173-B; 9 class a misdemeanor.

## CERTIFICATE OF SERVICE

I, Dominic Ali,hereby declare under penalty of perjury that the fact states in the forgoing
petition are true and correct copy of the this petition has been provided to below first
class mailing address U.S. this day of    9 DEC ,2011. To; New Boston P.D.and Counsel.

Dominic Ali 81829
P.O.BOX 14
Concord, NH 03302

6

**MANDATE**
Certified and Issued as Mandate Under NH Sup. Ct. R. 24

_Eileen R. Cook_          2/8/12
Clerk/Deputy Clerk            Date

# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

28 of 10

**In Case No. 2011-0873, <u>Petition of Dominic Ali</u>, the court
on January 25, 2012, issued the following order:**

Petition for original jurisdiction is denied. <u>See</u> Rule 11.

<u>Petition denied</u>.

Dalianis, C.J., and Hicks, Conboy and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**

Distribution:
9th N.H. Circuit Court - Goffstown District Division  438-2004-CR-01627
Honorable Paul H. Lawrence
Honorable Michael J. Ryan
Appellate Defender
Attorney General
Mr. Dominic Ali 81829
File

RECEIVED
GOFFSTOWN DIVISION
2012 FEB -9  P 2: 53

*29 of 70*

# THE STATE OF NEW HAMPSHIRE

**COOS, SS.**                                    **SUPERIOR COURT**

No.  214-2012-CV-178

Dominic S. Ali

v.

Edward Reilly, Warden

### ORDER

The petitioner, Dominic S. Ali, has filed a petition for writ of habeas corpus in which he attacks the validity of his 2004 Goffstown District Court conviction for violation of a protective order.  The petitioner asserts that he was denied effective assistance of counsel and an interpreter in the 2004 proceedings and that, therefore, his 2004 plea of *nolo contendere* was not knowing, intelligent and voluntary.

The respondent has filed an answer and motion for summary judgment in which he requests that the Court summarily dismiss the petition with prejudice or, in the alternative, grant summary judgment to the respondent.  The respondent argues that the petitioner has raised and litigated, unsuccessfully, all of the issues and claims in his petition, other than the interpreter claim, in numerous prior proceedings and that the petitioner has procedurally waived the interpreter claim for further collateral review.

Having carefully considered the pleadings and other documents on file, the Court concludes that it "need not hold a hearing . . . [because] the existing record of the case clearly indicates that the petitioner is not entitled to the relief requested on the grounds alleged." Diamontopoulas v. State, 140 N.H. 182, 184 (1995) (quoting Grote v. Powell, 132 N.H. 96, 99 (1989).  "[R]epeated applications for a writ of *habeas corpus* introducing

CLERK'S NOTICE DATE
2-21-13
Ali

no new facts material to the issue will ordinarily be summarily disposed of." <u>Grote</u>, 132

N.H. at 99 (quotations omitted); <u>LaBelle v. State</u>, 108 N.H. 241 (1967); <u>Gobin v. Hancock</u>,

96 N.H. 450, 451 (1951); <u>Petition of Moebus</u>, 74 N.H. 231, 215 (1907). With the exception

of the interpreter claim, the petitioner's present petition asserts all of the same claims and

raises all of the same issues that he has raised and litigated in the previous proceedings

described in the respondent's answer, and his present petition raises no new material

issues of fact. With respect to the interpreter claim, because the petitioner "had both

knowledge of the issue and an opportunity to raise it properly" in any of those numerous

prior proceedings "but failed to do so, he has procedurally waived the issue for [still

further] collateral review." <u>Avery v. Cunningham, Warden</u>, 131 N.H. 138, 143 (1988);

<u>McClesky v. Zant</u>, 499 U.S. 467, 498 (1991); <u>see also</u> <u>Sleeper v. Warden, N.H. State</u>

<u>Prison</u>, 155 N.H. 160, 163 (2007); <u>Roy v. Perrin</u>, 122 N.H. 88, 100 (1982); <u>Martineau v.</u>

<u>Perrin</u>, 119 N.H. 529, 531—32 (1979). The Court agrees with the respondent that the

petitioner has procedurally waived the interpreter claim. Because "the record presented

clearly demonstrates that the petition is without merit," and for the reasons set forth in

paragraphs 1—14, paragraphs 22—32, and paragraphs 34—37 of the State's answer and

motion, the petition for writ of habeas corpus is DENIED without a hearing. <u>See</u>

<u>Diamontopoulas</u>, 140 N.H. at 185; <u>Grote</u>, 132 N.H. at 99.

The Court's order herein renders moot the other pending motions in this case.

So Ordered.

Dated: __2|21|13__

Peter H. Bornstein
Presiding Justice

2

THE STATE OF NEW HAMPSHIER

SUPERIOR COURT

Coos County, ss

State of New Hampshire

v.

Dominie S. Ali,

Case No. 438-2004-CR-01627

DEFENDIS MOTION TO WITHDRAW Nolo CONTENDERE PLEA.

Now comes, Dominic Ali, Sui Juris, respecfuly request this Honorable Court to grant this motion for the following reason States below:

① A Domestic violence Final order issued pursvant to RSA 173-B:9.IV.III case was N 04-M-440 on April 8, 2004 by the Superior Court Hillsborough County was filed under False allegation were their insufficient allegation n of facts to Support the issuance of an ex-part temporary protictive order to the plaintiff. see: State v. Laforest, 140 NH 286 (1995) also Fillmore v. Fillmore 147 NH 283 (2001).

of 4

of 70

② On August 29, 2004, The defendant Ex-Girl Friend by anger and slander reported to the New Boston P.D that the defendant violated a Domestic Violence Final order See Doc # 04-03121, Manchester District Court. The defendant was arrested on an active warrant based upon hearsay. The defendant charge with the violation of potictive order. After a hearing, the defendant was sentence to (29) Days credit by his incompetent assistance of Counsel Mr. Rayn Norwood.
See: State v. Maclanels, 151 N.H. 732 (2007)

③ On Nov 12, 2010, the defendant filed a motion to withdraw his Nolo Contendere plea that was not intelligently and voluntrily made. On Dec 17, 2010, the Goffstown District Court reviwed the defendant motion and appointed new Counsel. On Feb 15, 2011, the Court heard testimony regarding the defendant motion based upon ineffective assistance of Counsel and denied the defendant relife based upon defendant lacks of Credibility.

