12cv-185-JL

Dominic Ali 81829
138 East Milan Road
Berlin, NH 03570

DISTRICT COURT
DISTRICT OF N.H.
FILED
2013 JUL 23 A 11: 21

United States District
Court for Dis of NH.      7/18/2013
55 Pleasant St. Room 110
Concord, NH 03301-3941

Dear Mr. Clerk,

I have a writ of Habeas Corpus doc No) filed with this Court, pursuant to 28 U.S.C 2254, claiming violation of constitutional Right Federals. On or about August, 2012, I filed a motion for transcript of the proceeding of 9/28/2004 at the Goffstown District Court. The Court sent me a tape player. I ask for transcript in writing. Because we don't have tape player or me. And it's hard for me to review any in time if I like. So, today I had a chance to review the tape. Something don't sound right on the Court proceeding tape or the record. Some of the proceeding was ommitted from the record were the Judge threaten me and when my hardoye-

told the Judge, that I'm from Sudan and that I didn't know how serious the charges is. But he told me in the Holding cell that Nolo meant nothing and you will go home if you take a plea. I doubt, this is not the same court record of the proceeding of 2004 Nolo contendere plea. So, I will ask this Court to order the Goffstown District Court to provide this Court with the 2004 proceeding of Nolo Contendere. Their is more on that record that will support my claime to dismiss this conviction. I have the two court proceeding of 2004, 2011 Nolo contendere hearing on Tape.

Please if you have any question please writ back. I'm trying to hack her un Attorney,

Thank You.

[signature]

[I want criminal investation]

Please be advised Mr clerk; The Judge on the 2004 proceed was Michael J. Ryan. If you listen to the Court record or transcript, it sound like Judge Paul H. Lawrence. Who proceed on 2011.

Dominic Ali 81829
138 East Milan Rd
Berlin, NH 03570

9th Cir District and Family
Division Goffstown           7/13/2013
329 Mast Road
Goffstown, NH 03045

Dear Mr. Clerk;

    On or about August of 2012, I ask this Court by a motion requesting the proceeding of 9/28/2004 Nolo Contendere hearing that lead to a conviction. This Court sent me a tape player transcript, we don't have tape players. Can you send me the transcript in typing, writting please. In the recording, their alots missing from the record. I wanna know why. is that.

    This case is pending with U.S. District Court now. Copy of this letter is been sent to the court for the record also. Please be advise, the two tapes also. I have to make copies for the record.

    If you have any question, please write back,

        Dominic 81829

Dominic Ali 81829
138 East Milan Road
Berlin, NH 03570

DISTRICT COURT
DISTRICT OF N.H.
FILED
2013 JUL 23 A 11:21

Superior Court                                4/19/13
300 Chestnut St.
Manchester, NH 03101

Dear Mr. Clerk;

This case is pending with the NH Supreme Court as to day. I'm privding you with all copies that you forwarded to me or the Manchester District. As is should this (DVP) should have been dismissed by both courts and for the reason that I was not been aware of this Petition I was put in a satitation that is this court should have took care of by law. See; Dominic Ali v. Sara Nagy Case Nox (08-DV-053). Please assist.

Respectfully Submitted,
[signature]

RECEIVED
APR 26 2013
MANCHESTER DISTRICT COURT

6/4/2013  The Court is returning your letter and motions. If your Appeal is now at the Supreme Court, all correspondence and Motions are to be filed with the Supreme Court.

Thank You   9th Circuit Manchester Family Division

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

Hillsborough, ss

State of New Hampshire
v.
Dominic Ali
Doc No# 04-M-440
MOTION FOR FUNDS FOR TRANSCRIPT

NOW COMES, Dominic Ali, Sui Juris, respectfully requests this Honorable Court to grant this motion for the following reason states below;

Mr. Ali was charge with simple assault RSA 631:2-A class A misdemeanor and stalking Appear RSA 633:3-A class A misdemeanor on or about March 29, 2004.

This Court issued a Domestic Violence Final order issued pursuant to RSA 173-B:9, IV by the Honorable Court Carol Ann Conboy having consider the plaintiff petition (DVP) upon allege to the defendant Mr. Ali simple assault and stalking on or about March 29, 2004.

1 of 5

On April 1, 2004, Mr. Ali, was order to appear befor the Court to answer to the complaint charging him simple assault and stalking that accord on March 29, 2004. This Court issued a notice of hearing on April 8, 2004, for Mr. Ali and the plaintiff's to bear testimony from both parties in wich Mr. Ali was not allowed by the Court to provides his testimony in wich this Court granted a petition for temporary order base on these charges, that on May 26, 2004, The Honorable Court Norman E. Champage dismissed all charges. See; attachement

Mr. Ali, has filed a petition for writ of habeas corpus in which he attacks the validity of the protective order and his conviction of the violation of a protective order in 2004, by the Goffstown District Court and also his sentence enhancement in 2008, 858 by this protective order, that was filed under false allegation when their was insufficient of fact to support the issuance of an Ex-part Temporary Protectictive order to the plaintiff. This case is pending with the N.H. Supremer Court, See; Doc # 214-2012-CV-00178, <u>Ali v. Reilly</u>, Warden, N.H.-NCF, and also, Ali v. Warden, NCF, Doc # 2013,0155 "NHSC".

2 of 3

The extra details from the hearing on 4/8/04 by the plaintiff's testimony are useful in the defense prepare for trial.

More generally, these transcripts are of value because there is a reasonable probability that a witness may deviate at trial from his or her prior testimony in this Court. Thus, the transcripts are a valuable impeachment tool.

The equal protection and due process protection of the 14 thteen Amendment to U.S. constitution and Part (1) Article (15) of this state constitution entitle an indigent defendant to a transcript at the State's expense when transcript is of value to his defense and there is no available alternative. See; Griffin v. Illinois, 351 U.S. 12 (1956). State v. Cofske, 129 N.H. 133 (1987).

Mr. Ali is unable to make more specific representation concerning the testimony at the Hearing on 4/8/04, at 1:30 pm. Federal law does not, however, require any more specific representation to entitle Mr. Ali to a transcript in these circumstances. See; Griffin & Britt v. North Carolina, 404 U.S. 226, 227 (1971) "There can be no doubt that the State must provide an indigent defendant transcripts when that

3 of 5

transcripts is needed for an effective defense or appeal: Bundy v. Wilson, 815 F.2d 125 (1st cir 1987).

The Court has also emphasized that the holding in the line of cases that began with Griffin, involving a criminal defense's right of access to a transcript are firmly rooted in both the due process and equal protection clauses of the 14 theen Amendment."

To the extent that state law may require more, it is in conflict with Federal law. Cf. State v. Brown, 143 NH 197 (1998).

Mr. Ali has been informed that hearing transcripts would cost fee's.

WHEREFORE, Dominic Ali, respectfully requests that this Court authorize the expenditure of the cost, so that Mr. Ali may obtain a transcript of the Temporary order and Notice of hearing on April 8th, 2004. 04-M-440-

## Certificate of Service

I, Dominic Ali, hereby certify that copy of this motion has been forwarded in the U.S. mail First class postage address on April 19, 2013, to AG's Office.

_[signature]_     04/19/13   _[signature]_
4/19/2013

_[Notary seal: ANGELA POULIN, STATE OF NEW HAMPSHIRE, JUSTICE OF THE PEACE, MY COMMISSION EXPIRES AUGUST 10, 2016]_

_[signature]_
Dominic Ali 81829
138 East Milan Road
Berlin, NH 03570
C: file

5 of 5

For the Record,
the court never send me the transcript.

*[signature]*