United States District Court
for the Dis of N.H.

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2013 JUL 24 A 10: 54

Petitioner; Dominic Ali    7/19/2013

V.

Defendant; Edward Reilly, Warden

## Civil No. 12-cv-185-JL

Petitioner's Memorandum of law in Support of his motion to dismiss indictment 858 from product of 2004 Nolo contendere plea Conviction and sentence in 2008 for good Cause.

NOW COMES, Dominic Ali, Sui Juris, respectfully requests this Honorable Court to grant this Memorandum of law for the following reason States below;

## FACTS

The petitioner has a writ of Habeas Corpus doc No 1) filed Pursuant to 28 U.S.C 2254, with this Court claiming Violation of his Constitutional Rights States and Federals.

1 of 10

In part, the 6th Amendment rights to a fair trial by Jury and the 14 teen Amendment rights to a due process of Law. in claims A and B. and newly identified claims 10 and 11 following the numbering of claims in the may 20,2013, report and recommendation by this Honorable Court.

## Legal Argument

The states with full reckless discriminatory conduct of prejudice motivated by racial bias, divide single indictment into multiple count, which resulted in Jury confusion that is primarly purpose of effect is to appeal to the Grand Jurys sympathies or to trigger other mainsprings of human action that might cause the Jurys to base its decision on something due than the established proposition in the case. see; T. 4 - 9.

The court hold a hearing on the motion to dismiss indictment on August 27/2008, After considering of the pleading, argument, and applicable of Law, Justice (G. Abramson) who only preside over this motion denies his requests.

see; petitioner's Rule 7 notice of appeal filed with this Court (1 of 1) That her decision failure to dismiss indictment prejudice the petitioner case is resulting in an unreliable or fundamentally unfair outcome of the proceeding and substantial miscarriage of Justice when she denies the petitioner's motion and rendered a decision that was prejudice in light of prevailing law by the reviewing authority, that her conduct raised resonable doubts of the Judges impartiality growing out of the Judicial proceeding. When she uses intermidation or allows it by the States, that on Feb, 2012, at the hearing for the petitioner on his 2254 writ, She with a loud voice of intermidation, States " that the Supreme Court already vacate one of your indictment", when in Fact, over charging was the States tactical entrapment of the petitioner, that the State by it self ask for the indictment be vacated from the Petitioner's conviction and Sentence, that his due process of was violated when the trial Court perimits a petitioner to be tried upon an indictment which the state knows is based on confusion and prejudice. see; Attachment (A)

3 of 10

The petitioner content that the trial
Court and the States behavior was so
improper and prejudicial, that it created
biased grand Jury. Not only that, the grand
Jury in this case has been overreach or
deceived in significant way where perjure
testimony has been Knowingly presented. see; T.T.
the victim testified on trial that she was
hit 30 times with a pepsi can in the head,
where the State Know her testimony is beast
of false allegation, but the reason to allow it
is for intrafment.

In United States v. Calandra, "414 U.S. 338" (2d (1974).
the Supreme Court discussed the ancient and
Solemn responsibilites of the grand Jury-
" The institution of the grand Jury is deeply
rooted in Anglo-American history. In England,
the grand Jury served for centuries both as a
body of accuser sworn to discover and present
for trial person suspected of criminal wrongdoing
and as a protector of citizens against arbitrary
and oppressive government action. In this
country, the Founders thought the grand Jury so
essential to basic liberties that they provided
in the 5th Amendment that Federal prosecution

for serious crimes can only be instituted
by a " presentment or indictment of a grand
Jury. of. Castello v. United States, 350 U.S. 359,
Ed (1956). The grand jury's historic function
survive to this day. its responsibilities
continue to incould both the determination
whether there is a probable cause to believe
a crime has been committed and the
protection of citizen against unfounded
criminal prosecution. Branzburg v. Hoyes, "408
U.S. 665" (2d 1972)." (Footnote omitted).

Under the Constitutional scheme, the grand Jury
is not and should not be a captive to any of
the three branches" Chanen, 549 F.2d at 1312.
if the grand Jury is to accomplish either of
its functions, independent determination of
probable cause that a crime has been committed
and protection of citizen against unfounded
prosecution, limits must be set on the
manipulation of grand juries by over-zealous
prosecutor.

