# EXHIBIT E

APR-10-2010 09:40A FROM:                          TO:96275627          P.2

nc
2009-0140

THE S..TE OF NEW HAMPSHIRE SUPREME COURT.
-------------------------------------------

Janury 23/2010

State of New Hampshier    vs    Dominic Ali
-------------------------------------------

Motion to appoint a new Counsel.
----------------------------------

Now comes to the defendent i Mr.Ali.Dominic and my new appointed
appellate defender Mr,Paul Borchardt,and move this Honorble
court to allow Mr.Paul Borchardt to withdraw as a Counsel from
my case ,Because i Mr. Ali find the New Hampshire Public Defender
Program was inffective in my case,duoring the trial and sentencng

.1/    I Mr.Ali was found guilty after trial in the Hillsbrough
c      County Superior Coutr,Notth.Docket;no 2008-08-858.08-
8859.08-864.08-862. And was sentence by (Barry James)ON Feb/2/09.
For one year at the House of Correction.

and three and half to seven suspended,pluas five to ten at the
NHSP,men.Consecutive to 08-864-862.

2/    Present cunsel was assigend to represent me ,I Mr.Ali
On December 3/2008 after the court determined that i Mr.Ali,
was indigent and gualified for appointed Counsel. The court-
oppointment was post conviction.

3/    The rule 7 mandatory notic of Appeal was filed with the
Supreme Court Contemporaneously a new Counsel be appointed to
pursue my appeal befor the Supreme Court.
 Their for I ask the Honorble Court to send me a finacial affidav-
-ied for my new Counsel,and allow him to pursue my appeal -
befor the Supreme Court.

                 Wherefore I Mr.Ali move this Honodrble Court to
                      grant this motion.
                  Respectfully Submittied
          ALI  DOMINIC

RECEIVED

JAN   2010

THE STATE OF NEW HAMPSHIRE
SUPREME COURT


State of NH vs Dominic Ali


DEFENDNT'S MOTION FOR NEW TRIAL
------------------------------------------------------------

NOW COMES Dominic Ali ,Defendant pro-se who respectfully moves
for a new trial,for the following reasons:


  1/ Defense counsel was ineffective for his failure to file
and request an interlocutory appeal concerning the challenge
to the defendant's indictments subsequently conceded by the
State in the defendant's pending appeal.


  2/ The defendant was prejudiced as a result of defense
counsel's deficient performance because the jury was allowed
to hear evidence and testimony prejudicial to the defendant's
case that would have otherwise been excluded.

  3/The defendant had a right to the effective assistance of
counsel as protected by the Sixth and Fourteenth Amendments.



    WHERFORE,the defendant respecfully requests that his motion
for new trial be granted,and


        A.That the court allow thiry days for the submission
of a memorandum of law in support of his motion;


        B.  That an evidentiary hearing be set in this matter;

        C. That counsel be appointed;

        D. And for such other just relief.

              Respectfully submitted,
              March 15,2010
Dominic Ali
p.o.Box 14
Concord,NH 03302-0014
                  Certificate of Service:
I,Dominic Ali hereby certify this 15th March 2010,that a copy
of trial motion was forwarded in US Mail to counsel of record:

Don
          Dominic Ali

# EXHIBIT F

THE STATE OF NEW HAMPSHIRE

SUPREME COURT

State Of New Hampshire

v.

Dominic Ali

2009-0140



APPELLANT'S MOTION FOR AN EXPANSION OF TIME UNTIL MARCH 15, 2010
TO NOTIFY THE COURT AS SET FORTH IN ITS JANUARY 28, 2010 ORDER

NOW COMES Dominic Ali, Appellant pro-se, who respectfully moves for an

expansion of time until March 15, 2010 to notify the court as set forth in its

January 28, 2010 order, for the following reasons:

1.  The appellant did not receive the court's order until his counsel

belatedly mailed the decision on February 16, 2010.  See Exhibit A.

WHEREFORE, the appellant respectfully requests that his motion for an

expansion of time be granted, and for such other relief as justice requires.

Respectfully submitted,
February 22, 2010

Dominic Ali
PO Box 14 #81829
Concord, NH  03302-0014

Certificate Of Service:

I, Dominic Ali, hereby certify this **24** of February 2010, that a copy of this
motion was deposited in the US Mail, with first class postage, addressed
to: Paul C. Borchardt, Esq., Nicholas P. Cort, Esq.

Dominic Ali

08-858-9
862
864
c 30906

THE STATE OF NEW HAMPSHIRE

SUPERIOR COURT

State Of New Hampshire

v.

Dominic Ali

Filed on

APR 05 2010

3/22/2010

## DEFENDANT'S MOTION FOR NEW TRIAL

NOW COMES Dominic Ali, Defendant pro-se, who respectfully moves for a new trial, for the following reasons:

1. Defense counsel was ineffective for his failure to file and request an interlocutory appeal concerning the challenge to the defendant's indictments subsequently conceded by the state in the defendant's pending appeal.

2. The defendant was prejudiced as a result of defense counsel's deficient performance because the jury was allowed to hear evidence and testimony prejudicial to the defendant's case that would have otherwise been excluded.

3. The defendant had a right to the effective assistance of counsel as protected by the Sixth and Fourteenth Amendments.

WHEREFORE, the defendant respectfully requests that his motion for new trial be granted, and:

      a. That the court allow thirty days for the submission of a memorandum of law in support of his motion;

      b. That an evidentiary hearing be set in this matter;

      c. That counsel be appointed;

      d. And, for such other just relief.

- 1 -

Respectfully submitted,
March 15, 2010


Dominic Ali
PO Box 14
Concord NH  03302-0014



Certificate of Service:

I, Dominic Ali hereby certify this 15th of March 2010, that a copy of this
trial motion was forwarded in the US Mail to counsel of record:



Dominic Ali

cc:  County Attorney
     Attorney General
4/5/2010

# EXHIBIT G



BJH/KIM
bolduc
C-30406

## THE STATE OF NEW HAMPSHIRE
### JUDICIAL BRANCH

Hillsborough Superior Court Northern District
30 Spring St./PO Box 2143
Nashua NH  03061-2143

Telephone: (603) 669-7410
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**Brett J Harpster, ACA, ESQ**
**One Indian Head Plaza**
**Nashua NH  03060**

JUN 1 0 2011

Case Name:    **State v. Dominic Ali**
Case Number:  **216-2008-CR-00858**  ~~216-2008-CR-00859;~~ *216-2008-CR-00862; 216-2008-CR-00864*

Enclosed please find a copy of the court's order of June 09, 2011 relative to:

ORDER

June 10, 2011                           John M. Safford
                                        Clerk of Court

(542)

C: Dominic Ali; Ghazi D. Al-Marayati, ESQ

NHJB-2503-S (02/24/2009)

STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                    SUPERIOR COURT
NORTHERN DISTRICT


State of New Hampshire

v.

Dominic Ali

Docket No. 08-S-858, 862, 864

### ORDER

Pending before the court is the defendant's Petitioner [sic] For Habeas
Corpus. In his petition, the defendant seeks relief based upon claims of
ineffective assistance of counsel.

The defendant initially raised this claim in his *pro se* motion to appoint new
counsel that he filed in the New Hampshire Supreme Court. At that time, the
defendant's direct appeal was pending before the Court. On January 28, 2010,
the Supreme Court entered an order removing the defendant's case from the 3JX
argument list and staying further proceedings. In that order, the Court provided
further that the defendant could "file a motion to set aside guilty verdict based
upon ineffective assistance of counsel in the superior court."

On March 2, 2011, the Supreme Court granted the defendant's motion for
additional time within which to file his "motion to set aside guilty verdict based
upon ineffective assistance of counsel in the superior court." The court enlarged
the time period to March 15, 2011.

The defendant filed a motion for new trial in this court on March 22, 2010, alleging ineffective assistance of counsel. Although it was untimely, this court allowed the motion and appointed counsel to represent the defendant. See Order dated April 21, 2010 (Garfunkel, J.). In that order, the court stated that it "will appoint counsel for the defendant to advise and represent him with respect to the merits of his ineffective assistance of counsel claim." Counsel entered his appearance on May 3, 2010.

On July 2, 2010, the defendant, through his court appointed counsel, withdrew his motion for new trial. On December 13, 2010, the Supreme Court issued an order on defendant's direct appeal affirming his conviction, in part, and vacating it in part.

The defendant has now filed his Petitioner [sic] for Habeas Corpus alleging ineffective assistance of counsel in the superior court. This is the same claim that he withdrew after conferring with counsel. At some point the defendant must be bound by his prior decisions, particularly when he has received the advice of counsel. He has now reached that point. Accordingly, his Petitioner for Habeas Corpus is DISMISSED with prejudice.

**SO ORDERED.**

June 9, 2011

David A. Garfunkel
Presiding Justice

2

# EXHIBIT H

07/18/2011  16:20    6034872433                NB POLICE                        PAGE  01/13

Fi le
2011-92273



**Town of New Boston**
**Police Department**

PO Box 338 • 116 Old Coach Road
New Boston, New Hampshire 03070-0250

(603) 487-2433 Business Phone
(603) 487-2889 Fax

Christopher L. Krajenka
*Chief*

Richard D. Widener
*Sergeant*

Catherine F. Widener
*Administrative Assistant*

# Fax Transmittal Form

DATE: 2-18-11 _____ # OF PAGES INCLUDING COVER SHEET: 13

TO: N.H. AttyGeneralc Office ATTN.: MARY EVANS

FAX #: 271-2110

FROM: Rick Bailey - New Boston Police

COMMENTS: Dominic Ali - Supreme Ct. Appeal

_____

_____

_____

_____

### * *Notice of Confidentially* *

The documents accompanying this facsimile transmission contain information from the New Boston Police Department which may be confidential and/or privileged.  The information is intended for use by the individual or entity named on this transmittal sheet.  If you are not the intended recipient, be aware that disclosure of this transmission is prohibited, if you have received this facsimile in error, please notify us by telephone immediately.  If you encounter problems receiving this transmittal, please contact the sender.

**Business:** (603) 487-2433    **Fax:** (603) 487-2889

COMMITTED TO COMMUNITY

/

THE STATE OF NEW HAMPSHIRE

MERRIMACK,SS.                                          SUPREME COURT

State of New Hampshire        $7/1/2011$

v.

07-05-11P03:21 RCVD          Dominic Ali

Docket No.2004,438-CR-01627.

## RULE 7 MANDATORY NOTICE OF APPEAL

**NOW COMES** Dominic Ali pro-se,who respectfully moves this honorable court to grant this Notice of Appeal for the following reason states below;

In support of this Notice;

On April 4,2004 Mr.Ali was charge with the violation of Domestic Violence Final Order,and was sentence to (29)days credit in County Jail by the Goffstown District Court.

Mr.Ali appeals from the order of the Goffstown District Court deny Mr.Ali motion to withdraw his nolo contendere plea based upon ineffective assistance of counsel.Filed on 11/12/10 deny 3/3/11

On December 17,2010 the Court reviwed Mr.Ali's motion and appointed Public Defender to represent him in this case.

On January 20,2011,Mr.John P. Newman from the Public Defender's Office filed a motion to withdraw and Appoint New Counsel.The New Hampshire Public Defender's Office cannot represent Mr.Ali due to the conflict of interest with the Office during his trial.

On January 31,2011 the Goffstown District Court appointed new counsel and he entered his appearance as a counsel for Mr.Ali

On March 8,2011,Mr.Ali adviced counsel that he insiset to file an appeal,and request the New Hampshire Supreme Court to rule on the Court error of the Trial court as soon as possible. May 19,2011,Counsel advice Mr.Ali that he requested the Appellate Defender's to handle the case,Knowing that Mr.Ali has a conflic of interest with the Office.See;State v. Veale,154 N.H.730(2007).

