```
                    STATE OF NEW HAMPSHIRE

       9TH CIRCUIT COURT - DISTRICT DIVISION - GOFFSTOWN


THE STATE OF NEW HAMPSHIRE,  )   District Division Case Nos.
                             )   438-2004-CR-01513
            Complainant,     )   438-2004-CR-01627
                             )
       vs.                   )   Goffstown, New Hampshire
                             )   September 28, 2004
DOMINIC ALI,                 )
                             )
            Defendant.       )
_____)

                            HEARING
            BEFORE THE HONORABLE PAUL H. LAWRENCE
          JUDGE OF THE CIRCUIT COURT - DISTRICT DIVISION


APPEARANCES:

For the State:              Timothy Lamy
                            NEW BOSTON POLICE DEPARTMENT
                            P.O. Box 338
                            New Boston, NH 03070

For the Defendant:          Ryan Norwood, Esq.
                            NEW HAMPSHIRE PUBLIC DEFENDER'S
                            OFFICE
                            20 Merrimack Street
                            Manchester, NH 03101

Audio Operator:             Electronically Recorded
                            **Not Monitored**

TRANSCRIPTION COMPANY:      AVTranz
                            845 North 3rd Avenue
                            Phoenix, AZ 85003
                            (800) 257-0885
                            www.avtranz.com




Proceedings recorded by electronic sound recording; transcript
produced by court-approved transcription service.
```

```
 1        (Proceedings commence)
 2             THE CLERK:  Dominic Ali.
 3             THE COURT:  Mr. Ali, you have a -- I guess it's a
 4   violating a protective order charge, a Class A misdemeanor.  I
 5   don't have the complaint in front of me, but.  And looks like
 6   you've been over your this knowledge and rights form with your
 7   attorney and signed the back of it?
 8             THE DEFENDANT:  Yes, Your Honor.
 9             THE COURT:  And it looks like you wish to enter a
10   nolo plea to the charge; is that correct?
11             THE DEFENDANT:  Yes, Your Honor.
12             THE COURT:  And you understand that you enter a nolo
13   plea the State will make an offer of proof or, alternatively,
14   your attorney, on your behalf, will waive an offer of proof,
15   and with that waiver I would enter a finding of guilty?  And,
16   in effect, you would have waived the different rights that are
17   set forth in this form; do you understand that?
18             THE DEFENDANT:  Yes, Your Honor.
19             THE COURT:  Any questions about that?
20             THE DEFENDANT:  No.
21             THE COURT:  Okay.  Is this charge a Class A
22   misdemeanor?  I gather it is.
23             MR. LAMY:  A Class A.
24             THE COURT:  Okay.  So you understand one of the
25   rights you'd have is your counsel, if you didn't like the
```

1  outcome of things in this court after a trial could -- could
2  take the case to Superior Court, and the State would have the
3  burden to prove each element of this offense by proof beyond a
4  reasonable doubt before a jury of 12 people?  Do you understand
5  that?
6              THE DEFENDANT:  Yes, Your Honor.
7              THE COURT:  Okay.  And every single juror would have
8  to agree the State had met its burden in order for you to be
9  found guilty; do you understand?  And you're waiving that
10 right?
11             THE DEFENDANT:  Yes, Your Honor.
12             THE COURT:  Okay.  Counsel, do you feel your client's
13 making knowing, intelligent and voluntary waiver in this
14 matter?
15             MR. NORWOOD:  I believe that he is.
16             THE COURT:  Okay.  And this says sentenced to time
17 served?
18             MR. LAMY:  Yes, Your Honor.
19             MR. NORWOOD:  Yes, Your Honor.
20             THE COURT:  Is there anything else pending against
21 this gentleman, or is this it?
22             MR. LAMY:  Not in New Boston, Your Honor.
23             MR. NORWOOD:  No, not in New Boston.  There is a
24 pending charge in another court.
25             THE COURT:  Okay.  And what was his bail on this

```
 1  charge in this court?
 2          MR. NORWOOD:  $2,000 cash surety.
 3          THE COURT:  Okay.  Was that holding him in jail, or
 4  was there something else holding him in jail as well?
 5          MR. NORWOOD:  That was holding him in jail.
 6     (Pause)
 7          THE COURT:  So he's going to go back and then be
 8  released on some sort of bail?  Is that --
 9          MR. NORWOOD:  That would be my understanding of what
10  should happen.
11          THE COURT:  Can I see the rest of the file?
12     (Pause)
13          THE COURT:  Okay.  So it looks like at some point the
14  bail was 5,000 cash surety, reduced to 2,000 cash surety.
15          MR. LAMY:  Reduced on September the 7th, Your Honor.
16          THE COURT:  Okay.  And was that anticipated that he
17  would make that?
18          MR. NORWOOD:  Yes.
19          THE COURT:  Okay.  But either he wasn't able to make
20  it or he didn't make it?
21          MR. NORWOOD:  No, he was not able to make the bail.
22  We thought -- we weren't certain that he could make it.  We
23  thought he would have a good chance of making the bail, that he
24  was going to be able to make it.
25          THE COURT:  Okay.  Then, you're all set, sir.  You're
```

1   sentenced to time served, with 29 days.  And, therefore, this
2   case is terminated.  And I guess you're released to the custody
3   of the sheriff in order to presumably be released should they
4   check out the other charge and there's nothing holding you.
5   Okay?
6             THE DEFENDANT:  Thank you, Your Honor.
7             THE COURT:  All right.  Good luck.
8             MR. LAMY:  Thank you, Your Honor.
9             MR. NORWOOD:  Thank you, Your Honor.
10       (Proceedings concluded)

<u>CERTIFICATE</u>

I, Tami S. Mayes, CET**D-547, a court approved transcriptionist/proofreader, do hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, to the best of my professional skills and abilities.
TRANSCRIPTIONIST:  Tami S. Mayes, AAERT Cert. No. 547

Tami S. Mayes, CET**D-547                           April 19, 2014
Proofreader