```
                    STATE OF NEW HAMPSHIRE

         9TH CIRCUIT COURT - DISTRICT DIVISION - GOFFSTOWN


STATE OF NEW HAMPSHIRE,       )
                              )
            Complainant,      )   District Division Case No.
                              )   438-2004-CR-01627
     vs.                      )
                              )   Goffstown, New Hampshire
DOMINIC ALI,                  )   February 15, 2011
                              )   Unannounced
            Defendant.        )
_____)

                        MOTION HEARING
            BEFORE THE HONORABLE PAUL H. LAWRENCE
        JUDGE OF THE CIRCUIT COURT - DISTRICT DIVISION


APPEARANCES:

For the State:              Sgt. Rick Bailey
                            New Boston Police Department
                            PO  Box 3438
                            New Boston, NH - 03070


For the Defendant:          Jorel Booker, Esq.
                            20 Whittier Street
                            Dover, NH - 03820


Audio Operator:             ELECTRONICALLY RECORDED
                            **Not Monitored**


TRANSCRIPTION COMPANY:      AVTranz
                            845 North 3rd Avenue
                            Phoenix, AZ 85003
                            (800) 257-0885
                            www.avtranz.com

Proceedings recorded by electronic sound recording; transcript
produced by court-approved transcription service.
```

I N D E X

| WITNESS(ES) | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| FOR THE STATE: | | | | |
| None | | | | |
| FOR THE DEFENDANT: | | | | |
| Dominic Ali | 4 | 7 | 10 | 12 |

| MISCELLANEOUS | PAGE |
|---|---|
| Taken under advisement | 13 |

| EXHIBITS | ID | EVD |
|---|---|---|
| None | | |

1       (Proceedings commence)
2             THE COURT:  Okay, so counsel, it's your motion.
3    Well, it's I guess your client's motion.
4             MR. BOOKER:  Yes.
5             THE COURT:  But you've been kind enough to appear for
6    him.
7             MR. BOOKER:  I think I would like to put him on the
8    stand to testify --
9             THE COURT:  Okay.
10            MR. BOOKER:  -- simply because not having been
11   present --
12            THE COURT:  Right.
13            MR. BOOKER:  -- during the previous proceedings, I
14   think the reasons for this motion are best to come from him.
15            THE COURT:  Okay.  Sure.
16            MR. BOOKER:  And I'm not a JP, Judge, so if you
17   wouldn't mind swearing him.
18            THE COURT:  Okay, you want to raise your right hand
19   for me, sir.
20            THE DEFENDANT:  Okay.
21      DOMINIC ALI, DEFENDANT'S WITNESS, SWORN
22            THE COURT:  Okay, you can be seated there, sir.  And
23   then your attorney is going to ask you a series of questions.
24   Okay.
25            THE WITNESS:  Okay.

1                    DIRECT EXAMINATION

2  BY MR. BOOKER:

3      Q  Mr. Ali, could you state your name, your full name for

4  the record?

5           THE DEFENDANT:  Before you start though, I want to

6  thank the Court for this opportunity.  I am a citizen of Sudan

7  and I lived there when they convicted me I was three years I

8  lived in the State of New Hampshire.  I didn't speak no English

9  at the time and I didn't understood what was going on.

10          THE COURT:  Okay.  Well you're welcome, sir.  We'll

11 continue on with the hearing.  Okay.

12 BY MR. BOOKER:

13     Q  If you can please state your name for the record.

14     A  Dominic Ali, D-O-M-I-N-I-C A-L-I.

15     Q  Okay.  Mr. Ali, you're asking that your plea of nolo

16 contendere in docket number 04-CR-01627 which was a violation

17 of protective order, you're asking your plea be withdrawn at

18 this time, is that correct?

19     A  That's correct.

20     Q  And can you please explain the reasons why you've asked

21 for this to happen?

