UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Dominic S. Ali</u>

    v.                                              Civil No. 12-cv-185-JL

<u>Edward Reilly, Warden,</u>
<u>Northern New Hampshire</u>
<u>Correctional Facility</u>

**<u>O R D E R</u>**

Presently before the court is petitioner Dominic Ali's motion (doc. no. 51), requesting access to written transcripts of state court proceedings and the presentence investigation report ("PSI") prepared in Ali's criminal case.

I.   <u>Transcripts</u>

As Ali has already been served with the written transcripts he has requested, <u>see</u> Doc. No. 50, Ali's motion for transcripts (doc. no. 51) is DENIED as moot.

II.  <u>PSI</u>

Ali has also moved this court for access to a copy of the PSI.  <u>See</u> Doc. No. 51.  The PSI, unlike the trial transcripts, is not part of the public record in a criminal case; rather, it is a document prepared by the probation office for benefit of

the court in sentencing. See Torres-Mendez v. Warden, No. 09-CV-214-SM, 2011 WL 285690, at *3 n.3 (D.N.H. Jan. 28, 2011). State law and a state court rule provide authority for disclosing the contents of the PSI to defense counsel and the prosecutor. See N.H. Rev. Stat. Ann. § 651:4 ("Before imposing sentence, the court shall take such steps as may be necessary so that the defendant is advised, by counsel or otherwise, as the situation warrants, of the factual contents of any presentence investigation, and afforded a fair opportunity to contest them."); N.H. Super. Ct. R. 112 (PSI "will not be disclosed to anyone except as required by statute or ordered by the Court," and before sentencing, "counsel for the defendant and for the State will both be afforded a reasonable opportunity to rebut any material matter contained therein which might bear on the sentence"). The record before this court indicates that counsel from the New Hampshire Public Defender's Office, who withdrew after preparing a sentencing memorandum for Ali, and also Attorney Anthony Introcaso, who represented Ali at his sentencing hearing, each reviewed the PSI prior to Ali's sentencing hearing.

Ali asserts that he never received a copy of the PSI from Attorney Introcaso, and he contends that he needs access to it at this time because: (1) Claim 5 in the § 2254 petition asserts a Sixth Amendment violation based on Attorney Introcaso's

failure to show the PSI to Ali; (2) the probation officer who prepared the PSI promised to give it to Ali but did not do so; and (3) the criminal history section of the PSI had errors that Ali believes affected his sentence, specifically, an inaccurate statement that Ali had been convicted twice for violating a restraining order, where he had been convicted only once.

During the sentencing hearing, the court granted Attorney Introcaso an opportunity to comment on the PSI, and counsel took that opportunity to correct the error that Ali has cited here; specifically, Attorney Introcaso informed the court that there had only been one conviction for violating a restraining order, not two convictions.  Nothing in the sentencing hearing transcript, or in any other part of the record before this court, suggests that any inaccuracy in the PSI had an impact on Ali's sentence.  To suggest that there were additional, undisclosed prejudicial errors in the PSI is insufficient to warrant a federal court order directing that the PSI be released by the state court.  Accordingly, Ali's motion (doc. no. 50) seeking access to a copy of the PSI is denied.

III. Proper Respondent

The proper respondent to a § 2254 petition is the petitioner's custodian.  Ali's current custodian is Antone Moniz, superintendent of the Plymouth County Correctional

3

Facility ("PCCF"), where Ali is currently incarcerated, awaiting further deportation proceedings.  See Duy Tho Hy v. Gillen, 588 F. Supp. 2d 122, 124-25 (D. Mass. 2008).  Because neither the status of those proceedings, nor the status of Ali's New Hampshire sentence are clear to the court, Ali and the State must both file motions concerning this court's continued jurisdiction over Ali's § 2254 petition, and identifying the proper respondent or respondents in this matter.

## Conclusion

1.   Ali's motion for transcripts and for access to the PSI (doc. no. 51) is DENIED.

2.   The clerk's office is directed to update the docket to record Ali's current address at the PCCF.  See Doc. No. 44.

3.   Ali is directed to file, on or before July 1, 2014, a motion to amend the petition to add the PCCF superintendent as a respondent to this action, if Ali remains in detention in that facility, and/or to add the name of any parole or probation officer who may have custody over Ali.

4.   The State is directed to file, on or before June 20, 2014, a motion for summary judgment on all of the claims remaining in this action, which this court previously ordered Warden Reilly to file by May 29, 2014.  See March 31, 2014, Order (doc. no. 46).  The State's motion for summary judgment

4

shall address whether the transfer of Ali to PCCF divests this court of jurisdiction over the petition, and whether any New Hampshire official remains a proper respondent to this action.

SO ORDERED.

_____
Joseph Laplante
United States District Judge

Dated:   June 5, 2014

cc:   Dominic S. Ali, pro se
      Elizabeth C. Woodcock, Esq.
      Francis Charles Fredericks, Esq.