IN The
United States District Court
District of N.H.

Petitioner   Dominic Ali
v.
Respondent   State of N.H.

Civil NO: 12-cv-185-JL

Petitioner motion to Vacate Enhance
Indictment

NOW COMES, Dominic Ali, sui juris, respectfully
request this Honorable Court to grant this
motion for the following reason States below;

Petitioner has a writ of habeas corpus
doc No 1) filed pursuant to 28 U.S.C 2254
with this Court, claiming violation of his
Constitutional Rights State and Federal.

Before this Court, is petitioners motion
to amend doc No 27) his 2254 petition, which
challenges the validity of his 2008 States
Court conviction and Sentence for the
Second 2nd degree assault, and illegal enhancement
by consideration of prior unconstitutionally
obtained Nolo Contender conviction.

i of 21

This Honorable Court requested that petitioner file document from the States Court record which demonstrate that he has exhausted his both claims, 10 and 11, in States Court proceeding challenging his 2008, conviction and Sentence. The petitioner have obtains a final decision from the Goffstown District Court, Coos County Superior Court and the N.H. Supreme Court, final decision and would file these document with this Court.

Petitioner has filed a motion to dismiss States indictment, see; No 36) as to which the respondent Warden has not filed an objection, At that time neither the Feb 2, 2009, sentencing hearing transcript, nor the (PSI) are made for this Court's record: to resolve claim 5) This Court requested that petitioner to refile when those document are made part of this Court records.

This Court requested that respondent, Warden within 30 days to furnish and serve petitioner with the following:-

- Complete transcript of the Feb 2, 2009, Sentencing hearing in Ali's 2008. conviction.

- Complete transcript of thes Sept 28, 2004, Plea and Sentencing Proceeding in Ali's 2004, conviction.

- Complete transcript of the Feb 15, 2011, evidentiary hearing on Ali's motion to withdraw the nolo plea in the 2004, Conviction;

- Sentencing memoranda filed by the state and the defendant in the 2008 criminal case and;

- And such other document derived from the State Court record that are relevant to this Court's consideration of claims 4 (g) and 5.

In or about April 14, 204, petitioner filed a motion with this Court requesting type written transcript and petitioner's request were granted. The only document petitioner don't have at this time, is the PSI report by the probation officer.

Ali's petition 2254, in this Court challenging the validity of his Class A Felony conviction on multiple grounds. that Incould claimes (4g and 5)

NHPD Attorneys Helen Sullivan and Aileen O'Connell provided ineffective assistance of Counsel at trial and in pretrial proceedings, in violation of Ali's 6th Amendment rights in that they;

G. Failed to investigate whether the
2004 conviction which provided the
basis for enhancing the 2008 felony
charge, had been obtained in violation
of Ali's Constitutional rights.

### BACKGROUND

The petitioner was arrested on Feb 4, 2008,
and was charged with domestic violence
related crime allege simple assault and
False imprisonment, and obstruction to report
a crime. All of those charges were
misdemeanors offenses. After the States
reviewing petitioner's records, it discover
a conviction of a protective order contrary
to RSA 173-B=9,III on 9/28/2004, the
State upgraded petitioner's indictment simple
assault to felonies.

In or about Feb. 2008 petitioner was assign
two incompetent Attorney's from the NHPD.
Office to represent him in this case.
The States with full rawlessness and disregard
with discriminatory conduct motivated by
racial bias divide single indictment into
multiple count. The Manchester District Court
dismissed one of petitioner Felony indictment.
Then the State reindicted petitioner to the
NH. Superior Court, North, with the same
full rawlessness and its primary purpose or effect
is to appeal to the "GRAND JURORS"
sympathies or trigger other mainsprings of
see; State v. Macleod, 141 N.H 427 (2006)

human action that may cause the Jury
and grand Jurors to base its decision
on Something other than the established
proposition in this Case.

