*ALI'S EXHIBIT*

*Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, DC 20536



U.S. Immigration
and Customs
Enforcement

ALI, Dominic
C/O Immigration & Customs Enforcement
Boston Field Office



## Decision to Continue Detention

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE), has reviewed your custody status and that you will not be released from custody at this time. This decision was based on a review of your file record and/or personal interview and consideration of any information you submitted to ICE reviewing officials.

A review of your immigration record reflects that you are a native and citizen of Sudan. On August ~~[redacted]~~ you entered the United States as a Refugee. On ~~[redacted]~~ you adjusted to that of a Lawful Permanent Resident. A review of your criminal record reflects that you were convicted for the offenses of Violation of a Protection Order, Disorderly Conduct, False Imprisonment, Obstruction and two counts of Assault Second Degree. On March 6 2013, you were ordered removed from the United States and denied all forms of relief by the Immigration Judge.

A request for a travel document was submitted on your behalf to the government of Sudan. The government of Sudan has not denied issuing you a travel document and the request is still pending. Your removal to Sudan is expected to occur in the reasonably foreseeable future; therefore you are to remain in ICE custody at this time.

This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely. You are advised that pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA) you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to effect your removal.

You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).

Walter M. Ingram
Signature of HQ POCRU Chief

JUN - 3 ‍
Date

(rev. 1/26/05)

(A 1)

1 of 70

# The State of New Hampshire

## JUDICIAL BRANCH
## DOMESTIC VIOLENCE
## TEMPORARY ORDER AND NOTICE OF HEARING
### PURSUANT TO RSA 173-B

PNO   2160040046

Hillsborough County                                   Superior          Court

IN THE MATTER OF          04-M-440   Case/Docket No.
                                                          1/1/84

Loretta D. LeeRoy          v.        Dominic Ali
(Plaintiff's Name)                     (Defendant's Name)          (DOB)

**Relationship to Defendant**          264 Cedar Street
[ ] married          [ ] household member          (Street Address)
[ ] separated          [ ] other _____          Manchester, NH  03103
[ ] divorced                                        (City, State, Zip)
[ ] cohabit/cohabited                               Unknown
[ ] child in common                                 (SSN)

The Court, having jurisdiction over the parties and subject matter under New Hampshire RSA 173-B (Protection of Persons from Domestic Violence), and having considered the Plaintiff's Domestic Violence Petition dated __3-29-04__, hereby finds that the Plaintiff is in immediate and present danger of abuse as defined in RSA 173-B and makes the following **TEMPORARY ORDERS OF PROTECTION**:

1. ☒ The Defendant shall not abuse the Plaintiff.
2. ☒ The Defendant shall not have any contact with the Plaintiff, whether in person or through third persons, including but not limited to contact by telephone, letters, fax, e-mail, the sending or delivery of gifts or any other method unless specifically authorized by the Court.
3. ☒ The Defendant shall not enter the premises and curtilage where the Plaintiff resides, ~~except when the Defendant is accompanied by a peace officer and, upon reasonable notice to the Plaintiff, is allowed entry by the Plaintiff for the sole purpose of retrieving toiletries, medication, clothing, business equipment, and any other items as determined by the Court:~~ _____
4. ☒ The Defendant shall not contact the Plaintiff at or enter upon Plaintiff's place of employment, school, or _____.
5. ☒ The Defendant shall not abuse Plaintiff's relatives (including children) regardless of their place of residence, or members of the Plaintiff's household.
6. ☒ The Defendant shall not take, convert or damage any property in which the Plaintiff has a legal or an equitable interest.
7. ☐ The Plaintiff is awarded custody of the minor child(ren); the Defendant may exercise the following visitation: _____
_____
8. ☒ The Defendant shall relinquish to a peace officer all firearms and ammunition in his/her control, ownership or possession, and the Defendant is prohibited from purchasing or obtaining any firearms or ammunition during the pendency of this order.
9. ☐ The Defendant shall also relinquish all deadly weapons as defined in RSA 625:11,V which may have been used, intended to be used, threatened to be used or could be used in an incident of abuse. These weapons may include the following: _____
10. ☐ Other protective orders: _____

**RECEIVED**

**FURTHER ORDERS:**
1. ☐ Use of Vehicle: _____
2. ☐ Other: _____

APR 26 2013

3-29-04
(Date)                                              **MANCHESTER DISTRICT COURT**

603 669-7410                          _P. Q. Conboy_
(Telephone Number of Court)          (Signature of Judge / Master Recommendation)

(Signature of Judge Approving Master's Recommendation)
Carol Ann Conboy
(Print / Type Name of Judge)

THESE ORDERS ARE EFFECTIVE IMMEDIATELY AND REMAIN IN EFFECT UNTIL FINAL ORDERS ARE MADE BY THE COURT.  ANY WILLFUL VIOLATION OF THE PROTECTIVE PROVISIONS OF THESE ORDERS IS A CRIME AS WELL AS CONTEMPT OF COURT. VIOLATIONS SHALL RESULT IN ARREST AND MAY RESULT IN IMPRISONMENT. ALL FUTURE NOTICES AND ORDERS SHALL BE MAILED. BOTH PARTIES MUST KEEP THE COURT INFORMED OF CURRENT ADDRESSES.

## NOTICE OF HEARING
A hearing on this case will be held at the above Court on __4/8/04__ (date) at __1:30__ ~~a.m.~~/p.m. The Plaintiff and Defendant are summoned to appear at the hearing. The Court will hear testimony from both parties.  FINAL ORDERS may be issued at that time.

March 29, 2004
(Date)                                              (Clerk/Coordinator)

## NOTICE TO DEFENDANT
Pursuant to RSA 173-B/6, you have a right to a hearing on these temporary orders within five business days, but not earlier than three business days after you file a written request with the Court.  Unless you request this hearing in writing, the case will be heard on the date shown above.

1-248 (12/99)   COPY DISTRIBUTION: ☐ PLAINTIFF   ☐ DEFENDANT   ☐ LAW ENFORCEMENT   ☒ OTHER _____

2 of 70

## The State of New Hampshire

·(A 2)

**DOMESTIC VIOLENCE FINAL ORDER**
**PURSUANT TO RSA 173-B**

PNO __2160040046__

__Hillsborough__ County

IN THE MATTER OF

__Superior__ Court

__04-M-440__ Case/Docket No.

__Loretta D. LeeRoy__   v.
[Plaintiff's Name]

__Dominic Ali__   __1/1/84__
(Defendant's Name)   (DOB)

**RELATIONSHIP to DEFENDANT**
[ ] married       [ ] household member
[ ] separated     [ ] other _____
[ ] divorced
[ ] cohabit/cohabited
[ ] child in common

__264 Cedar Street__
(Street Address)

__Manchester, NH  03103__
(City, State, Zip)

__unknown__
(SSN)

The Court, having jurisdiction over the parties and subject matter under New Hampshire RSA 173-B (Protection of Persons from Domestic Violence), having considered the Plaintiff's Domestic Violence Petition and having conducted a hearing on __4-8-04__, of which the Defendant received actual notice, and was ___ / was not _X_ present, hereby finds that:

☐ The Plaintiff has NOT been abused: CASE DISMISSED.

