ⅇ of 10

ⅉ On August 29, 2004, The defendant EX-Girl Friend by anger and slander reported to the New Boston P.D. that the defendant violated a Domestic Violence Final order. See Doc # 04-03121, Manchester District Court, The defendant was arrested on an active warrant baset upon hearsay. The defendant charge with the violation of potective order. After a hearing, the defendant was sentence to (29) Days credit by his incompetent assistance of Counsel Mr. Rayn Norwood.
See: State v. MacInnels, 151 N.H. 732 (2007)

② On Nov 12, 2010, the defendant filed a motion to withdraw his Nolo contendere plea that was not intelligently and voluntrily made. On Dec 17, 2010, the Goffstown Distrit Court reviwed the defendant motion and appointed new counsel. On Feb 15, 2011, the Court heard testimony regarding the defendant motion based upon ineffective assistance of Counsel and denied the defendant relefe baset upon defendant lacks of credibility.

④ The defendant States that his nolo contender plea was not intelligently and voluntarily made. see: BoyKin v. Alabama, 395 U.S. 238 (1969). Attorney Rayan Nirwood from the public Defenders Office did not provid such true advice or professianal opinon. Counsel adviced "you will go home if you plen nolo, and because nolo of 4 meant nothing." Not a conviction. See: State v. Sharkey, 155 NH 638 (2009) also

Strickland v. Washington, 466 U.S. 638. (1984).
The defendant states that his Counsel failed to disclose material facts and misreprestation of material facts to the defendant and not routinely explained the nature of the offense or plea in sufficient detail to give the defendant notice of what he is being asked to admit and what the outcome of his plea. When the defendan refused to giulty. On the record; their is information known to the Court at the time of the hearing Sufficient to raise doubts about the defendant competencey. See: Pate v. Robinson, 383 U.S. 375 L.ed. 2d S.c.t (1966).

⑤    The defendant states, that the Honorable Court violated his Constitutional Rights State and Federal in failure to offer the defendant an interpreter during the hearing. Pursuant to the CIA act, whent their is ambiguity af language in plea agreement. At the time of the hearing the dependant possedsed minimal formal education and little familiarity with the Court proceeding, that the Court failed to advised the defendant certain Constitutions Rights nor his Counsel. that he had a right to insist on a trial by Jury and the consequent waiver of that right by plea nolo. WHEREFORE, The defendant respectfully request this Honorable Court;

of 4

1. Allowed this motion be granted;

2. Allowed the Court to correct a manifest injustice;

3. Grant the defendant such other and further relief as is Just and equitable as this Court deems Right.

## CERTIFICATE OF SERVICE

I, Dominic Ali, herby certify that under penalty of purjury, that a copy of this motion has been forwarded to Attorney Generals Office. First class postage address on Sept 13, 2012.

9/13/12                                    09/13/12

Dominic Ali 81829
138 East Malin Rd
Ber-lin, NH 03570

1 of 4 e-File

THE STATE OF NEW HAMPSHIRE

SUPERIOR COURT

Coos County. SS

State of New Hampshire

V.

Dominic Ali

Case No. 438-2004-CR-01627

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
TO WITHDRAW THE NOLO CONTENDER PLEA.

On or about August, 2004, the defendant was assigned
Attorney Rayn Norwood from the Hillsborough County
Public Defenders Office. Attorney Rayn Norwood was
the primary Counsel for the defendant at the time
of the hearing. He was an experience criminal law yer
that he was very optimistics about the defendant
chances in Court. Attorney Rayn Norwood has no
strategic purpose to discover instructional error, that
he tempt to rest on the perceived weakness of the
Prosecution Case. Attorney Rayn Norwood was only
interested in a fee.

LEGAL ARGUMENT

¶ 7    The defendant argue that the victim Loretta D.
Lee-Roy reported to the New Boston P.D on August
29th, 2004, that the defendant violate a Domestic

violence Final order Issued by the Hillsborught
County Superior Court, when in defacto, the protective
order was filed under false allegation (1) there were
insufficient allegation of fact to support the
issuance of an expart temporary protective order
to the plaintiff (2) the RSA 173-B:5 require
that the Court must make a specifict finding of
Criminal Conduct in order to issue a final
restraining order against the defendant.
On May 26, 2004, the defendant went to trial after
pleaing not guilty and the allegation with the this case
was dismissed. See: Fillmore v. Fillmore, 147 NH 283(2001)
Because the victim did not show an immediate and
present danger of abuse by the defendant.

The defendant argue that, On August 29, 2004, he was
Stop for another violation of open container, alchol, then he
was arrested on an active warrant from the Goffstown
and he was charge with the violation of the partactive
order. After a hearing, the defendant was sentence to
(29) Days credit by his incompetent Attorney.
The defendant argue that his plea must be vacated
from his criminal record because his plea was not
1 of 7 intelligently and voluntarily made. See;
Boy Kin v. Alabama, 395 U.S. 238 (1969) His Attorney
Rayn Norwood a public Defender did not provid such
true advice or professional opinion about the plea-
Nolo, He adviced the defendant to plea guilty,

the defendant told Counsel no, because hasn't done nothing, then Counsel threaten that the defendant would face six month in jail if convicted, then counsel Counsel grossly misinformed the defendant about the plea Nolo, that "it meant nothing" and the "defendant would go home". See: **State v. Offen**, 156 NH 435 (2007). **COLLATERAL DAMAGES**

Counsel failed to disclose plea offer and not routinely explained the nature of the offense went it carries a felony conviction. in Sufficient detail to give the defendant notice of what he is being ask to admit, or what is the outcome, and the Court acceptance of ALI's plea violated his due process rights. as guaranteed by part (1) article (15) of the New Hampshire Constitution.