④ The defendant States that his nolo Contender plea was not intelligently and voluntarily made See: Boykin v. Alabama, 395 U.S. 238 (1969). Attorney Rayan Norwood from the public Defenders Office did not provid such true advice or professional opion. Counsel adviced "you will go home if you plea nolo, and because nolo of 4 meant nothing" Not a conviction. See: State v. Sharkey, 155 N.H. 638 (2009) also

Strickland v. Washington, 466 U.S. 638, (1984).
The defendant states that his Counsel failed to
disclose material facts and misrepestation of
material facts to the defendant and not routinely
explained the nature of the offense or plea in
Sufficient detail to give the defendant notice of
what he is being asked to admit and what the
outcome of his plea, when the defendan refused to
guilty. On the record; their is information known to
the Court at the time of the hearing Sufficient
to raise doubts about the defendant competencer.
See: Pate v. Robinson, 383 U.S. 375 L.Ed.2d 5.c.t (1966).

⑤   The defendant states, that the Honorable Court violated
his Constitutional Rights State and Federal in failure
to offer the defendant an interpreter during the hearing
Pursuant to the C1A act, whent their is ambiguity of
language in plea agreement. At the time of the
hearing the defendant possedsed minimal formal
education and little familiarity with the Court
Proceeding, that the Court failed to advised the
defendant certain Constitutions Rights nor his Counsel
that he had a right to insist on a trial by
Jury and the consequent waiver of that right by plea
nolo. WHEREFORE, The defendant respectfully request
this Honorable Court;

of-4.

1. Allowed this motion be granted;

2. Allowed the Court to correct a manifest injustice;

3. Grant the defendant such other and further relief as is Just and equitable as this Court deems Right.

CERTIFICATE OF SERVICE

I, Dominic Ali, herby certify that under penalty of purjury, that a copy of this motion has been forwarded to Attorney Generals Office. First class Postage address on Sept 13, 2012.

9/13/12

09/13/12

Dominic Ali 81829
138 East Malin Rd
Ber-lin, NH 03570

1 of 4 E-File

THE STATE OF NEW HAMPSHIRE

SUPERIOR COURT

Coos County. SS

State of New Hampshire

V.

Dominic Ali

Case No. 438-2004-CR-01627

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
TO WITHDRAW THE NOLO CONTENDER PLEA.

On or about August.2004, the defendant was assigned
Attorney Rayn Norwood from the Hillsborough County
Public Defenders Office. Attorney Rayn Norwood was
the primary Counsel for the defendant at the time
of the hearing. He was an experience criminal Lawyer
that he was very optimistics about the defendant
chances in Court. Attorney Rayn Norwood has no
strategic purpose to discover instructional error, that
he tempt to rest on the perceived weakness of the
Prosecution Case. Attorney Rayn Norwood was only
interested in a fee.

LEGAL ARGUMENT

of 7     The defendant argue that the victim Loretta D.
Lee-Roy reported to the New Boston P.D On August
29th, 2004, that the defendant violate a Domestic

violence Final order issued by the Hillsborogh
County Superior Court, when in defacto, the protective
order was filed under false allegation (1) there were
insufficient allegation of fact to support the
issuance of an expart temporary protective order
to the plaintiff (2) the RSA 173-B:5 require
that the Court must make a specific finding of
Criminal conduct in order to issue a final
restraining order against the defendant.
On May 26, 2004, the defendant went to trial after
pleaing not guilty and the allegation with few case
was dismissed. See; **Fillmore v. Fillmore**, 147 NH 283(2004)
Because the victim did not show an immediate and
present danger of abuse by the defendant.

The defendant argue that, On August 29, 2004, he was
Stop for another violation of open contanner, alchol, then he
was arrested on an active warrant from the Goffstown
and he was charge with the violation of the protective
order. After a hearing, the defendant was sentence to
29) Days credit by his incompetent Attorney.
The defendant argue that his plea must be vacated
from his criminal record because his plea was not
intelligently and voluntarily made. See;
**Boykin v. Alabama**, 395 U.S. 238 (1969) His Attorney
Rayn Norwood a public Defender did not provid such
true advice or professional opinion about the plea-
Nolo, He adviced the defendant to plea guilty,

1 of 7

the defendant told Counsel no, because he hasn't done
nothing, then Counsel threterd that the defendant
would face six months in Jail if convicted, then counsel
Counsel grossly misinformed the defendant about
the plea Nolo, that,"it mennt nothing" and the
"defendant would go home" See: **State v. Offen**, 156 NH 435
(2007).   COLLATERAL DAMAGES
    Counsel failed to disclose plea offer and not
routinely explained the nature of the offense went
it carries a felony conviction. in Sufficient detail
to give the defendant notice of what he is being
ask to admit, or what is the outcome, and the
Court acceptance of ALI's plea violated his due
process rights. as guaranteed by part (1) article (15)
of the New Hampshire Constitution.
    There is a reasonable probability that had not
been for Attorney Kayn Norwood advised to plea
Nolo, the defendant would insist upon going to
trial by dury. See: **State v. Sharkey**, 155 NH 638(09)
Holds were Counselr does not provid such
information, Counsel has perform ineffectively.
Failure of the Court to determine whether the
defendant was pressured and misinformed into
signing on to package plen calls to question of the
voluntriness of the Nolo plea. See:
**Valencia v. U.S.** 923 F. 2d 917 ( 1 st 1991)
the defendant possessed minimal formal education
and little familiarity with the legal system. that

the Court during the hearing failed to advise the
defendant certain Constitutional rights. See:
Henderson v. Morgan, 426. U.S. 637, L.ed 2d s-ct (1976)
or informed the defendant critical element of the
offense to which he plea. As abouse of discretion
and violation of the CIA act, the Court failed
to offer the defendant an interpector during his
hearing that is violation of the Fifth Amendment
Pursuant to the CIA act, the defendant is
entitled to an interporter The Judge at the
hearing had best position to assess the defendant
insted he threteed the defendand with Five Years
in prison, the record would reviled that. The Judge
had usage, comfort level and inteligibility
Knowing the defendant language other then the
English during the henring. The lack of an interpete
during the proceeding inhibited the defendant
comprehension of the plea and communication
with attorney who Lived to the defendand and
the Judge. The Court failed to seek to measure
defendant comparative ability to speak or he
understood the English languag, Beause of the
ambiguity of Language in plea agreement. See:
Margalli-Olver v. INS, 43. F.3d 345 [8th Cic 1994)
The Federal Constitution offer the defendant no greater
protection than does the State Constitution under
these circumstances: See: Albers, 113 N.H. at 138: Smith
127 N.H. at 439, NAACP v. Alabama, 372 U.S. 288 (1964).