On April 17th, 2008, the State indicted the
Petitioner with class A felony, and two
class B Felonies and 4 class As misdemeanors
that without proving it. The fact that
probable cause may exist to support the
indictment whichis the State may say, it
does not end the Court inquiry, since the
grand jury "does not determine only that
probable cause exists to believe that the
defendant committed a crime, or that it does
not" the grand jury is not bound to indict
in every case where conviction can be obtained."
Id. For example, it may "reject an indictment
that, although supported by probable cause, is
based on government passion, prejudice, or
injustice". At least one cir has indicated that
is improper for the States to introduce evid-
ence of prior bad acts to a grand jury, see,
United States v. Hogan, 712 F.2d 757 (2d cir 1993)
For example, the conviction of protective order
in 2004, which the state uses in support of
the grand jurys indictment, and that is dust
one of the prejudice. The policy is predicated
6 of 10 on the belief that deliberate deception of
the Court and the jury by presentation

of evidence known by the States to be
false "involves a corruption of the truth-
seeking function of the trial process." See,
United States. v. Agurs, 427 U.S. 97 "2d (1976) and
is "incompatible with rudimentary demands of
Justice," Giglio v. United States, 405 U.S. 150"
citation Omitted.) Moreover, deliberate deception
is inconsisten with any principle implicit in "
any concept of ordered liberty," Napue v.
Ilinois, 360 U.S. 264 "2d (1959) and with the
ethical obligation of the State to respect
the independant status of grand Jury.
Standard for Criminal Justice 3-3.5 3-48-4-49 (2d
ed 1980). The "cardinal purpose" of the grand
Jury is to shield the petitioner against the
discriminatry conduct of prejudice motivated
by Racial Bias when the State are Charge
the petitioner and the trial Court acted unknowingly
and stood by, but not against the State excesses
and the protection is destroyed if the
State may proceed upon an empty indictment.
  More specifically, the petitioner argoes that
dismissal is proper because the trial Court
and the State has Knowingly allowed the
entry of false information into the record

of the proceedings Bank of Nova Scotia at, 487 U.S. at 263. The Court said that the prejudicial inquiry must focus on whether any violations had an effect on the grand jury's decision to indict. If violation substantially influence the decision to indict or if there is grave doubt that the decision to indict was free from such substantial influence, the violation are not harmless. Id. at 487 U.S. at 256. and 263.

The 5th cir has likewise recognized that dismissal under the court's Supervisory power requires a showing of actual prejudice to the accused. In the instance case, ① Ali's 2008 conviction and sentence for second degree assault, ② Ali's 2004, conviction use to enhance the second degree assault, that was not based on the facts not decided by the jury, ③ Ali, 2008, conviction vilated his 6th and 14teen Amendment right to due process and a fair trial, Id, claims 2-4 and 6-11. filed with this Court. All these violation prejudice the petitioner's rights and his case. United State v. Cases, 425 F.3d 23, ( 1st cir. 2005) Holds that a court may invoke its Supervisory power only where there

8 of 19

is "a nexus between the improper prosecutor
practice and prejudice to the petitioner's"
In this case, which the state Knew the
victim's testimony to be false, he did nothing
to corrected thats his tactical intrupment, every
one knew the game. Six attorney's violate the
petitioners sixth Amendment. Attorney Anthony L.
Introcaso, told the petitioner that "THERE RACES"
but the petitioner reffused to believe that
law was writen by racial bias. For these
Counsel is theirs nothing but "check list" of convictions.


In Basuto, the Court held that where the
State had actual Knowledge that the
indictment is based partially on perjure
testimony, when the perjured testimony is
material and when jeopardy has not attached
he is under a duty to immediately inform
the Court, opposing counsel and the grand jury
inorder that appropriate action can be taken.
The Court held that failure to do so
violates the fifth Amendment Due Process
clause. Basuto, 497 F.2d at 785-786. The
prejudice which the Courts look to is prejudice
in the proceeding in 2008, conviction and
sentence.

This Honorable Court has a duty to interfer because the States abused its discretion to such an extent as to be arbitrary and capricious and violative of due process of law, of the petitioner. United States v. Welch, 572 F-2d 1359 (9th cir.1978). The State has a duty of good faith. United States v. Basurto, 497 F.2d 781 (9th cir. 1974). Dismissal of the petitioner's indictment 863 is proper because in which the states obtained the indictment represented a serious threat to the integrity of the Judicial Process. See; United States v. Samango, 607 F.2d 877 (9th cir 1974).