2

Mr.Ali argues that on April 4,2004 his plea to the nolo
contendere plea that lead to his conviction was not intelligently
and voluntarily made.See; Boykin v. Alabama,395 U.S.238(1969).
And that court appointed counsel Ryan Norwood from the Public
Defender's Office at the time of the proceeding did not provid
such true advice or professional opinion to Mr.Ali. Counsel
adviced to plea guilty and Mr.Ali told him no,then he advice
if convicted Mr.Ali would face six month in County Jail,then
counsel adviced Mr.Ali that he would go home if Mr.Ali plea
nolo and nolo meant nothing.See;State v. Levey,122 N.H.375(1985).
Mr.Ali's counsel failure to disclose plea offer and not routinely
explained , the nature of the offense in sufficient detail
to give Mr.Ali notice of what he is being ask to admit,or what
is the outcome of this plea because Mr.Ali did not want to plea
guilty in the first place.

There is a reasonable probability that had not been for this
counsel advised,Mr.Ali would not have plea nolo whiches meant
guilty and lead to conviction. Mr.Ali would have
insisted upon going to trial.And the court did not allowed Mr.Ali
to withdraw his plea to correct a manifest injustice.See; State
v. Laforest,140 N.H.289(1995).Mr.Ali's counsel deficient
performance fell below an objective standard of reasonableness
in failure to disclose material facts or misrpresentation of
material fact for the defense.Ryan Norwood from the Public
Defender's Office fail to supply the effective assistance of
counsel that been guaranteed by part(1)artilce(15)of the State
of New Hampshire Constitution when he grossly misinformed Mr.Ali
collateral consequences of pleading Nolo contendere.Mr.Ali rely
upon that advice in deciding to plea Nolo,and there is a
reasonable probability that had not been for this counsel advice
Mr.Ali would not plead to this conviction.
See; State v. Sharkey,155 N.H.638(2007).

2 - 6

3

LIST OF SPECIFIC QUESTION TO RAISED ON APPEAL.
SEE SUPREME COURT RULE 16(3)(b).


1. Whether the court violated Mr.Ali's right under part (1)
article (15)of the State of New Hampshire Constitution and
(5th,6th)and the (14theen)Amends of the United State
Constitution when it deny the motion to withdraw his nolo
contendere plea that based upon ineffective assistance of counsel
form the Public Defender's Office.


2.  Whether the court violated Mr.Ali's right under part(1)
article(15) of the State of New Hampshire Constitution and the
(5th,6th)and (14theen)Amends of the United State
Constitution when court appointed counsel grossly misinformed
Ali about the nolo contendere plea and failed to routinely
explained the nature of the offense in sufficient detail to
give the Mr.Ali notice of what he is being asked to admit,or
what is the outcome of his plea.


3. Whether the court violated Mr.Ali right under the fifth Amends
of the United State Constitution by failure to offer Mr.Ali
an interpreter during the court hearing,when his counsel t_
told the proceeding judge that Mr.Ali is form the Sudan and
he dose not comprehen the presentation of the charge;pursuant
to the CIA act,Mr.Ali is entitled to an interpreter.


4.  Whether Court erred in not allowing the nolo conviction be
vacated because the petition pursuant to the R.S.A 173-B;9,IV
to the Justice of the court for protective order was filed
by the victim based on "false allegation"and hearsay statements
of the complaining victim in violation of Rule of Evidence 803(4)
when in de facto,the false allegation was dismissed by the
Manchester District Court trial date May 26,2004.See;
 Fillmore v. Fillmore,147 N.H.283(2001).


3-6

4.

Next, Mr.Ali argues that his counsel deficient performance prejudiced Mr.Ali's resulting in an unreliable or fundamentally unfair outcome of the proceeding of his case.He did not made any attempt to investigate whether the allegation by the victim could be challenge that it is based on hearsay statement.

The day of the hearing Mr.Ali's counsel told the judge that Mr.Ali is a native of the Sudan and that he dose not understand how serious the charges are but in the other hand he told Mr.Ali that the nolo contedere meant nothing.

As ground of abuse of discretion and violation of the CIA act, the court failed to offer Mr.Ali an interpretere during the Court hearing by violating Mr.Ali's right under the Fifth Amends pursuant ot the CIA,Mr.Ali is entitled to interpreter.

In de facto,the judge in Mr.Ali's hearing had best position to assest Mr.Ali usage,comfort level and intelligibility because Mr.Ali primary language was other then English during the time of the hearing.

The lack of an interpreter during Mr.Ali's proceeding inhibited him "comprehension of the plea or communication proceeding with the presention judicial or Mr.Ali's comprehension of presentation of the charges and the Court did not seek to measure Mr.Ali's comparative ability to speak or understanding the English Language.

## Certificate

I, Dominic Ali,hereb that issue specifically raised has been presented to counsel and the court below and has been properly preserved for appellate review by contemporaneous objection or ,where appropriate,by a properly filed pleading.

## CERTIFICATE OF SERVICE

I,Dominic Ali hereby certify that on this June 30,2011,that a copy of this Notice of Appeal was farwareded in the U.S. Mail first class postage to;New Boston Police Department and Attorney.

Dominic Ali #81829
P.O.BOX 14
Concord,NH 03302

C:file.

4 - 6

07/18/2011  16:20    6034872433              NB POLICE                    PAGE  03/13

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

Goffstown District Court
329 Mast Road
Goffstown NH  03045

Telephone: (603) 627-2211
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

JOREL V. BOOKER, ESQ
BOOKER LAW OFFICE PC
66 MAIN STREET
RAYMOND NH  03077

Case Name:     **State v Dominic Ali**
Case Number:   **438-2004-CR-01627**

Enclosed please find a copy of the Court's Order dated March 03, 2011 relative to:

**Order on Defendant's Motion to Withdraw Nolo Contendere Plea**

March 03, 2011                          Lillian T. Deeb
                                        Clerk of Court

(438144)
C:  New Boston Police Department

5 - 6

6

# THE STATE OF NEW HAMPSHIRE

## HILLSBOROUGH, SS                    GOFFSTOWN DISTRICT COURT

State of New Hampshire vs. Dominic Ali

438-2004-CR-1627

## ORDER ON DEFENDANT'S MOTION TO
## WITHDRAW NOLO CONTENDERE PLEA

On February 15, 2011, the Court heard testimony regarding the defendant's motion to withdraw his plea. After listening to the record of September 28, 2004, the Court finds that the defendant's recollection of the circumstances surrounding the entry of his plea lacks credibility. Furthermore, the record indicates that the defendant entered his plea knowingly, intelligently and voluntarily. Accordingly, defendant's motion is denied.

_____
Date

_____
Paul H. Lawrence, Presiding Justice

6 - 6

THE STATE OF NEW HAMPSHRIE

MERRIMANCE,SS.                                      SUPREME COURT

July 1,2011

State of New Hampshire

v.

Dominic Ali

Docket No. 2004-438-CR-01627.

## DEFENDANT PRO-SE MOTION FOR LATE ENTERY

NOW COMES,Dominic Ali,who respectfully moves this honorable court to grant this motion for the following reason states below;

1. On Nov 12,2010,the defendant filed a motion with the Goffstown District Court based upon ineffective assistance of counsel and to withdraw his nolo contendere plea.See; State v. Veale, 154 N.H.730(2007).

2. The court reviwed the defendant motion and appointed counsel from the Public Defender's Office.Due to the conflic of interest Counsel filed a motion to withdraw on January 20,2011.The court appoint new counsel to represent the defendant in this case. on Jaunary 31,2011.

3. On February 15,2011,the court heard testimony regarding the defendant's motion to withdraw his plea.On March 3,2011,the Goffstown District Court denied the defendant's motion.

4. On March 7,2011,Counsel for the defendant advice that there are several options available to him to unfavorable order of the court. and that the defendant has (30)days to file a written notice in which to file an appeal.On March 8,2011,the defendant requested counsel to file an appeal with the New Hampshire

Supreme Court to the rule and error of the trial court.

5. On May 13,2011,the defendant ask if counsel did file an appeal
with the Supreme Court as requested by the defendant. Counsel
respond that he forwarded the defendant request to the Appellate
Defender's.So far,the defendant did not get any respons from
the Appellate defendere Office whiches the the Public Defender's
Office and the defendant has a conflic of interest with Office.
See; Veale,154 N.H.730(2007). Theirfore,the defendant pro-se
filed a motion for late entery because he dos not know whos
handling his case.

### CERTIFICATE OF SERVICE

I,Dominic Ali hereby certify that on July 1,2011 ,that a copy
of this motion was forwarded in the U.S. mail first class postage
to : New Boston Police Department and Attorney.

Dominic Ali
P.O.BOX 14
Concord,NH 03302
C:file.

THE STATE OF NEW HAMPSHIRE

MERRIMACK, SS.                          SUPREME COURT

July 1, 2011

State of New Hampshire

v.

Dominic Ali

Docket No. 2004,438-CR-01627.

### DEFENDANT'S PRO-SE MOTION TO ALLOW COUNSEL TO WITHDRAW AND APPOINT NEW COUNSEL.

NOW COMES, Dominic Ali, who respectfully moves this Honorable Court to allow counsel to withdraw immediately and allow Contract Attorney be appointed to handle all remaining aspects of the appeal, (brief and argument).

In support of the motion, Mr.Ali states the following;

1. Mr.Ali on April 4,2004,was charge with the violation of Violence Final Order and was sentence to (29)days in county Jail credit.

2. Present counsel was assigned to represent Mr.Ali on January 31,2011,after the Court determined that Mr.Ali was qualified for appointed counsel.

3. Mr.Ali submits the financial affidacit filed with the Notice of Appeal.

4. The Rule 7 Mandatory Notice of Appeal was filed with the Supreme Court contemporaneously with this motion.Mr.Ali request permission to allow his counsel to withdraw so that Contract Attorney be apponited to pursue Mr.Ali's appeal before the court.

10

**WHEREFORE,** the defendant respectfully request this court;

1. Allowed Counsel be appointed as protected by the State of New Hampshire Constitution part(1)article(15) and the (5th,6th) the (14theen)Amends of the United State Constitution.

2. Allowed the Court to correct a manifest injustice;

3. Grant the defendant such other and futher relief as is just and equitable.

### Certificate fo Service

I,Dominic Ali hereby certify that this July 1,2011,that a copy of this motion was forwarded in the U.S.Mail with first class postage address to;New Boston Police Department and counsel.

Dominic Ali 81829
P.O.BOX 14
Concord,NH 03302

C;file.

2 of 2

### THE STATE OF NEW HAMPSHIRE

MERRIMACK, SS.                                        SUPREME COURT

                                                      July 1, 2011

### State of New Hampshire

### v.

### Dominic Ali

### Docket No. 2004,438-CR-01627.

### DEFENDANT PRO-SE MOTION FOR WAIVE FILLING FEE

NOW COMES, the defendant Dominic Ali, who respectfully moves this honorable court to grant this motion for the followong reason states below ;

1. Mr.Ali on April 4,2004,was charge with the violation of Domestic Violence Final Order and sentence to (29)day credit in county Jail.

2. Present counsel was assigned to represent Mr.Ali on January 31,2011,after the Court determined that Mr.Ali was qualified for appoined counsel.

3. Mr.Ali submits the finacial affidavit filed with the Notice of Appeal.

4. The Rule 7 Mandatory Notice of Appeal was filed with Suprem Supreme Court contemporaneously with this motion.

5. Should the Honorable Court finds that Mr.Ali is qualified for counsel,Mr.Ali would respectfully request that filing fee be waived.

12

**WHEREFORE,** the defendant respectfully request this court;

1. Allowed the Court to correct  a manifest injustice;

2. Grant the defendat such other and further relief as is just and equitable.

### Certificate of Service

   I, Dominic Ali, hereby certify that this July 1,2011,that a copy of this motion was forwarded in the U.S. Mail with first class postage adddress to :New Bostom Police Department and and Counsel.

Dominic Ali 81829
P.O.BOX 14
Concord,NH 03302


C:file.