22     A  First of all, this conviction, violation of protective

23 order was filed based on false allegation by the victim.  And I

24 --

25     Q  Okay.  But as I explained to you before, why we're here

```
 1  is on the fact that --
 2       A   Okay.
 3       Q   -- you've been charged with violating the protective
 4  order for allegedly making a phone call to her residence.
 5       A   Yeah.
 6       Q   So I mean if you want to go into that, I can't --
 7           THE COURT:  Well going into it really isn't relevant.
 8           MR. BOOKER:  Exactly.
 9           THE WITNESS:  Yeah, I was just trying to explain to
10  the Court.
11           THE COURT:  Yeah, I understand, but you don't need to
12  explain that.
13           THE WITNESS:  Okay.
14           THE COURT:  What is relevant is --
15  BY MR. BOOKER:
16       Q   Is your plea.  We're here just to talk about the
17  circumstances of your plea.
18       A   Okay.
19       Q   And why you felt the need to make this motion now.  So
20  --
21       A   Okay.
22       Q   -- can you explain to the Court the circumstances
23  surrounding your plea?
24       A   Yeah.  The day I came to Court, my lawyer came in and
25  he asked me to plead guilty and I told him, listen I'm not
```

1  going to plead guilty because I didn't do anything.  And then
2  he looked around and he told me, Your Honor, that I plead nolo,
3  you would go home now and nolo mean nothing, you know, you
4  don't know what happened.  And he threatened me.  He said that
5  if you were convicted, you get convicted, you're going to face
6  six months in county jail.
7      Q  Okay.  And when you made that plea, did he explain to
8  you --
9      A  No, he didn't explain.
10     Q  Let me finish my question.
11     A  Right.
12     Q  Did he explain to you that what rights you were giving
13 up and the fact that you were admitting to what the State was
14 charging you with?
15     A  No, he didn't.
16     Q  He didn't explain that to you?
17     A  No.
18     Q  Okay.  So basically what you're saying is you did not
19 understand --
20     A  Yes.
21     Q  -- the consequences of your plea.  Is that what you're
22 saying?
23     A  Yes.
24     Q  Okay.
25         MR. BOOKER:  Nothing further, Your Honor.

1         THE COURT: Questions?

2         MR. BAILEY: Yes, Your Honor. By directive, you
3 know, the State would ask the Court to take judicial notice of
4 its records that include the complaint, the acknowledgment of
5 rights and the Court recordings of the Court action.

6         THE COURT: I will. I haven't listened to the
7 recordings which I guess I'll have to do but I have them right
8 here so I will take judicial notice of all that, yes.

9         MR. BAILEY: Thank you.

10         CROSS-EXAMINATION
11 BY MR. BAILEY:

12     Q  Mr. Ali, when you were in Court in 2004 --

13     A  Yes.

14     Q  -- how did you converse with your attorney? How did
15 you talk with your attorney?

16     A  I was in county for 29 days and I came up here and he
17 just came in and talked to me.

18     Q  Okay. And he told you if you pled nolo that you'd be
19 going home?

20     A  Yes.

21     Q  You understood that?

22     A  Yes.

23     Q  There was no translator there with him?

24     A  No, no.

25     Q  Okay. And when you come into the courtroom, do you

1  recall the Judge asking you questions about the acknowledgment
2  of rights that you signed?
3       A   No, he didn't say anything about acknowledgment of
4  rights.  All I know is my lawyer gave me a piece of paper, if I
5  signed this and all I heard is the Judge threatening me telling
6  me that oh, Mr. Ali, you know, you come again to Goffstown,
7  you'll face five years in prison and I just, you know --
8              THE COURT:  Who was the Judge?
9  BY MR. BAILEY:
10      Q   The Judge said that to you?
11      A   I don't remember the Judge name.
12             THE COURT:  Okay.
13             MR. BAILEY:  Your Honor, if I could see the
14 acknowledgment of rights.
15             THE COURT:  Sure.  Let me try to get them out of
16 here.
17             MR. BAILEY:  Thank you.
18 BY MR. BAILEY:
19      Q   Mr. Ali, I'm going to show you this form that the
20 Court, out of the Court documents, it's acknowledgment and
21 waiver of rights.
22      A   Okay.
23      Q   And ask you to take a look at that, both sides.  Take
24 your time.  Do you recall seeing that form before?
25      A   Basically just was given to me just to sign it.

1  Q  Okay. So you signed it. Did you read it?
2  A  I didn't read it. I mean he just gave it to me -- at
3  the time you know I didn't even, you know, I didn't even spoke
4  that much English like right now like I'm talking to you.
5  Q  Did your attorney explain anything on that form to you?
6  A  No, he didn't explain, no.
7  Q  No.
8     THE COURT: You clearly recall the trial judge
9  threatening you and saying you were going to do five years, is
10 that what you --
11    THE WITNESS: Yeah, yeah.
12    THE COURT: Okay.
13 BY MR. BAILEY:
14  Q  And when you come into the courtroom and you were in
15 the courtroom with your attorney and the Judge was there.
16  A  Yep.
17  Q  And did the Judge ask you any questions or go over
18 anything about this form and explain to you anything about --
19  A  No.
20  Q  -- what a plea of nolo meant?
21  A  No.
22  Q  No.
23  A  No.
24  Q  Did the Judge say anything?
25  A  No.