## LEGAL ARGUMENT

BEFORE TRIAL, petitioner advised trial
Counselors to investigate his prior Nolo
contendere Conviction by the NH Goffstown
District Court, that petitioner didn't Know
about till his indictment of 2008, arrest.
petitioner advise. trial Counselors that his
plea was not intelligently and voluntary
made. And the reason that incompetent
Counsel from the NHPD Office Mr. Ryan
NorWood.esg advised the petitioner that the
Nolo contendere plea " means nothing". One Counsel
withdraw from the petitione's Case, than from
that same office, attorney O'Connell.esg was
assign with Ms. Sullivan.esg as petitioner's
trial Counselors. See; United States v. Wolak, 510 F.2d 164 (6th
Cir. 1975)

Trial Counsels mad up excuses and never
requested a hearing or investigate how the
petitioner was convicted. like the petitioner
did in his. own, on Feb 15, 2011, requesting his
nolo Conviction be vacated. With respect to this
Court opinion. petitioners request constitute a
Conflic of INTEREST, and the reason that,
the Goffstown District Court appointed a "NHPD"
and they declined to represent petitioner
on his Feb 15, 2011, hearing to vacate his
Nolo conviction. See; Pate v. Robinson, 383 U.S. 375,
5 of 21 1966) See; State v. Veale, 154 N.H. 730 (2007).

The Supreme Court found that use of the comparative grounds approach was arbitrary and capricious that violated the Administrative Procedure Act, 5 U.S.C.S 706(2)(4)

After the trial Court (Gillian Abrahamson) denied petitioner motion to dismissed Indictment, prior to trial, petitioner incompetent trial Counsels signed a stipulation removing the fact of 2004 conviction of Restraining order from the Jury consideration. And allowing the bias Court (James Barry) to make a finding on that issue. see; (coral v Ashcroft, 543 U.S. 1 (2004). Also; United States v. Edwards-Franco, 885 F.2d 1002, (2d cir 1989).

## Criminal law and procedure = Guilty plea Knowingly and intelligently.

A guilty plea must be Knowingly, intelligently and voluntary to be vaild. See; Boykin v. Alabama 395 U.S. 238 (1969). citation Omitted. Thus petitioner must waives his rights and fully understand the element of the offense to which her pleading, the direct consequence of the plea and the rights her forfeiting. see; State v. lopez, 156 N.H. 193(200) 931, A.2d 1136 (2007). Also, State v. Offen, 156 N.H. 435, 437, 938. A.2d 879 (2007). See Rule 11. id. at 243-44, 89 S.ct at 1712. Wade v. Wainwright, 420 F.2d 898 (5th cir 1969) And violation of Fed Rule=11 (b)(1) Fed. R. crim P.

Counsel failed to explaine to give petitioner notice of what he is been ask to admits or what is the outcome. Hands down, their is a reasonable probability that had not been for Counsel faulty advise about the true meaning of the law, petitioner would not have plea Nolo contender. Because the petitioner is innocence of the charge crime and was found not guilty of the basis or the fundamental principle of issuing to the protective order. See; Fillmore v. Fillmore, 147 N.H. 283 (2001) Also, Counsel would have a chance to cross-examine the States witness who comitted perjury on May 21, 2004. See; attachement (4 of 10 5 of 10, 7 of 10) Original copies are made part of this Court record see; People v. Whitfield, 217 Ill. 2d 177, 183, 298 Ill. Dec 545, 840, N.E. 2d 658 Ill. 2005) United States v. Vonn, 535 N.S. 55, 58, 122 S. ct 1043, L.Ed. 2d. 90 (2002) McCarthy v. United States, 394 U.S. 459, S. St. L. Ed. 2d, 418 (1969). And United States v. Noriega-Millan, 110 F.3d 945 11th cir (2000).

Petitioner advised this Court more than once, that part of the hearing on 9/23/04 are missing. Their was Counsels advised and the trial Court terms. And petitioner believes its was the Honorable Court (Michael J. Ryan) See. Brady v. United States, 397 US. 742, 25, L.E.D 2d 747. 90. S. ct. 463 (1970).

Who abouses his discretion and violated
the CIA Act. The Court failed to offer the
petitioner an interpreter during his hearing on
Sept 28, 2004, that violates the 5th Amendment.
Pursuant to the CIA Act, the petitioner is
entitled to an interpreter.