☒ The Plaintiff has been abused as defined in RSA 173-B, and finds and makes the following final orders:

**PROTECTIVE ORDERS:**

SEP 2 4 2004

1. ☒ The Defendant shall not abuse the Plaintiff.

2. ☒ The Defendant shall not have any contact with the Plaintiff, whether in person or through third persons, including but not limited to contact by telephone, letters, fax, e-mail, the sending or delivery of gifts or any other method unless specifically authorized by the Court.

3. ☒ The Plaintiff shall have exclusive use and possession of the parties' residence unless Paragraph 12 is checked.

4. ☒ The Defendant shall not enter the premises and curtilage where the Plaintiff resides, except when the Defendant is accompanied by a peace officer and, upon reasonable notice to the Plaintiff, is allowed entry by the Plaintiff for the sole purpose of retrieving toiletries, medication, clothing, business equipment, and any other items as determined by the Court: _____

5. ☒ The Defendant shall not contact the Plaintiff at or enter upon Plaintiff's place of employment or school, or as further specified herein: _____
_____

6. ☒ The Defendant is restrained from abusing Plaintiff's household members, or Plaintiff's relatives (regardless of their place of residence), and engaging in any other conduct which would place the Plaintiff in reasonable fear of bodily injury to the Plaintiff or the Plaintiff's household members or relatives.

7. ☒ The Defendant shall not use, attempt to use or threaten to use physical force against the Plaintiff or the parties' child(ren) which would reasonably be expected to cause bodily injury.

8. ☒ The Defendant shall not take, convert or damage any property in which the Plaintiff has a legal or an equitable interest.

9. ☒ The Defendant shall relinquish to a peace officer all firearms and ammunition in his/her control, ownership or possession, and the Defendant is prohibited from purchasing or obtaining any firearms or ammunition during the pendency of this order.

10. ☐ The Defendant shall also relinquish all deadly weapons as defined in RSA 625:11,V which may have been used, intended to be used, threatened to be used, or could be used in an incident of abuse. These weapons may include the following: _____
_____

**RECEIVED**

11. ☐ Other protective orders: _____

APR 26 2013

TRUE COPY:
TEST:

MANCHESTER DISTRICT COURT

IC-250-248 (12/99)   COPY DISTRIBUTION: Clerk ☐ PLAINTIFF   ☐ DEFENDANT   ☐ LAW ENFORCEMENT   ☐ OTHER _____   RETURN

3 0 /CASE # 04-M-448

**FURTHER ORDERS:**

12. ☐ The Court finds that the Defendant exclusively owns or leases and pays for the premises located at _____ and that the Defendant has no legal duty to support the Plaintiff or minor children. Therefore, the Defendant shall have exclusive access use and possession of the premises (including household furniture and furnishings). However, the Plaintiff may enter in and on said premises with a peace officer for the sole purpose of removing the Plaintiff's personal possessions.

13. ☐ The Plaintiff is awarded custody of the minor child(ren).

14. ☐ Visitation of children.

_____ No visitation pending further hearing.

_____ Unsupervised.

_____ Supervised, by _____

_____ Days and times: _____

_____

_____ Pick up/Drop off at: _____

_____ Restrictions: _____

_____

_____

15. ☐ The Defendant shall pay child support to the Plaintiff. (See Uniform Support Order (USO) attached.)

16. ☐ The Plaintiff shall have use of the following vehicle:

Make _____; Model _____; Year _____

17. ☐ The Defendant shall have use of the following vehicle:

Make _____; Model _____; Year _____

18. ☐ The Defendant shall pay to the Plaintiff the amount of $_____ for losses suffered as a direct result of the abuse, and

$_____ for attorney's fees.

19. ☐ The Defendant shall attend: _____ a batterer's intervention program and/or _____ personal counseling, fo a period of _____ months/year.

The Defendant shall provide proof of attendance to the Court at monthly intervals.

20. ☐ Other _____

_____

_____

4-8-04

(Date)

**RECEIVED**

APR 26 2013

603-669-7410

(Telephone Number of Court)

**MANCHESTER DISTRICT COURT**

(Signature of Judge / Master Recommendation)

(Signature of Judge Approving Master's Recommendation)

PHILIP P. MANGONES

PRESIDING JUSTICE

(Print/Type Name of Judge)

THESE ORDERS ARE EFFECTIVE IMMEDIATELY AND REMAIN IN EFFECT FOR ONE YEAR. THE ORDERS MAY BE EXTENDED BY ORDER OF THE COURT UPON MOTION BY THE PLAINTIFF, SHOWING GOOD CAUSE, WITH NOTICE TO THE DEFENDANT. BOTH PARTIES SHALL ENSURE THAT THE COURT HAS A CURRENT ADDRESS DURING THE PENDENCY OF THESE ORDERS.

ANY WILLFUL VIOLATION OF THE PROTECTIVE PROVISIONS OF THESE ORDERS IS A CRIME AS WELL AS CONTEMPT OF COURT. VIOLATIONS SHALL RESULT IN ARREST AND MAY RESULT IN IMPRISONMENT.

OC-260-248 (12/99) COPY DISTRIBUTION: ☐ PLAINTIFF ☐ DEFENDANT ☐ LAW ENFORCEMENT ☐ OTHER _____

19

Docket # ___04  0312__ TN # _____

The State of New Hampshire

**COMPLAINT**     04-23535

☐ DOMESTIC VIOLENCE RELATED

☐ VIOLATION      ☒ CLASS A MISDEMEANOR      ☐ FELONY
                 ☐ CLASS B

YOU ARE HEREBY NOTIFIED TO APPEAR BEFORE SAID COURT
AT: __08:15__ XX __O'CLOCK IN THE AM/PM ON__ April, 1 __ YR.__ 2004
UNDER PENALTY OF LAW TO ANSWER TO A COMPLAINT
CHARGING YOU WITH THE FOLLOWING OFFENSE:
Manchester District             Hillsborough
TO THE ..................... COURT, COUNTY OF .................