There is a reasonable probability that had not been for Attorney Kayn Norwood advised to plea Nolo, the defendant would insist upon going to trial by Jury. See: **State v. Sharkey**, 155 NH 638 (09). Holds were Counselor does not provid such information, Counsel has perform ineffectively. Failure of the Court to determine whether the defendant was pressured and misinformed into signing on to package plea calls to question of the voluntoriness of the Nolo plea. See: **Valencia v. U.S.** 923 F.2d 917 (1st 1991) the defendant possessed minimal formal education and little familiarity with the legal system. that

of 7

the Court during the hearing, failed to advise the
defendant certain Constitutional rights. See:
Henderson v. Morgan, 426. U.S. 637, Lied 2d s-ct (1976)
or informed the defendant critical element of the
offense to which he plea. As abouse of discretion
and violation of the CIA act, the Court failed
to offer the defendant an interpector during his
hearing that is violation of the Fifth Amendment
pursuant to the CIA act, the defendant is.
entitled to an interpector The Judge at the
hearing had best position to assess the defendant
insted he threated the defendand with Five Years
in Prison the record would reviled that. The Judge
had usage, comfort level and inteligibility
Knowing the defendant Language other then the
English during the hearing. The lack of an interpeter
during the proceeding inhibited the defendant
comprehension of the plea and communication
with attorney who Lived to the defendand and
the Judge. The Court failed to seek to measure
defendant comparnative ability to speak or he
understood the English languge; Beause of the
ambiguity of Language in plea agreement. See:
Margalli-Olver v. INS, 43 F.3d 345 (8th Cic 1994).
The Federal Constitution offer the defendant no greater
protection than does the State Constitution under
these circumstances. See: Albers, 113 NH.nt 138; Smith
127 NH at 439, NAACP v. Alabama, 377 U.S. 288 (1964).

1 of 7

The Court must Judge the reasonableness of
Counsel on the fact to the particular Case.
A defendant claming ineffective assistance of
Counsel must show (1) that Counsel representation
fell below an objective standard of reasonableness (2)
that Counsel deficient performance perjudice his Case.
Second part of Strickland requires a criminal
defendant to show prejudice from Counsel defficient
performance for the purpose of establishing
ineffective assistance of Counsel under Federal
Constitution (6th) Amendment, where such claim
involves Comsel performance during the Course
of Legal proceeding, either at trial or appeal,
(A) showing how specifiet errors of Counsel undermined
the reliability of a finding of guilt, or (B)
demonstrating that Counsel erroris actually had an
adverse effect on the defendant Case. See:
Cook v. Lynaugh, 821 F.2d 1072 (CA 5th 1987)
In the instance case, the defendant would had
not plead or nor been found guilty if it wasn't
for his Counsel advised. See: Powell v. Alabama,
287 U.S. 45, 69, S.c.t (1932) also, Richter v.
Hickman, 578 F.3d 944 (CA 9th 2009).
of 7  Theirfore, Attorney Rayn Norwood representation
fell below an objective standard of reasonableness
in failure to disclose material facts or
messrepresenation of material facts to the
defendant.

## DENIAL OF CONSTITUTIONAL RIGHTS
### STATE AND FEDERAL

The six Amendment entitile the defendant a right to assistance of Counsel and due process of law under the fifths, and par t (1) article (15) of the State constitution see; State v. MacAskill, 122 NH 405

Attorney Rayn Norwood actual construction denial of assistance of Counsel is legally presumed to reult in prejudice the defendant resulting in unreliable or fundamentally unfair outcome of the proceeding whose result is reliable. Strickland v. Washington, 466 U.S. 668 (1984). The Court of appeals agrees. that the six Amendment impose on Counsel a duty to investigate because a reasonable effective assistance must be based on professional decision, and informed legal choises can be made only after investigation of options. The Court observed that Counsel's investigatory must be assessed in the light of the information Known at the time of the decision not in hindsight, and the amount of pretrial investigation that is reasonable – defense precise. mensurement. As matter a law the defendant asseration of ineffective assistance of 7 simply cannot excuse a lawyer failure to inform and then advise his client, there purpose of advised is to have an effect on the defendant view. Attorney Rayn Norwood Knew the defendant was motivated primarily by a strong desire not to plea guilty to anything that reult in Conviction.

## Conclusion

The defendant Ali, respectfully move this Honorable Court to vacate his Conviction the RSA 173-B; 9, IV, III for the reason stato on the motion to withdraw nolo contender plea.

## Certificate of Service

I, Dominic Ali, herby declare under penalty of perjury that the fact states in the forgoing motion and the MEmorandum of Law are true and Correct copy has been sent to the Attorney Generals office, via U.S. Mail. Postage address first class on Sept 13, 2012

of 7

Dominic Ali P1829
138 East Malin Rd
Berlin, NH 03570
C: file

THE STATE OF NEW HAMPSHIRE

SUPERIOR COURT

Coos County, ss

Term 2013

Plaintiff   Dominic Ali

v.

Defendant   Edward Reilly, Warden

Case No# 214-2012-cv-00178

Plaintiff's motion Request for Admission

NOW Comes, Dominic Ali, suisJuris, respectfully
requests this Honorable Court to grant this motion
for the following reason states below;

The plaintiff has a motion with this Court
to withdraw a Nolo contendere plea that was
not intelligently and voluntarily made, See,
Boykin v. Alabama, 395 U.S. 238 (1969). The
plaintiff states that his incompetent attorney
from the public Defenders Office, Mr. Ryan
Norwood grossly misinformed the plaintiff's
about the law, in failure to provide true
advise and professional opinen not routinely
explains the true nature of the offense
in sufficient detail, see, State v. Sharkey,
155 N.H. 638 (2009)-

The plaintiff requests the opposing party to admit that the Manchester and Goffstown District Courts decision that the plaintiff posed a credible threat to the victim safety as based largely and relying heavily on the allegation of the prior incident, when their was insufficient allegation of fact to support the issuance of an EX-part temporary (DVP) order on April 24, 2004.