' of 7

The Court must Judge the reasonableness of Counsel on the fact to the particular Case. A defendant claiming ineffective assistance of Counsel must show (1) that Counsel representation fell below an objective standard of reasonableness (2) that Counsel deficient Performance perjudice his Case. Second part of Strickland requires a criminal defendant to show prejudice from Counsel deficient Performance for the purpose of establishing ineffective assistance of Counsel under Federal Constitution (6th) Amendment, Where such claim involves Counsel performance during the Course of Legal proceeding, either at trial or appeal, (A) showing how specifict errors of Counsel undermined the reliability of a finding of guilt, or (B) demonstrating that Counsel errors actually had an adverse effect on the defendant Case. See: **Cook v. Lynaugh**, 821 F.2d 1072 (CA 5th 1987)

In the instance case, the defendant would had not plend or nor been found guilty if it wasn't for his Counsel advised. See: **Powell v. Alabama** 287 U.S. 45, 69, S.C.t (1932) also, **Richter v. Hickman**, 578 F.3d 944 (CA 9th 2009).

Theirfore, Attorney Rayn Norwood representation fell below an objective standard of reasonableness in failure to disclose material facts or missrepresenation of material facts to the defendant.

of 7

## DENIAL OF CONSTITUTIONAL RIGHTS

### STATE AND FEDERAL

The six Amendment entitle the defendant a right to assistance of Counsel and due process of law under the fifth, and part (1) article (15) of the State constitution. see: State v. MacAskill, 129 NH 405

Attorney Rayn Norwood actual construction denial of assistance of Counsel is legally presumed to result in prejudice. the defendant resulting in unreliable or fundamentally unfair outcome of the proceeding. whose result is reliable. Strickland v. Washington, 466 U.S. 668 (1984). The Court of appeals agrees. that the six Amendment impose on Counsel a duty to investigate because a reasonable effective assistance must be based on professional decision, and informed legal choices can be made only after investigation of options. The Court observed that Counsel's investigatory must be assessed in the light of the information known at the time of the decision not in hindsight, and the amount of pretrial investigation that is reasonable — defense precise. measurement. As matter a law the defendant asseration of ineffective assistance of 7 simply cannot excuse a lawyer failure to inform and then advise his client, there purpose of advised is to have an effect on the defendant view. Attorney Rayn Norwood Knew the defendant was motivated primarily by a strong desire not to plea guilty to anything that result in Conviction.

## ConcLusion

The defendant Ali, respectfully move this Honorable Court to vacate his Conviction the RSA 173-B; 9, IV, III for the reason stats. on the motion to withdraw Nolo contender plea.

## CERTIFICATE OF SERVICE

I, Dominic Ali, herby declare under penalty of perjury that the fact states in the forgoing motion and the Memorandum of law are true and Correct copy has been sent to the Attorney Generals office, via U.S. Mail. Postage address first class on Sept 13, 2012

_Dominic Ali_
9/13/12


Angela Poul 09/13/12

of 7    Dominic Ali P1829
138 East Malin Rd
Berlin, NH  03570
C: file

THE STATE OF NEW HAMPSHIRE

SUPERIOR COURT

Coos County, s

Term 2013

Plaintiff    Dominic Ali

v.

Defendant    Edward Reilly, Warden

Case No# 214-2012-cv- 00178
Plaintiff's motion Request for Admission

Now Comes, Dominic Ali, survivris, respectfully
requests this Honorable Court to grant this motion
for the following reason states below;

The plaintiff has a motion with this Court
to withdraw a Nolo contendere plea that was
not intelligently and voluntrily made, See;
Boykin v. Alabama, 395 U.S. 238 (1969). The
plaintiff states that his incompetent attorney
from the public Defenders Office, Mr Ray'n
Norwood grosstly misinformed the plaintiff's
about the Law, in failure to provide true
advise and professional opinon not routinelly
explaine the true nature of the offense
in sufficient detail, see; State v. Sharkey,
155 N.H. 638 (2009)-

The plaintiff requests the opposing party to admit that the Manchester and Goffstown District Courts decision that the plaintiff posed a credible threat to the victim safety as based largely and relying heavily on the allegation of the prior incident, when their was insufficient allegation of fact to support the issuance of an EX-part temporary (DVP) order on April 8th, 2004.

That the Court conducted a hearing on April 8, 2004, without the plaintiff present or the victims. Having consider the victim petition for (DVP) The plaintiff was arrested on April 2, 04 and was at the county jail, when the Court issued a summoned for the plaintiff to appear before the Court for his testimony that could have had the Court dismissed the victim petition of (DVP).

That the plaintiff incompetent Counsel did not request for production of documents "Discovery" during the 28th Days of the plaintiff incarceration to familiarize him self with the case. See; Brady v. Maryland, 373 U.S. 83 (1963). also, State v. Laurie, 139 N.H. 325 (1995). For the purpose of attacking the character or truthfulness of the State case and to

proof an act of dishonesty and false
statement that been made by the victim
on the petition of (DVP), that could be
admissible for attacking her credibility.

That the Court however never informed the
plaintiffs that the State had to prove
beyond a reasonable doubt their case and to
demonstrate to a clear and convincing degree
that the plaintiffs entered his plea without
pressure and with understanding the he had a
right to insist on a trial and ultimately
Jury trial befor signing on to pden package.

That the plaintiffs was arrested on August
2004, on an active Warrant from the Goffstown
District Court for violation of protective order
and that he was also charge with position of
alcohol by a miner, that at the hearing for
that case, the plaintiff was offed an interperter
because the plaintiffs language was other then
English and he possessed minimal education
in 2004. And that Julie Senneville and Michael
Dunican, will provide this Court with relevant
fact to the plaintiff's level of education
that lead his incompetent counsel to misinforme
him about the law and pressured him into
signing on to plen package.

of 4

That the plaintiff is currently incarcerated for longer terms as result of his unlawful and bias conviction of Nolo contendere plea on Sept 28, 2004, and that the State did upgraded the plaintiff's misdemeanor offenses to felonies based upon this CONVICTINO.