## Conclusion

The petitioner Dominic Ali, respectfully requests this Honorable Court to grant this Memorandum and the rest of the motion to dismiss indictment as this Honorable Court deems right and Just.

## Certificate of Service

I, Dominic Ali, declare under penalty of perjury, that the foet state or true and a copy of this hongoing is forwarded to the A.G. Office this Date, First class postage address U.S. Mail. C:file.

Dominic Ali 81329
138 East Milan Rd
Berlin, NH 03570
C:File.



### III.   THE TRIAL COURT PROPERLY DENIED THE DEFENDANT'S MOTION TO DISMISS ON DOUBLE JEOPARDY GROUNDS.

The defendant argues that the trial court erred in denying his repeated motions to dismiss one of the second degree assault charges on double jeopardy grounds. DB 16.  He then argues in the alternative that the court committed plain error when it sentenced him for both charges.  DB 18-19.  There is no merit to the claim that the trial court should have dismissed one indictment, because the two indictments alleged different facts and mental states, and thus represented alternative theories of guilt. *See United States v. Platter*, 514 F.3d 782, 786 (8th Cir. 2008) ("Generally, the government is free to prove a defendant's liability for one criminal offense using multiple theories of guilt.").

The State, however, concedes that under the facts of this case, the two charges meet the "same evidence test," *State v. Hutchinson*, 137 N.H. 591, 596 (1993), and the dual convictions and sentences violate double jeopardy. Therefore, it agrees that this Court should vacate the conviction and the sentence for second degree assault under indictment 08-S-859. *See Roy v. State,* 76 S.W.3d 87, 99 (Tex. App. 2002) ("The proper remedy is to modify the judgment by vacating the lesser sentence and conviction").

## **CONCLUSION**

For the foregoing reasons, the State respectfully requests that this Honorable Court affirm the judgment below, with the exception that it should vacate the conviction and sentence on indictment 08-S-859. $3\frac{1}{2}\ 7$

The State requests a 5-minute oral argument.

*give up*

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its attorneys,

Michael A. Delaney
Attorney General

Nicholas Cort, NH Bar No. 236
Assistant Attorney General
Criminal Justice Bureau
33 Capitol Street
Concord, N.H.  03301-6397
(603) 271-3671

November 30, 2009

I hereby certify that two copies of the foregoing were mailed this day, postage prepaid, to Paul Borchardt, Assistant Appellate Counsel, counsel of record.

Nicholas Cort

419742.doc

(Attachement B)

THE STATE OF NEW HAMPSHIRE

SUPERIOR COURT

Coos County, ss

Term 2013

Dominic Ali

v.

Edward Reilly, Warden

Case No # 214-2012-CV-00178

Petitioner

Defendant list of potential Witness

Now Comes, Dominic Ali, sui Juris, respectfully moves this Honorable to grant this motion for the following reason stated below;

1- To allowed Mrs. Julie Senneville Youth Development specialist who has Known Mr. Ali comparative unability to speak or understanding the English languag and the barrier that Mr. Ali possess in school in 2004, were she had help Mr. Ali in his Court apperance for the unlawful possession of alcohol and the arrest of the violation of the Protective order were she the ask Manchester District Court to assist Mr. Ali with an interperter during his proceeding in 2004. And She also has Known Mr. Ali's grade level in 2004.

2 Mrs. Julie Seoneville would also provides the Honorable Court with information about the plaintiff character when she read the plaintiff's letters in 2004 that she sent the defendant about her dishonesty and false statement she made in 2004. (603) 626-7941.

3. Allowed Mr. Michael Dunican who has known Mr. Ali from 2004 to 2006, and the languag barrier that Mr. Ali posses. And he also has bailed Mr. Ali from arrest in 2004, of the (DVP) and known the plaintiffs phone calls at his Job heresment after she had filed the false Statement with the Goffstown P.D in 2004. When Mr. Dunican ask the plaintiff not to Call his compeny any more. (603) 624-6288.

Date 1/2/2013

    I, Dominic Ali, certify that a copy of this potential withess who would testify in Mr. Ali case with this court has been informed that incould Assistant County Attorney Kathleen A. Broderick, serving with this copy.