## THE STATE OF NEW HAMPSHIRE

### SUPREME COURT

### In Case No. 2011-0482, State of New Hampshire v. Dominic Ali, the court on July 25, 2011, issued the following order:

Motion for late entry is denied. Rule 7(1) of the Supreme Court Rules requires that a notice of appeal be filed in this court within thirty days from the date on the clerk's written notice of the decision on the merits. A timely filed post-trial motion stays the running of the appeal period. The clerk's written notice of decision is dated March 3, 2011. Consequently, the appeal should have been filed on or before April 4, 2011. The notice of appeal was filed on July 6, 2011, and thus is untimely filed. The motion for late entry does not demonstrate "exceptional circumstances" as required by Rule 21(6). The appeal is therefore dismissed as untimely filed.

Motion for waiver of the filing fee is granted. Motion to allow counsel to withdraw and to appoint new counsel is moot.

Appeal dismissed.

This order is entered by a single justice (Duggan, J.). See Rule 21(7).

**Eileen Fox,
Clerk**

Distribution:
Clerk, Goffstown District Court   438-2004-CR-01627
Honorable Paul H. Lawrence
Appellate Defender
✓Attorney General
Mr. Dominic Ali 81829
File

14

# EXHIBIT I



BJH/KIM
bolduc
C-3040e

## THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH COUNTY, SS.**
**NORTHERN DISTRICT**

March 8,2011

### STATE OF NEW HAMPSHIRE

**V.**

APR 0 4 2011

**Dominic Ali**

**Case# 08-s-0858, 0862, 0864**

### PETITIONER FOR HABEAS CORPUS

Now comes Dominic Ali, sui juris, and respectfully request this honorable court to

grant this petition for the following reason states bellow;

A Hillsborough County (North) grand jury indicted Dominic Ali for two counts of second

degree assault, Both count alleged acts that happened on February 4,2008 against Sara

Nagy, and also charge with two counts of simple assault ,two counts of false

imprisonment and two counts of obstructing to report of crime, all of whishes allegedly

occurred on February 4,2008.

**BACKG ROUND**

**(1)   On February 11, 2008,** the petitioner Dominic Ali was assigned two attorneys

from the Hillsborough county public defender's office. Attorney Behzdad Mirhashem

and attorney Helen Sullivan .Be for trial one of counsel withdrew from the case due to a

conflict of interest unknown to the petitioner.  The petitioner then was assigned another

1 of 15

counsel's from the same office. Attorney Aileen O'Connell and attorney Helen Sullivan. Was the petitioner's primary counsel's, Both counsel's were an experienced criminal trial lawyer and their were very optimistic about the petitioner chance at trial .They drafted several pre-trial, motion to dismiss indictment and in limine. (See exhibit A and B.) Both motions never came to light due to counsel's gross misinformation of collateral consequences. For some reason unknown to the petitioner, Attorney Behzad Mishmashes withdrew from the case, on or about **April of 2008**. Then attorney Aileen O'Connell was assigned to work along side attorney Helen Sullivan. Foursome reason, Attorney Aileen O'Connell did not share the enthusiasm as petitioner prior attorney Behead Mishmashes whom already did all leg work.

(2)     Shortly before trial, the state offers a plea cap of (3½-7) for all charges, the petitioner reject the state offer. Then the state threatened to call expert's and advise trial counsel's that they will rely on expert's testimony at trial in addition the state will indicted the petitioner on one count of class (A) second degree assault with sentence enhance penalty stats RSA 173-B; 9,IV .The petitioner decline the states offer and request trial by jury. **On Sep 26,2008,** One simple assault charge ,one false imprisonment charge and one obstructing the report of a crime charge were dismissed at the close o f the state's case .The jury found the petitioner guilty of both second degree assault charge, one false imprisonment charge and one obstructing report of crime charge and found him not guilty of the remaining simple assault charge .Then, before sentencing both  trial counsel's withdrew from the petitioner 's case due to the conflict of interest unknown to the petitioner ,and neither did he knew why did the Court (Barry ,J.) ask both trial

2 of 15

counsel 's to withdrew from the case .On February 2,2009, the petitioner was appointed

new counsel for sentencing ,The Court sentence the petitioner to 5-10 years stand

committed on one count of second degree assault with sentence enhancement pursuant

to RSA 173-B;9,IV 3-7 years stand committed on the other count of second degree

assault concurrent ,and twelve month stand committed on each misdemeanor conviction

,by an attorney who didn't have any knowledge about the case ,and neither did he was

effective in sentencing ,knowing that the petitioner due process of law been violated by

the State's misconduct ,and trial counsel's incompetent assistance .

**(3) On February 23,2009**,the petitioner filed (8)copies of Rule 7 Mandatory notice of

Appeal for filing with the New Hampshire Supreme Court .The Supreme Court appoint

new counsel from the public Defender's Office ,not known that the petitioner has a

conflict of interests with the office ,**See: State v. Veale,154 N.H.730(2007).** On January

,2010,the petitioner filed a pro-se motion to appoint new counsel with the Supreme Court

,based upon ineffective assistance of counsel from the public defender's office during his

trial. See:(Exhibit C) .On January 28,2010,the Supreme Court grant the petitioner's

motion ,and order the petitioner to file a motion to set aside guilty verdict based upon

ineffective assistance of counsel in the Superior Court on or before March 1,2010,the

State objects and the Court granted the motion on April 4,2010 by the honorable Court

Judge(Garfunkel).The Court appointed new counsel to advised the petitioner and work on

the memorandum, Counsel advised petitioner that he must wait for the Supreme Court

order on the appeal and see the outcome, the petitioner told counsel that he doesn't trust

his appellate counsel because he works with public defender's office, and they do share

information's. Attorney Paul Borchardt filed three questions on the brief for the

3 - of 15

petitioner,(1) question of whether the court erred in allowing the  state to present expert

(2)forbidding the defense from questing the compelling  witness about he DCYF case and

(3)convicting  and sentencing the petitioner on double jeopardy clauses and(4) He  failed

to raised  the most important question of the Court erred in it's interpretation of the

statutory language of RSA 173-B; 9,IV,And when it denied the petitioner 's pre-trial to

dismiss indictments (858)after the petitioner requested him to do so .**On December

13,2010**,the Supreme Court Ruled  and vacated the State's double jeopardy second

degree assault and Affirmed in part ; States; that trial Counsel's failed to take deposition

of the State's expert's and failed to assert at trial that the Sara N. case existed before the

night of the assault ,and neither did appellate defender cites element of surprise that it's

exists in this case .Their fore the petitioner can not clam this matters, because testimony

of both witness are harmless.

### Denial of effective assistance of Counsel

**(4) On Sep 26,2008,**Attorney Aileen O'Connell and  attorney Helen Sullivan were

incompetent assistance of counsel 's at the petitioner's trial ,They mad up an excuse that

the state failed to provide notice that it will call any expert's and rely on any expert's

testimony at the petitioner's trail ,and contends that the state has not complied with

Superior Court Rule (98)by disclosing any other reports or statement of expert's as well a

summary of each expert's qualification .After hearing ,the Court finds and ruled that trial

Counsel's has been provided with Discovery  in accordance with  rule (98) an has known

of the state intend to call  D.Seidner and E.T.M as witness .And  then trial Counsel's

made up another excuse that their unable to make an inform decision to seek an important

expert's witness of their own in order to examine the qualification of the state expert's

and refuse to take deposition of the state's expert's. See: (Exhibit D) .The petitioner was prejudiced as a result of defense counsel's deficient performance because the jury was allowed to hear evidence and testimony prejudicial the petitioner case that would have been otherwise excluded, and their failure to file and request an interlocutory appeal concerning the challenge to the petitioner's appeal. This incompetent assistance of counsel's and deficient performance by Attorney Aileen O'Connell and attorney Helen Sullivan led to the conviction that been abstained throw a violation of Constitution Rights that guarantees a criminal defendant reasonable competent assistance of Counsel's, and due process of Law. Trial counsels knew if convicted the petitioner would be subject to removal form the United State .Their fore; Trial counsel's acted careless to consider all circumstances and provide reasonable defenses.

### Argument

(5). the state brought forward prior conviction merely to show deposition to commit the crime charge or as evidenced of the crime charge and demeaned excessive bail. **See: Cote.(1967).** the State enhance indictment (858)by finding that only one prior conviction for violation of restraining order is required to charge the defendant with an enhance penalty for a crime of abuse. **See; State v Baulks, 155 N.H. 377, (2007).Id.at378.** The petitioner object and advise trial counsel's that admission of his "Violation of Protective Order in violation of the New Hampshire Rule of Evidence (410). **See; State v. Wood sum, 137 N.H.198 (1993).)** And the petitioner also advise trial counsel's that they must investigate the conviction because his plea was not known, intelligently, and voluntary mad. **See**: **Boy king v. Alabama, 395 U.S.238 (1969).** Three

month before trial, the petitioner told trial counsels that his attorney Ryan Norwood from the public defender's office did not provide such true advice and professional opinion about the plea Nolo. Attorney advised the petitioner to "Plead guilty", the petitioner states no, then he threatened if convicted, the petitioner will face six months in county jail. Then he advised the petitioner to plea Nolo, because it means nothing you don't know what happened". Counsel failed to supply the effective assistance of counsel grossly misinforms a criminal defendant .**See; State v. Sharkey, 155, N.H. 638(2007**) Trial Counsel's failure to investigate prosecution prior conviction

 (1) Because such investigation would likely have yielded exculpatory evidence **(See; Brady v. Maryland,373U.S.83(1963).** (2) because such investigation would have yield conflict of interest with the public Defender's office (3) Attorney Aileen O'Connell and attorney Helen Sullivan representation in violation of the New Hampshire Rule of professional Conduct ,Rule (1.7and 1.10) This conflict of interest affected trial counsel's performance and prevent counsel's form raising reasonable defenses in the petitioner favor **See: State v. Cyrs,129 N.H. 497(1987).**Trial counsel failed to Require proof of the petitioner prior conviction must be made beyond reasonable doubt **See State v. Lougee, 137N.H.635 (1995).**On August 27,2008,trial counsel's failed to strikeout the state indictment , They advised the petitioner that his issue would be raised on appeal before he was convicted ,and neither did appellate attorney from the public Defender's office raised this issue of enhancing indictment (858)before the Supreme Court ,after serious of request by the petitioner **See: State v. Dansereau,157 N.H.596(2008)** . .

6 of 15

**(6)** Trial   counsel's excused on **Sep 26,2008**, not to  take deposition or call an expert's

of their own cause extreme prejudice to the petitioner case." There is reasonable

probability that had counsel consult with an expert the proceeding would have been

different. Experts in accident reconstruction would have revealed that the petitioner's

impairment did not cause the victim's Sara's injury's.

See element of surprise that went directly to serious bodily injuries claim indictment

(858).which the Court allowed deposition to ensure a fair trial and to avoid surprise.

### The record reveals, See T.45, 46.testimony of the victim's and Dr. Seider at T.78.

Q: And you lifted the frame of the window up so that you could get out?
A: Yeah. They're new windows; they slide up easy.

Q: Okay .And then you lifted one of your five year twins?
A: Yeah.

Q: Okay: about how mush did she weight?
A: Like, 33 pound, they're little.

Q: They're little? Okay and you already testify that the window is about five to seven feet
from the ground?
A: yeah.

#### Testimony of  Dr, Seider at trial

Q: Okay and the type of injury the victim had limited her movement?
A: Correct.
Q: Limited her ability to lift objects?
A: Absolutely!

Q: And it limits her ability to put weight or pressure on her arm?
A: correct.