1            THE COURT:  Thank you.
2  BY MR. BAILEY:
3      Q  Mr. Ali, why did you wait almost seven years to bring
4  this motion?
5      A  Because I first of all I didn't know that this -- I
6  don't know if this was a conviction at the time, you know.  And
7  this conviction now being brought by the State to enhance
8  apparently of a crime, prior crime that I just commit and now
9  I've had a chance to go to a law library in prison and you know
10 look up my case and I, you know, I knew that I have
11 Constitutional rights that have been violated by the State and
12 the attorney so.
13           MR. BAILEY:  I have nothing further, Your Honor.  I'm
14 going to have some closing statements.
15           THE COURT:  Okay.  Anything further?
16                      REDIRECT EXAMINATION
17 BY MR. BOOKER:
18     Q  So are you saying that the reason why your plea was not
19 knowing and intelligent was because you were not -- the rights
20 you were giving up were not gone over with you on that form?
21     A  Yes, yes.  It's not being explained to me like, you
22 know, like they, like they supposed to do.  You know, they just
23 tell me you know to do something and just basically set me up
24 for failure, you know.
25           THE COURT:  Okay.  Well I also understood you to say

1  that you were -- it was involuntary in the sense the Judge
2  threatened you with five years?
3           THE WITNESS:  Yes, yes.
4           THE COURT:  Okay.
5           THE WITNESS:  I --
6  BY MR. BOOKER:
7      Q  So are you saying that the reason you pled nolo was
8  because of a threat from the Judge?
9      A  No, the reason I pled nolo, my lawyer advised me to
10 plead nolo and he clearly said that nolo means nothing and you
11 would go home.  And when I came in front of the Judge, you
12 know, all I heard is you got to tell me that, listen Mr. Ali,
13 don't come to Goffstown no more, you know, because you will
14 face five years in prison.
15     Q  Okay.  So you didn't plead nolo because the Judge made
16 that promise to you.
17     A  No, I plead nolo because my attorney advised me to
18 plead nolo and the Judge didn't say nothing to me about plead
19 nolo.
20     Q  And you said your attorney didn't go over --
21     A  No, he didn't go over nothing because he -- basically
22 nolo mean guilty, you know, I'm pleading guilty.  And I told
23 him no, I don't want to plead guilty.  You know, and he came up
24 --
25     Q  So you did not understand at the time that nolo meant

1  that you were --

2      A  No.

3      Q  -- pleading guilty to the charge?

4      A  No, no.

5      Q  Okay.  Thank you.

6                    RECROSS-EXAMINATION

7  BY MR. BAILEY:

8      Q  One last question, Mr. Ali.

9      A  Okay.

10     Q  When you stood up in the Court in front of the Judge

11 with your attorney --

12     A  Yep.

13     Q  -- did the Judge ask you, that form that I showed you,

14 did the Judge ask you if your attorney had gone over that form

15 with you?

16     A  No.  Nope.

17     Q  Did he ask you if you understood that form?

18     A  No.

19     Q  He didn't -- no questions about that form?

20     A  He didn't ask -- I don't recall he said anything to me

21 about anything.

22     Q  Okay.

23        MR. BAILEY:  Nothing further, Your Honor.

24        THE COURT:  Okay.  I guess you may step down.  Thank

25 you, sir.

```
 1            What I'll do is listen to the recording and provided
 2   it's available, I'll review the file and render my decision and
 3   you'll get a notice of it through your attorney, okay?
 4            THE DEFENDANT:  Okay.
 5            THE COURT:  All right.  Good luck to you, sir.
 6            THE DEFENDANT:  Thank you.
 7            MR. BOOKER:  Thank you, Your Honor.
 8            MR. BAILEY:  Thank you, Your Honor.
 9        (Proceedings concluded at 8;50 a.m.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE

I, DIANNA ALDOM, CET**236, a court approved proofreader, do hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, to the best of my professional skills and abilities.

TRANSCRIPTIONIST(S):   DIANNA ALDOM, CET**236


DIANNA ALDOM, CET**236                    April 22, 2014
Proofreader