The trial Court had the best position to
asses the petitioner and had usage comfort
level and intelligibility after having knowing
that petitioner's language is other than English.
During the hearing on 9/21/04, petitioner's Counsel
told trial Court that "Mr. Ali is from the
Sudan and that he did not know how serious
his charges are" But told petitioner is charges
meant nothing." Thats when the trial Court
threatend petitioner. The lack of interpreter
during the proceeding inhibited petitioner comprehens-
ion of the plea and communication with Counsel
The Court failed to seek to measure petitioner
comparative ability to speak good English or
understand the English languag because
ambiguity of the language in the plea. See:
Margalli-oliver v. INS. 43 F.3d 345 (8th cir 1994).
Bowsley v. United States, 523 U.S. 614, S.Ct. L.Ed
2d 828 (1998)-

IMMIGRATION CONSEQUENSE
For good Cause shown.

Failure of petitioner's Counsel to advise about
Immigration Consequence befor taken a plea
violates petitioner's 6th Amendment petitioner
states that decision to reject the plea bargain
would have been rational under the
Circumstances= See; Padilla v. Kentucky, 130
S.Ct. 1473 L.Ed. 2d 284 (2010)

Given close connection between deportation and criminal conviction a continuance for post-conviction relief which will render an alien eligible for additional forms of relief surely must be good cause. Continuance to obtain post-conviction relief are within the sound discretion of the Immigration Court if good cause is shown See: Matter of Luviano, 121 Imm Dec 235 (BIA 1996) Matter of C. 20 Imm Dec 529 (BIA 1992) Matter of Silva Rodriguez 20 Imm Dec 448 (BIA 1992) Matter of perez-Andrade, 19 Imm Dec 433 (BIA 1987) and Chavez-Perez v. Ashcroft, 386 F.3d 1284 (9th Cir. 2004) Dela Cruz v. INS 951 F.2d 226 (9th Cir. 1991)

The Supreme Court pointed out, with respect to this Court in Padilla v. Kentucky "deportation as a consequence of a criminal conviction is because of its close connection to the criminal process, uniquely difficult to classify as either a direct or a collateral consequence" at 130 S.ct 1473, 148 (2010) Also. United States v. Orocio, 645 F.3d 630 (2011) Furthermore, criminal conviction and the penalty of deportation are closely enmeshed and " as a matter of Federal Law, deportation is an integral part – indeed sometimes the most importance part of penalty that may be imposed on non citizen, petitioner who plead guilty to specified crimes" Id at 130 S-ct. 1473 1482 (2010) See: EX (B1)

According to Immigration laws, petitioners record of convictions demonstrated a crime that in fact involved moral turpitude act 704. These includes document such as the indictment the dvolgment of conviction during instruction, a signed guilty plea and plea transcript. See 3 steps approach by Immigration Court, Silva-Trevno at 696 704. petitione criminal conviction are Disorderly conduct 2006, violation of protective order 2004, and his Second degree assault in 2008. Which is Cimf conduct. The DHs a Ice uses three states criminal conviction that has to be in different proceeding to find ground for deportation, plus two extent term of imprisonment.

In this Case, in 9/27/2004, Counsel never advise petitione about any Immigration consequences or that his guilty plea would be use to enhance any criminal changes. Counsel advise that "Nolo meant nothing" petitione would have nonetheless rolled the dice and gone to trial which a 100% dismissal of indictment which petitione should have done in the same Case and victim of two Manchester District Court. on or about May 21, 2004. in the hope of avoiding remant.

These are facts that trial Counsels failed to investigate upon petitioners requests, before his trial by Jury in Sept 25,26, 2008 See; Cuyler v. Sullivan, 466 U.S. 335, 100 S.Ct. 1708, 64 L.Ed. 2d 333 (1980). U.S. Const. Amendments VI and XIV. Also, Wood v. Georgia, 450 U.S. 261, S ct 1097 L.Ed 220 1981).

## Sentencing, Appeal and Post-conviction Proceeding

Please be advised, that petitioner never had his sentencing memorandum before sentencing or after petitioner requested trial Counsel and sentencing counsel copy of original case file in or about 2013. The only time petitioner notice that there was sentencing memorandum been filed on his behalf is during sentencing Feb 2, 2009, were the trial Court him self didn't have a copy! See: United States v. clark, 139 F.3d 485, 490, (5th cir 1998).