THE UNDERSIGNED COMPLAINS THAT: PLEASE PRINT
ALT. DOMINIC

NAME ....................................................................... MI
335 CEDAR ST A-2  MANCHESTER NH 03103
Last Name                      First Name

.........................................................................
Address    1/ 1/1985            State                        Zip
DOB ......... OP. LIC.# ..................................

| M | B | 600 | 220 | WHITE/BLK | BRO |
| Sex | Race | Height | Weight | Color of Hair | Color of Eyes |

☐ COMM. VEH.      ☐ COMM. DR. LIC.      ☐ HAZ. MAT.

48 HENRIETTE ST  MANCHESTER
AT ...................................................
            (Location)
ON THE ........... DAY OF ............... YR. ...... at ..... P.M.
      27         March          2004   13:30 A.M.

on/at in said county and state, did commit the offense of ...............
Simple Assault                         631:2-A
.............................................. contrary to RSA ..........

and the laws of New Hampshire for which the defendant should be held to

answer, in that the defendant did
knowingly cause unprivileged physical contact to Loretta Leeroy when he
shoved her in the chest, knocking her down and then punched her twice

against the peace and dignity of the State.

☐ SERVED IN HAND  _Michael Dilly_
Chief John A Jaskolka  Badge# 1
.........................................................................
Complainant                                    Dept.

Personally appeared the above named complainant and made oath that the
above complaint by him/her subscribed is, in his/her belief, true.

DATE __4/1/2004__  _Lisele V. Marthy_
                                    Justice of the Peace

AOC 103A-045 7/00
COURT COPY

RECEIVED

SEP 02 2010

MANCHESTER DISTRICT COURT

ATTESTED: Mary A Bartu  A TRUE COPY  MANCHESTER DISTRICT COURT CLERK

(A 4)
5. of 10

Docket # __04  03122__ TN # _____

Docket # O4-O3122

## The State of New Hampshire
## COMPLAINT

☒ **DOMESTIC VIOLENCE RELATED**    O4-23835

☐ **VIOLATION**    ☒ **CLASS A MISDEMEANOR**    ☐ **FELONY**
                    ☐ **CLASS B**

YOU ARE HEREBY NOTIFIED TO APPEAR BEFORE SAID COURT
AT ·08:15  O'CLOCK IN THE AM/PM ON  April, 1 .    YR. 2004
UNDER PENALTY OF LAW TO ANSWER TO A COMPLAINT
CHARGING YOU WITH THE FOLLOWING OFFENSE:
             Manchester District              Hillsborough    7-21-04
TO THE ..................... COURT, COUNTY OF .................
                                                          Tr 201
THE UNDERSIGNED COMPLAINS THAT: PLEASE PRINT
      ALI, DOMINIC
NAME ..................................................................
      Last Name              First Name                    MI
335 CEDAR ST A-2  MANCHESTER NH 03103
..................................................................
Address   1/ 1/1985          State                        Zip
DOB ......... OP. LIC.# ..........................................

| M | B | 000 | 230 | WRITE-BLK | BRO |
|---|---|------|------|----------|------|
| Sex | Race | Height | Weight | Color of Hair | Color of Eyes |

☐ COMM. VEH.        ☐ COMM. DR. LIC.        ☐ HAZ. MAT.

     48 HENRIETTE ST  MANCHESTER
AT ..................................................................
                    (Location)
        27        March              2004   13:30  A.M.
ON THE ........... DAY OF ............... YR. ...... at ..... P.M.

on/at in said county and state, did commit the offense of ................
Stalking - Appear                          633:3-a
.............................................. contrary to RSA ...........

and the laws of New Hampshire for which the defendant should be held to
answer, in that the defendant did
knoiwngly engage in a course of conduct targeted at Loretta Leeroy which he
knew would place her in fear for her personal safety when he was parked in
front of her home as she returned from work at 0030hrs on 03-29-04 , was
parked out front again at 0010hrs on 03-30-04 and war parked in front of her
home for the third time on 03-31-04 at 2349 hrs


against the peace and dignity of the State.

☐ SERVED IN HAND  _[signature]_
Chief John A Jaskolka Badge#. 1
..................................................................
Complainant                                          Dept.

Personally  appeared  the  above  named  complainant  and  made  oath  that  the
above complaint by him/her subscribed is, in his/her belief, true.

DATE  4/1/2004  _[signature]_
                                          Justice of the Peace

**RECEIVED**

APR 26 2013

MANCHESTER DISTRICT COURT

# The State of New Hampshire

Hillsborough **COUNTY**

Goffton District **COURT**

04-CR-*153* 1627 **NO.**

## ACKNOWLEDGMENT AND WAIVER OF RIGHTS
## CLASS A MISDEMEANORS

The statements made below shall apply to each and every complaint, if there be more than one, to which I intend to plead guilty or nolo.

September 28 20 04

I, Domonic Ali of Monchester have been charged in the Goffton District Court with the following offense(s): Violation of protective order

I understand that the complaint is one accusing me of a Class A Misdemeanor(s), and that I have the right to be represented by a lawyer of my own choosing and at my own expense, and that if I am unable to afford a layer the Court will appoint one for me subject o an order of reimbursement based on my ability to pay.

☑ I am represented by _Ryan Norwood_, a lawyer admitted to practice in New Hampshire. I am satisfied with my lawyer and all explanations have been clear.

☐ I do not want a lawyer. I understand and know what I am doing. I hereby waive my right to a lawyer.

I understand that I do not have to plead GUILTY or NOLO and that even after signing this form I still do not have to plead GUILTY or NOLO.