That the Court conducted a hearing on April 7, 2004, without the plaintiff present or the victims having consider the victim petition for (DVP) The plaintiff was arrested on April 2, 04 and was at the county jail, when the Court issued a summoned for the plaintiff to appear befor the Court for his testimony that could have had the Court dismissed the victim petition of (DVP).

That the plaintiff incompetent Counsel did not request for production of documents "Discovery" during the 24th Days of the plaintiff incarceration to familiarize him self with the case. See; Brady v. Maryland, 373 U.S. 83 (1963). also, State v. Laurie, 139 N.H. 325 (1995). For the purpose of attacking the character truthfulness of the State case and to

proof an act of dishonesty and False
Statement that been made by the victim
on the petition of (DVP), that could be
admissible for attacking her credibility.

That the Court however never informed the
plaintiffs that the State had to prove
beyond a reasonable doubt their case and to
demonstrate to a clear and convincing degree
that the plaintiffs entered his plea without
pressure and with understanding the he had a
right to insist on a trial and ultimately
Jury trial befor signing on to plea package.

That the plaintiffs was arrested on August
2004, on an active warrant from the Goffstown
District Court for violation of protective order
and that he was also change with Position of
alcohol by a minor, that at the hearing for
that case, the plaintiff was offed an interporter
because the plaintiffs language was other the
English and he possessed minimal education
in 2004. And that Julie Senneville and Michael
Dunican, will Provide this Court with relevant
Fact to two plaintiff's level of education
that lead his incompetent Counsel to misinforme
him about the law and pressured him into
of 4 signing on to Plea package.

. . . .

That the plaintiff is currently incarcerated
for longer terms as result of his unlawful
and bias conviction of Nolo contendere plea
on Sept 28, 2004, and that the State did
ungrounded the plaintiffs misdemeanor offenses
to felonies based upon this conviction.

Conclusion

The plaintiff Dominic Ali, respectfully moves
this Honorable Court and request the opposing
party to admit that two particular pieces of
information is true and to verify all document
filed with this Court is genuine.

1. Allowed this Honorable Court to correct
a manifest injustice;
2. And grant the Plaintiffs such other
and further relief as is Just and equitable.

Certificate of Service

I, Dominic Ali, hereby certify under penalty of
perjury, that a copy of this Request for admission
has been forwarded to Assistant County attorney
Bathleen Broderick.esq, 1/31/13, First class Postage
address, c: File

of 4

1/31/13                        January 31, 2013

46 of 70

THE STATE of NEW HAMPSHIRE

SUPERIOR COURT

Coos County, SS

Term 2013

Dominic Ali
v.
Edward Reilly, Warden

Case NO. 214-2012-CV-00178
Petitioner's
Defendant's motion for Summary
Judgment

NOW COMES, Dominic Ali, Sui Juris,
respectfully requests this Honorable Court to
grant this motion for the following reason
states below:

The defendant has a motion to withdraw
a Nolo Contendere plea, that was not intelligently
and voluntrily made, see; Boykin v. Alabama, 395
U.S. 238 (1969). The defendant states that his
incompetent from the public Defenders Office, Mr.
Rayn Norwood misinformed the defendant about
the law, failing to provides true advise and
professional opinon not routinely explaine the
nature of the offense in sufficient detail.
18    See; State v. Sharkey, 155 N.H. 638 (2009)

On or about August, 2004, the defendant was assigned attorney Rayn Norwood from the Hillsborogh County public Defenders Office, Who was the primary Counsel for the defendant at the time of the hearing. He was an experience criminal lawyer who had a bad repptution as a working agent with the assistant County attorneys and never acted in a role of an active advocate on behalf of his clients. The date of the hearing, Counsel was very optimistics about the defendant chances, that he has no strategic purpose to discover instructional error. Counsel rested on the perceived weakness of the prosecution Case. Because hes only interested in a Fee.

A Domestics violence Final order issued pursuant to RsA 173-B:9.IV. by the Manchester District Court On april 8th, 2004, that was Filed under False allegation when their was insufficient allegation of facts to support the issuance of an EX-part temporary (DvP) to the plaintiffs. See Fillmore at "147 NH 233"

The Court having consider the pleintiffs petition. it issued a summonded for the defendant Who was arrested on april 1st, 2004, and was at the County Jail Re-20th Days, to appear befor the Honerable Court for his testimony.

of 18

The defendant have no record of an attorney been appointed by the Court to represent him neither did he was allowed to appear before the Court for his testimony on April 8, 2004. See; Defendant motion to amend filed with this Court (Exibit #1).

On April 1st, 2004, the defendant was order to appear before the Honorable Court to answer to the complaint charging him simple Assault RSA 63:2-A and stalking that accord on March 27, 2004, after he was arrested without been served with the (DVP) petition at his residence. The defendant plead not guilty and trial was set for May 26, 2004. All charges were dismissed by the court, Justice Norman E. Champagne. See; (Exibit #2) motion to amend filed with this Court.

For the purpose of attacking the character Or truthfulness of the plaintiff, the defendant has proof an act of dishonesty and false statement made by the plaintiffs As the plaintiff (DVP) and all charges were dismissed by the Court as listed above should be admissible for attacking her credibility at trial, should the State call her as a witness.

of 18

Failure of the Court to determine whether
the defendant was pressured and misinformed
into signing on to package plea, calls to
question of the voluntariness of the plea.
The defendant at the time of the hearing
possessed minimal education and little familiarity
with the legal system. At the same time, the trial
Court, however never informed Mr. Ali that the
State had to prove beyond a reasonable doubt
that the defendant violate order of protection.