## Conclusion

The plaintiff Dominic Ali, respectfully moves this Honorable Court and request the opposing party to admit that the particular pieces of information is true and to verify all document filed with this Court is genuine.

1. Allowed this Honorable Court to correct a manifest injustice;
2. And grant the Plaintiff's such other and further relief as is Just and equitable.

## Certificate of Service

I, Dominic Ali, hereby certify under penalty of perjury, that a copy of this Request for admission has been forwarded to Assistant County attorney Bathleen Broderick esg, 1/31/13, First class Postage address. C: File

/ / 31 / 13.

ANGELA POULIN
STATE OF
MY
COMMISSION
EXPIRES
AUGUST 16
2016
OF THE January 31, 2013

THE STATE OF NEW HAMPSHIRE

SUPERIOR COURT

Coos County, ss

Term 2013

Dominic Ali

v.

Edward Reilly, Warden

Case No x 214-2012-cv-00178

Petitioner's

Defendant's motion for Summary Judgment

NOW COMES, Dominic Ali, Sui Juris, respectfully requests this Honorable Court to grant this motion for the following reason States below;

The defendant has a motion to withdraw a Nolo Contendere plea, that was not intelligently and voluntrily made, see; BoyKin v. Alabama, 395 U.S. 238 (1969). The defendant states that his incompetent from the public Defenders Office, Mr. Raxn Norwood misinformed the defendant about the law, failing to provides true advise and professional opinen not routinely explaine the nature of the offense in Sufficient detail. See; State v. Sharkey, 155 N.H. 638 (2009)

' 18

On or about August, 2004, the defendant was assigned attorney Rayn Norwood from the Hillsborough County public Defenders Office, Who was the primary Counsel for the defendant at the time of the hearing. He was an experience criminal lawyer who had a bad reppitation as a working agent with the assistance County attorney's and never acted in a role of an active advocate on behalf of his clients. The date of the hearing, Counsel was very optimistics about the defendant chances, that he has no strategic purpose to discover instructional error. Counsel rested on the perceived weakness of the prosecution Case. Because he's only interested in a fee.

A Domestics violence final order issued pursuant to RsA 173-B-9.IV. by the Manchester District Court On april 8th, 2004, that was filed under false allegation when their was insufficient allegation of facts to support the issuance of an Ex-part temporary (DVP) to the plaintiffs. See: Fillmore at "147 NH 233."

The Court having consider the pleintiffs petition, it issued a summonded for the defendant who was arrested on april 1st, 2004, and was at the county Jail for 20th Days, to appear befor the Honorable Court for his testimony.

47 18

The defendant have no reard of an attorney been appointed by the Court to represent him aneither did he was allowed to appear befor the Court for his testimony on April 8, 2004. See; Defendant motion to amend filed with this Court (EXibit # 1).

On April 1st, 2004, the defendant was order to appear befor the Honorable Court to answer to the complaint charging him simple Assault RSA 63:2-A and stalking that record on March 27, 2004, after he was arrested without been served with the (DVP) petition at his residence. The defendant plead not guilty and trial was set for May 26, 2004, All charges were dismissed by the court, Justice Norman E. Champagne. See; (EXibit A2) motion to amend filed with this Court.

For the purpose of attacking the character or truthfulness of the plaintiff, the defendant has proof an act of dishonesty and false statement made by the plaintiffs. As the plaintiff (DVP) and all charges were dismissed by the Court as listed above should be admissible for attacking her credibility at trial, should the State call her as a witness.

of 18

Failure of the Court to determine whether the defendant was pressured and misinformed into signing on to package plea, Calls to question of the voluntariness of the plea. The defendant at the time of the hearing possessed minimal education and little familiarilty with the legal system. At the same time, the trial Court, however never informed Mr. Ali that the State had to prove beyond a reasonable doubt that the defendant violate order of protection.

The 14teen Amendment provides that no State shall deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the law: See: <u>Margalli-Olvera v. INS</u>, 43 F.3d 345 (8th cir 94). And requires that a plea guilty be made Knowingly and voluntarily because it involves a waiver of Constitutional Rights on the part of the defendant. This Honorable Court would notice on the plea package the defendant did not write the date and the highest educational gread. The defendant was given the plea package up side down under pressure by his Counsel tell him "Just sign it". See: Exibit )

The rule requires that the Court must address a defendant in open Court to make sure that their is a clear understanding between the —

al 18

Court and the defendant of the following

① Nature of the charges  ② guilty plea was free
                              from cocerion
③ Consequence of the guilty plea
④ Defendant rights to trial by dury
⑤ Rights to testify and call witness and
the privilege against self incrimination.

Inested the dudge threetend the defendant
with five years in prison for a lie made by
the plaintiff on her way out of the Country.

Criminal law - Right to Effective Counsel
Plea; Defense Counsel will fail to supply the
effective assistance of Counsel guaranteed by
the New Hampshire Constitution, if Counsel grossly
misinforms a criminal defendant client about
the Collateral consequence of pleading guilty
the defendant relies upon that advice in deciding
to plea guilty, and there is a reasonable
probability that the defendant would not have
pled Nolo but for that erroneous advice.

The defendant would insist upon going to trial
by dury, call all his witness and face his acuser
and have his rights to testify.

- P 10

The defendant was sentence to (20) Days credit
by his incompetent Counsel who had Knowin
the defendant was motivated primarily by a
strong desire not want to plea to anything
that result in conviction.

The violation of BoyKin did not entitle the
defendant to relief on this collateral attack
with respect to this Court as the Honorable
Court would notice, It simply left the State
with the burden to demonstrate to a clear and
convincing degree that when McAli entered
his plea, has understood that he had a right
to insist on a trial, and ultimately dury trial
befor the Goffstown District Court,

As the defendant moves to withdraw a prior guilty
plea, he has the burden to prove that his earlier
plea was not made voluntarily and that withdrawal
of the plea must be allowed to correct a
manifest injustice. See; State v. LaForest 140 NH 286 (1995)
Within this Court discretion to grant the withdrawal
of this conviction, this Court is not required to
believe the defendants statement. The defendant
provided this Court with enogh evidence that the
victim Fabricated stories and is Known by
the family to be a liar and untrustworthy
that she doesn't Know very many moral

of 18

boundaries and its unfortunate that she is willing to do whatever to have this defendant arrested over and over againe for these horsay statement she made, Knowin that the Hillsborough County District Attorney more then likely to act on those False statement and act of dishonesty to arrest the defendant simply because he is a black men that his more then likely to commit the crime charge, and always discriminatory conduct have been taken with full reckless disregard by the District Attorney's office As this Honorable Court would notice that, the defendant has no criminal record and Mr. Ali insist to the District Attorney's office reckless disregard motivated by Racial bias to make him one.