1/3/13

1/05/13



Youth Empowerment Program
Southern NH Services, Inc
49 Manchester Street
Manchester, NH 03101
(603) 626-7941

Hillsborough County Superior Court
300 Chestnut Street
Manchester, NH 03101

RECEIVED
NOV 7 - 2008

November 7, 2008

Your Honor:

My name is Julie Senneville and I am the program coordinator for the Youth
Empowerment Program in Manchester, NH. The Youth Empowerment Program is a
federally funded employment and training program that provides academic, work
readiness and occupational skills training to young adults.

I had the pleasure of working with Dominic Ali from October 29, 2003 to June 29, 2005.
When Dominic completed the training he was working full time and continuing to study
for his GED test. I provided him monthly follow up services and he continued to be
successful. Even after follow up services were over, he continued to maintain regular
contact with staff.

During the time that I worked with Dominic, I found him to be polite and respectful. He
was an eager student and really wanted to finish his schooling. He interacted well with
his fellow classmates and worked well in group settings. He never was a behavior
problem and never manifested negative behaviors in the classroom setting. He also
received favorable reviews from his employer; there were never any complaints from his
job site.

Respectfully submitted,

Julie Senneville
Youth Development Specialist

# North American Equipment Upfitters, Inc



November 10, 2008

To whom it may concern:

Dominic Ali was employed by North American Equipment Upfitters, Inc. from September 29, 2004 through October 13, 2006.   It was our understanding that Dominic left our employment to pursue educational studies at the time of his resignation.

While in our employment Dominic was an excellent employee that worked well with others and had become one of our best welders.  Dominic would be considered for a position in the future with North American and would be an asset to any company that chose to hire him.

Respectfully,

Michael Dunican
President

6 Sutton Circle Hooksett, NH 03106   PO Box 1017 Londonderry, NH 03053
Ph: (603) 624-6288   Fax: (603) 624-6289

Dominic Ali zaza

138 East Milan Rd

Berlin, NH 03570

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2013 JUL 24 A 10: 54

U.S.D.C

Office of the clerk                    7/12/13

55 Pleasant St R 110

Concord, NH  03301


Dear Mr, clerk,

Iim filing a

memorandum of law in support of my motion

to dismiss indictment 858, that I was challenging

from the start of the case, under ground of

due process of law. to the alread identified

claims 2-4 and 6-11, filed with this Honorable

Court, and for good cause showing in this case.

I couldn't file this memorandum at thesame

time as this Court may advise because the law

library was close for a week, we only get our 2

hours a week, sometimes non. So, Iim making this

possible as I can.

The list of potential witness, the State already

have one, and Iim sending them another copy as

attachement "B". The state put an objection to this

b34, don't why, Those witness knew me for years.

they bail me out from these issues of protective

1 of 2

order, in 2004.

As I advised this court with my issues over the trial transcript or the tape that the Goffstown District Court sent me, I have strong issue of who was in court in the 2004 nolo conviction that I'm challenging right now. I reviewed the tape and it sound funy.

According to the law directory and day book, of 2011, Justice Michael J. Ryan is at Nashua District Court. My motion to witdram nolo contendere was filed on Nov 12, 2010, and the hearing was heald on Feb, 2011, with Justice Paul H. Lawrence. Please be advise, on the transcript, Justice Paul H. Lawrence ask me who was the Judge was- and I told him I don't know, in 2004, the State argued their possition on the record, because I remamber this Judge told me don't come to Goffstown If you do, I will Lock you up for five Years. But this statement is not on the tape that the Court send me, and my Lawyer argument too. I will be more then happy to send these two tape to this Court for investigation of why most of the record is not their and I have doubt whos the Judge. I do remamber the Judge was over weight and looking meen at me,

who is should Justice Michael J. Ryan. For Fact ~~I~~ need the 2004 proceding transcript so I can file it with this court for perjury. ~~I~~ don't doubt my self any more, something is funy with this case. I had two inmates listen to the tape and the words use and they caffirm my suspetion, that this thesame person on the tape, "BOTH TAPES" with out me telling them it should be different people. The proceding went on to the waving my rights, which you can not hear the person who supportive to me in court. I want investigation of this transcript and if this court would order the transcript in writting. I have no doubt, their is a criminal investigation here.

If you have any question, or wants to look at those tapes, write me A.S.A.P.

2 of 2