In this case no competent lawyer would have failed to consult with accident

reconstruction experts.  Defense performance was constitutionally defective because they

conceded the validity of the prosecution medical expert's evidence with out first having

made any attempt to investigate whether that evidence could have been challenged by

expert of their own. Therefore, had trial counsel's consulted with an expert's of their own, he would have demonstrated that the victim injuries was consistent with a fall from a seven foot window, and that the victim Sara .N could not make all those movements, lifting the window or putting any pressure on her shoulder, or lifting her (33) pound twin up in the window or slide her down to the ground.  Like Dr.Seider states as an experts in his testimony, she can't do that, because her injures limited her movement. Had trial counsel's consult with an expert's, He could have presented an affirmative case in the petitioner favor that the charge crime simply did not accord and that the victim's story was incredible. During trial the state provided the jury with a picture of the window as evidence, half of the window was off, not showing how high the window is from the ground.  Attorney Aileen O'Connell and Helen Sullivan's strategy is to cross-examine the state expert's and hop to "poke holes" in the state's expert opinion, rather then seeking their own. They had an affirmative duty to investigate the scientific bases for the State expert's qualification and opinion and they chose not to deposition the state expert's **See: State v. Martin,142 N.H.63(1997)** . Trial counsel's conduct falls within the wide rage of reasonable professional assistance. Both attorney's fail to call important expert witness because testimony of this witness could have rebutted the prosecution's already weak case .Had trial counsel's consult with an expert's, He could've provide the scientific, technical, or other specialized knowledge that will assists the jury and the defense facts to understand the evidence or to determine a fact in issue that could have out weighted the states' serious bodily injures claim. That accord after the victim Sara.N left the apartment by jumping out the window. **See: State v. whittaker,158 N.H.762(2009).**

$8 \, of \, 15$

Argument

(7). Furthermore, trial counsel's assert at trial that the victim Sara.N had powerful motive to lie to the police about what happened "But failed to assert at trial that the victim's DCYF case existed before the night of the assault. Counsel's deficient performance fell below on objective standard of reasonableness in failure to disclosed material facts and misrepresentation of marital facts in fever of the petitioner. Had trial counsel's done any investigation of the Department of children and families, they would've known that the case still open and that the petitioner's name is in the file as part of the DCYF investigation as part of the family member, other wised DCYF would've threatened the victim Sara .N not to have the petitioner around the family six month ago before the assault. Trial counsel failed to object to prosecutor's misconduct, knowing that the state threatened the victim to testify in order for the state not to investigate the DCYF open case and have the victim kids taken away. That's why the state objected when trial counsel's asked the victim about her case during trail T.49. Therefore, the victim fabricated stores and is known by the family to be a liar and untrustworthy because she has received promised form the State in return for her testimony .See: (Exhibit F) she did not won't to testify weeks before trial. (1) Counsel's failed to object to prosecutor misconduct knowing that the victim testified falsely, (2) The prosecutor knew at trial that the victim's testimony was false, (**T.31, 32,**) and that there is no evidence to support the assault, **See: Napue v. Illinois,360 U.S.264(195.9)** And (3) Trial counsel failed to object to prosecutor repeatedly commenting to the jury on his personal opinion of the defendant's guilt, (**T.157, 167**.) In the State's closing argument it states "he should hit

the walls or take a walk or go out side and hit the trashed can" instead of assaulting Sara .N the victim." And saying in his personal opining, that "if the petitioner feel like a man when he push the victim Sara .N around and do the petitioner feel better as the victim Sara.N fall to the ground", whishes the prosecutor clamed that's how the victim Sara.N injured her shoulder indictment (858). Had trial counsel's object to the prosecutor comment's the jury could've find that his comments was senseless and would've not support his clams of the assault. This fabricated false testimony by the victim Sara .N and prosecutor's misconduct and improper statement could in any reasonable likelihood have affected the judgment of the jury hence the outcome of the trial **(see; State v. Bujnowski, 130 N.H.1 (1987).)** Repeated test laid down in **Giglio v. U.S.405 U.S.150(1972).**Further more on prosecutor corruption, When the prosecutor during trial denied to dismissed indictment (859)knowing that the two second degree assault are based upon the same evidence, **See: State v. Hutchinson,137 N.H.591(1993),**and that the dual conviction and sentencing violate double jeopardy, whishes the State later on agrees before the Supreme Court, that they should vacate the conviction and sentence ,but not during the petitioner's trial , That left the jury with no option but to convict the defendant on both indictment that is inadmissible and interlocutory ,Knowing that both second degree assault was prepared by the P.S.I probation Officer and submitted to the Court for sentencing recommendation (858,859)concurrent sentence of 11 month in the house of correction, all suspended for (5)years on condition of good behavior and 3years of probation with treatment because the petitioner have no criminal record .This prosecutor misconduct "seriously affect the fairness, integrity or public reputation judicial proceeding". **See: State v. MacInnels, 151N.H.732, 737 (2007)**.

10 ef 15

## Violation of Constitutions Rights

1. Attorneys Aileen O'Connell and Helen Sullivan were ineffective and in violation of part (1) article(15) of the New Hampshire State Constitution and the (5th, 6th, and( 14th) amendments of the United State Constitution;

   (A)   When they violated the petitioner due process of law.

   (B)   When they failed to consider all circumstances in investigating the petitioner's prior convictions because such an investigation would have yield exculpatory evidence.

   (C)   When they failed to strike out the State's indictment after the Motion to Dismiss was denied without ruling.

   (D)   When they failed to require the proof of the petitioner's prior conviction must be made beyond a reasonable doubt.

   (E)When it failed to assert at trial that the victim Sara .N DCYF case existed before the night of the assault.

   (F)   Trial counsel's performance fell below an objective standard of reasonableness in failure to disclose material facts or misrepresentation of material facts in favor of the petitioner for a fair trial.

11 of 15

Attorneys Aileen O'Connell's and Helen Sullivan's were ineffective and in violation of part (1) article (15) of the New Hampshire State Constitution and the (5th, 6th and (14theen) amendment of the United State Constitution;

(A)    When they violated the petitioner's due process of Law;

(B)    When they failed when ask by the honorable Court (Barry .J) if trial counsel's desire to take the deposition of the State's expert, Dr. Seider, by the terms of RSA 517:13IV Statutory Requirement, trial counsel was incompetent, no answer was given;

(C)    When they failed to seek an expert witness of their own in order to examine the qualifications of the State's expert;

(D)    When they failed to call important facts expert witness, trial counsel's deficient performance prejudiced the petitioner's resulting in an unreliable or fundamentally unfair outcome of the case.


### New Hampshire Case –Law State v. Marcoux,154, N.H.1189(2006).

### Criminal Law - Judgment and Sentence Enhanced Sentencing

Once defendant carries the initial burden of calling into question the validity of the conviction, the burden rests on the State to demonstrate to a clear and convincing degree that the conviction is valid in the respect specifically challenged.

### Criminal Law-Judgment and Sentence Enhance Sentencing

12 of 15

The State bears the burden of proving the existence of a prior conviction that it
relies upon for purpose of sentence enhancement, and must prove the existence of
defendant's prior conviction beyond a reasonable doubt.

## Criminal Law-Right to effective Counsel   Standard of  Competence

The deficient performance prong of the Strickland test turns upon a determination
of whether counsel 's assistance was reasonable considering all the circumstance .The
Court must judge the reasonableness of counsel's conduct on the facts of the particular
case ,view as of the time of that conduct U.S. Constitution (6th ,14th ,).New Hampshire
Constitution part(1) article (15).

## Criminal Law –Right to Effective Counsel Expert's Services

The proper measure of attorney performance remains simply reasonable under prevailing
professional norms. To establish that his trial attorney performance fell below this
standard ,a defendant who claim that counsel was ineffective for not consulting with an
accident reconstruction expert's, has to show no competent lawyer would have failed to
consult with an accident reconstruction expert, U.S. amends(6th,14th)New Hampshire
Constitution part(1)article (15).


A defendant claming ineffective assistance of counsel must show (1) that counsel
representation fell below an objective standard of reasonableness and (2) that counsel
deficient performance prejudiced the defendant case.

$13 \; of \; \overline{13}$

**See: Strickland   v. Washington ,466 U.S.668(1984).**

Second part of Strickland  v. Washington requires a criminal defendant to show

prejudice from counsel 's deficient performance for the purpose of establishing

ineffective assistance of counsel under Federal Constitution (6th)Amends ;Where such

claim involves counsel performance  during the course of legal proceeding –either at trail

or appeal .(a)Showing how specific errors of counsel undermined the reliability of a

finding of guilt ,or (b)demonstrating that attorney errors actually had an adverse effect on

the defendant defense .In  the instance case the petitioner 's fair trial .The petitioner

would have not been convicted for a crime he did not committed ,(A)Had not been for

trial counsel 's incompetent assistance ,when it fell to consider all circumstances  to

investigate the petitioner prior conviction ,that would have yield exculpatory evidence

and the conflict of interest that effected their performance.(B)Had not been for trial

counsel's incompetent assistance ,when it fell to seek an important expert's witness in

order to examine the qualification of the State 's expert's during trail or take deposition

of Dr.Seider , when ask by the Court , or object to prosecutor 's misconduct during trial

.The petitioner would not have been convicted on a crime he did not committed .Their

fore, trial counsel 's deficient performance prejudiced the petitioner resulting in an

unreliable or fundamentally unfair outcome of the proceeding.

14 of 15

# (Exhibit A and B)

# THE STATE OF NEW HAMPSHIRE

## Northern District of Hillsborough County

300 Chestnut Street
Manchester, NH 03101 2490
603 669-7410

### NOTICE OF HEARING



AILEEN O'CONNELL ESQ
NEW HAMPSHIRE PUBLIC DEFENDER
20 MERRIMACK STREET
MANCHESTER NH 03101

State v. Dominic Ali

08-S-0858; 0859; 0860; 0861; 0862; 0863; 0864; 0865

The above-referenced cases have been scheduled before Judge
Gillian L. Abramson for the following:

Hearing-Motion to Dismiss

Date:      August 27, 2008
Time:       9:00 am
Location:  Hillsborough Superior - North
           300 Chestnut Street
           Manchester, NH  03101

Failure of Defendant to be present at this hearing will result in the
issuance of Arrest Warrant as well as the imposition of a $50
Administrative Processing Fee.
Defendant and Counsel must be present.

Please advise clients, witnesses, and others that it is a class B
felony to carry a firearm or other deadly weapon as defined in
RSA 625:11,V in a courtroom or area used by a court.

                    BY ORDER OF THE SUPERIOR COURT
8/11/2008           John Safford, Clerk

cc:  Brett J. Harpster, Esq., ACA
     Helen V. Sullivan, Esq.

AOC Form SUSPU80 (Rev. 07/10/2000)

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                     SUPERIOR COURT
NORTHERN DISTRICT

State of New Hampshire

v.

Dominic Ali

08-S-0858-0865

## ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENTS

The defendant, Dominic Ali, stands indicted on one count of Class A felony second degree assault, one count of Class B felony second degree assault, one count of Class B felony simple assault, one count of Class A misdemeanor simple assault, two counts of false imprisonment, and two counts of obstructing the report of a crime or injury. The State indicted the Class A felony of second assault and the Class B felony of simple assault pursuant to the enhanced penalties statute, RSA 173-B:9, IV. The defendant moves to dismiss these two indictments. The State objects. The Court held a hearing on this motion on Wednesday, August 27, 2008. After consideration of the pleadings, argument, and applicable law, the Court DENIES the defendant's motion.

In 2004 the defendant was convicted of violation of a protective order in Goffstown District Court. On February 4, 2008, the defendant allegedly threw his girlfriend and mother of his child, Sara N., on the ground and repeatedly kicked her, fracturing her collar bone.



RECEIVED

SEP 4 2008

DOC FIELD SERVICES
MANCHESTER DISTRICT OFFICE

Page 13 of 20



**THE STATE OF NEW HAMPSHIRE**

HILLSBOROUGH COUNTY SUPERIOR COURT

HILLSBOROUGH, SS.                                    SEPTEMBER TERM, 2008

### STATE

### V.

### DOMINIC ALI
### 08-S-0858-65

MOTION IN LIMINE - EXPERT WITNESSES AND TESTIMONY

 Dominic Ali respectfully requests this Honorable Court exclude any expert witness testimony presented by the State, of which the State has not provided the defense with notice, specifically any expert testimony from Dr. John Seidner, MD of the Elliott Hospital or Walter Trachim, EMT from Rockingham Regional Ambulance. The defense makes this request pursuant to Superior Court Rule 98, New Hampshire Rule of Evidence 702, RSA's 517:13 and 516:29-a, the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Part I Article 15 of the New Hampshire Constitution. As grounds for this Motion the defense states the following:

1.  Mr. Ali is charged with second degree assault, simple assault, obstructing the report of a crime and false imprisonment.