Petitioner claim that his Court appointed Counsel has sentencing hearing violated Alies 6th Amendment rights in that claim 5 (a) (b) (c) and (d)

Counsel was constitutionally ineffective for failing to protect petitioners request that his trial Counselers were ineffective for failing to challenge the conviction of protective order, that increase petitioners sentence by 7 years. failing to hide petitioner request for ineffective assistance and ignored petitioners wishes, when Conflict of interest exsisted. And failure of trial Counselers to seek a favorable plea agreement for the petitioner. United States v. Barrera-Isaza, 887 F.2d 1349, 1352 9th cir 1989) Barin v. Kaine,

Attorney Anthony L. Interocasa, failed
to subject prosecution to the meaningful
adversarial challenge. See; U.S. v. Imens. 270
F.3d 554 (CA 8 Cir. 2001). Not been perpair
for sentencing for more then three months,
Counsel failed to provide his own sentencing
guidline computaion or pos-conviction Specialist
need to the court early enoughto consider
in rentian to the (PSI) report, That never
been given to the petitioner. See; U.S. v. Davenport
151 F.3d 1325 (CA Cir. 11 1981). Counsel gave incorruct
statement during sentencing hearing that petitioner
been through the probation report. See; T. 6, 14
Because petitioner till this day don't know
what the probation report look like.

As this Honorable Court would notice that,
the police version of probation report
wiches in this case is the State, it contains
allegation relating to the charges that were
dismissed at trial and which petitioner
was found not guilty. The presentencing report
also indicates that petitioner was convicted
of two violation of restraining order. And
that was the basis for two class A felony
indictment that unlawfully brough against the
petitioner. And that was herassment, confusion,
and unfair prejudice. See; T. 6, 7-25, T. 7, 3.
Make no mistake to Interocaso incompetent
assistance, filing petitioners notice of Appeal
see; Tucker v. United States, U.S. Supreme Court "
Fundement principle of due process prohibits the
consideration of prior conviction or unconstitutionaly
obtained convriction in Sentencing"

that did not included claim of ineffective
assistance of Counsels by trial Counsel,
Because he himself was incompeten and
only interested in a Fee. He adwise the petition
that " Five years in prison, like a walk in
the bench". The bench of denial of petitioner's
Constitutional Rights, and resting on the perceived
Weakness of the prosecution case. and that
continue through Appeal.

## Denial of Constitutional Rights
### States and Federal

The six Amendment entitle the petitioner a
right to assistance of Counsel and the due
process of Caw under the fourtheen Amendments
and part (1) artical (15) of the State of NH.
Constitution

The Court must Judge the reasonableness of
Counsel on the fact to the particular Case.
A petitioner cluiming ineffective assistance of
Counsel must show (1) that Counsel representation
fell below an objective standar of reasonableness
(2) that Counsel deficient performance
Perjudice his Case See: Strickland v. Washington,
466 U.S. 668 (L.E.d ed (1984). United States v. Arteca,
411 F.3d 315. (2d cir 2005).

The second part of Strickland requires a criminal defendant to show prejudice from counsel deficient performance for the purpose of establishing ineffective Assistance of Counsel under Federal law, the 6th Amend, where such claims involves Counsel performance during the course of legal proceeding, either at trial or Appeal.

A) showing how specific errors of Counsel undermined the reliability of a finding of guilt, or

B) Demonstrating that Counsel errors actually had an adverse effect on the defendant case.

From the get go, after petitioner found out that his indictment was enhance to Felonies due to his Sept 27, 2004, Conviction of protective order from a plea that was not knowingly, intelligently and voluntary made. Not fully understood the element of the offense to which petitioner pleading. Because an Attorney from the New Hampshire public Defenders Office Ryan Norwoodwas advised petitioner that the Nolo Contendera "meant nothing" and failure to advise petitioner about Immigration consequence.

Petitioner had zero trust in his trial Counsels coming from that same office. He was prepare for prison before he was convicted.

The Court of Appeals agrees, that the six Amendment impose on Counsel a duty to investigate. Because a reasonable effective assistance must be based on professional decision and informed legal choises can be made only after investigation of options.

The Court observed that Counsel investigatory must be assessed in the light of the information known at the time of the decision not in the hindsight. And the amount of pretrial investigation that is reasonable defense Precise measurement.