I understand that by pleading GUILTY or NOLO to the charge(s) that I am giving up the following constitutional rights as to the charges:

> **MY RIGHT** to a speedy and public trial.
> **MY RIGHT** to see, hear, and question all witnesses. This gives me the opportunity and right to face the witnesses against me and question them myself or through my attorney. **MY RIGHT** to present evidence and call witnesses in my favor and to testify on my own behalf.
> **MY RIGHT** to remain silent and not testify at a trial.
> **MY RIGHT** to have the judge *ORDER* into court all evidence and witnesses in my favor.
> **MY RIGHT** not to be convicted unless the State proves that I am guilty beyond a reasonable doubt with respect to all elements of the charge(s), which have been explained to me.
> **MY RIGHT** to keep out evidence, including confessions, illegally obtained.
> **MY RIGHT** to a trial before a jury and my right to appeal issues of law to the Supreme Court.
> **I GIVE UP ALL THE ABOVE RIGHTS OF MY OWN FREE WILL.**

I understand that by pleading **GUILTY** or **NOLO** I am admitting to or not contesting the truth of the charge(s) against me in the complaint(s) and that on the judge's acceptance of my **GUILTY** or **NOLO** plea, a conviction(s) will be entered against me

No force has been used upon me, nor have any threats been made to me, by any member of the Prosecutor's Office or anyone else to have me enter this plea of GUILTY or NOLO

No promises have been made to me by any member of the Prosecutor's Office or anyone else in an effort to have me enter this plea of GUILTY or NOLO to the charge, except as follows:

Time Saved - 29 days

A True Copy Attest
Goffstown District Court
Robert Paul
By

AOC-100-245 (10/02)

(A5)
1 of 10

Docket# 04 1513 TN# _____

# State of New Hampshire
## COMPLAINT

Docket#

XX DOMESTIC VIOLENCE RELATED

☐ VIOLATION  ☒ CLASS A  MISDEMEANOR  ☐ FELONY
            ☐ CLASS B

YOU ARE HEREBY NOTIFIED TO APPEAR BEFORE SAID COURT
AT_____O'CLOCK IN THE AM/PM ON_____YR._____
UNDER PENALTY OF LAW TO ANSWER TO A COMPLAINT
CHARGING YOU WITH THE FOLLOWING OFFENSE:
TO THE Goffstown D. ..... COURT, COUNTY OF Hillsborough

THE UNDERSIGNED COMPLAINS THAT: PLEASE PRINT

NAME. Ali .................. Dominic ..................
        Last Name              First Name            MI
264 Cedar St. Manchester, NH ......... 03103 .....
Address                      State                Zip
DOB 1/1/84 .. OP LIC.# 01AID85011 ......................
                                        WRITE OUT:
▨▨M▨▨B▨▨ 606 ▨▨ 200 Black   Brown
Sex   Race   Height   Weight   Color Hair   Color Eyes

☐ COMM. VEH.   ☐ COMM. DR. LIC.   ☐ HAZ. MAT.

AT New Boston ..................................
                              (Location)
ON THE 29. DAY OF August .......... YR. 04 .at. 3:50 .... P.M.

on/at in said county and state, did commit the offense of Violation of .....
.. Protective Order ............... contrary to RSA 173-B:9.

and the laws of New Hampshire for which the defendant should be held to answer, in

that the defendant did Knowingly violate a " Domestic
Violence Final Order", issued pursuant to
RSA 173-B case/docket # 04-M-440 on 4/8/04
by the Superior Court - Hillsborough County
by having contact with the Defendant, Loretta
Leeroy by telephone through a third party,
Randy Boggess

(Enhanced penalty under RSA 597:14-b)

against the peace and dignity of the State.

☐ SERVED IN HAND
_____          New Boston
Complainant                        Dept.

Personally appeared the above named complainant and made oath that the above
complaint by him/her subscribed is, in his/her belief, true.

DATE 8.30.04 .......... D. Lynn Dawson .........
                                        Justice of the Peace
AOC-103-045 REV. 7/00          COURT COPY

A True Copy Attest:
Goffstown District Court
by _____

**RECEIVED**

APR 26 2013

MANCHESTER DISTRICT COURT

THE STATE OF NEW HAMPSHIRE
GOFFSTOWN DISTRICT
COURT

*8 of 70*

RECEIVED
GOFFSTOWN                DIVISION

Nov 12,2010

State of New Hampshire

v.

Dominic Ali

438-2004-CR-01627

2010 NOV 16  P 3: 35

### DEFENDANT PRO-SE MOTION TO WIHTDRAW NOLO CONTENDERE PLEA.

Now comes Dominic Ali,pro-se,who respectfully moves this honorable Court to grant this motion to his plea upon ineffective assistance of counsel.See State v. Veale,154 N.H.730 (2007).

In support of this motion,the defendant states the following facts and relief:

1. On April 4,2004 the defendant was charge with the violation of"Domestic Violence Final Order",and was sentence to (29)Days credit in County Jail.

2. The defendant states that his plea to the Nolo contendere that lead to conviction was not intelligently and voluntarily made,and that counsel did not provid such true advice or professional opinion to the defendant.Counsel statesment to the defendant is"you will go home,if you plea nolo;this is mean nothing".See Boyking v. Alabama,395 U.S.238(1969).

3. Counsel failure to disclose plea affer to the defendant,and not routinely explained the nature of the offense in sufficient detail to give the defendant notice of what he is being asked to admit,or what is the outcome of this plea. See State v. Levey,122 N.H.375(1985).

4. Counsel failure to disclose material facts and misrepresentation of material facts to the defendant. The defendant states that he is not a U.S. Citizen,and Counsel did not explain all of the consequences of the plea that lead to conviction before the defendant decided to enter a plea. See State v.Harper,126 N.H.815,498(1985).

1  of  5

9 of 70

5. The defendant states that the petition pursuant to the R.S.A
   173-B:9,IV to the Justice of the Court for protictive order
   was filed base on "false allegation",and that this case is
   dismissed.See exhibit(1),Docket # 04-03121. and this Court
   must vacate the conviction.


   WHEREFORE,the defendant respectfully request this Court:


A. Allowed Counsel be appointed as protected by the
   New Hampshire Constitution part(1)article(2)and the
   United State Constitution the (6th) and the (14theen)
   Amendment.

B. That evidentiary hearing be set in this matter;

C. Allowed the Court to correct a manifest injustice ;

D. Grant the defendant such other and further relief as is just
   and equitable.


### CERTIFICATE OF SERVICE

I,Dominic Ali hereby certify that this 12th of Nov,2010,that
a copy of this motion was forwarded in the U.S Mail,with first
class postage,addressed to:Counsel for record;Mr.Ryan Norwood
New Hampshire Public Defender,and New Boston Police Department.

Dominic Ali
P.O.BOX 14
Concord,NH 03302                Respectfully submitted,
81829                           NOV 12,2010

C:file .

## THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS**          **GOFFSTOWN DISTRICT COURT**

State of New Hampshire vs. Dominic Ali

438-2004-CR-1627

## ORDER ON DEFENDANT'S MOTION TO WITHDRAW NOLO CONTENDERE PLEA

On February 15, 2011, the Court heard testimony regarding the defendant's motion to withdraw his plea. After listening to the record of September 28, 2004, the Court finds that the defendant's recollection of the circumstances surrounding the entry of his plea lacks credibility. Furthermore, the record indicates that the defendant entered his plea knowingly, intelligently and voluntarily. Accordingly, defendant's motion is denied.