The 14 teen Amendment Provides that no State shall
deprive any person of life, liberty, or property without
due process of law; nor deny to any person within
its jurisdiction the equal protection of the law.
See: Margalli-Olvera v. INS, 43 F.3d 345 (8th Cir. 94)
And requires that a plea guilty be made knowingly
and voluntarily because it involves a waiver of
Constitutional Rights on the part of the defendant.
This Honorable Court would notice on the plea
Package the defendant did not write the date and
the highest educational grad. The defendant was
given the plea package upside down under pressure
by his Counsel tell him "Just sign it". see: Exhibit )

The rule requires that the Court must address
a defendant in open Court to make sure that
al 18   their is a clear understanding between the

Court and the defendant of the following

① Nature of the charges ② guilty plea was Free
                                        from coercion
③ Consequence of the guilty plea
④ Defendant rights to trial by Jury
⑤ Rights to testify and call witness and
the privilege against self incrimination.

Insted the Judge thretend the defendant
with five years in prison for a lie made by
the Plaintiff on her way out of the Country.

Criminal law - Right to Effective Counsel
Plea; Defense Counsel will fail to supply the
effective assistance of Counsel guaranteed by
the New Hampshire Constitution, if Counsel grossly
misinforms a criminal defendant client about
the Collateral Consequence of pleading guilty
the defendant relies upon that advice in deciding
to plea guilty, and there is a reasonable
probability that the defendant would not have
pled Nolo but for that erroneous advice.

The defendant would insist upon going to trial
by Jury, call all his witness and face his acuser
and have his rights to testify.

The defendant was sentenced to (20) Days credit by his incompetent Counsel who had known the defendant was motivated primarily by a strong desire not want to plea to anything that result in conviction.

The violation of Boykin did not entitle the defendant to relief on this collateral attack. with respect to this Court as the Honorable Court would notice, It simply left the State with the burden to demonstrate to a clear and Convincing degree that when Mr. Ali entered his plea, has understood that he had a right to insist on a trial, and ultimately Jury trial befor the Goffstown District Court.

As the defendant moves to withdraw a prior guilty plea, he has the burden to prove that his earlier plea was not made voluntarily and that withdrawal of the plea must be allowed to correct a manifest injustice See; State v. Laforest 140 NH 286 (1995) Within this Court discretion to grant the withdrawal of this conviction, this Court is not required to believe the defendants statement. The defendant provided this Court with enogh evidence that the victim fabricated stories and is known by the family to be a liar and untrustworthy of 18 that she doesn't know very many moral

boundaries and its unfortunate that she is
willing to do whatever to have the defendant
arrested over and over againe for these horsay
statement she made, knowin that the Hillsborough
County District Attorney more then likely to act
on these false statement and act of dishonesty to
arrest the defendant simply because he is a black
men that his more then likely to commit the
crime charge, and always dicriminatory conduct
have been taken with full reckless disregard by
the District Attorney's office As this Honorable
Court would notice that, the defendant has no
criminal record and Mr.Ali insist to the District
Attorney's Office reckless disregard motivated by Racial
bias to make him one.


The Fourth circuit has expressly stated this
delineation: " Ordinarily, an attorney need not advise
his client of the myried collateral consegvence of
pleading guilty. However, where the client asks
for advice about a collateral consequence and relies
upon it in deciding whether to plea guilty, the
attorney must not grossly misinform his client
about the law" And its clear on the record of
the hearing 9/23/04, Counsel Dr the defendant advise
the Court that Mr.Ali have no ida of how those
the severe charges, and that he is from Sudan
of 18   but back in the holding cell, Counsel thretend

the defenden to plea guilty, if not the defendant
would face six month in dail if convicted. The
defendant insist to plea guilty, then Counsel
missinformed the defendant to "plea Nolo because
Nolo meant nothing and you don't know what
happend and you will go home". This is not
the first time that the New Hampshire public
Defenders Office and the Assistant County Attorney's
violate Mr.Ali's Constitutional Rights. Were public
Defenders attorney's theatend Mr.Ali to take a
plea of guilty or face Immigration consequence if
convicted, or the County attorney's over charge
Mr.Ali with a non sence charges that violate Mr.Ali's
Constitutional protection of due process, equal protection
and reasonable bail, and the trial Court always have
been in denial and refusal to inquire into defendant
need for an interpreter because of his inability
to pay for one. that is in violation of Mr.Ali's
six Amendment right to confrontation and due
process of law. The defendant limited education
lead to his counsel to missinform the defendant
about the law and railRoad the defendant
into signing an acknowledgement and waiver
of rights form that is the state only evidence
to this unlawful conviction. The State complaint
Date August 29, 2004, States that the defendant
Knowingly violate a (DVFO) issued pursuant to
of 18   RSA 173-B Doc No. 04-M-440 on 4/08/04,

by the superior court, but failed to informed
this court that the Honorable Judge Philip P.
Mangones violate Mr. Aliis due process of law
in not allowing him to appear befor the
court for his testimony. The defendant was at
the county jail for (20) Days from 4/1/04 to 4/20/04,
without the defendant appearince the court
found that the plaintiff has been abused this
court has copies of that matter of Ali v. LeeRoy.
Theirfore, the State would fail to carry its burden
of demonstrating that the defendant Nolo plea
was knowingly, voluntary and intelligent because the
defendant was in jail when the court conducted a
hearing. The defendant have doubt that neither
did the plaintiff was in court for that hearing
on 4/7/04. Because the court nor the State
have a record of the plaintiff was in court
when the defendant ask. theirfore the petition
of the (DrP) should have been dismissed by the
court.