The Fourth circuit has expressly stated this delineation: "Ordinarily, an attorney need not advise his client of the myried collateral consequence of plending guilty. However, where the client asks for advice about a collateral consequence and relies upon it in deciding whether to plea guilty, the attorney must not grossly misinform his client about the law". And its clear on the record of the hearing 9/28/04, Counsel Ar the defendant advise the Court that Mr. Ali have no dela of how those the severe charges, and that he is from Sudan But back in the holding cell, Counsel thretend

of 18

the defendan to plea guilty, if not the defendant
would face six month in dail if convicted. The
defendant insist to plea guilty, then Counsel
missiuformed the defendant to "plea Nolo because
Nolo meant nothing and you don't know what
happend and you will go home" This is not
the first time that the New Hampshire public
Defenders Office and the Assistant County Attorney's
violate Mr. Alis Constitutional Rights. Were public
Defenders attorneys threatend Mr. Ali to take a
plea of guilty or face immigration conseguence if
convicted, or the County attorney's over charge
Mr. Ali with a non sence charges that violate Mr. Alis
Constitutional protection of due process, equal protection
and reasonable bail, and the trial Court always have
been in denial and refusal to inguire into defendant
need for an interpreter because of his inability
to pay for one. that is in violation of Mr. Alis
six Amendment right to confrontation and due
process of law. The defendant limited education
lead to his counsel to missinform the defendant
about the law and railRoad the defendant
into signing an acknowledgement and waiver
of rights form that is the state only evidence
to this unlawful conviction The State complaint
date August 29, 2004, States that the defendant
Knowingly violate a (DVFO) issued pursuant to
RSA 173-B Doc Nox 04-M-440 on 4/08/04,

of 18

by the superior Court, but failed to informed
this Court that the Honorable Judge Philip P.
Mongones violate Mr. Alris due process of Law
in not allowing him to appear befor the
Court for his testimony, The defendant was at
the County Jail for (20)Days from 4/1/04 to 4/20/04.
without the defendant appenvinue the Court
found that the plaintiff has been abused this
Court has copies of that matter of Ali v. LeeRoy.
Theirfore, the State would fail to carry its burden
of demonstrating that the defendant Nolo plea
was Knowingly, voluntary and intelligent because the
defendant was in Jail when the Court conducted a
hearing. The defendant have doubt that neither
did the plaintiff was in Court for that hinving
on 4/8/04. Because the Court nor the State
have a record of the plaintiff was in Court
When the defendant NK. theirfore the petition
of the (DrP) should have been dismissed by the
Court.

## Collateral Damages

Counsel Failing to disclose plea offer and
not routinely explained the nature of the offense
went it carries a felony conviction in sufficient
detail violated Mr Alris due process rights as
guaranteed by part(1) article (15) of this
of 18  State constition and the sixth Amendment rights.

Attorney Rayn Norwood Failure to consider
all circumstances to investigate the plaintiff's
lies and false allegation, were he did not
familiarize him self with the discovery and
neither did he provided the defendant with
discovery. See: Brady v. Maryland, 373 U.S 83 (1963)
also, State v. Laurie, 139 NH 325 (1995).

Please be advised, that this is the same issues,
the defendant was working as a Welder with the
North American Upfitters INC, five month latter on
Agouest 29th, 2004, the plaintiff found out that
the defendant wants nothing to do with her, She
by anger and slander reported to the New Boston
P.d. that the defendant violated (DVP) order that
was dismissed or should have been dismissed by
the court knowing that the (DVP) was filed on
false statement and dishonesty.

The defendant was arrested againe on an active
warrant and 29th days latter his incompetent
attorney showed up in Court for the hearing
advising the defendant to "plea guilty" when the
defendant said no, he threaten the defendant
with more jail time, then he advised the
defendant to plea nolo because it weant nothing.
Counsel grossly misinform the defendant about
the law. See: State v. Offen, 156 NH 435. (2007).

of 18

The defendant conviction is pending before
the Federal Court for the first cir of N.H.
One of the issues is the incompetency of
the public Defenders office programe who is in
fear to subject the Assistant County Attorneys
to meaningful adversarial challenge during Mr-Ali's
trial. As it seem they check with county attorney
if they agree with every motion they need to
file with the Court. See; attachment ) I don't
ask the District Attorney if he agree arapoove of
this motion, their is a reason for something called
an objection with respect to this Honorable
Court. This is what is going on with these
incompetent Attorneys, wonder why they prejudiced
the defendant every case.

The Constitutional requirement of substation
equality and fair process can only be attained where
counsel act in the role of an active advocate on
behalf of his client, and opposed to that of
amicus curiae, the no-merit letter and procedure
it trigger do not reach that dignity. Counsel should
and can with Honor and without conflic be of
more assistance to his client and the Court. Hes'
role as an advocate requires that he support his
client not railroad him. see; Powell v. Alabama,
Counsel's advised was essential as a Constitution
matter. Any issues beyond Nolo plea conviction its

2 of 18

irrelevant. As this Court would notice in the decision of the New Hampshire Supreme Court in the case the <u>State v. Macleod</u>, which "141 NH 427" that "the trial Court have the authority and the obligation to the crub prosecution broad discretion, if over charging poses danger of Confusion harassment or other unfair prejudice".

See; <u>State v. Sharkey</u>, 155 NH 638 (2007). Were Sharkey pled guilty to driving under the influence of alcohol. Sharkey had a Massachusetts driver's license. When he pled guilty and he informed his incompetent attorney that he had four prior conviction in Massachusetts for operating a vehicle under the influence of alcohol. Sharkey asked his incompetent attorney what effect a conviction in the pending N.H. case would have upon his Mass driver's license. His incompetent attorney told him that Mass would suspend his license for the same period of the time as N.H. and advised him to plead guilty. Once the Mass DMV received notice of that plea and conviction while intoxicated in this State however, the Mass DMV revoked his license for lifetime according to there laws.