2.  That State has indicated, by filing its witness list, that it may call Dr. John Seidner from the Elliott Hospital and EMT Walter Trachim from Rockingham Regional Ambulance as witnesses at Mr. Ali's trial. Discovery indicates that Dr. Seidner may have treated the alleged victim Sara Nagy at the Elliott Hospital on the night of the alleged crimes and may have diagnosed certain injuries. Discovery also indicates that Walter Trachim may



Λ I

have been one of the EMT's who transported Ms. Nagy to the hospital and that he may have made some preliminary diagnosis.

3.   The State has not provided the defense with notice that it will call any experts or rely on any expert testimony at Mr. Ali's trial. Superior Court Rule 98 requires the State to disclose "any other reports or statements of experts, as well as a summary of each expert's qualifications" thirty days after arraignment. The defense has not received documentation from the State that would comply with this rule for any of the witnesses it has listed on its witness list.

4.   RSA 517:13, III states that in a felony case "either party may take a discovery deposition of any expert witness who may be called by the other party to testify at trial." See also State v. Martin, 142 NH 63 (1997)(holding that failure to allow depositions of expert witnesses reversible error). Because the State has not provided the defense with any notice that it intends to call expert witnesses, the defense has not sought a deposition of any experts in this case.

5.   RSA 516:29-a states that no witness shall be allowed to present expert testimony unless the Court finds: 1) the expert testimony is based upon sufficient facts or data; 2) the expert testimony is the product of reliable principles and methods; and 3) the witness has applied those principles and methods reliably to the facts of this case. The State has not notified the defense or the Court of any such proposed testimony with respect to any expert witnesses for this case.

6.   Accordingly, the defense requests that any expert testimony offered by the State, including but not limited to any diagnosis of any injuries to Ms. Nagy that would require expert training, be excluded from trial.

A2

WHEREFORE, The Defendant respectfully requests that this Honorable Court:

(a)   Grant this motion and exclude any expert witness testimony presented by the State, of which the State has not provided the defense with notice;

(b)   Schedule a hearing if necessary;

(c)   Such other relief as the Court deems just.

Respectfully Submitted,

Aileen O'Connell, #17144
Helen Sullivan, # 18359
New Hampshire Public Defender
20 Merrimack Street
Manchester, NH 03101

CERTIFICATE OF SERVICE

I, Aileen O'Connell, hereby certify that a copy of the foregoing Motion has been forwarded this 4th day of September 2008 to Assistant County Attorney Brett Harpster.

Aileen O'Connell, #17144

A3

**(Exhibit C)**



# THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS.**
**Northern District**

**SUPERIOR COURT**

State of New Hampshire

v.

Dominic Ali

Docket Nos. 08-S-0858, 0859, 0860, 0861, 0862, 0863, 0864 & 0865

## ORDER

The defendant is scheduled for trial by jury on Thursday, September 25,

2008, on two counts of second degree assault (08-S-0858, 08-S-0859), two

counts of simple assault (08-S-860, 08-S-861), two counts of false imprisonment

(08-S-0862, 08-S-0863) and two counts of obstructing the report of a crime (08-

S-0864, 08-S-0865).

A hearing was held this date on the defendant's Motion in Limine which

seeks to preclude any testimony from John Seidner, M.D. or Walter Trachim,

E.M.T., that is other than lay testimony.

The defense contends that the State has failed to provide notice that it will

call any experts and rely on any expert testimony at the defendant's trial.  The

defense also contends that the State has not complied with Superior Court Rule

98 by disclosing any other reports or statements of experts as well as a summary

of each expert's qualifications within thirty days of arraignment.  The defense

claims that it is prejudiced as a result of this and is unable at this time to make an

informed decision as to whether or not 604-A funds should be sought to seek an

A7

expert of their own in order to examine the qualifications of the State's expert. When asked by the Court if the defense desired to take the deposition of Dr. Seidner, no answer was given by counsel for the defendant.

The State has countered that it has provided discovery in accordance with Rule 98 and that the name and the reports of the EMT and emergency room physician have been in the possession of the defendant for a substantial period of time. The State claims that Dr. Seidner will testify as to what he observed, what his diagnosis was and what treatment he rendered and that the defense cannot possibly be prejudiced at this particular point in time.

The defense relies on the case of <u>State v. Martin</u> 142 N.H. 63 (1997). However, that case involves the refusal of the trial court to approve a request for the defense of the deposition of a State's expert in a sexual assault trial. Unlike this matter, which involves an emergency room physician diagnosing bruises and contusions and examining an x-ray which showed a fractured clavicle.

After hearing, the Court finds and rules that defense counsel has been provided discovery in accordance with Rule 98, has known of the intent of the State to call Dr. Seidner and the E.M.T. as witnesses, has not demonstrated prejudice of any kind to the defendant or to any prospective defense. Therefore, defense motion is **DENIED**.

So ordered.

Date: 19 Sept. 2008

JAMES J. BARRY
Presiding Justice

2

State v AB / 08-S-0858   A8

# (Exhibit D)



# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

### In Case No. 2009-0140, <u>State of New Hampshire v. Dominic Ali</u>, the court on January 28, 2010, issued the following order:

The defendant, Dominic Ali, filed a *pro se* motion to appoint new counsel. In the motion, the defendant states that he believes that the Public Defender was ineffective in its representation of him during trial. This case is removed from the February 24 3JX oral argument list, and further proceedings are stayed. See State v. Veale, 154 N.H. 730 (2007).

On or before March 1, 2010, the defendant may file a motion to set aside guilty verdict based upon ineffective assistance of counsel in the superior court. Additionally, on or before March 1, 2010, the defendant shall either: (1) notify this court that a motion to set aside guilty verdict has been filed; or (2) notify this court that he does not intend to file a motion to set aside guilty verdict. If no such motion is filed within the time allowed, then the stay shall be terminated and processing of the appeal shall continue.

This order is entered by a single justice (Dalianis, J.). See Rule 21(7).

**Eileen Fox,**
**Clerk**

Distribution:
Michelle A. Caraway, Supreme Court
Irene A. Dalbec, Supreme Court
Claire Mackinaw, Supreme Court
Appellate Defender
Paul C. Borchardt, Esquire
Nicholas P. Cort, Esquire
File


RECEIVED
FEB 0 1 2010
By

# New Hampshire Public Defender

20 MERRIMACK STREET, MANCHESTER, NH 03101          TELEPHONE: (603) 669-7888   FAX: (603) 669-0616

Interview Report

Case Name:    State v. Dominic Ali                    Interviewed by:  Jillian Kalosky

Person Interviewed:   Sara Nagy                       Date of Report:  12/2/08

Date/Time of Interview:  8/28/08 at 9:20 am

Location of Interview: Over the phone


I spoke with Sara Nagy (herein referred to as Sara) on the above date and time and introduced myself as Jillian, the investigator with the NH Public Defender working on Dominic Ali's case (herein referred to as Dominic). She acknowledged receiving my letter in her mailbox on 8/27/08 and said that she was willing to talk to me about the case.

Sara and I discussed the case and the information in the police reports. Sara asked if she would have to go to court about this. I told her I wasn't certain, but that she is a very important part of the prosecution's case. She replied, "I don't want to go on the stand and help the prosecutors." She said that she just wants to tell them that "he did his time." She said that Dominic has been in jail since February. (I asked her if seven months was enough then) She said that seven months was enough to her. Instead of more jail time, (Sara said that the prosecutors should offer Dominic alcohol and anger management treatment.) She said that he knows that he has an anger problem and would benefit from treatment. Sara also said that he only drinks when he is around his friends and he knows it. She said that he's fine when not around his friends. She then stated, "I couldn't believe he did that to me. I really think he blacked out."

Later in the interview, Sara again asked about going to court for this. She said that she's been to court before for speeding and that the prosecutors "can be mean." She added that someone could be completely right, but the prosecutors "never believe you." She then reiterated the fact that she doesn't want to testify and wants Dominic to receive treatment.) She added that Johnny is in jail for driving after his license was suspended and probably wouldn't be able to

1

show up to court. (Sara also said that she spoke with the prosecutor a few months ago and that no one has asked her how she wants to case handled) until I asked her. I explained to Sara that she can call the prosecutor on the case, Brett Harpster, and talk to him about how she wants to case handled if she wants to. I told her that I would be submitting a report to Dominic's attorneys based on our conversation and (that his attorneys might have a conversation with the prosecutor about it too.) I told her that I would keep her updated if anything comes up in the case. She asked if Dominic was having a trial and I said, "Yes" and told her that it was scheduled during the week of September 15th. She said that she had not heard anything about it.


End of report.

**WHEREFORE,** the petitioner respectfully requests this honorable Court;

1.      That hearing be set in this matter;

2.       Reverse the conviction and dismiss indictment (858).

3.      allowed the Court to correct a manifest injustice;

4.      Grant the petitioner such other and further relief as is just and equitable.

**State v Dominic Ali**
Petitioner for Habeas Corpus

## CERTIFICATE OF SERVICE

   I, Dominic Ali, hereby certify that a copy of the forgoing petition has been forwarded this 8th day of March, 2011 to Aileen O'Connell and Helen Sullivan with the public defender's office and assistance county attorney Brett Harpster.

Dominic Ali # 81828
PO Box  14
Concord, NH 03302

C: file.

BECKY A. HARDING, Notary Public
My Commission Expires  2/2/2016

15 — 15



STATE OF NEW HAMPSHIRE
SUPERIOR COURT

C-304566.

JUN 20 2011

June 14, 2011

HILLSBOROUGH, SS.
NORTHER DISTRICT

State of New Hampshire
v.
Dominic Ali

Docket No.08-S-858,862,864.

DEFENDANT'S PRO-SE MOTION BASED UPON INEFFECTIVE ASSISTANCE
OF COUNSEL

NOW COMES Dominic Ali,who respectfully moves this honorable
court to grant this motion for the following reason states below;

1) The defendant filed a motion for new trial in this court
on March 22,2010 based upon ineffective assistance of counsel
from the Public Defender's Office during his trial on Sept25,2008
See: State v. Veale,154 N.H.730(2007). On April 21,2010 the
honorable court (Garfunkel,J.)allowed the motion to stand and
appointed new counsel to advised and represent the defendant.

2) On May 3,2010 counsel for the defendant entered his appearance.
Counsel paid a visit to the State Prison and advised the
defendant that he is their"just to advise not to represent the
defendant in this case! His advised and complaint to the
defendant that he has a murder case that more important and
that defendant should rely on the appeal.When ask by the
defendant after counsel took both briefs State and Appellate.
Counsel for the defendant states that his trial counsel did
every thing and that the interlocutory appeal is hard to work
on it,And that the defendant should not listen to other people
and he should withdraw his motion for new trial just for counsel
to get off this case.Counsel advised the defendant that his
appellate is good when in fact the defendant file a motion with
Supreme Court based upon ineffective assistance of counsel.

1 of 5

from the Public Defender's Office.See: <u>Veale</u>,154 N.H.730(2007).

3) Attorney Ghazi D. Al-Marayati was ineffective assistance
grossly misinformed a criminal defendant that he is only advising
the defendant not represent him in the case.Grossly misinformed
the defendant that his trial counsel's did every thing,when
in fact they did not consider all circumstances for the defense.
See: <u>State v. Sharkey</u>,155,N.H.638(2007).

4) There is a reasonable probability that had not been for this
counsel advised the defendant would not have withdraw his motion
for new trial. The defendant filed a petitioner for Habeas Corpus
in this court based upon ineffective assistance of counsel and
was dismissed on June 9,2011 for the simple fact that the
defendant rely on counsel advise that is grossly misinformed
the defendant.When in fact of this case trial counsel's mistaken
judgment as to fact or to application of the law cause extreme
prejudice to the defendant case.They contends that State has
not complied with Superior Court Rule(98)and claims that it
is prejudiced as a result of this and is unable at this time
to make an informed decision to seek an expert of their own.When
ask by the court if defense desired to take deposition of the
State expert's.NO answer was given for the defense.
See: <u>State v. Martin</u>,142 N.H.63(1997)also <u>State v. Fandozzi</u>,154
N.H.773(2010).