Please be advised that, it took petitioner 4 years to know that he was convicted of Nolo contender and the outer limits of penalty which he could suffer upon entering plea of Nolo and 11 years of its consequences, that is Immigration now. Petitioner suffered 30 months of imprisonment because that single Nolo conviction. 2 years behind the walls of prisons because of Immigration hold since 2008, 6 months at the U.S. Immigration and Custom Enforcement. Because it found one more ground for deportation that is conviction of the protective order, Sept 28, 2004 "Cimt".

Defense Counsel's performance fell well below an objective standard of reasonableness for Counsel in a criminal case, for failure to investigate the Nolo Contender conviction. Challenging this conviction will constitute a Conflic of Interest with the "NHPD" Office. See: United States v. Seguron-Rivera, 473 F.3d 381 (1st Cir 2007) So, their case, Trial Counsel's unsuccessfully filed two motions challenging the 2004 Nolo conviction and the Court denies those motions. Then incompeten trial Counsel's asigned a stipulation removing the fact of 2004 Nolo conviction from the Jury consideration. When in fact it goes to sentencing and that was the District Attorney confusion phine.

Petitioner who pleads guilty in reliance on his attorney's "gross mischaracturization of the likely outcome" of his case may be entitled to withdraw the plea on ineffective assistance of counsel. See: Iaen v. Sunn, 800 F.2d 864, 865, (9th Cir 1994). petitioner states that he would not have plead Nolo or guilty whither the Court finding, had he been correctly advise of the statutory maximum or sentence penalty provided by law. petitioner would not have plea Nolo contender had the trial court or Counsel advised him that he will be subject to 7 years of Jail time as a consequence of his plea. See: United States v. Colon-Torres, 382 F.3d 76 (1st Cir 2004) and Immigration.

its axiomatic that a petitioner may
waive his right to conflic-free representation.
United States v. Garcia, 517 F.2d 272. (5th cir
1975) However, the effective of waiver of
a constitutional right requires that the waive
must be an "intentional relinquishment of or
abandonment of Know rights" Garcia, 517 F.2d
at 276, quoting Johnson v. Zerbst, 304 U.S. 458.
1938)

First, petitioner must be told there is a
Conflic of Interest. Second, must be informed
of possible consequences to his defense that
a conflic may have and finally, petitioner
must be informed of his right to other
Counsel Duncan v. Alabama, 881 F.2d 1013 (11th cir
1989)

## Adverse Performance

The conflict adversely affected Counsel's
performance because trial Counsel's:

. Failure to advise the trial Court that they
were burdened with a conflic of interest.
. Failure to file petitioner's request motion to
withdraw Nolo Contender plea that is tendered
solely as a result of faulty legal advise that is
a miscarriage of Justice by an attorney from
same firm as trial Counsel's.
. Induce and manipulated petitioner into signing
stipulation removing the fact of the Nolo conviction
2004, when it goes to sentencing after trial.
. Failure to investigate or discovery potentially
exculpatory evidence that would have led trial Counsel
to reject signing stipulation Because the State failed
to disclose Brady material that proved petitioner's
innocence; because his plea result from faulty advise.

As the United States Supreme Court in
Kimmelman v. Morrison, 477 U.S. 365, 378, 91,
L-Ed-2d 305, 321, 106 S.C.t 2574 (1986) State: "
A layman will ordinarily be unable to
recognize Counsels errors and to evaluate
Counsels professional performance, consequently a
criminal defendant will rarely know that he
has not been represented competently until
after trial or appeal, usually when he consults
another lawyer about his case. Indeed, an
accused will often not realize that he has a
meritorious ineffectiveness claim until he
begins collateral review proceedings, particularly if
he retained trial Counsel on direct appeal."
Id. (citations omitted). like, Ali, petitioner was not
qualified to know or understand whether he had
been represented competently at the time he
answered these question in Sept 28, 2004, hearing
about part of his Constitutional Rights.