Date

Paul H. Lawrence, Presiding Justice

5 - 5

**MANDATE**

Certified and Issued as Mandate Under NH Sup. Ct. R. 24

*Michelle A. Caraway* 9/14/2011

Clerk/Deputy Clerk     Date

## THE STATE OF NEW HAMPSHIRE

### SUPREME COURT

11 of 70

### In Case No. 2011-0482, <u>State of New Hampshire v. Dominic Ali</u>, the court on July 25, 2011, issued the following order:

Motion for late entry is denied. Rule 7(1) of the Supreme Court Rules requires that a notice of appeal be filed in this court within thirty days from the date on the clerk's written notice of the decision on the merits. A timely filed post-trial motion stays the running of the appeal period. The clerk's written notice of decision is dated March 3, 2011. Consequently, the appeal should have been filed on or before April 4, 2011. The notice of appeal was filed on July 6, 2011, and thus is untimely filed. The motion for late entry does not demonstrate "exceptional circumstances" as required by Rule 21(6). The appeal is therefore dismissed as untimely filed.

Motion for waiver of the filing fee is granted. Motion to allow counsel to withdraw and to appoint new counsel is moot.

<u>Appeal dismissed.</u>

This order is entered by a single justice (Duggan, J.). <u>See</u> Rule 21(7).

**Eileen Fox,**
**Clerk**

Distribution:
Clerk, Goffstown District Court 438-2004-CR-01627
Honorable Paul H. Lawrence
Appellate Defender
Attorney General
Mr. Dominic Ali 81829
File

2011 SEP 15 A 11: 27

GOFFSTOWN RECEIVED DIVISION

*12 of 10*

## THE STATE OF NEW HAMPSHIRE

MERRIMACK, SS.                                          SUPREME COURT

State of New Hampshire          *3/1/2011*

v.
Dominic Ali

Docket No. 2004,438-CR-01627.

### RULE 7 MANDATORY NOTICE OF APPEAL

NOW COMES Dominic Ali pro-se,who respectfully moves this honorable court to grant this Notice of Appeal for the following reason states below;

In support of this Notice;

On April 4,2004 Mr.Ali was charge with the violation of Domestic Violence Final Order,and was sentence to (29)days credit in County Jail by the Goffstown District Court.

Mr.Ali appeals from the order of the Goffstown District Court deny Mr.Ali motion to withdraw his nolo contendere plea based upon ineffective assistance of counsel. Filed on 11/12/10 deny 3/3/11

On December 17,2010 the Court reviwed Mr.Ali's motion and appointed Public Defender to represent him in this case.
On January 20,2011,Mr.John P. Newman from the Public Defender's Office filed a motion to withdraw and Appoint New Counsel.The New Hampshire Public Defender's Office cannot represent Mr.Ali due to the conflict of interest with the Office during his trial.

On January 31,2011 the Goffstown District Court appointed new counsel and he entered his appearance as a counsel for Mr.Ali
On March 8,2011,Mr.Ali adviced counsel that he insiset to file an appeal,and request the New Hampshire Supreme Court to rule on the Court error of the Trial court as soon as possible.
May 19,2011,Counsel advice Mr.Ali that he reguested the Appellate Defender's to handle the case,Knowing that Mr.Ali has a conflic of interest with the Office.See;State v. Veale,154 N.H.730(2007).

Mr.Ali argues that on April 4,2004 his plea to the nolo contendere plea that lead to his conviction was not intelligently and voluntarily made.**See; Boykin v. Alabama,**395 U.S.238(1969). And that court apponited counsel Ryan Norwood from the Public Defender's Office at the time of the proceeding did not provid such true advice or professional opinion to Mr.Ali. Counsel adviced to plea guilty and Mr.Ali told him no,then he advice if convicted Mr.Ali would face six month in County Jail,then counsel adviced Mr.Ali that he would go home if Mr.Ali plea nolo and nolo meant nothing.**See;State v. Levey,**122 N.H.375(1985). Mr.Alis counsel failure to disclose plea offer and not routinely explained the nature of the offense in sufficient detail to give Mr.Ali notice of what he is being ask to admit,or what is the outcome of this plea because Mr.Ali did not want to plea guilty in the first place.

There is a reasonable probability that had not been for this counsel advised,Mr.Ali would not have plea nolo whiches meant guilty and lead to conviction. Mr.Ali would have insisted upon going to trial.And the court did not allowed Mr.Ali to withdraw this plea to correct a manifest injustice.See; **State v. Laforest,**140 N.H.289(1995).Mr.Ali's counsel deficient performance fell below an objective standard of reasonableness in failure to disclose material facts or misrpresentation of material fact for the defense.Ryan Norwood from the Public Defender's Office fail to supply the effective assistance of counsel that been guaranteed by part(1)artilce(15)of the State of New Hampshire Constitution when he grossly misinformed Mr.Ali collateral consequences of pleading Nolo contendere.Mr.Ali rely upon that advice in deciding to plea Nolo,and there is a reasonable probability that had not been for this counsel advice Mr.Ali would not plead to this conviction. See; **State v. Sharkey,**155 N.H.638(2007).

LIST OF SPECIFIC QUESTION TO RAISED ON APPEAL.
SEE SUPREME COURT RULE 16(3)(b).

1. Whether the court violated Mr.Ali's right under part (1)
article (15)of the State of New Hampshire Constitution and
(5th,6th)and the (14theen)Amends of the United State
Constitution when it deny the motion to withdraw his nolo
contendere plea that based upon ineffective assistance of counsel
form the Public Defender's Office.

2. Whether the court violated Mr.Ali's right under part(1)
article(15) of the State of New Hampshire Constitution and the
(5th,6th)and (14theen)Amends of the United State
Constitution when court appointed counsel grossly misinformed
Ali about the nolo contendere plea and failed to routinely
explained the nature of the offense in sufficient detail to
give the Mr.Ali notice of what he is being asked to admit,or
what is the outcome of his plea.

3. Whether the court violated Mr.Ali right under the fifth Amends
of the United State Constitution by failure to offer Mr.Ali
an interpreter during the court hearing, when his counsel t
told the proceeding judge that Mr.Ali is form the Sudan and
he dose not comprehen the presentation of the charge;pursuant
to the CIA act,Mr.Ali is entitled to an interpreter.

4. Whether Court erred in not allowing the nolo conviction be
vacated because the petition pursuant to the R.S.A 173-B;9,IV
to the Justice of the court for protective order was filed
by the victim based on "false allegation"and hearsay statements
of the complaining victim in violation of Rule of Evidence 803(4)
when in de facto,the false allegation was dismissed by the
Manchester District Court trial date May 26,2004. See:
Fillmore v. Fillmore,147 N.H.283(2001).