## Collateral Damages

Counsel failing to disclose plea offer and
not routinely explained the nature of the offense
went it carries a felony conviction in sufficient
detail violated Mr. Aliis due process rights as
guaranteed by part (1) article (15) of this
state constitution and the sith Amendment rights

of 18

Attorney Rayn Norwood Failure to consider all circumstances to investigate the plaintiffs lies and false allegation, were he did not familiarize him self with the discovery and neither did he provided the defendant with discovery. See; Brady v. Maryland, 373 U.S. 83 (1963) also, State v. Laurie, 139 NH 325 (1995).

Please be advised, that this is the same issues. the defendant was working as a Welder with the North American upfitters INC, five month latter on August 24th, 2004, the plaintiff found out that the defendant wants nothing to do with her, She by anger and slander reported to the New Boston P.d. that the defendant violated (DVP) order that was dismissed or should have been dismissed by the court Knowing that the (DVP) was filed on false statement and dishonesty.

The defendant was arrested againe on an active warrant and 24 days latter his incompetent attorney showed up in Court for the hearing advising the defendant to "plen guilty" when the defendant said no, he threted the defendant with more Jail time, then he advised the defendant to "plen Nolo" because it weant nothing. Counsel grossly missinform the defendant about the law. See; State v. Offen, 156 NH 435 (2007).

of 18

The defendant conviction is pending before the Federal Court for the first cir of N.H. One of the issues is the Incompetency of the public Defenders Office programme who is in fear to subject the Assistant County Attorney's to meaninful adversarial challenge during McAllis's trial. As it seem they check with county attorney if they agree with every motion they need to file with the Court. See; attachment ( ) I don't ask the District Attorney if he agree or aproove of this motion, their is a reason for something called an objection. With respect to this Honorable Court. This is what is going on with these incompotent Attorney's, wonder why they prejudiced the defendant every case.

The Constitutional requirement of substation equality and fair process can only be attained where counsel act in the role of an active advocate on behalf of his client, and opposed to that of amicus curiae, the no-merit letter and procedure it trigger do not reach that dignity. Counsel should and can with Honor and without conflic be of more assistance to his client and the Court. He's role as an advocate requires that he support his client not railroad him. see; Powell v. Alabama, Counsel's advised was essential as a Constitution matter. Any issues beyond Nolo plea conviction it's

2 of 18

iRelevant. As this Court would notice in the decision of the New Hampshire Supreme Court in the case the State v. Macleod, which "141 NH 427" that "the trial Court have the authority and the obligation to the curb prosecution broad discretion, if ever charging poses danger of Confusion harassment or other unfair prejudice".

See; State v. Sharkey, 155 NH 638 (2007). Were Sharkey pled guilty to driving under the influence of alcohol. Sharkey had a Massachusetts drivers license. When he pled guilty and he informed his incompetent attorney that he had four prior conviction in Massachusetts for operating a vehicle under the influence of alcohol. Sharkey asked his incompetent attorney what effect a conviction in the pending N.H. case would have upon his Mass drivers license. His incompetent attorney told him that Mass would suspend his license for the same period of the time as N.H. and advised him to plead guilty. Once the Mass DMV received notice of that plea and conviction while intoxicated in this State however, the Mass DMV revoked his license for lifetime according to there laws.

Sharkey would not have pled guilty to the N.H. charge had he known that it would result in of 18 the permanent revocation of his Mass license.

On appeal both parties agree that the license
revocation penalty imposed by Massachusetts is a
collateral consequence of the guilty plea August 2004.
In the instance case, unlike Mr. Sharkey's case
which involve driving while intoxication, where both
the defendants rely upon Counsel advise, under part
1 article 15, of the State of N.H. and the sixth Amend-
ment to the United State Constitution, were Mr. Ali's
Counsel grossly missinform him about the law, "that
the plea Nolo meant nothing" three years after
Mr. Ali found out that his counsel advise was a lie.

Strickland v. Washington, 466. U.S. 668 (1984). The Court
of appeals agrees that the sixth Amendment imposes on
Counsel a duty to investigate because a reasonable
effective assistance must be based on professionals
decision, and informed legal choises can be made
only after investigation of options. The Court
observed that counsel's investigatory decision must
be assessed in the light of the information known
at time of the decisions not in the hand sight
and the amount of pretrial investigation that
is reasonable defense precise measurement.

In the instance case, Ali's attorney had no strategic
purpose but to make a fast buck by throwing Mr.
Ali under the Bus with moral turpitude.

of 18

## ABOUSE of DISCRETION

The Judge at the hearing had best position to assess the defendant, insted according to the record, be threthend the defendant with fire years in prison. And that five years would come from the plea package that the defendant did not understood on Sept 28, 2004.

The Judge had usage, comfor level and intelligibility to assess the defendant when Counsol for the defendant advised the Court that Mr. Ali is from the Sudan, according to that, his language is other then English during the hearing. The lack of an interpeter during the proceeding inhibited the defendant comprehension of the plea and communication with the Court. As the Court failed to seek to measure the defendant comparative ability to speak or if he undersood the English language. please be advised that the defendant was in the Country for four years only when he was convicted of the Nolo plea, Both the defendant and his EX-Girlfriend were speeking language other then English. Therifor ambiguity and language barrier had an effect on the defendant plea agreement. See; Margalli-olver. v. INS, 43 F.3d 345 (8th Cir 1994). That Counsel and the Court knew the State had a hersay statement and

of 18 the Court afewir of risk of undermining the

Public confidence in the Judicial Process. They pressured the defendant into signing the plea package that he did not understood.