Sharkey would not have pled guilty to the N.H. charge had he known that it would result in the permanent revocation of his Mass license.

of 18

On appeal both parties agree that the license revocation penalty imposed by Massachusetts is a collateral consequence of the guilty plea August, 2004. In the instance case, unlike Mr. Sharkey's case which involve driving while intolication, where both the defendants rely upon Counsel advise, under Part III article V, of the State of N.H. and the sixth Amendment to the United State Constitution, were Mr. Ali's Counsel grossly missinform him about the Law, "that the plea Nolo meant nothing" three years after Mr. Ali Bundost that his counsel advise was a lie.

Strickland v. Washington, 466 U.S. 668 (1984). The Court of appeals agrees that the sixth Amendment imposes on Counsel a duty to investigate. because a reasonable effective assistance must be based on professionals decision, and informed legal choises can be made only after investigation of options. The Court observed that counsel's investigatory decision must be assessed in the light of the information Known at time of the decisions not in the hand sight and the amount of pretrial investigation that is reasonable defense precise measurement.

In the instance case, Ali's attorney had no strategic purpose but to make a fast buck by throwing Mr. Ali under the Bus with moral turpitude.

of 18

## ABOUSE of DISCRETION

The Judge at the hearing had best position to assess the defendant, insted according to the record, he threstend the defendant with five years in prison. And that five years would come form the plea package that the defendant did not understood on Sept 28, 2004.

The Judge had usage, comfor level and intelligibilty to assess the defendant when Counsel for the defendant advised the Court that Mr. Ali is from the Sudan, according to that, his language is other then English during the hearing. The lack of an interperter during the proceeding inhibited the defendant comprehension of the plea and communication with the Court, As the Court failed to seek to measure the defendant comparative ability to speak or if he undersood the English languag. Please be advised that the defendant was in the Country for four years only when he was convicted of the Nolo plea, Both the defendant and his ex-girlfriend were speeking language ofher then English. Therifor ambiguity and language barrier had an effect on the defendant plea agreement, See; Margalli-olver. v. INS, 43 F.3d 345 (8th cir. 1994). That Counsel and the Court knew the State had a hearsay statement and the Court afewir of risk of undermining the

of 18

public confidence in the Judicial Process. They pressured the defendant into signing the plea package that he did not understood.

Please be advised, that the defendant On August 2004, was arrested on an active warrant from the Goffstown District Court for violation of protective order and also was charge with position of alcohol by a miner by Manchester p.d. As the defendant is entitled to an interperter, the Judge at the Manchester District Court offer the defendant an interperter because the defendant language was other than English and that conviction result in fine of $400. And that happend the same Year. See; NO # 04-069600, August 31, 2004, Attachement ).

The defendant characterizes the Goffstown District Court decission that the defendant posed a credible threat to the plaintiffis safety as based largely and relying heavily on the allegation of the prior incident of March 27th, 2004, that the Manchester District Court dismissed on May, 2004 Case NO # 04-23835, Exhibit A2 in this Court Position.

The Federal Constitution offer the defendant no greater protection then does this State Constitution. Under these circumstances;

of 18

This Court must Judge the reasonableness of Counsel on the fact to the particular case. As this Court would notice on the defendant memorandum of law filed on 9/13/12, the had a reason to insist upon going to trial by Jury.

This is a plain errors which is obvious and seriously affected the fairness, integrity, or public reputation of the Judicial proceeding see; State v. Machnols, 151 NH 732 (2007) also U.S. v. Davis, 974 F.2d 182 (DC cir 1992). (1) Denail of the trial Court to allowed the defendant to appear for the (DVP) hearing on 4/7/04 for his testimony that could have this petition dismissed (2) Denall of Attorney Ryan Norwood the assistance of Counsel and grosly missinformed the defendant about the law (2) on 9/27/04 (3) As result of this unjust conviction the defendant on February 4th, 2008, was charged with felonies relating to this Nolo plea.

On or about, 2008, the defendant advised his trial Counsel who represented him under conflic of interest that they failed to investigate this Nolo plea conviction, in favor of that conflic of interest they descided to make an agreement with the State who discriminatory over charge the defendant with double Jeopardy that prejudiced the outcome of his case.

of 18

## Conclusion

The defendant Dominic Ali, respectfully moves this Honorable Court to dismiss this Nolo Conviction RSA 173-B-9, with prejudice.

The defendant is currently incarcerate for longer term us result of this bias conviction. of Nolo conviction been upgraded by the State in his misdemeanor offenses indictment of 2008, see 158,859

1- Allowed this Honorable Court to correct a manifest injustice;

2- As result of this Nolo conviction the defendant is facing immigration consequences of a prison sentence that result from his conviction of the Nolo been upgraded to Felonies. And grant the defendant such other and further relief as is Just and equitable.

## Certificate of Service

I, Dominic Ali, hereby certify that a copy of motion and under penalty of perjury, has been forwarded to Assistant County Attorney Kathleen Broderick, esg, this _____ 2013 first months.

William

Angela Tout

of 18    1/3/ 13                                    01/03/13

# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

### In Case No. 2013-0155, <u>Dominic S. Ali v. Warden, Northern New Hampshire Correctional Facility</u>, the court on June 6, 2013, issued the following order:

Notice of appeal is declined.  <u>See</u> Rule 7(1)(B).

Under Supreme Court Rule 7(1)(B), the supreme court may decline to accept a notice of discretionary appeal from the superior or circuit court.  No appeal, however, is declined except by unanimous vote of the court with at least three justices participating.

This matter was considered by each justice whose name appears below.  If any justice who considered this matter believed the appeal should have been accepted, this case would have been accepted and scheduled for briefing.

<u>Declined.</u>

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

Distribution:
Clerk, Coos County Superior Court, 214-2012-CV-00178
Honorable Peter H. Bornstein
Mr. Dominic Ali
Attorney General
File

# THE STATE OF NEW HAMPSHIRE
## SUPREME COURT

EILEEN FOX
CLERK OF COURT
TIMOTHY A. GUDAS
DEPUTY CLERK
ALLISON R. COOK
DEPUTY CLERK



ONE CHARLES DOE DRIVE
CONCORD, N.H. 03301
. (603) 271-2646
1-888-535-1946
TTY/TDD RELAY 1-800-735-2964
www.courts.state.nh.us

March 7, 2013

Mr. Dominic Ali
Northern NH Correctional Facility
138 East Milan Road
Berlin, NH 03570

RE: 2013-0155, <u>Dominic S. Ali v. Warden, Northern New Hampshire
Correctional Facility</u>

Dear Mr. Ali:

On March 6, 2013, a filing in reference to the above-captioned matter was
received in the clerk's office and has been docketed as case number 2013-0155.
A court order will be issued regarding further proceedings.