5) When in fact in this case,the court erred in its
interpretation of the statutory language of the RSA 173-B;9,IV
when it denied the defendant pre-trial motion to dismiss
indictment (858) by finding one prior conviction required to
enhance the defendant conviction.See:<u>State v.Dansereau</u>,157 N.H.
596(2008).

6) When in fact in this case,the court(Barry,J.)ask both trial
counsel'sto withdraw from the case becasue the defendant requeste
interpreter. The lack of an interpreter during the defendant
proceeding inhibited him"Comperhension of the plea or
communictation of presentation of the charges and the court
did not seek to measuer the defendant comparative ability to
speak or understand the English language when his trial counsel's
failure to advise the defendant improbability of acquittal and
benefit of plea bargain when defendant faced potential sentence
towice as long as that offer under plea agreement.And that the
defendant is intitled to an interpreter according to fifth
Amendment the defendant is from the Sudan and he speaks a
language other then English;pursuant to the CIA act.
See: State v. Roldan,151 N.H.283(2004).also,Boria v.Keane,83
F.3d 48 2nd cir(1996).

7) When in fact in this case,the State abuse of power and
collateral damage to indict the defendant on two second degree
assault that are based upon the same evidence that inadmissible
and when to illegal sentencing.See:State v.Hutchinson,137 N.H.591
(1993).And trial counsel's failure to file and reguset an
interlocutory appeal concering the challenge to the defendant
indictment subsequently conceded by the State in the defendant
appeal.

8) Attorney Ghazi D.Al-Marayati performance fell below an
objective standard of reasonableness in failure to disclose
material facts or misrepresentation of material facts in this
case when misinformed the defendant that his trial counsel's
done every thing for the defense.
See: Stricland v. Washington,466 U.S.688(1984).

As protected by the State of New Hampshire Constitution Part(1)
article(15)and the (5th,6th)and the (14theen)Amends of the United
State Constitution. The defendant have the right to a reasonable
competent assistance of counsel as guarantee.
See: Strickland v. Washington, 466 U.S.668(1984).


**WHEREFORE,** the defendant respectfully request this honorable
court;


    1. Allowed new counsel be appointed;


    2.That evidentiory hearing be set in this matter;


    3.Allowed the Court to correct a manifest injustice;


    4.Grant the defendant such other and further relief as

    is just and equitable.

CERTIFICATE OF SERVICE

I,Dominic Ali hereby certify that this 14theen of June,2011,
that a copy of this motion was farwarded in the U.S. Mail with
first class postage addresses to; Assistance County Attorney
Brett J.Harpster;Counsel Ghazi D.Al-Marayati,esg.

Dominic Ali #81829
P.O.Box 14
Concord,NH 03302

C:file.

**BECKY A. HARDING**, Notary Public
My Commission Expires  2/2/2016

# EXHIBIT J

### STATE OF NEW HAMPSHIRE

**MERRIMACK, SS**                                        **SUPERIOR COURT**

Dominic S. Ali

v.

Richard M. Gerry

No. 11-CV-746

### ORDER

Dominic Ali (the "petitioner"), an inmate at the New Hampshire State Prison, petitions this Court for a Writ of Habeas Corpus. The State objects. The Court held a hearing on the matter on February 10, 2012. For the reasons set forth below, the petition is **DENIED**.

The Court finds the following relevant facts. In 2008, petitioner was indicted on one count of Class A felony second degree assault, one count of Class B felony second degree assault, one count of Class B felony simple assault, one count of Class A misdemeanor simple assault, two counts of false imprisonment, and two counts of obstructing the report of a crime or injury. The charges arose from an incident that occurred on February 4, 2008, involving Sara N., the mother of his child. The State indicted the Class A felony second degree assault and the Class B felony simple assault pursuant to the enhanced penalties statute, RSA 173-B:9, IV, on the basis that petitioner was convicted of violating a protective order in 2004.

Prior to trial, petitioner moved to dismiss the indictments against him for Class A felony second degree assault and Class B felony simple assault, arguing that, under the enhancement provision of RSA 173-B:9, IV, two convictions are required before a

charge with an enhanced penalty may be brought. (Pl.'s Ex. 2.) Because petitioner did not have any abuse-related convictions other than his 2004 conviction for violating a protective order, he argued he was improperly charged. (Id.)

Following a hearing on the matter, on September 2, 2008, this Court (Abramson, J.) denied petitioner's motion to dismiss. (State v. Ali, Docket No. 08-S-058, Hillsborough County Superior Court, Doc. # 17, at 5.). The Court interpreted RSA 173-B:9, IV "as allowing the State to charge a defendant with an enhanced penalty for any qualifying crime of abuse which is committed within six years of a conviction for violation of protective order." (Id. at 4–5.) Because petitioner "was convicted of violation of a protective order in 2004," the Court ruled that "[t]he State correctly indicted [him] with a Class A Felony for 2nd Degree Assault and a Class B Felony for Simple Assault under the enhanced penalty statute, RSA 173-B:9, IV." (Id. at 5.)

Thereafter, following a jury trial, petitioner was convicted of one count of Class A felony second degree assault, one count of Class B felony second degree assault, one count of false imprisonment, and one count of obstructing the report of a crime or injury.[1] (Pet. 3.)  He was sentenced to 12 months stand committed on the two misdemeanor convictions; 5–10 years on the Class A felony second degree assault conviction, which was to run consecutively with the 12-month sentence; and, 3 1/2–7 years on the Class B felony second degree assault conviction. (Id.)

On February 23, 2009, petitioner filed a notice of appeal with the Supreme Court, raising, among other issues, the question of whether the trial court erred in its interpretation of RSA 173-B:9, IV. (State v. Ali, Docket No. 08-S-058, Doc. # 42.) The

---

[1] At the close of the State's case, one simple assault charge, one false imprisonment charge, and one obstructing the report of a crime or injury charge were dismissed. (Pet. 3.) The jury found petitioner not guilty of the other simple assault charge. (Id.)

2

Supreme Court accepted his case for review on March 18, 2009. (Id., Doc. # 44.) While his appeal was pending, he filed a pro se motion to appoint new counsel, arguing that his trial counsel was constitutionally ineffective. (Id., Doc. # 46, Ex. 1.) The New Hampshire Supreme Court gave petitioner leave to file a "motion to set aside guilty verdict based upon ineffective assistance of counsel," removed petitioner's case from the 3JX argument list, and stayed further proceedings relative to his direct appeal. (Id.) Petitioner subsequently filed a motion for a new trial based on ineffective assistance of counsel and was appointed counsel "to advise and represent[] him with respect to the merits" of that claim. (Id., Doc. #48, at 2.)

On July 2, 2010, petitioner, through counsel, withdrew his motion for a new trial and proceeded with his direct appeal to the Supreme Court. (Id.) On appeal, petitioner argued "that the trial court erred in: (1) finding that the State had provided expert witness discovery pursuant to Superior Court Rule 98 (Rule 98); (2) excluding evidence that the victim had a pending case with the Division for Children, Youth and Families (DCYF); and (3) sentencing him on two second degree assault charges." (Id., Doc. # 53.)[2] The Supreme Court vacated the conviction and sentence imposed for the Class B felony second degree assault on the grounds that his convictions for the Class A and Class B felony second degree assaults were based upon the same evidence. (Id.) However, the Supreme Court affirmed his other convictions. (Id.)

Thereafter, petitioner filed a Petition for Writ of Habeas Corpus in the Superior Court, alleging claims of ineffective assistance of counsel at trial. The Court (Garfunkel, J.) dismissed the petition with prejudice, reasoning that it was the "same claim

---

[2] Although raised in his notice of appeal, petitioner did not brief the issue regarding the trial court's interpretation of RSA 173-B:9, IV.

[petitioner] withdrew after conferring with counsel." (Id., Doc. #55, at 2.)  Petitioner then filed a notice of appeal of that decision to the Supreme Court, which was declined pursuant to Supreme Court Rule 7(1)(B).  (Id., Docs. # 56 & 57.)

In his present petition, petitioner now argues he was unconstitutionally convicted under the enhancement provision of RSA 173-B:9, IV, in light of the Supreme Court's decision to vacate his conviction for the Class B felony second degree assault.  Further, petitioner generally avers that he was denied the right to effective assistance of counsel at trial and on appeal under the Sixth Amendment and part I, article 15 of the New Hampshire Constitution.

The Court finds that petitioner's claims regarding RSA 173-B:9, IV and the ineffectiveness of his trial counsel are procedurally barred.  Petitioner had actual knowledge of the issue surrounding the interpretation of RSA 173-B:9, IV and raised it before the trial court during trial.  The issue was fully briefed, litigated, and resulted in a five-page order.  Further, petitioner raised the issue in his notice of appeal to the Supreme Court, but failed to pursue it on appeal.  Petitioner also filed a pro se petition for Writ of Habeas Corpus and, yet again, failed to raise the issue at that time. Accordingly, as he "had both knowledge of the issue and an opportunity to raise it . . . but failed to do so, he has procedurally waived the issue for collateral review."  Avery v. Cunningham, 131 N.H. 138, 143 (1998).  Likewise, as petitioner's claim for ineffective assistance of trial counsel was dismissed with prejudice in his prior Petition for Writ of Habeas Corpus to this Court, that claim is also barred.  See Grote v. Powell, 132 N.H. 96, 99 (1989) ("[R]epeated applications for a writ of habeas corpus introducing no new facts material to the issue will ordinarily be summarily disposed of.").

In any event, to the extent petitioner claims ineffective assistance of appellate counsel for failing to argue that the trial court erred in its interpretation of RSA 173-B:9, IV, that claim lacks merit. The Court finds no error in the trial court's interpretation of the statute. Accordingly, petitioner was not prejudiced by appellate counsel's failure to argue the issue on appeal. State v. Sharkey, 155 N.H. 638, 641 (2007) (stating that, to demonstrate actual prejudice, the defendant must show "that there is a reasonable probability that the result of the proceeding would have been different had competent legal representation been provided"); see also State v. Killam, 137 N.H. 155, 158 (1993) (internal quotations and citations omitted) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.")

For the reasons above, the petition for Writ of Habeas Corpus is **DENIED**.

**SO ORDERED.**

Date _____3|5|12_____

_____
Gillian L. Abramson
Presiding Justice

5

# EXHIBIT K



C-30452.

JUN 20 2011

**STATE OF NEW HAMPSHIRE**
**SUPERIOR COURT**

HILLSBOROUGH, SS.
NORTHER DISTRICT

June 14, 2011

**State of New Hampshire**
**v.**
**Dominic Ali**

**Docket No. 08-S-858, 862, 864.**

**DEFENDANT'S PRO-SE MOTION BASED UPON INEFFECTIVE ASSISTANCE**
**OF COUNSEL**

**NOW COMES** Dominic Ali, who respectfully moves this honorable
court to grant this motion for the following reason states below;

1) The defendant filed a motion for new trial in this court
on March 22, 2010 based upon ineffective assistance of counsel
from the Public Defender's Office during his trial on Sept 25, 2008
See: State v. Veale, 154 N.H. 730(2007). On April 21, 2010 the
honorable court (Garfunkel, J.)allowed the motion to stand and
appointed new counsel to advised and represent the defendant.

2) On May 3, 2010 counsel for the defendant entered his appearance.
Counsel paid a visit to the State Prison and advised the
defendant that he is their"just to advise not to represent the
defendant in this case." His advised and complaint to the
defendant that he has a murder case that more important and
that defendant should rely on the appeal. When ask by the
defendant after counsel took both briefs State and Appellate.
Counsel for the defendant states that his trial counsel did
every thing and that the interlocutory appeal is hard to work
on it, And that the defendant should not listen to other people
and he should withdraw his motion for new trial just for counsel
to get off this case. Counsel advised the defendant that this
appellate is good when in fact the defendant file a motion with
Supreme Court based upon ineffective assistance of counsel.

from the Public Defender's Office.See: <u>Veale</u>,154 N.H.730(2007).