An evidentiary hearing required because petitioner
alleged that his attorney misrepresented the
degree of the offense to which petitioner
plead guilty or nolo and that he did not
understand he pled guilty to, and the record
does not resolve the disputed facts based on
attorney-client communication); Holmes v-
United States, 878 F-2d 1545 (11th cir-1989) At the
Same time, Ali was deprived of his right to
cross-examine Counsel, in violation of the sixth
Amendment - See; Henderson v. Morgan, 426 U.S.
637, S.c.t. L-15d 108 (1976) Smith v O'Grady,
312 U.S. 329, S-e-t. 572 L-Ed. 859 (1941)

The conviction and sentence is unconstitutional because petitioner did not receive effective assistance of Counsel as guaranteed by the Sixth Amendment of the United States Constitution and Part (I) article (15) of the State of N.H. Constitution.

In this Case, Attorney Helen Sullivan, esq, Alixen O'Connell, esq from the "N.H.P.D" office and Anthony L. Infricesa. committed several unprofessional errors and omissions that amounted to performance below an objective standard of reasonableness for Counsels in a criminal Case.

There is a reasonable probability that except for the attorney's unprofessional errors, the result of the proceeding would have been different.

In petitioners case, in order to prove the crime of violation of Restraining order, the State would have been required to prove beyond a reasonable doubt that petitioner unlawfully Called his victim in question with intent to commit an offense punishable by imprisonment.

Thus, the question before this Court is whether after viewing any evidence in light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt that petitioner made the unlawful "phone Call" and that he did so with the intent to commit a crime or violation. A view of the evidence in petitioners case reveals (1) that he did not know that he had a restraining order against him (2)

19 of 21

Superior Court Justice Conboy, Philip Mangones'
did not have sufficient allegation of fact to
support the issuance of ex-party temporary
protection order to the plaintiff (3)
the RSA 173-B:5 require that a trial Court must
make a specific finding of a criminal conduct
in order to issue a final restraining order against
petitioner.

With respect to this Court, their was no finding,
no assault no injury or any kind of criminal
act by the petitioner. EX 4 of 10 and 5 of 10 that
their was no evidence provided during trial by
the state and it had no witness. The case was
dismissed and so should the protective order by
law. See- Ali v. Nagy, Manchester District Court, 2008.
petitioner was held in the County Jail for 20days
and the Court violates petitioner due process of
law the 14teen Amendment when it issue
these final protection order with out petitioner
and deprived him of his right to face his accuser
and cross-examine his victim who lied! and its in
violation of sixth Amendment. And the trial Court
prejudiced petitioner's case. is unreliable or fundamently
unfair outcome of the proceeding. And so as
these incompetent attorney's.

## CONCLUSION

Petitioner Dominic Ali, has been deprived
of basic fundamental rights guaranteed the 5th,
6th, and the 14teen Amendment of the United-
States Constitution and seek relief in this Court

In The

United States District Court

District of NH

Petitioner : Dominic Ali

v-

Defendant : Edward Reilly, Warden

State prison N.H. NcF.

Civil No: 12-cv-185-JL

Petitioners motion to Vacate Enhance
Indictment

Now Comes, Dominic Ali, sui juris, respectfully
requests this honorable Court to grant this
motion for the following reason Stated below;

Petitioner has a writ of Habeas Corpus
doc No 1) filed Pursuant to 28 U.S.C 2254
with this Court claiming violation of his
Constitutional Rights States and Federals

Before this Court, is petitioner motion to
Amend doc. No 27) his 2254 petition. which
challenges the validity of his (2008) states
Court conviction and Sentence for the
second degree assault. The motion seeks to
add new allegations and legal argument
relating to the existing claims ( 2(a) and
2(b) and also adding two new claims or
grounds for Federal habeas relief.

1 of 21

to restore those rights. Based on the argument
and authorities presented herein, petitioner conviction
and sentence was sustained in violation of due
process and was deprived of his right to effective
assistance of counsel's in the Lower District
Court and the Superior Court. Petitioner prays this
Court will issue an order reverse the judgment of
these Court.

Respectfully Submitted,

Juris Representation Dominic Ali

Dominic Ali 64554
P.C.C.F.
26 Long Pond Rd.
Plymouth, MA 02360

Certificate of Service

I, Dominic Ali, hereby certify under penalty
of perjury, that a these statement are true and
a copy of this motion has been forwarded
in the U.S. Mail first class postage address
of the last known address of the N.H.
Department of Justice to this Court to
N-Smith.org June 25, 2014.

24 of 22

c=File