*15 of 70*

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

Goffstown District Court
329 Mast Road
Goffstown NH  03045

Telephone: (603) 627-2211
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**JOREL V. BOOKER, ESQ**
**BOOKER LAW OFFICE PC**
**66 MAIN STREET**
**RAYMOND NH  03077**

Case Name:       **State v Dominic Ali**
Case Number:    **438-2004-CR-01627**

Enclosed please find a copy of the Court's Order dated March 03, 2011 relative to:

**Order on Defendant's Motion to Withdraw Nolo Contendere Plea**

March 03, 2011

Lillian T. Deeb
Clerk of Court

(438144)
C: New Boston Police Department

THE STATE OF NEW HAMPSHRIE

MERRIMANCE,SS.

SUPREME COURT

July 1,2011

State of New Hampshire

v.

Dominic Ali

Docket No. 2004-438-CR-01627.

## DEFENDANT PRO-SE MOTION FOR LATE ENTERY

**NOW COMES,**Dominic Ali,who respectfully moves this honorable court to grant this motion for the following reason states below;

1. On Nov 12,2010,the defendant filed a motion with the Goffstown District Court based upon ineffective assistance of counsel and to withdraw his nolo contendere plea.See; State v. Veale, 154 N.H.730(2007).

2. The court reviwed the defendant motion and appointed counsel from the Public Defender's Office.Due to the conflic of interest Counsel filed a motion to withdraw on January 20,2011.The court appoint new counsel to represent the defendant in this case. on Jaunary 31,2011.

3. On February 15,2011,the court heard testimony regarding the defendant's motion to withdraw his plea.On March 3,2011,the Goffstown District Court denied the defendant's motion.

4. On March 7,2011,Counsel for the defendant advice that there are several options available to him to unfavorable order of the court. and that the defendant has (30)days to file a written notice in which to file an appeal.On March 8,2011,the defendant requested counsel to file an appeal with the New Hampshire

Supreme Court to the rule and error of the trial court.

5. On May 13,2011,the defendant ask if counsel did file an appeal with the Supreme Court as requested by the defendant. Counsel respond that he forwarded the defendant request to the Appellate Defender's.So far,the defendant did not get any respons from the Appellate defendere Office whiches the the Public Defender's Office and the defendant has a conflic of interest with Office. See; Veale,154 N.H.730(2007). Theirfore,the defendant pro-se filed a motion for late entery because he dos not know whos handling his case.

## CERTIFICATE OF SERVICE

I,Dominic Ali hereby certify that on July 1,2011 ,that a copy of this motion was forwarded in the U.S. mail first class postage to : New Boston Police Department and Attorney.

Dominic Ali
P.O.BOX 14
Concord,NH 03302
C:file.

MANDATE

Certified and Issued as Mandate Under NH Sup. Ct. R. 24

*Michelle A Caraway*
Clerk/Deputy Clerk

9/14/2011
Date

19 of 10

# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

In Case No. 2011-0482, <u>State of New Hampshire v. Dominic Ali</u>, the court on September 14, 2011, issued the following order:

After review, the court denies the defendant's motion for reconsideration.

<u>Reconsideration denied.</u>

Dalianis, C.J., and Duggan, Hicks, Conboy and Lynn, JJ., concurred.

**Eileen Fox,**
**Clerk**

Distribution:
Clerk, Goffstown District Court 438-2004-CR-01627
Honorable Paul H. Lawrence
Appellate Defender
Attorney General
Mr. Dominic Ali 81829
Michelle Caraway, Supreme Court
File



THE STATE OF NEW HAMPSHIRE
SUPREME COURT

*10 of 10*

*7/30* ,2011.

State of New Hampshire

V.

Dominic Ali

Docket No.2011-0482.

## DEFENDANT'S MOTION TO RECONSEDER THE LATE ENTERY APPEAL

NOW COMES Dominic Ali,pro-se,who respectfully request this
honorable court to grant this motion for the following reason
states below;

1) On the 4th day of April in the year of our lord two thousand
and four,the defendant was charge with the Violation of Demestic
Violence Final Order and was sentence by the Goffstown District
Court to (29)days in Hillsborough County Jail credit.

2) On NOv 12,2011,the defendant filed a motion to withdraw his
Nolo contendere plea based upon ineffective assistance of Counsel
with the Goffstown District Court.

3) On February 15,2011,the Court heard testimony regarding the
defendant motion to withdraw his plea.March 3,2011,the Court
order denied the defendant motion,In that order,the Court states
that the defendant entery of his plea lacks credibility and
that the defendat entered his plea knowingly,intelligently,~~and~~
and voluntarily.

4) On March 7,2011,Attorney Jorel V. Booker advised the defendant
to bring to his attention if the defendant wish to exercise
any option within (30)days with this court to rule on an error
of the Goffstown District Court.
On March 8,2011,the defendant advised counsel that he should
filed a Notice of Appeal with this court.

5) On May 13,2011,the defendant respond with another letter asking
if counsel filed the notice of appeal with this court.If so,for :
the record, he should forward his motion to withdraw from this
case and allowed appellate be appointed.On May 19,2011,counsel
for the defendant correspondence that he forwarded the defendant
case to the Appellate Defender's Office.In that letter of May
13,2011,Attorney Jorel V.Booker correspondence that he did not
request an appeal with this court and he thought that the
defendant was refering to an appeal that was taken prior to
his involvement in this case,When in fact,the defendant was telling
counsel pecifictly to file an appeal with this court within
the time frame.

6) The defendant filed this late entery notice of appeal with
this court because the defendant did not have any respond from
the Appellate Defender regarding his appeal with this court.The
defendant did contact the Appellate Office regarding this case
and their is "NO ONE"handling the defendant case as counsel
advised the defendant. Consequently,the defendant filed a pro-
se,Rule 7 Mandatory Notice of Appeal with this court,Even though
it is untimely filed.

7) The defendant has a conflic of interest with the Public
Defender's Office.See;State v. Veale,154,N.H.730(2007)
Accordinlty,this Office can not represent the defendant in this
case.See;New Hampshire Rule of Perfessional Conduct Rule (1.7.)
and (1.10.).

WHEREFORE, the defendant respectfully requests that the court:

1)    Allowed contract Attorney be appointed;

2)    Allowed this Court to correct a manifest injustice;

3)    Grant the defendant such other and further relief as
      is just and equitable.