Please be advised, that the defendant on August 2004, was arrested on an active warrant from the Goffstown District Court for violation of protective order and also was charge with position of alcohol by a minor by Manchester P.d. As the defendant is entitled to an interpreter, the Judge at the Manchester District Court offer the defendant an interpreter because the defendant language was other than English and that conviction result in a fine of $400. And that happend the same year. See; NO # 04-069600, August 31, 2004, Attachement J.

The defendant characterizes the Goffstown District Court decision that the defendant posed a credible threat to the plaintiff's safety as based largely and relying heavily on the allegation of the prior incident of March 27th, 2004, that the Manchester District Court dismissed on May, 2004 Case NO # 04-23835, Exhibit A2 in this Court position.

The Federal Constitution offer the defendant no greater protection then does this State Constitution. Under these circumstances;

of 18

This Court must Judge the reasonableness of Counsel on the fact to the particular case. As this Court would notice on the defendant memorandum of law filed on 9/13/12, the had a reason to insist upon going to trial by jury.

This is a plain errors which is obvious and seriously affected the fairness, integrity, or public reputation of the Judicial Proceeding see; State v. MacInnis. 151 NH 732 (2007) also U.S. v. Davis, 974 F.2d 182 (DC cir 1992) (1) Denail of the trial Court to allowed the defendant to appear for the (DVP) hearing on 4/7/04 for his testimony that could have this petition dismissed (2) Denail of Attorney Ryan Norwood the assistance of Counsel and grossly misinformed the defendant about the law on 4/27/04 (3) As result of this unjust conviction the defendant on February 4th, 2008, was charged with felonies relating to this Nolo Plea.

On or about, 2008, the defendant advised his trial Counsel who represented him under conflic of interest that they failed to investigate this Nolo plea conviction, in favor of that conflic of interest they elessroled to make an agreement with the State who descriminatory over charge the defendant with double Jeopardy that prejudiced the outcome of his case.

of 10

## Conclusion

The defendant Dominic Ali, respectfully moves this Honorable Court to dismiss this Nolo conviction RSH 172-B=9, with prejudice.

The defendant is currently incarcerate for longer term as result of this bias conviction. Of Nolo conviction been upgreaded by the State in his misdemcanor offenses indictment of 2008, see PB,869

1- Allowed this Honorable Court to correct a manifest injustice;

2- As result of this Nolo conviction the defendant is facing immigration consequences of a prison sentence that result from his conviction of the Nolo been ugreadiel to felonies. And grant the defendant such other and further relief as is Just and equitable.

## Certificate of Service

I, Dominic Ali, hereby certify that a copy of motion and under penalty of perjury, has been forwarded to Assistant County Attorney Kathleen Broderick, esg, this _____ 2013 first months.

of 18    1/3/13                                            01/03/13

63 of 70

## THE STATE OF NEW HAMPSHIRE

### SUPREME COURT

## In Case No. 2013-0155, Dominic S. Ali v. Warden, Northern New Hampshire Correctional Facility, the court on June 6, 2013, issued the following order:

Notice of appeal is declined. See Rule 7(1)(B).

Under Supreme Court Rule 7(1)(B), the supreme court may decline to accept a notice of discretionary appeal from the superior or circuit court. No appeal, however, is declined except by unanimous vote of the court with at least three justices participating.

This matter was considered by each justice whose name appears below. If any justice who considered this matter believed the appeal should have been accepted, this case would have been accepted and scheduled for briefing.

Declined.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

Distribution:
Clerk, Coos County Superior Court, 214-2012-CV-00178
Honorable Peter H. Bornstein
Mr. Dominic Ali
Attorney General
File

64 of 70

# THE STATE OF NEW HAMPSHIRE
# SUPREME COURT

EILEEN FOX
CLERK OF COURT
TIMOTHY A. GUDAS
DEPUTY CLERK
ALLISON R. COOK
DEPUTY CLERK



ONE CHARLES DOE DRIVE
CONCORD, N.H. 03301
(603) 271-2646
1-888-535-1946
TTY/TDD RELAY 1-800-735-2964
www.courts.state.nh.us

March 7, 2013

Mr. Dominic Ali
Northern NH Correctional Facility
138 East Milan Road
Berlin, NH 03570

### RE: 2013-0155, <u>Dominic S. Ali v. Warden, Northern New Hampshire Correctional Facility</u>

Dear Mr. Ali:

On March 6, 2013, a filing in reference to the above-captioned matter was received in the clerk's office and has been docketed as case number 2013-0155. A court order will be issued regarding further proceedings.

All correspondence and pleadings, which are filed at the Supreme Court by any party in the case, except the initial filing of the appeal document, must have the correct Supreme Court docket number. Please refer to Rule 26.

Very truly yours,

Allison R. Cook

Allison R. Cook
Deputy Clerk

Distribution:
Clerk, Coos County Superior Court, 214-2012-CV-00178
Attorney General
File

65 of 70

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: Coos, SS Superior Court

Case Name: Dominic Ali v- Edward Reilly, Warden

Case Number: 214-2012-CV-0078.
(if known)

## MOTION FOR: Waiver of Rule 7 in part

The Appellant in the matter caption above, sui juris, and respectfully
states the following facts and requests the following relief:
that he submitted a Notice of Appeal and is without
sufficient funds to provide this Honorable Court with the
number of conformed copies required by Rule 7. The appellant
has submitted his Affidavit relative to his finacial condition
The Appellant has submitted two copies of his Notice of
Appeal with the original and has otherwise complied with
Rule 7 by sending conformed copies to the Court below and
Counsel for the parties.
WHERFORE, the Appellant prays this Honorable Court waive
the exact requirement of Rule 7 and authorize Submission-

Date  3/1/13

Signature [signature]

138 E Milan Rd, Berlin, NH, 03570

Telephone _____

Address

I certify that on this date I mailed/delivered a copy of this document to:

_____ or County Attorney
(other party)           (other party's attorney)

[signature]

Date _____

Signature

---

## ORDER

☐ Motion granted.          ☐ Motion denied.