All correspondence and pleadings, which are filed at the Supreme Court by
any party in the case, except the initial filing of the appeal document, must have
the correct Supreme Court docket number.  Please refer to Rule 26.

Very truly yours,

Allison R. Cook
Deputy Clerk

Distribution:
Clerk, Coos County Superior Court, 214-2012-CV-00178
Attorney General
File

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: _Coos SS Superior Court_

Case Name: _Dominic Ali v. Edward Reilly, Warden_

Case Number: _214-2012-CV-0078_
(if known)

## MOTION FOR: Waiver of Rule 7 in part

The _Appellant in this matter caption above, sui juris, and respectfully_
states the following facts and requests the following relief:
_that he submitted a Notice of Appeal and is without_
_sufficient funds to provide this Honorable Court with the_
_number of conformed copies required by Rule 7. The appellant_
_has submitted his Affidavit relative to his finacial conditions_
_This Appellant has submitted two copies of his Notice of_
_Appeal with the original and has otherwise complied with_
_Rule 7 by sending conformed copies to the Court below and_
_Counsel for the parties._

_WHERFORE, the Appellant Prays this Honorable Court waive_
_the exact requirement of Rule 7 and authorize submission._

Date _3/11/13_

Signature _Alic Dominick_

Address _138 E Milan Rd, Berlin, NH, 03570_

Telephone

I certify that on this date I mailed/delivered a copy of this document to:

(other party) ___ or (other party's attorney) _County Attorney_

Date

Signature _Alic Dominick_

---

## ORDER

☐ Motion granted.　　☐ Motion denied.

**Recommended:**

Date _____　　Signature of Marital Master _____

Printed Name of Marital Master _____

**So Ordered:**

I hereby certify that I have read the recommendation(s) and agree that, to the extent the marital master/judicial referee/hearing officer has made factual findings, she/he has applied the correct legal standard to the facts determined by the marital master/judicial referee/hearing officer.

Date _____　　Signature of Judge _____

Printed Name of Judge _____

66 of 70

# THE STATE OF NEW HAMPSHIRE
## SUPREME COURT
http://www.courts.state.nh.us

Trial Court Name: _Cooss Superior Court_

Trial Case Name: _2:14-2012- cv- 00178 / Ali r. Reilly, warden._

Trial Case Number: _↓_
(if known)

## MOTION TO WAIVE FILING FEE

1. Person requesting that filing fee be waived: _Dominic S. Ali_

2. Reasons for request to waive filing fee: _Mr. Ali was found guilty after trial by jury_
_in 2008. He was sentenced to six years in prison. The trial Court_
_already determined that Mr. Ali was indigent and qualified for_
_appointed Counsele. Mr. Ali submits his financial affidavit_
_filed with this notice of appeal in this matter, supports this_
_contention that Mr. Ali remains in prison and indigent at this time._

For the above-stated reasons, I request that the filing fee be waived.

_3/1/13_
Date

_[signature]_
Signature of appealing party or ~~counsel~~

I certify that a copy of this motion has been sent or delivered to all other parties or their counsel.

_3/1/13_
Date

_[signature]_
Signature of appealing party or ~~counsel~~

**An Affidavit of Assets and Liabilities must be filed with this motion. This form is available at the Supreme Court or on the judicial branch website: http://www.courts.state.nh.us/supreme/forms/index.htm.**

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

## RULE 7 NOTICE OF MANDATORY APPEAL

This form should be used for an appeal from a final decision on the merits issued by a superior court or circuit court except for a decision from: (1) a post-conviction review proceeding; (2) a proceeding involving a collateral challenge to a conviction or sentence; (3) a sentence modification or suspension proceeding; (4) an imposition of sentence proceeding; (5) a parole revocation proceeding; (6) a probation revocation proceeding; (7) a landlord/tenant action or a possessory action filed under RSA chapter 540; (8) an order denying a motion to intervene; or (9) a domestic relations matter filed under RSA chapters 457 to 461-A other than an appeal from a final divorce decree or from a decree of legal separation. (An appeal from a final divorce decree or from a decree of legal separation should be filed on this form.)

---

**1. COMPLETE CASE TITLE AND CASE NUMBERS IN TRIAL COURT**

Dominic S. Ali v. Edward Reilly, Warden of the Northern Correction Facility.

Case No. 214-2012-cv-00178

---

**2. COURT APPEALED FROM AND NAME OF JUDGE(S) WHO ISSUED DECISION(S)**

The State of New Hampshire Superior Court

Coos, ss    Justice Peter H. Bornstein.

---

**3A. NAME AND MAILING ADDRESS OF APPEALING PARTY. IF REPRESENTING SELF, PROVIDE E-MAIL ADDRESS AND TELEPHONE NUMBER**

Dominic S. Ali 81829
138 East Milan Road
Berlin, NH 03570

E-Mail address: _____

Telephone number: _____

**3B. NAME, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS AND TELEPHONE NUMBER OF APPEALING PARTY'S COUNSEL**

E-Mail address: _____

Telephone number: _____

---

**4A. NAME AND MAILING ADDRESS OF OPPOSING PARTY. IF OPPOSING PARTY IS REPRESENTING SELF, PROVIDE E-MAIL ADDRESS AND TELEPHONE NUMBER**

E-Mail address: _____

Telephone number: _____

**4B. NAME, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS AND TELEPHONE NUMBER OF OPPOSING PARTY'S COUNSEL**

Kathleen Broderic, 8517657
Hillsborough County Attorney
300 chestnut st -
Manchester, NH 03101

E-Mail address: _____

Telephone number: _____

---

**Case Name:** _Dominic Ali V. Edward Reilly_

**RULE 7 NOTICE OF MANDATORY APPEAL**

5. NAMES OF ALL OTHER PARTIES AND COUNSEL IN TRIAL COURT

_Ryan Norwood, with the N.H. Public Defenders Office Manchester NH 03101_

_New Boston Police Department._

---

6. DATE OF CLERK'S NOTICE OF DECISION OR SENTENCING. ATTACH COPY OF NOTICE AND DECISION.

_September 28th, 2004_

DATE OF CLERK'S NOTICE OF DECISION ON POST-TRIAL MOTION, IF ANY. ATTACH COPY OF NOTICE AND DECISION.