3) Attorney Ghazi D. Al-Marayati was ineffective assistance
grossly misinformed a criminal defendant that he is only advising
the defendant not represent him in the case.Grossly misinformed
the defendant that his trial counsel's did every thing,when
in fact they did not consider all circumstances for the defense.
See: <u>State v. Sharkey</u>,155,N.H.638(2007).

4) There is a reasonable probability that had not been for this
counsel advised the defendant would not have withdraw his motion
for new trial. The defendant filed a petitioner for Habeas Corpus
in this court based upon ineffective assistance of counsel and
was dismissed on June 9,2011 for the simple fact that the
defendant rely on counsel advise that is grossly misinformed
the defendant.When in fact of this case trial counsel's mistaken
judgment as to fact or to application of the law cause extreme
prejudice to the defendant case.They contends that State has
not complied with Superior Court Rule(98)and claims that it
is prejudiced as a result of this and is unable at this time
to make an informed decision to seek an expert of their own.When
ask by the court if defense desired to take deposition of the
State expert's.NO answer was given for the defense.
See: <u>State v. Martin</u>,142 N.H.63(1997)also <u>State v. Fandozzi</u>,154
N.H.773(2010).

5) When in fact in this case,the court erred in its
interpretation of the statutory language of the RSA 173-B;9,IV
when it denied the defendant pre-trial motion to dismiss
indictment (858) by finding one prior conviction required to
enhance the defendant conviction.See:<u>State v.Dansereau</u>,157 N.H.
596(2008).

2 of 5

6) When in fact in this case,the court(Barry,J.)ask both trial counsel'sto withdraw from the case becasue the defendant requeste interpreter. The lack of an interpreter during the defendant proceeding inhibited him"Comperhension of the plea or communictation of presentation of the charges and the court did not seek to measuer the defendant comparative ability to speak or understand the English language when his trial counsel's failure to advise the defendant improbability of acquittal and benefit of plea bargain when defendant faced potential sentence towice as long as that offer under plea agreement.And that the defendant is intitled to an interpreter according to fifth Amendment the defendant is from the Sudan and he speaks a language other then English;pursuant to the CIA act.
See: State v. Roldan,151 N.H.283(2004).also,Boria v.Keane,83 F.3d 48 2nd cir(1996).

7) When in fact in this case,the State abuse of power and collateral damage to indict the defendant on two second degree assault that are based upon the same evidence that inadmissible and when to illegal sentencing.See:State v.Hutchinson,137 N.H.591 (1993).And trial counsel's failure to file and reguset an interlocutory appeal concering the challenge to the defendant indictment subsequently conceded by the State in the defendant appeal.

8) Attorney Ghazi D.Al-Marayati performance fell below an objective standard of reasonableness in failure to disclose material facts or misrepresentation of material facts in this case when misinformed the defendant that his trial counsel's done every thing for the defense.
See: Stricland v. Washington,466 U.S.688(1984).

As protected by the State of New Hampshire Constitution Part(1)
article(15)and the (5th,6th)and the (14theen)Amends of the United
State Constitution. The defendant have the right to a reasonable
competent assistance of counsel as guarantee.
See: Strickland v. Washington,466 U.S.668(1984).


**WHEREFORE,** the defendant respectfully request this honorable
court;


    1. Allowed new counsel be appointed;


    2.That evidentiory hearing be set in this matter;


    3.Allowed the Court to correct a manifest injustice;


    4.Grant the defendant such other and further relief as

     is just and equitable.

CERTIFICATE OF SERVICE

   I,Dominic Ali hereby certify that this 14theen of June,2011,
that a copy of this motion was farwarded in the U.S. Mail with
first class postage addresses to; Assistance County Attorney
Brett J.Harpster;Counsel Ghazi D.Al-Marayati,esg.


Dominic Ali #81829
P.O.Box 14
Concord,NH 03302

BECKY A. HARDING, Notary Public
My Commission Expires  2/2/2016

C:file.

# EXHIBIT L

Hillsborough County Attorney
State of New Hampshire
300 Chestnut Street, Manchester, New Hampshire 03101
Telephone 603.627.5605
Fax 603.627.5627

MAUREEN F. O'NEIL
KENT E. SMITH
FIRST ASSISTANTS

PATRICIA M. LaFRANCE
COUNTY ATTORNEY



CATHERINE McNAUGHTON
DIRECTOR, VICTIM/WITNESS PROGRAM

March 8, 2013

Stephen Fuller, Asst. Atty General
Office of the Attorney General
33 Capitol Street
Concord, NH 03301

RE:     Dominic Ali – Rule 7 Notice of Mandatory Appeal

Dear Attorney Fuller:

Enclosed please find a Rule 7 Notice of Mandatory Appeal which was received
by this office on March 6, 2013.

Should you have any questions, please feel free to contact me.

Very truly yours,

Kathleen A. Broderick
Assistant County Attorney

KAB/pc
Enclosure

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

## RULE 7 NOTICE OF MANDATORY APPEAL

This form should be used for an appeal from a final decision on the merits issued by a superior court or circuit court except for a decision from: (1) a post-conviction review proceeding; (2) a proceeding involving a collateral challenge to a conviction or sentence; (3) a sentence modification or suspension proceeding; (4) an imposition of sentence proceeding; (5) a parole revocation proceeding; (6) a probation revocation proceeding; (7) a landlord/tenant action or a possessory action filed under RSA chapter 540; (8) an order denying a motion to intervene; or (9) a domestic relations matter filed under RSA chapters 457 to 461-A other than an appeal from a final divorce decree or from a decree of legal separation. (An appeal from a final divorce decree or from a decree of legal separation should be filed on this form.)

1. COMPLETE CASE TITLE AND CASE NUMBERS IN TRIAL COURT

Dominic S. Ali v. Edward Reilly, Warden of the Northern Correction Facility.
Case No. 214-2012-CV-00178

2. COURT APPEALED FROM AND NAME OF JUDGE(S) WHO ISSUED DECISION(S)

The State of New Hampshire Superior Court
Coos, ss    Justice peter H. Bornstein.

| 3A. NAME AND MAILING ADDRESS OF APPEALING PARTY. IF REPRESENTING SELF, PROVIDE E-MAIL ADDRESS AND TELEPHONE NUMBER | 3B. NAME, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS AND TELEPHONE NUMBER OF APPEALING PARTY'S COUNSEL |
|---|---|
| Dominic S. Ali 81829<br>138 East Milan Road<br>Berlin, NH 03570<br><br>E-Mail address: _____<br>Telephone number: _____ | <br><br>E-Mail address: _____<br>Telephone number: _____ |

| 4A. NAME AND MAILING ADDRESS OF OPPOSING PARTY. IF OPPOSING PARTY IS REPRESENTING SELF, PROVIDE E-MAIL ADDRESS AND TELEPHONE NUMBER | 4B. NAME, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS AND TELEPHONE NUMBER OF OPPOSING PARTY'S COUNSEL |
|---|---|
| <br><br><br>E-Mail address: _____<br>Telephone number: _____ | Kathleen Broderic, esq 17657<br>Hillsborough County Attorney<br>300 Chestnut St-<br>Manchester, NH 03101<br><br>E-Mail address: _____<br>Telephone number: _____ |

Case Name: _Dominic Ali v. Edward Reilly_

**RULE 7 NOTICE OF MANDATORY APPEAL**

5.  NAMES OF ALL OTHER PARTIES AND COUNSEL IN TRIAL COURT

Ryan Norwood, with the N.H. Public Defenders Office
Manchester NH 03101

New Boston Police Department.

---

6.  DATE OF CLERK'S NOTICE OF DECISION OR SENTENCING. ATTACH COPY OF NOTICE AND DECISION.

September 28th, 2004

DATE OF CLERK'S NOTICE OF DECISION ON POST-TRIAL MOTION, IF ANY. ATTACH COPY OF NOTICE AND DECISION.

9/28/2004
2/21/2013

7.  CRIMINAL CASES: DEFENDANT'S SENTENCE AND BAIL STATUS

(29) Days credit in the department of correction.

---

8.  APPELLATE DEFENDER REQUESTED?          ☐ YES    ☑ NO
IF YOUR ANSWER IS YES, YOU MUST  CITE STATUTE OR OTHER LEGAL AUTHORITY UPON WHICH CRIMINAL LIABILITY WAS BASED AND ATTACH FINANCIAL AFFIDAVIT (OCC FORM 4)

---

9.  IS ANY PART OF CASE CONFIDENTIAL?          ☐ YES    ☑ NO
IF SO, IDENTIFY WHICH PART AND CITE AUTHORITY FOR CONFIDENTIALITY.
SEE SUPREME COURT RULE 12.

---

10. IF ANY PARTY IS A CORPORATION, LIST THE NAMES OF PARENTS, SUBSIDIARIES AND AFFILIATES.

---

11. DO YOU KNOW OF ANY REASON WHY ONE OR MORE OF THE SUPREME COURT JUSTICES WOULD BE DISQUALIFIED FROM THIS CASE?          ☐ YES    ☑ NO

IF YOUR ANSWER IS YES, YOU MUST FILE A MOTION FOR RECUSAL IN ACCORDANCE WITH SUPREME COURT RULE 21A.

---

12. IS A TRANSCRIPT OF TRIAL COURT PROCEEDINGS NECESSARY FOR THIS APPEAL?
☑ YES          ☐ NO

IF YOUR ANSWER IS YES, YOU MUST COMPLETE THE TRANSCRIPT ORDER FORM ON PAGE 4 OF THIS FORM.

---

Case Name: Dominic Ali v. Edward Reilly

**RULE 7 NOTICE OF MANDATORY APPEAL**

13. LIST SPECIFIC QUESTIONS TO BE RAISED ON APPEAL, EXPRESSED IN TERMS AND CIRCUMSTANCES OF THE CASE, BUT WITHOUT UNNECESSARY DETAIL. STATE EACH QUESTION IN A SEPARATELY NUMBERED PARAGRAPH. SEE SUPREME COURT RULE 16(3)(b).

Whether the Court violated Mr. Ali's rights under part (1) article (15) of State of N.H. Constitution and the 5th, 6th and the (14) Amendment of the United State Constitution. When Mr. Ali's incompetent Counsel grossly misinder Mr. Ali about the plea Nolo in failing to provide true advise and professional opinon not routinely explaine the nature of the offense. in sufficient detail. See: State v. Sharkey, 155 NH 638 (2009) also Boykin v. Alabama, 395 U.S. 238 (1967) And Fillmore at 147 NH 283 (2001)

Whether the Court violated Mr. Ali's rights under part (1) article (15) of the State of N.H. and the 8th and the 14th green of the United States Constitution, Denying Mr. Ali's rights to testify and call of his witness. and an interpreter during the proceeding that the court abuse its discertion and chocked Mr. Ali with five years to allowed self incrimination.

Whether the Court error in not using its authority to the Curb prosecution broad Discertion and abuse of Power and callatoral daonge as result of the Nolo contender conviction in 2008, Mr. Ali's indictment was ugraoded to felonies in Voolation of Mr. Ali constitutional rights State and Feduval, Part Ilarticle(16) and the 5th Amuadement to US. Constition at. 14 NH 427.

14. CERTIFICATIONS

I hereby certify that every issue specifically raised has been presented to the court below and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading.

_Appealing Party or Counsel_

I hereby certify that on or before the date below, copies of this notice of appeal were served on all parties to the case and were filed with the clerk of the court from which the appeal is taken in accordance with Rule 26(2).