Dominic Ali#81829
P.O.BOX 14
Concord,NH 03302

## CERETIFICATE OF SERVICE

I,Dominic Ali,herby certify that this day of   2011,that
a copy of this Motion was forwarded in the U.S. Mail first class
postage to : New Boston Police Department;Goffstown District court
clerk.

Dominic Ali 81829
p.o.BOX 14
Concord,NH 03302

## THE STATE OF NEW HAMPSHIRE

**MARRIMACK, SS**                                    **SUPREME COURT**

### State of  New Hampshire

V.
**Dominic Ali**

Docket No.

### PETITION FOR ORGINAL JURISDICTION

NOW COMES, Dominic Ali, who Pro-se, respectfully request this Honorable court to grant this petition for the following reason states below;

### BACKGROUND

On February 15, 2011, petitioner was assigned attorney Joral V.Booker, esq, as counsel in case. He was the primary counsel for the petitioner at the time, who was an experience criminal trial lawyer, who was very optimistic about the petitioner chances at the hearing. Counsel had no strategic purposes to discover instructional error. The petitioner had a motion to withdraw his nolo contender plea that was filed on November 12, 2010, with the Goffstown District Court.

On February 15, 2011, Attorney Jorel V. Booker, esq, tempetd to rest on the perceived weakness of the prosecution case, and only interested in a fee.

1

## STATEMENT OF FACT

On August 29, 2004, petitioner victim reported to the New Boston Police Department
that on August 29, 2004, that the petitioner Dominic Ali violated a Domestic Violence
Final order issued by the Manchester District Court on April 8, 2004.

The petitioner was charge with the violation of protective order and was sentenced to
(29) days credit in jail.

On Nov 12, 2010, the petitioner filed a motion to withdraw his nolo contender plea that
was not intelligently and voluntarily made. On December 17, 2011, the Goffstown
Districts Court reviewed the petitioner motion and appoints new counsel for the
petitioner. On February 15, 2011, the Court heard testimony regarding the petitioner
motion to withdraw his conviction that was based upon ineffective assistance of counsel.

On March 3, 2011, the Court denied the petitioner motion, states that the petitioner
entry lacks credibility and that his plea was entered knowingly, intelligently and
voluntarily made.

On March 7, 2011, Attorney Jorel V.Booker, esq, advised petitioner to bring to his
attention if the petitioner whishes to exercise his constitutional rights within (30) days to
appeal to this court to rule on the error of the Goffstown District Court.

On March 8, 2011, the petitioner responded with a latter advising counsel that he should
file an appeal with the New Hampshire Supreme Court.  Counsel responded that he has
not file an appeal with this court, as petitioner request him to do so. Instead that he had
forwarded petitioner request with the New Hampshire Appellate Defender's Office.

2

24 of 10

The petitioner contacted the appellate defender's Office and they do not have any request of appeal requested by attorney Jerol v. Booker, Esq. As result of counsel failure to request an appeal with this court, the petitioner filed pro-se, Rule 7 Mandatory Notice of Appeal with this Court on July 7,2011, Even though it was untimely filed. On July 25, 2011, this Court dismissed his appeal for the reason states. Then motion to reconsider was filed and was denied on September 14, 2011, for the same reason.·

## PETITIONER'S LEGAL ARGUMENT

The petitioner argue that his victim reported to the New Boston P.D, that the petitioner violated his Domestic violence final order issued by the Manchester District Court on April 8,2004, when in fact the protective order was filed under false allegation (1)there were insufficient allegation of fact to support the issuances of an ex part temporary protective order to the plaintiff (2) the RAS 173-B;9,required that a trial court must make a specific finding criminal conduct in order to issue a final restraining order against the petitioner . See; **Karen Alexander v. Jonathan Evans, 147 NH 441(2002).** As result of false allegation to issuing of the protective order, Trial scheduled date May 26,2004,the Manchester District Court did dismiss the case under Docket no 04 03121,date July 26,2004. Further more, the victim have not been the resident of the State. See; **Fillmore v. Fillmore, 147 NH 283(2001**.

3

The petitioners argue that on April 4, 2004, his plea to the nolo contender must be dismissed because it was no intelligently and voluntarily made. See; **Boykin v. Alabama, 395 US 238(1969).**

His attorney Ryan Norwood from the public Defender's Office at the time of the hearing did not provide such true advise and professional opinion ,He advised the petitioner "to plea guilty", the petitioner told him no, then he threatened if convicted ,the petitioner would face six months in county jail. Then he advised the petitioner to plea nolo "because it meant nothing" and that meant you don't know what happened. See; **State v. Sharkey, 155 NH 638(2009).** Counsel failed to disclose plea offer and not routinely explained to give the petitioner notice of what he is been ask to admit, or what is the outcome, because the petitioner would not plea guilty in the first place over false allegation. See; **State v. Levey, 122 NH 375(1985).**

There is a reasonable probability that had not been for Attorney Rayn Norwood advised, the petitioner would not plead to this guilty conviction. The petitioner would insist upon going to trial by jury. See; **Strickland v. Washingtion, 466 US 668(1984).** Holds were Counsel dose not provide such information, Counsel has perform in effectively. The day of the hearing, Counsel told Judge (Michael J.Ryan) that the petitioner is a native of Sudan, explaining that he do not understood the seriousness of the charge against him, but in the other hand counsel explain to the petitioner that the charge meant nothing. As ground for abuse of Discretion and violation of the CIA Act ,the Court

failed to offer an interpreter during the hearing by violating the petitioner right under the fifth Amendment, Pursuant to the CIA act, the petitioner is entitle to an interpreter .

The judge at the hearing had best position to assist the petitioner .usage, comfort level and intelligibility because the petitioner did not understood as counsel advised on the record, and the judge knew that petitioner language was other then the English. The lack of an interpreter during the petitioner proceeding inhibited him "comprehension of the plea or communication proceeding with the judicial and petitioner comparative ability to speak or understand the English language at the time in Court. The petitioner is not a U.S. Citizen and is protected by Part (1) article (2) of the State of New Hampshire. His counsel uses his kindness over weakness and did not explain all of the consequence of the plea nolo contender that lead to his conviction .See; **State v. Harper,126 NH 815(1985).** See; also, **Clark v. U.S. 159 F.3d 296( 2ᵐᵈ cir 1995).**

## DENIAL OF CONSTITUTIONAL RIGHS

The six Amendments entitled the petitioner the right to assistance of counsel at all certicle stages. Attoney Jorel v. Booker,esq,kenw that his actual constructive denial of assistance of counsel is legally would presumed to result in prejudice. He failed to disclose martial fact or misrepresentation of martial fact and his deficient performance prejudice the petitioner resulting; in an reliable or fundamentally unfair outcome of the proceeding, He knew that petitioner's counsel at the time of the hearing lied to the defendant about the plea that result in conviction that was obtained unjust and under constitutional violation.