Recommended:

_____                    _____
Date                               Signature of Marital Master

                                   _____
                                   Printed Name of Marital Master

So Ordered:

I hereby certify that I have read the recommendation(s) and agree that, to the extent the marital master/judicial
referee/hearing officer has made factual findings, she/he has applied the correct legal standard to the facts
determined by the marital master/judicial referee/hearing officer.

_____                    _____
Date                               Signature of Judge

                                   _____
                                   Printed Name of Judge

# THE STATE OF NEW HAMPSHIRE
## SUPREME COURT
http://www.courts.state.nh.us

Trial Court Name: _Coos ss Superior Court_

Trial Case Name: _214-2012- cv- 00178/ Ali v. Reilly, Warden_

Trial Case Number: _____
(if known)

## MOTION TO WAIVE FILING FEE

1. Person requesting that filing fee be waived: _Dominic S. Ali_

2. Reasons for request to waive filing fee: _Mr. Ali was found guilty after trial by Jury in 2008. He was sentenced to six years in prison. The trial Court already determined that Mr. Ali was indigent and qualified for appointed Counsele. Mr. Ali submits his financial affidavit filed with this notice of appeal in this matter, supports this contention that Mr. Ali remains in prison and indigent at this time._

For the above-stated reasons, I request that the filing fee be waived.

_3/1/13_
Date

_____
Signature of appealing party or counsel

I certify that a copy of this motion has been sent or delivered to all other parties or their counsel.

_3/1/13_
Date

_____
Signature of appealing party or counsel

**An Affidavit of Assets and Liabilities must be filed with this motion. This form is available at the Supreme Court or on the judicial branch website: http://www.courts.state.nh.us/supreme/forms/index.htm.**

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

## RULE 7 NOTICE OF MANDATORY APPEAL

This form should be used for an appeal from a final decision on the merits issued by a superior court or circuit court <u>except</u> for a decision from: (1) a post-conviction review proceeding; (2) a proceeding involving a collateral challenge to a conviction or sentence; (3) a sentence modification or suspension proceeding; (4) an imposition of sentence proceeding; (5) a parole revocation proceeding; (6) a probation revocation proceeding; (7) a landlord/tenant action or a possessory action filed under RSA chapter 540; (8) an order denying a motion to intervene; or (9) a domestic relations matter filed under RSA chapters 457 to 461-A other than an appeal from a final divorce decree or from a decree of legal separation. (An appeal from a final divorce decree or from a decree of legal separation should be filed on this form.)

---

1. COMPLETE CASE TITLE AND CASE NUMBERS IN TRIAL COURT

*Dominic S. Ali v. Edward Reilly, Warden of the Northern Correction Facility.*

*Case No. 214-2012-cv-00179*

---

2. COURT APPEALED FROM AND NAME OF JUDGE(S) WHO ISSUED DECISION(S)

*The State of New Hampshire Superior Court*

*Coos, ss : Justice peter H. Bornstein.*

---

| 3A. NAME AND MAILING ADDRESS OF APPEALING PARTY. IF REPRESENTING SELF, PROVIDE E-MAIL ADDRESS AND TELEPHONE NUMBER | 3B. NAME, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS AND TELEPHONE NUMBER OF APPEALING PARTY'S COUNSEL |
|---|---|
| *Dominic S. Ali 81129* *138 East Milan Road* *Berlin, NH 03570* | |
| E-Mail address: _____ | E-Mail address: _____ |
| Telephone number: _____ | Telephone number: _____ |

| 4A. NAME AND MAILING ADDRESS OF OPPOSING PARTY. IF OPPOSING PARTY IS REPRESENTING SELF, PROVIDE E-MAIL ADDRESS AND TELEPHONE NUMBER | 4B. NAME, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS AND TELEPHONE NUMBER OF OPPOSING PARTY'S COUNSEL |
|---|---|
| | *Kathleen Broderic, Esq 17657* *Hillsborough County Attorney* *300 Chestnut St -* *Manchester, NH 03101* |
| E-Mail address: _____ | E-Mail address: _____ |
| Telephone number: _____ | Telephone number: _____ |

---

Case Name: _Dominic Ali  Vr  Edward Reilly_  68 of 70

**RULE 7 NOTICE OF MANDATORY APPEAL**

5.  NAMES OF ALL OTHER PARTIES AND COUNSEL IN TRIAL COURT

_Ryan Norwood, with the N.H. Public Defenders office_
_Manchester NH 03101_

_New Boston Police Department._

---

6.  DATE OF CLERK'S NOTICE OF DECISION OR SENTENCING. ATTACH COPY OF NOTICE AND DECISION.

_September 28th, 2004_

DATE OF CLERK'S NOTICE OF DECISION ON POST-TRIAL MOTION, IF ANY. ATTACH COPY OF NOTICE AND DECISION.

_9/28/2004_
_2/14/2013_

7.  CRIMINAL CASES: DEFENDANT'S SENTENCE AND BAIL STATUS

_(29) Days credit in the_
_Department of Correction._

---

8.  APPELLATE DEFENDER REQUESTED?    ☐ YES   ☑ NO
IF YOUR ANSWER IS YES, YOU **MUST** CITE STATUTE OR OTHER LEGAL AUTHORITY UPON WHICH CRIMINAL LIABILITY WAS BASED AND ATTACH FINANCIAL AFFIDAVIT (OCC FORM 4)

---

9.  IS ANY PART OF CASE CONFIDENTIAL?    ☐ YES   ☑ NO
IF SO, IDENTIFY WHICH PART AND CITE AUTHORITY FOR CONFIDENTIALITY.
SEE SUPREME COURT RULE 12.