_9/13/2004_
_2/14/2013_

7. CRIMINAL CASES: DEFENDANT'S SENTENCE AND BAIL STATUS

_(29) Days Credit in the Department of Correction._

---

8. APPELLATE DEFENDER REQUESTED?    ☐ YES    ☑ NO
IF YOUR ANSWER IS YES, YOU **MUST** CITE STATUTE OR OTHER LEGAL AUTHORITY UPON WHICH CRIMINAL LIABILITY WAS BASED AND ATTACH FINANCIAL AFFIDAVIT (OCC FORM 4)

---

9. IS ANY PART OF CASE CONFIDENTIAL?    ☐ YES    ☑ NO
IF SO, IDENTIFY WHICH PART AND CITE AUTHORITY FOR CONFIDENTIALITY.
SEE SUPREME COURT RULE 12.

---

10. IF ANY PARTY IS A CORPORATION, LIST THE NAMES OF PARENTS, SUBSIDIARIES AND AFFILIATES.

---

11. DO YOU KNOW OF ANY REASON WHY ONE OR MORE OF THE SUPREME COURT JUSTICES WOULD BE DISQUALIFIED FROM THIS CASE?    ☑ YES    ☑ NO

IF YOUR ANSWER IS YES, YOU MUST FILE A MOTION FOR RECUSAL IN ACCORDANCE WITH SUPREME COURT RULE 21A.

---

12. IS A TRANSCRIPT OF TRIAL COURT PROCEEDINGS NECESSARY FOR THIS APPEAL?
☑ YES    ☐ NO

IF YOUR ANSWER IS YES, YOU **MUST** COMPLETE THE TRANSCRIPT ORDER FORM ON PAGE 4 OF THIS FORM.

Case Name: _Dominic Ali  v.  Edward Reilly_   64 of 70

**RULE 7 NOTICE OF MANDATORY APPEAL**

13. LIST SPECIFIC QUESTIONS TO BE RAISED ON APPEAL, EXPRESSED IN TERMS AND CIRCUMSTANCES OF THE CASE, BUT WITHOUT UNNECESSARY DETAIL.  STATE EACH QUESTION IN A SEPARATELY NUMBERED PARAGRAPH.  SEE SUPREME COURT RULE 16(3)(b).

_Whether the Court violated Mr. Ali's rights under part (1) article (15) of state of N.H. Constitution and the 5th, 6th and this (14) Amendment of the United State Constitution, When Mr. Ali is incompetent Counsel grossly misinter Mr. Ali about the flee Nolo in failing to provide true advise and professional officer not reasonably explains the nature of the offense in sufficient detail See; State v. Sharkey, 155 NH 638(2..9) also Boykin v. Alabama, 395 U.S. 238(1969) And Fillmore at 147 NH 272(2001)_

_Whether the Court violated Mr. Ali's rights under part (1) article (15) of the State of N.H. and the 8th and the 14th amend of the United States Constitution, Denying Mr. Ali's rights to testify and call of his witness, and an interpreter during the proceeding that the court abuse its discretion and that end Mr. Ali with five years to allowed self incrimination._

_Whether the Court error in not using the authority to the Curb prosecution brovel Discretion and abuse of Power and collateral damage as result of the Nolo contender conviction In 2008, Mr. Ali's indictment was varoded to felonies in Vodlation of Mr. Ali constitutional rights State and Federal, part Wartick (16) and the 5th Amendment to US Constitution at N4 N4 N4._

**14. CERTIFICATIONS**

I hereby certify that every issue specifically raised has been presented to the court below and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading.

Appealing Party or Counsel

I hereby certify that on or before the date below, copies of this notice of appeal were served on all parties to the case and were filed with the clerk of the court from which the appeal is taken in accordance with Rule 26(2).

3/1/2013
Date

Appealing Party or Counsel

Case Name: _Denise Ali v. Edward Reilly_ 70 of 70

**RULE 7 NOTICE OF MANDATORY APPEAL**

## TRANSCRIPT ORDER FORM

INSTRUCTIONS:
1. If a transcript is necessary for your appeal, you must complete this form.
2. List each portion of the proceedings that must be transcribed for appeal, e.g., entire trial (see Supreme Court Rule 15(3)), motion to suppress hearing, jury charge, etc., and provide information requested.
3. Determine the amount of deposit required for each portion of the proceedings and the total deposit required for all portions listed. Do not send the deposit to the Supreme Court. You will receive an order from the Supreme Court notifying you of the deadline for paying the deposit amount to the court transcriber. Failure to pay the deposit by the deadline may result in the dismissal of your appeal.
4. The transcriber will produce a digitally-signed electronic version of the transcript for the Supreme Court, which will be the official record of the transcribed proceedings. Parties will be provided with an electronic copy of the transcript in PDF-A format. A paper copy of the transcript will also be prepared for the court.

| PROCEEDINGS TO BE TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List each day separately, e.g. 5/1/11; 5/2/11; 6/30/11) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | LENGTH OF PROCEEDING (in .5 hour segments, e.g.,1.5 hours, 8 hours) | RATE (standard rate unless ordered by Supreme Court) | DEPOSIT |
| 9/23/04 | Violation of restra ning order hearing - | Michael d. Ryan | 15, mints | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| 2/15/11 | Hearing to withdraw Nolo contender Plea. | Paul H. Lawrence | 10 minuts | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | TOTAL DEPOSIT | $ |

| PROCEEDINGS PREVIOUSLY TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List date of each transcript volume) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | NAME OF TRANSCRIBER | DO ALL PARTIES HAVE COPY (YES OR NO) | DEPOSIT FOR ADDITIONAL COPIES |
| 9/23/04 | violation of restra Michael d. ning order | Ryan | | ☑ Yes ☐ No | TBD |
| | | | | ☐ Yes ☐ No | TBD |
| 2/15/11 | Withdraw of Nolo Paul H. Law | | | ☑ Yes ☐ No | TBD |

**NOTE:** The deposit is an estimate of the transcript cost. After the transcript has been completed, you will be required to pay an additional amount if the final cost of the transcript exceeds the deposit. Any amount paid as a deposit in excess of the final cost will be refunded. The transcript will not be released to the parties until the final cost of the transcript is paid in full.