3/1/2013
Date

_Appealing Party or Counsel_

Case Name: _Dominic Ali   v.   Edward Reilly_

**RULE 7 NOTICE OF MANDATORY APPEAL**

## TRANSCRIPT ORDER FORM

INSTRUCTIONS:
1. If a transcript is necessary for your appeal, you <u>must</u> complete this form.
2. List each portion of the proceedings that must be transcribed for appeal, e.g., entire trial (see Supreme Court Rule 15(3)), motion to suppress hearing, jury charge, etc., and provide information requested.
3. Determine the amount of deposit required for each portion of the proceedings and the total deposit required for all portions listed. Do <u>not</u> send the deposit to the Supreme Court. You will receive an order from the Supreme Court notifying you of the deadline for paying the deposit amount to the court transcriber. Failure to pay the deposit by the deadline may result in the dismissal of your appeal.
4. The transcriber will produce a digitally-signed electronic version of the transcript for the Supreme Court, which will be the official record of the transcribed proceedings. Parties will be provided with an electronic copy of the transcript in PDF-A format. A paper copy of the transcript will also be prepared for the court.

### PROCEEDINGS TO BE TRANSCRIBED

| PROCEEDING DATE (List each day separately, e.g. 5/1/11; 5/2/11; 6/30/11) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | LENGTH OF PROCEEDING (in .5 hour segments, e.g.,1.5 hours, 8 hours) | RATE (standard rate unless ordered by Supreme Court) | DEPOSIT |
|---|---|---|---|---|---|
| 9/28/04 | Violation of restraining order, hearing. | Michael D. Ryan | 15 mints | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
| 2/15/11 | Hearing to withdraw Nolo contender Plea. | Paul H. Lawrence | 10 minuts | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | **TOTAL DEPOSIT** | $ |

### PROCEEDINGS PREVIOUSLY TRANSCRIBED

| PROCEEDING DATE (List date of each transcript volume) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | NAME OF TRANSCRIBER | DO ALL PARTIES HAVE COPY (YES OR NO) | DEPOSIT FOR ADDITIONAL COPIES |
|---|---|---|---|---|---|
| 2/8/04 | violation of restraining order | Michael D. Ryan |  | ☑Yes ☐No | TBD |
|  |  |  |  | ☐Yes ☐No | TBD |
| 2/15/11 | Withdraw of Nolo | Paul A. Law |  | ☑Yes ☐No | TBD |

**NOTE:** The deposit is an estimate of the transcript cost. After the transcript has been completed, you will be required to pay an additional amount if the final cost of the transcript exceeds the deposit. Any amount paid as a deposit in excess of the final cost will be refunded. The transcript will not be released to the parties until the final cost of the transcript is paid in full.

# THE STATE OF NEW HAMPSHIRE
## SUPREME COURT
http://www.courts.state.nh.us

Trial Court Name: _Coos ss Superior Court_

Trial Case Name: _214-2012- cv- 00178/ Ali v. Reilly, warden._

Trial Case Number: _____
(if known)

## MOTION TO WAIVE FILING FEE

1. Person requesting that filing fee be waived: _Dominic S. Ali_

2. Reasons for request to waive filing fee: _Mr. Ali was found guilty after trial by Jury in 2008. He was sentence to Six Years in Prison. The trial Court already determined that Mr. Ali was indigent and qualified for appointed Counsel. Mr. Ali submits the financial affidavit filed with this notice of appeal in this matter, supports the contention that Mr. Ali remains in prison and indigent at this time_

For the above-stated reasons, I request that the filing fee be waived.

_3/1/13_
Date

_[signature]_
Signature of appealing party or ~~counsel~~

I certify that a copy of this motion has been sent or delivered to all other parties or their counsel.

_3/1/13_
Date

_[signature]_
Signature of appealing party or ~~counsel~~

**An Affidavit of Assets and Liabilities must be filed with this motion. This form is available at the Supreme Court or on the judicial branch website:**
http://www.courts.state.nh.us/supreme/forms/index.htm.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: _Coos, ss Superior Court_

Case Name: _Dominic Ali v. Edward Reilly, Warden_

Case Number: _214-2012-CV-00178-_
(if known)

## MOTION FOR: Waiver of Rule 7 in part

The _Appellant in the matter caption above, sui juris, and respectfully_
states the following facts and requests the following relief: _that he submitted a Notice of Appeal and is without sufficient funds to provide the Honorable Court with the number of conformed copies required by Rule 7. The appellant has submitted his Affidavit relative to his financial condition. The Appellant has submitted two copies of his Notice of Appeal with the original and has otherwise complied with Rule 7 by sending conformed copies to the Court below and Counsel for the parties._

_WHERFORE, the Appellant prays this Honorable Court waive the exact requirement of Rule 7 and authorize submission-_

_3/1/13_
Date

Signature

_138 E Milan Rd, Berlin, NH, 03570_
Address

Telephone

I certify that on this date I mailed/delivered a copy of this document to:

_____ or _County Attorney_
(other party)          (other party's attorney)

_____
Date                    Signature

---

## ORDER

☐ Motion granted.     ☐ Motion denied.

**Recommended:**

_____
Date

_____
Signature of Marital Master

_____
Printed Name of Marital Master

**So Ordered:**
I hereby certify that I have read the recommendation(s) and agree that, to the extent the marital master/judicial referee/hearing officer has made factual findings, she/he has applied the correct legal standard to the facts determined by the marital master/judicial referee/hearing officer.

_____
Date

_____
Signature of Judge

_____
Printed Name of Judge

# THE STATE OF NEW HAMPSHIRE

**COOS, SS.**                                                        **SUPERIOR COURT**

No. 214-2012-CV-178

Dominic S. Ali

v.

Edward Reilly, Warden

### ORDER

The petitioner, Dominic S. Ali, has filed a petition for writ of habeas corpus in which he attacks the validity of his 2004 Goffstown District Court conviction for violation of a protective order. The petitioner asserts that he was denied effective assistance of counsel and an interpreter in the 2004 proceedings and that, therefore, his 2004 plea of *nolo contendere* was not knowing, intelligent and voluntary.

The respondent has filed an answer and motion for summary judgment in which he requests that the Court summarily dismiss the petition with prejudice or, in the alternative, grant summary judgment to the respondent. The respondent argues that the petitioner has raised and litigated, unsuccessfully, all of the issues and claims in his petition, other than the interpreter claim, in numerous prior proceedings and that the petitioner has procedurally waived the interpreter claim for further collateral review.

Having carefully considered the pleadings and other documents on file, the Court concludes that it "need not hold a hearing . . . [because] the existing record of the case clearly indicates that the petitioner is not entitled to the relief requested on the grounds alleged." Diamontopoulas v. State, 140 N.H. 182, 184 (1995) (quoting Grote v. Powell, 132 N.H. 96, 99 (1989). "[R]epeated applications for a writ of *habeas corpus* introducing

CLERK'S NOTICE DATE

2-21-13

CC: Ali

Broderick

no new facts material to the issue will ordinarily be summarily disposed of." Grote, 132 N.H. at 99 (quotations omitted); LaBelle v. State, 108 N.H. 241 (1967); Gobin v. Hancock, 96 N.H. 450, 451 (1951); Petition of Moebus, 74 N.H. 231, 215 (1907). With the exception of the interpreter claim, the petitioner's present petition asserts all of the same claims and raises all of the same issues that he has raised and litigated in the previous proceedings described in the respondent's answer, and his present petition raises no new material issues of fact. With respect to the interpreter claim, because the petitioner "had both knowledge of the issue and an opportunity to raise it properly" in any of those numerous prior proceedings "but failed to do so, he has procedurally waived the issue for [still further] collateral review." Avery v. Cunningham, Warden, 131 N.H. 138, 143 (1988); McClesky v. Zant, 499 U.S. 467, 498 (1991); see also Sleeper v. Warden, N.H. State Prison, 155 N.H. 160, 163 (2007); Roy v. Perrin, 122 N.H. 88, 100 (1982); Martineau v. Perrin, 119 N.H. 529, 531—32 (1979). The Court agrees with the respondent that the petitioner has procedurally waived the interpreter claim. Because "the record presented clearly demonstrates that the petition is without merit," and for the reasons set forth in paragraphs 1—14, paragraphs 22—32, and paragraphs 34—37 of the State's answer and motion, the petition for writ of habeas corpus is DENIED without a hearing. See Diamontopoulas, 140 N.H. at 185; Grote, 132 N.H. at 99.

The Court's order herein renders moot the other pending motions in this case.

So Ordered.

Dated: 2|21|13

Peter H. Bornstein
Presiding Justice

2

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: Coos, ss Superior Court

Case Name: Dominic Ali v. Edward Reilly, Warden

Case Number: 214-2012-CV-00178-
(if known)

## MOTION FOR: Waiver of Rule 7 in part

The Appellant in this matter caption above, Surijuvis, and respectfully
states the following facts and requests the following relief: that he submitted a Notice of Appeal and is without
sufficient funds to Provide the Honorable Court with the
number of conformed copies required by Rule 7. The appellant
has submitted his Affidavit relative to his financial conditions
The Appellant has submitted two copies of his Notice of
Appeal with the original and has otherwise complied with
Rule 7 by sending conformed copies to the Court below and
Counsel for the parties-
    WHERFORE, the Appellant prays this Honorable Court waive
the exact requirement of Rule 7 and authorize Submission-

Date  3/1/13

Signature _____

138 E Milan Rd, Berlin, NH, 03570

Telephone _____   Address

I certify that on this date I mailed/delivered a copy of this document to:

_____ or   County Attorney
(other party)                    (other party's attorney)

_____        Signature _____
Date

---

## ORDER

☐ Motion granted.   ☐ Motion denied.

**Recommended:**

_____        _____
Date                          Signature of Marital Master

                              _____
                              Printed Name of Marital Master

**So Ordered:**

I hereby certify that I have read the recommendation(s) and agree that, to the extent the marital master/judicial referee/hearing officer has made factual findings, she/he has applied the correct legal standard to the facts determined by the marital master/judicial referee/hearing officer.

_____        _____
Date                          Signature of Judge

                              _____
                              Printed Name of Judge

# THE STATE OF NEW HAMPSHIRE
## SUPREME COURT
http://www.courts.state.nh.us

Trial Court Name: _Coos ss Superior Court_

Trial Case Name: _214-2012-CV-00178/ Ali v. Reilly, warden._

Trial Case Number: _‾_
(if known)

## MOTION TO WAIVE FILING FEE

1. Person requesting that filing fee be waived: _Dominic S. Ali_

2. Reasons for request to waive filing fee:
   _Mr. Ali was found guilty after trial by Jury_
   _in 2008. He was sentenced to six years in prison. The trial Court_
   _already determined that Mr. Ali was indigent and qualified for_
   _appointed Counsele. Mr. Ali submits the financial afficlarit_
   _filed with the notice of appeal in this matter, supports the_
   _contention that Mr. Ali remains in prison and indigent at this time_

For the above-stated reasons, I request that the filing fee be waived.

_3/1/13_
Date

Signature of appealing party or ~~counsel~~

I certify that a copy of this motion has been sent or delivered to all other parties or their counsel.

_3/1/13_
Date

Signature of appealing party or ~~counsel~~

**An Affidavit of Assets and Liabilities must be filed with this motion. This form is available at the Supreme Court or on the judicial branch website:**
**http://www.courts.state.nh.us/supreme/forms/index.htm.**

# EXHIBIT M

## THE STATE OF NEW HAMPSHIRE

### SUPREME COURT

## In Case No. 2011-0495, State of New Hampshire v. Dominic Ali, the court on September 15, 2011, issued the following order:

Notice of appeal is declined. See Rule 7(1)(B).

Under Supreme Court Rule 7(1)(B), the supreme court may decline to accept a notice of discretionary appeal from the superior, circuit, district, or probate court or from the family division. No appeal, however, is declined except by unanimous vote of the court with at least three justices participating.

This matter was considered by each justice whose name appears below. If any justice who considered this matter believed the appeal should have been accepted, this case would have been accepted and scheduled for briefing.

Declined.

Dalianis, C.J., and Duggan, Hicks, Conboy and Lynn, JJ., concurred.

### Eileen Fox,
### Clerk

Distribution:
Hillsborough County Superior Court (N), 216-2008-CR-00858, 00862, 00864
Honorable David A. Garfunkel
Honorable James J. Barry, Jr.
Honorable Gillian L. Abramson
Mr. Dominic Ali
Ghazi D. Al-Marayati, Esquire
Attorney General
File