That he decided to do noting See; **Strickland v. Washington, 466 US 688(1984).**
The court of appeal s agreed, that the six Amendments impose on Counsel a duty to
investigate because reasonable effective assistance must be based on professionals
decision, and informed legal chaises can be made only after investigation of options.
The court observed that counsel investigatory must be assesses in light of the information
known at the time of the decision not in hind sight, and the amount of pretrial
investigation that is reasonable defense precise measurement. Here Attorney Jorel v.
Booker,esq,knew that petitioner lack of comprehension during his proceeding lead
substation miscarriage of justice that the judge did not seek to measure understanding of
what the petitioner have been ask to admit and the plea stand for, Instead the Judge
threatened the peititioner,in his word " don't come to Goffstown again ,I would lock you
up for five years in the State Prison"As result of this conviction that was obtained under
violation of constitutional ,the petitioner is serving six years in the Sate prison.

## CONCLUSION

The petitioner Ali respectfully moves this Honorable court to dismiss his conviction
RSA 173-B; 9 class a misdemeanor.

## CERTIFICATE OF SERVICE

I, Dominic Ali,hereby declare under penalty of perjury that the fact states in the forgoing
petition are true and correct copy of the this petition has been provided to below first
class mailing address U.S. this day of   9 DEC ,2011. To; New Boston P.D.and Counsel.

Dominic Ali 81829
P.O.BOX 14
Concord, NH 03302

6

**MANDATE**

Certified and Issued as Mandate Under NH Sup. Ct. R. 24

Eileen R. Cook    2/8/12
Clerk/Deputy Clerk    Date

# THE STATE OF NEW HAMPSHIRE

28 of 10

## SUPREME COURT

## In Case No. 2011-0873, Petition of Dominic Ali, the court on January 25, 2012, issued the following order:

Petition for original jurisdiction is denied. See Rule 11.

Petition denied.

Dalianis, C.J., and Hicks, Conboy and Lynn, JJ., concurred.

### Eileen Fox,
### Clerk

Distribution:
9th N.H. Circuit Court - Goffstown District Division 438-2004-CR-01627
Honorable Paul H. Lawrence
Honorable Michael J. Ryan
Appellate Defender
Attorney General
Mr. Dominic Ali 81829
File

GOFFSTOWN
RECEIVED
2012 FEB -9 P 2: 53
DIVISION

*29 of 20*

## THE STATE OF NEW HAMPSHIRE

**COOS, SS.**                                     **SUPERIOR COURT**

No.   214-2012-CV-178

Dominic S. Ali

v.

Edward Reilly, Warden

### ORDER

The petitioner, Dominic S. Ali, has filed a petition for writ of habeas corpus in which he attacks the validity of his 2004 Goffstown District Court conviction for violation of a protective order.  The petitioner asserts that he was denied effective assistance of counsel and an interpreter in the 2004 proceedings and that, therefore, his 2004 plea of *nolo contendere* was not knowing, intelligent and voluntary.

The respondent has filed an answer and motion for summary judgment in which he requests that the Court summarily dismiss the petition with prejudice or, in the alternative, grant summary judgment to the respondent.  The respondent argues that the petitioner has raised and litigated, unsuccessfully, all of the issues and claims in his petition, other than the interpreter claim, in numerous prior proceedings and that the petitioner has procedurally waived the interpreter claim for further collateral review.

Having carefully considered the pleadings and other documents on file, the Court concludes that it "need not hold a hearing . . . [because] the existing record of the case clearly indicates that the petitioner is not entitled to the relief requested on the grounds alleged." Diamontopoulas v. State, 140 N.H. 182, 184 (1995) (quoting Grote v. Powell, 132 N.H. 96, 99 (1989).  "[R]epeated applications for a writ of *habeas corpus* introducing

**CLERK'S NOTICE DATE**
2-21-13
: Ali

*31 of 10*

no new facts material to the issue will ordinarily be summarily disposed of." Grote, 132 N.H. at 99 (quotations omitted); LaBelle v. State, 108 N.H. 241 (1967); Gobin v. Hancock, 96 N.H. 450, 451 (1951); Petition of Moebus, 74 N.H. 231, 215 (1907). With the exception of the interpreter claim, the petitioner's present petition asserts all of the same claims and raises all of the same issues that he has raised and litigated in the previous proceedings described in the respondent's answer, and his present petition raises no new material issues of fact. With respect to the interpreter claim, because the petitioner "had both knowledge of the issue and an opportunity to raise it properly" in any of those numerous prior proceedings "but failed to do so, he has procedurally waived the issue for [still further] collateral review." Avery v. Cunningham, Warden, 131 N.H. 138, 143 (1988); McClesky v. Zant, 499 U.S. 467, 498 (1991); see also Sleeper v. Warden, N.H. State Prison, 155 N.H. 160, 163 (2007); Roy v. Perrin, 122 N.H. 88, 100 (1982); Martineau v. Perrin, 119 N.H. 529, 531—32 (1979). The Court agrees with the respondent that the petitioner has procedurally waived the interpreter claim. Because "the record presented clearly demonstrates that the petition is without merit," and for the reasons set forth in paragraphs 1—14, paragraphs 22—32, and paragraphs 34—37 of the State's answer and motion, the petition for writ of habeas corpus is DENIED without a hearing. See Diamontopoulas, 140 N.H. at 185; Grote, 132 N.H. at 99.

The Court's order herein renders moot the other pending motions in this case.

So Ordered.

Dated: 2|21|13

Peter H. Bornstein
Presiding Justice

2

THE STATE OF NEW HAMPSHIER

SUPERIOR COURT

Coos County, ss

STATE   oF New Hampshire

v.

Dominic S. ALi

Case No. 438-2004-CR-01627

DEFENDIS MOTION TO WITHDRAW Nolo CONTENDERE
PLEA.

Now comes, Dominic Ali, Sui Juris, respecfuly request
this Honorable Court to grant this motion for the
following reason States below;

① A Domestic violence Final order issued pursuant to
RSA 173-B:9.IV.III case Das N 04-M-440, on April 8,2004
by the Superior Court Hillsborough County was filed
under false allegation were their insufficient allegation
n of facts to Support the issuance of an ex-part
temporary protective order to the plaintiff see:
State v. La forest, 140 NH 286 (1995) also Fillmore v. Fillmore
147 NH 283 (2001)

of. 4 ;