---

10. IF ANY PARTY IS A CORPORATION, LIST THE NAMES OF PARENTS, SUBSIDIARIES AND AFFILIATES.

---

11. DO YOU KNOW OF ANY REASON WHY ONE OR MORE OF THE SUPREME COURT JUSTICES WOULD BE DISQUALIFIED FROM THIS CASE?    ☑ YES    ☑ NO

IF YOUR ANSWER IS YES, YOU MUST FILE A MOTION FOR RECUSAL IN ACCORDANCE WITH SUPREME COURT RULE 21A.

---

12. IS A TRANSCRIPT OF TRIAL COURT PROCEEDINGS NECESSARY FOR THIS APPEAL?
☑ YES        ☐ NO

IF YOUR ANSWER IS YES, YOU **MUST** COMPLETE THE TRANSCRIPT ORDER FORM ON PAGE 4 OF THIS FORM.

Case Name: _Dominic Ali  v. Edward Reilly_ 64 of 70

**RULE 7 NOTICE OF MANDATORY APPEAL**

13. LIST SPECIFIC QUESTIONS TO BE RAISED ON APPEAL, EXPRESSED IN TERMS AND CIRCUMSTANCES OF THE CASE, BUT WITHOUT UNNECESSARY DETAIL. STATE EACH QUESTION IN A SEPARATELY NUMBERED PARAGRAPH. SEE SUPREME COURT RULE 16(3)(b).

_Whether the Court violated Mr. Aliis rights under part (1) article (15) of state of N.H. Constitution and the 5th, 6th and this (14) Amendment of the United State Constitution, When Mr. Aliis incompetent Counsel grossly missinter mr. Alis about the plea Nolo in failing to provide good advise and professional opinon not routinely explaine this nature of the offense. in sufficient detail. See; State v. sharkey, 155 NH 638 (2009) also Boykin v. Alabama, 395 U.S. 238 (1969) And Fillmore nf 147 NH 273 (2001)_

_Whether this Court violated Mr. Aliis rights under part (1) article (15) of this State of N.H. and the 8th and this 14th year of this United States Constitution, Denin Mr Aliis rights to testify and Call of his witness, and an interpreter during the proceeding that the court abuse its discretion and therefore! mr. Ali with five years to allowed self incrimination._

_Whether this Court error in not using its authority to the curb prosecution broud Discretion and abuse of Power and collateral damage as result of the Nolo Contendre conviction in 2008, Mr Aliis indictment was vacated to felonies in violation of mr Alli constitutional rights state and Evidence, that Warrick (16) and the 5th Amendment to U.S. constitution of 14 N4 404._

**14. CERTIFICATIONS**

I hereby certify that every issue specifically raised has been presented to the court below and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading.

_[signature]_
Appealing Party or Counsel

I hereby certify that on or before the date below, copies of this notice of appeal were served on all parties to the case and were filed with the clerk of the court from which the appeal is taken in accordance with Rule 26(2).

3 / 1 / 2013
Date

_[signature]_
Appealing Party or Counsel

Case Name: _Denise Ali_ v _Edward Reilly_ _70 of 70_

**RULE 7 NOTICE OF MANDATORY APPEAL**

## TRANSCRIPT ORDER FORM

INSTRUCTIONS:
1. If a transcript is necessary for your appeal, you <u>must</u> complete this form.
2. List each portion of the proceedings that must be transcribed for appeal, e.g., entire trial (see Supreme Court Rule 15(3)), motion to suppress hearing, jury charge, etc., and provide information requested.
3. Determine the amount of deposit required for each portion of the proceedings and the total deposit required for all portions listed. Do <u>not</u> send the deposit to the Supreme Court. You will receive an order from the Supreme Court notifying you of the deadline for paying the deposit amount to the court transcriber. Failure to pay the deposit by the deadline may result in the dismissal of your appeal.
4. The transcriber will produce a digitally-signed electronic version of the transcript for the Supreme Court, which will be the official record of the transcribed proceedings. Parties will be provided with an electronic copy of the transcript in PDF-A format. A paper copy of the transcript will also be prepared for the court.

| PROCEEDINGS TO BE TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List each day separately, e.g. 5/1/11; 5/2/11; 6/30/11) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | LENGTH OF PROCEEDING (in .5 hour segments, e.g.,1.5 hours, 8 hours) | RATE (standard rate unless ordered by Supreme Court) | DEPOSIT |
| 9/28/04 | Violation of proba sing P order, hearing | Michael d. Ryan | 15 minits | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
| 2/15/11 | Hearing to withdraw plea | Paul H. Lawrence v nolo contendere | 10 minuts | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | TOTAL DEPOSIT | $ |

| PROCEEDINGS PREVIOUSLY TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List date of each transcript volume) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | NAME OF TRANSCRIBER | DO ALL PARTIES HAVE COPY (YES OR NO) | DEPOSIT FOR ADDITIONAL COPIES |
| 9/28/04 | violation of proba sing order | Michael d. Ryan | | ☑ Yes ☐ No | TBD |
|  |  |  |  | ☐ Yes ☐ No | TBD |
| 2/15/11 | Withdraw of Nolo | Paul H. Law | | ☑ Yes ☐ No | TBD |

NOTE: The deposit is an estimate of the transcript cost. After the transcript has been completed, you will be required to pay an additional amount if the final cost of the transcript exceeds the deposit. Any amount paid as a deposit in excess of the final cost will be refunded. The transcript will not be released to the parties until the final cost of the transcript is paid in full.