Dominic Ali #642059
827 Forrest Ave
Gadsden, AL 35901                                    9/4/2014

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2014 SEP 10 A 9: 23

Office of the Clerk
United States District Court
55 Pleasant st.Room 110
Concord, NH 03301

Dear Mrs. Clerk:

        Please find enclose the original copy of my objection to this Honorable
Court finding and conclusion see; document no 46 filed on March 31, 2014. and the
States motion for Summary Judgment see; document no 57 filed on June 6,2014,with this
court ,as to petitioner writ of habeas corpus see; document no 1:12-CV- 185-JL.

    Mr.Ali has filed a motion to amend his petition on June 16, 2014, with this court in
according to this court order on June 5, 2014, to who has custody over Ali and the
respondent on this action, in which, is the States. Mr.Ali also re-filed motion 36 with this
court to vacate his Enhance indictment on June 25,2014, on claim 4(g) and 5 in which
this court allowed petitioner to re-file after all document are made part of this court
record, such, 2004, and 2011, hearing transcripts and other document in this case. If there
is a hearing issued on this matter, please allowed Mr. Ali to file a motion for Counsel.
Mr.Ali request that a copy of his objection be forwarded to the State's because he is
having finical issues for postage.

   Due to the United States Attorney General movement of Ali from facility to facility
Mr.Ali have no understanding of what's the court position in his case. Or if there is any
court order in this case that he does not know about. To Mr.Ali's knowledge, this is his
final stop. So, this court should forward any order to his address at anytime.

   Your assistance on this matter is greatly appreciated. Thank you.

              Sincerely,

                 Dominic Ali

C: file.

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Petitioner**: Dominic Ali )
)
V. )
)
**Respondent**: State of New Hampshire ) Civil No: 12 –CV- 185-JL
N.H. Adult Parole Board )
)
)
)

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28U.S.C. 2254

## Petitioner's objection to the State's motion for Summary judgment

**NOW COMES**, Petitioner Dominic Ali, Sui Juris, respectfully requests this Honorable Court to grant this petition for the following reasons states below:

### HABEAS STANDRD OF REVIEW

Federal Courts review claims asserted in 2254 petitions applies a highly deferential standard of review to state court findings and legal conclusions. Federal habeas relief is not available as to any claim adjudicated on the merits in states court, unless the state court legal conclusions or application of legal standard to settled facts "resulted in a decision that was contrary to or involved an reasonable application of clearly established federal law, as determine by the Supreme Court of the United States." **28 U.S.C. 2254** (b) (1); see also ***Robidoux v. O'brien***,643 f.3d 334 ( 1st Cir. 2011) This court applied de novo standard of review to claims that were raised in the States Court, but left unresolved by this court. See; ***Pike v.Guarino***, 492 F.3d 61, 67 (1st Cir. 2006)

If the issue is one of fact, the habeas court must "apply a presumption of correctness to the States court's factual finding and also examine whether there has been a unreasonable determination of the fact in light of the evidence presented in the States court proceeding." see; ***John v. Russo***, 561 f.3d 88,92 ( 1st Cir. 2009 ) also **28 U.S.C. 2254** (b) (2) to prevail, petitioner must show that the States court adjudication "resulted in a

1

decision that was based on an unreasonable determination of the facts in light of the evidence in the States court proceeding"; **28 U.S.C. 2254**(e) (1) petitioner must offer "clear and convincing" evidence to rebut presumption that States court finding are in correct.

## 2254 petition

Mr.Ali filed a 2254 petition in this court challenging the validity of his Class A felony conviction on multiple grounds. This court has identified the following claims in the 2254 petition in part:

1)    Ali's 2008, enhanced conviction and sentence for the second degree assault, violated his 14 teen Amendment right to due process and his Six Amendment right to a fair trial, in that;

    (a)    The statute used to enhance the charge, RSA 173-B;9,IV,III,is ambiguous, and the trial court failed to follow the rule of lenity when it allowed enhancement of a simple assault to class A felony ;

    (b)    Ali's 2008, sentence for second degree assault was enhanced based on facts not decided by the jury, in violation of Apprnedi v. New Jersey, 530 U.S. 466 (2000).

2)    Ali's 2008, conviction violated his Six Amendment and Fourteenth Amendment Rights, in that, the trial court allowed the prosecutor to divide a single indictment into multiple count conceded in petitioner's case, which over charging (a) motivated by racial bias by the Hillsborough County District attorney Brad Harbester,esq, and (b) result in jury confusion and harassment of Ali .

3)    Ali's 2008, conviction violated his Six Amendment and Fourteenth Amendment Rights to due process and a fair trial , in that, his conviction was based on the victim's false testimony, which the prosecutor knew to be false, and improperly coerced from the victim.

4)    NHPD Attorney Helen Sullivan ,esq. and  Aileen O'Connell,esq provided ineffective assistance of counsel at trial and in pretrial proceeding ,in violation of Ali's Six Amendment Rights, in that they :

2

a.   Failed to depose all witness ,including the unqualified State's expert's, pretrial ;

b.   Failed to consult with important expert's witness for defense to rebut the State's expert's lies;

c.   Failed to investigate the statute of the state's child protective serves investigation of the victim DCYF ;

d.   Failed to introduce evidence regarding the victim's alcoholism, drug addiction ,mental illness ,and frequent failure to take prescribed medication ,which if admitted ,would led the jury to question her credibility ,when she was convicted of shop lifting and return stolling items for back money from the store .

e.   Failure to object to the prosecutor's introduction of the testimony of the victim, knowingly that the State's had called her as a witness despite knowledge that her testimony was false and coerced by the State's.

f.   Failed to object to the State's expression of his country song in a way of opinion to Ali's guilt for sympathy from the jury during State's summation.

5)   Ali receive ineffective assistance of counsel from the NHAD Attorney Paul Borchardt,esq, in his direct appeal in violation of Ali's Six Amendment Rights, in that, Attorney Paul Borchardt ;

a.   Failed to brief important well discussed issues and promise by trial counsel and sentencing to be raised on appeal, including the trial court's "playing the mind reader" to misinterpretation of the application of RSA 173-B;9,IV,III,(b) to enhance a simple assault misdemeanors to class A felony on a statute that ambiguous on its face ;

b.   Acted under a conflict of interest, based on the affiliation of the NHPD and NHAD see; State v. Veale, 154 NH 730 (2007) offices which precluded him from presenting ineffective assistance of counsel claim on appeal

3

about trial counsel's and to withdraw nolo conviction which also resulted form faulty advise from an incompetent counsel and it requires a hearing on that matter, and;

   c. Failed to brief any issue upon which the NHSC could reverse Ali's Unconstitutional Class A conviction and sentence of 2008.

6) Attorney Al-Marayati provided ineffective assistance of counsel in connection with Ali's motion for a new trial in violation of his Six Amendment rights in the post-conviction pre-appeal period in that counsel incorrectly misinformed that trial counsel's had done everything for his defense and appellate counsel's is providing effective assistance which led Ali to believes that appellate counsel's is briefing every issue promised by trial attorneys and therefore, he manipulated his way to withdraw Ali's motion for new trial .

7) Ali's 2008, conviction and sentence violated his Fourteenth Amendment rights to due process of law, in that the NHSC Carol Conboy, who participated in the review of his Superior Court conviction in 2008, was biased because ;

   a. In March 2004, as a Superior Court Justice, she issued a temporary protective order to a false domestice violence matter (1) when the court did not have sufficient allegation of fact to support the issuance of ex-party temporary protective order to the victim (2) by law, RSA 173-B; 5, require that the court "must make specific finding of a criminal conduct" in order to issue a final restraining order that involving Ali, and as evidence ,Ali was found not guilty of the insufficient allegation of fact that Justice Conboy thought their was. See; Fillmore v. Fillmore, 147 NH 283 (2001).also, See; Exhibit filed by Mr.Ali with doc 36 in this court record.

## PROCEDURAL BACKGROUND

In or about 2008, petitioner was assigned two incompetent attorney from the New Hampshire Public Defender's Office to represent him in this case. Petitioner was charged with one count of simple assault, false imprisonment and abstraction to report a crime, all which misdemeanares.The States after reviewing the petitioner criminal record, they found out that the petitioner was convicted of violation of proactive order in 2004, and therefore upgraded petitioner's simple assault to Class A felony and two misdemeanors .Due to trial counsel's incompetent ,The State re-indicted petitioner with full recklessness

and disregards to the N.H. Superior Court with three count of felonies and five misdemeanors . See; **State v. Marcoux**, 154 NH 118 (2006).

## LEGAL ARGUMENT AND PROCEDURE

Before trial, petitioner advice his counsel's to investigate his prior conviction in 2004, Nolo contender plea that he didn't know about till 2008, indictment, and that his plea was not intelligently and voluntary made. Because his attorney from the New Hampshire Public Defender's Office misinformed him about the law and states that it "mean noting". See; **Boykin v. Alabama**,395 us 238(1969) .One counsel's withdraw from petitoner's case and then from that same office, attorney Aileen O'Connell, esq was assigned as Petitioner primarily trial counsel to work along side attorney Helen Sullivan, esq. Trial counsel's made up excuses and never requested to file a motion to withdraw nolo contender plea .because petitioner's requests constitute CONFLIC OF INTEREST with the NHPD and requires a hearing before the Court .See; **United States v. Segarra-Rivera** ,473 f.3d 381,383( 1st Cir.2007)Therefore, prior to trial, petitioner incompetent attorney's once again mislead him to assigned a stipulation removing the fact of the 2004, nolo contender conviction from the jury consideration ,and allowed the bias court(James Barry) to make the finding on that issue, which he sentenced petitioner for Six to ten years to the NHSP.

## MOTION TO DISMISSED INDICTMENT

Petitioner's 2008, enhanced indictment that led to States conviction and sentence for the second degree assault, violated his Constitutional Rights States and Federal, the Six, and the 14 teenth Amendment in that the statute use to enhance the charge RSA 173-B: 9, IV, III is ambiguous, See; **Franklin v. McCaughtry**, 398 f.3d 955(CA 2005) and the trial court (Gillian L. Abrahamson) prejudice and failed to follow the rule of lenity when it allowed enhancement of petitioner's indictment. With respect to this court opinion. petitioner's claim challenging the trial court misinterpretation of the statute RSA **173-B:9,IV,III** is not a non frivolous claim.(1) Trial counsel's promised to raised this claim on appeal to the N.H.Supreme Court .(2) The N.H. Supreme Court has not yet interpret this statute (3) This claim was raised by an attorney Anthony L. Introcaso a contract counsel's for the petitioner with 30 years of been a trial lawyer .(4) This claim was discussed among trial counsel and Introcaso to be forwarded and raised before the NH

5

Supreme Court.see; petitioner mondetory appeal, and petitioner counsel's affirms that ,this is the stronger issue needed to be raised on appeal. With the misinterpretation of the statute, the States charge the petitioner with 7 and half to 15 years of imprisonment. As a matter of law, its petitioner's freedom and library in hand and that's why it's the stronger issue. See; **Glover v. United States**, 531 us 198,203,121 S.Ct 696,148 L.Ed.2d 602(2001); **United States v. Chase**, 499 f.3d 1061, 1068(9th Cir.2007); **Alaniz v. United States**, 351 f.3d 365,368(8th Cir.2003). (concluding that an error increasing a defendant sentence by as little as six months can be prejudicial within the meaning of Strickland).Mr.Ali's sentence was increase from 1 year to 15 years maximum.

## CRIMINIAL LAW AND PROCEDURE >GENERAL OVER VIEW, GOV LEGISLATION >INTERAPATATION

The New Hampshire Supreme Court previously noted that the rule of lenity serve as a guide for interpreting criminal statutes where the legislature failed to articulate its intent unambiguously. See; **Macleod**, 141 NH 434(citation Omitted). This rule of statutory construction generally holds that ambiguity in a criminal statute should be resolved against an interpretation which would increase the penalties or punishment imposed on a defendant.See;**State v. Dansereau**,157 NH 596,965 A.2d 310(2008). Id. (citation omitted) "it's rooted in the instinctive distaste against man languishing in prison unless law makers has clearly said they should". See; **United States v. R.L.C.,**503 us 291,305,112,s.ct.1329,117 L.Ed.2d 559(1992)(plurality opinion )(guoting **United States v. Bass**,404 us 336,L.Ed.2d (1971) By applying the rule of lenity ,the court reject the impulse to speculate regarding a dubious legislative intent "and avoid playing the part of a mind reader" **United States v. Santos**,128,s.ct,2020,2026,170 L.Ed.2d 912 (2008).(plurality opinion ) In the instance case, the court (G.Abrahamson )constructively played the mind reader in denying petitioner's motion to dismissed indictment before trial and during petitioner's Habeas Corpus proceeding in **Ali v. Gerry** ,NH State prison Wardan.And this is not the first time that the court abused its discretion to prejudice petitioner case where it involve the States harassment ,confusion and over charging that the court failed to step in and dismissed on double jerbeordy grounds where the State over charge the petitioner with the same element that could not be prove. The court denied that motion and petitioner appeal before the N.H. Supreme Court where the State

6

after its harassment and collateral damages requested to withdraw its prejudice indictment on its brief, Thus it violates petitioner's due process of law. The N.H. Supreme Court has not yet interpret the statute RSA 173-B; 9, IV, iii. Therefore, the portion of the petitioner extended sentence imposed term of imprisonment is unlawful.

The U.S. Supreme Court found that the use of comparative grounds was arbitrary and capricious and violate the administrative procedure Act. "We will be constrained to interpret any ambiguity in the statute in petitioner's favor" See; **leocal v. Ashcroft**, 543 us 1 (2004). As a general matter, conviction obtained in a proceeding in which a criminal petitioner lacked the effective assistance of representation of counsel, cannot be used to enhance punishment upon subsequent conviction. See; **Culver v. Sullivan**, 446 us 335 .**Dansereau,** the plain language of RSA 651:6, II (a) requires a defendant to have "twice previously been convicted... on sentence in excess of one year."(Emphasis added.)The NHSC agreed with the defendant that, in a normal parlance, a person is not "convicted on sentence." Rather, a person is convicted of a crime and then sentenced. Indeed, subsection (b) of RSA 651:6,II requires a defendant to have previously been convicted of a violation of a particular statutory provision or convicted of any crime involving certain factual circumstances. The court review of the statutory scheme similarly reveals no other provision using the terminology "convicted on sentence". Future more, a plain reading of the phrase " convicted on sentence " suggests that the sentence must have resulted (956 A.2d 313 ) in conviction, cf. **State v. Kiewart**,135 NH 338,349,605 A.2d 1031(1992)-a construction completely contrary to common sense. Accordingly, the Court agreed with the defendant that, on its face, RSA; 6, II (a) is ambiguous. And their fore, the legislative history to discern the intent behind this statutory language.**Whittey,** 149 NH at 467.Citiation Omitted)

The "legislature must be presumed to know the meaning of word, and to have used the word of a statute advised." The legislature has demonstrated that it does recognized a distinction in meaning between the words "charge with" and "sentence to" and uses them deliberately. To presume the legislature must have meant something other then "charge with" when the words "charge with" have a clear and concise meaning in not proper interpretitation.

7

## THE LEGISLATURE CLEARLY STAES WHEN AND UNDER WHAT CIRCUMSTANCES ENHANCED PENALTIES AVALABEL.

A review of other statute indicate that the legislature clearly provided for enhanced penalties when it intends to do so and plainly states under what circumstances such penalties are available. For example: RSA 633:3-a, IV (a) the stalking statute provides:

"Any person convicted of a violation of this statute and who has one or more prior stalking conviction in this state or another state when the second or subsequent offense occurs within 7 years following the date of the first or prior offense shall be guilty of a class B felony."

The plain language of this statute indicates that one prior conviction for stalking automatically means an enhanced penalty for any subsequent offense that would otherwise be a misdemeanor.
Similarly, RSA 265-A: 18.IV, the DWI sentence provision, provides for an enhance penalty after only one prior conviction. The language of the statute is as follows:

"Upon conviction of any offense under RSA 265-A:2, I or RSA 265-A:3,based on a complaint which alleged that the person has had one or more prior conviction under RSA 265-A:2.I, or RSA 265-A:3,or RSA 630:3,II or under reasonably equitant offense in an out –of –State jurisdiction, within 10 years proceeding the date of the second or subsequent offense ,the person shall be subject to the following penalties in addition to those provided in paragraph I....

As with the stalking statute, this statute provides for an enhanced penalty after one conviction.

The language in RSA 633:3-a, IV (a) and in RSA 265-A: 18, IV both unambiguously provide for an enhancement with only one prior conviction. Had the legislature intended RSA 173-B: 9, IV, III, to provide for an enhancement after only one prior conviction for

8

violation of a protective order the language in the statute would resemble the language in the stalking and driving while intoxicated penalty statutes.

Ultimately "the legislative intend is to be found in what the legislature might have said, but rather in the meaning of what it did say".**Caswell**, 121 NH at 1051 (emphasis added).RSA 173-B: 9, IV, III states that any person with a conviction for a violation of a protective order within six years who "subsequently commits and is convicted of one more offenses involving abuse may be charge with an enhance penalty for each subsequent charge". The plain meaning of the statute requires two prior convictions, the first for violation of a protective order, before a third or subsequent charge may be enhance. In the instance case, Mr.Ali has one conviction obtain in a proceeding which he lack the effective assistance of counsel ,before being charged with these pending matters which's his 2008, indictment ,his charges cannot be enhance as a matter of law .

## FAILURE TO DEPOSE AND HIRE EXPERTS WITNESS

Under equal protection, the petitioner soughs to depose not only the Doctor, EMT but all witness who testified for the States on trial September 25, 2008. Petitioner's incompetent trial counsel's contends that the State has not complied with Superior court Rule (98) throw a motion. The court finds and ruled that counsel's has been provided with Discovery in according with rule (98) and has known of the State's intend to call its witness on trial .See; **Rickey v. Bradshaw**, 498 f.3d 344 (6th Cir. 2007) Trial counsel's made up another excuses, that their unable to make an informed decision to seek an important expert witness for the petitioner. Trial counsel's cities **State v. Martin** ,142 NH 63 (2007).Before trial ,counsel's were asked by the court "if desire to take deposition of the State's experts witness" Counsel's gave no answer. And that's not a reasonable sound strategy by competent trial counsel's, when they complained so much . Petitioner asserts that trial counsel's failure to depose State's expert witness including the EMT and physician because the diagnosis was dubious. Their was hair fracture collar bone, broken collar bone and dislocated collar bone. By law, these EMT and Physicians are not properly qualified as an expert pursuant to the New Hampshire Rule of Evidence 702 and 703 .See**: Lindstat v. Keane**, 239 f.3d 191(CA 2d .2001); EMT testified that petitioner victim dislocated her caller bone and then the Physician with element of surprise testified that the victim injury's limited her ability to lift objects and her

9

movement to any where and ability to put weight on her shoulder or any pressure on her arm.See**;State v. Laurie** ,139 NH 325 (1995)The victim testified that ,she lifted her 5 year old out the window to run to her neighbor house, in the 3rd floor .See; **State v. Whittaker**, 158 NH 762 (2009)also, **House v. Balkcom**,752 f.3d 608(CA 11 1984) Had trial counsel's consulted with an expert of their own, he could have provided the scientific and technical or other specialized knowledge that would assist the jury and defense facts in the issue of the State's claims of serious bodily injuries or it just a frame work .Because of the jury limited knowledge or experience, counsel's could argue what the evidence proves and what constitute conspicuous serious bodily injures. Because their 3 of them in this case. And petitioner doubt if there is one. Petitioner have a witness who saw the victim holding her infant on that broken shoulder the next day after the incident at a friends house to both petitioner and the victims drinking .The State's expert's witness gave unfaithful testimony and failure of trial counsel's to depose and call petitioner's witness prejudice petitioner's resulting in an reliable or fundamentally unfair outcome of the proceeding. See **;Pavel v. Hollins**, 261 f.3d 210 (2d Cir.2001).RSA 517:13.III, States law states "In a felony case either party may take a discovery deposition of any expert's witness who may be called by the other party to testify at trial". The Federal Government is required by Rule 12-I, 16 &26-2, of Federal Rule and procedures to disclose other information upon petitioner's request. Rule 16 Discovery and inspection allowed petitioner to discover (5) types of information before trial;

(1) Petitioner own oral, written and recorded statement (2) petitioner prior criminal record (3) Cretin document and objects (4) Cretin Examination and test Result (5) Experts testimony and upon which the States intended to rely. These potential benefits of a pretrial deposition would alter the states weak case and present an affirmative cause that the charge crime is not accord and the victim stories is not credible. "Hoping to poke" holes by cross –examine the stats experts witness was not sound trial strategy by inexperience attorneys who never took a case to trial. Its reversible error and this court must over rule the trial court decision because had not been for these incompetent counsel's Ali would have prevail and exclusion of the States experts bias testimony would have been allowed. .

## **FALURE TO OBJECT TO MISCONDUCT**

Petitioner asserts that his incompetent trial counsel's failure to object to the prosecutor introduction of the victim bias testimony knowingly it was false and coerced by the States, Violates Mr.Ali's Six Amendment Rights to effective assistance of counsel. see ; **Davis v. Alaska** ,415 us 308 L.E.d.2d(1974) also, **Burns v. Gammon**,260 f.3d 892 (2001).The petitioner claim that the States witness abused drugs , alcohol and failed to take prescription medication for her mental illness and incompetent counsel's failed to introduce that evidence to impeach the victim. See; **State v. McGill**,153 NH 813 A.2d(2006) " Mental instability is only relevant to credibility when during the time of the event in question the witness exhibited a disposition to lie or hallucinate or suffered a sever mental illness or suffered from a sever mental illness that dramatically impaired his or her ability to perceive and tell the truth". Petitioner's victim gave statement and testimony under oath before the bias court and it's on the record:

> (1)    The victim testified that she was kick with a steel tow boots and that's was lie.
>
> (2)    The victim testified that she was hit by a soda can 30 time in the head and that's was a lie. T1 31-32.
>
> (3)    The victim testified that petitioner took her cell phone that never been found on him, and it was a lie.
>
> (4)    The victim testified that her arm or shoulder was hurt and "Paine was every were", that she couldn't move and that's was a lie, because she lifted the window frame and her twin out the window and lift Mr.Ali who the monster in this case with her six months infant in the house and jump out the window to her neighbor to call the cops. When her injury limited all that movement.T1.45, 46, and 78.
>
> (5) The victim said the petitioner stood on her while she was down, And that's was a lie.

When the States have no credible evidence to support her testimony. See: **State v. Laurie**, 139 NH 325 (1995).

The victims have severed mental illness that dramatically impaired her ability to tell the truth. This problem impacted her memory and ability to perceive or recount event accurately.

In August, 2008, incompetent trial counsel's failed to elicit testimony from the victim at trial about a DCYF case that was open the night of the incident and during trial that counsel's failed to investigate precluded the introduction of that evidence to impeach Sara Nagy and show her serious motive to lie and counsel's failed to mention in court that it was open the night of the assault. and the State's objection is Because DCYF could secure the transcript of the criminal trial for use in later family court proceeding against Sara Nagy. See; **Chambers v. Mississippi**, 410 us 284 L.Ed.2d. (1973) The petitioner was desire to obtained this privilege information under the six Amendment and the trial court must permits the petitioner to use privilege martial, if its essential and reasonable necessary to permit counsel's to adequately cross- examine for the purpose of showing unreliability and bias with out an objection .see; ***State v. Gagne***,136 NH 101 (1992).

There is no rational trier of fact viewing all of the evidence and reasonable inference from it in the light most favorable to the States could have found guilt beyond a reasonable doubt .When the evidence is solely circumstantial in this case, it must exclude all relational conclusions except guilt .The States had its prejudice song on the radio and stereo type that had nothing to do with this case. It's the court of law not a karayoke club. The matter to the fact is, its primary purpose or effect is to appeal to the jury sympathies to arouse its sense of honor, provoke its instinct to punish because petitioner who is a black man and trigger other mainsprings of human action that cause all white jury to base its decision on something other then the established proposition in this case. There is insufficient evidence to prove beyond a reasonable doubt that petitioner committed the offense charge because the States evidence was circumstantial and failed to eliminate other possibility to the victim injury. Sara Nagy fabricated stories and she is known by the family to be a liar and untrust worthy. She has receive promise from the State for her fabricated testimony and had a powerful motive to lie to the cops about what happen on Feb 4,2008, and that prejudice petitioner 's case because the court allowed the jury to in

12

gage in a perjury. See; *Napue* v. *Illinois*, 360 us 246 (1959) Also, *Tucker v. Prelesnik*, 181 f.3d 747 (CA 6th Cir 1999).petitioner is not guilty of the crime charge.

## CLAIM 6TH .DENAIAL OF ASSISTANCE OF COUNSEL BY APPELLATE DEFENDER'S

Petitioner assert that Attorney Paul Borchardt,esq represent him while operating under conflict of interest .Petitioner further assert that counsel provided deficient appellate representation  by failing to brief all of the issues raised in the notice of appeal See; **Evitts  *v. Lucey***, 469 us 105 ,S.ct L.Ed.2d 821(1985) Trial counsel's and his sentencing counsel  promised petitioner that this issue of misinterpretation the State law that was ambiguous  should be raised on appeal .And appellate counsel never consulted with the petitioner to not raise this issue. Claim 1 (a) and 2 (b) and Strickland trial counsel's claims. With respect to this court opinion, "this is not a non frivolous claim". four attorneys agreed to these claims to be raised before the NH Supreme Court ,See; **Roe v. Flores-Ortega** ,528 us 470,120 S.Ct. 1029,145 L.E.d.2d 985(2000)The petitioner request that appellate counsel should raise these issue on petitioner's  Brief and he advised petitioner to "do it him self" See; motion with the NHSC on October 6th ,2010,petitioner filed  defendant fact ,argument and applicable of law in support of his brief to the misinterpretation of the law by the trial court ,because the statute RSA 173-B;9,IV,III  is ambiguous on its face. And it should be resolved in favor of the petitioner by law as required. See; **Rodriguez v. United States**, 395 us 327, 89 S.Ct. 1715, 23 L.E.d2d 340(1969). And the New Hampshire Supreme Court decline to rule on petitioner's motion, Because he was represented by his incompetent appellate defender at the time. Or either these counsel's lied to the petitioner and that's why they all violated petitioner's Six Amendment Rights to competent assistance of counsel demanded in a criminal proceeding. Attorney Paul Borchard, esq, has bad rap sheet among inmates in the NH State Prison that he works as an agent with the Attorney General Office to maximize inmate's likelihood of their cases to succeed on appeal. And for a fact, he no longer works as an appellate defender's. Therefore, his denial of assistance of counsel violates petitioner's Six Amendment rights and his representation is the cause for the procedural default of claims 1 (a) and 2 (b). And so as attorney Gahzi Al-Marayati, who reviewed petitioner's brief issues and affirms appellate defender's decision not to raise

petitioner's most important claim, the misrepresentation of the statute and other issues. Petitioner is still affected by that conviction and sentence. Gahzi was interested in a fee. **Strickland v. Washington**, 466 us 668 (1984)

The petitioner admit that he did not know why his trial counsel's withdraw from this case and why they identify conflict of interest right after trial .After doing law research, conflict of interest existed from the moment petitioner advised trial counsel's about his unknown conviction from 2004, the Nolo contender upon false advise by attorney from that same Office or "firm" as his trial counsel's .And that cerates mistrust between petitioner and his counsel's. Especially after known that attorney Ryan Norwood, esq from the New Hampshire Public Defender's Office lied about the meaning of the law. He advised the petitioner to plea Nolo contender because "it means nothing" Petitioner admits that attorney Introcaso, was appointed after a conviction has been render against him and he told petitioner that his lawyer's were young and incompetent.

The Court need to look to the facts of this case. Strickland, See; ***State v. Veale***, 154 NH 730(2007). As general rules of the NHAD "it will not seek ineffective assistance of counsel's issues". In or about January, 2010, petitioner filed a motion with the New Hampshire Supreme Court claiming ineffective assistance of counsel for the first time seeking the appointment of new counsel. The NHSC stayed the direct appeal to allowed petitioner to file a motion with the trial court to set aside the verdict. Without any assistance of counsel and with help of another inmate who has been wrongly convicted and his counsel was from the NHAD and Mr. Paul Borchardt, esq. was his counsel; he describes Mr.Borchardt as a "peace of shit" to Mr.Ali. Petitioner filed a motion for new trial based upon ineffective assistance of counsel's and ground of interlocutory appeal .Then a non appellate counsel was appointed to represent petitioner in the Southern District Superior Court. This is Attorney Ghazi Al-Maryati who grossly misinformed the petitioner about the facts of this case.

**CLAIM 9**

In March 2004, Conboy as a Superior Court Justice, she issued a temporary protective order to a false domestic violence matter which involved Mr.Ali (1) when the court did not have sufficient allegation of fact to support the issuance of ex-party temporary protective order to the victim (2) by law, RSA 173-B; 5, require that the court "must make specific finding of a criminal conduct" in order to issue a final restraining order that involving Ali, and as evidence ,Ali was found not guilty of the insufficient allegation of fact that Justice Conboy thought their was. See; **Fillmore v. Fillmore,** 147 NH 283 (2001). Justice Conboy participated in Ali's review of his 2008, conviction on appeal by the NHSC, see; State v. Ali, No 2009-0140 (Dec.13, 2010) and denies Ali's every pro-se motions (1) to appoint new counsel other then appellate defender's on July 7,2010, and (2) motion to file pro-se brief issues in his direct appeal which his appellate counsels refused to file and its stronger issues that petitioner's trial counsel's agreed upon that it should be raised before the NHSC the misinterpretation of the law RSA 173-B:9,IV,III. At the time of Ali's appeal, he did not know that this is the same Justice who prejudice against him in 2004, as a NHSC Justice not after he received document of the dismissal of that case of domestic violence against him from Manchester District court on May 21, 2004.This court have all these document as evidence to support petitioner's conclusion. See; doc 36 filed with this court and exhibits. Petitioner agreed with this court that his "direct appeal of the 2008, conviction did not involve any direct or indirect challenge to the validity of the 2004, conviction". And the reason why, because petitioner was represented by these incompetent attorney's who did not want to raise all these issues before the court of the law when petitioner have prove and is innocent and wrongly convicted in 2004 upon faulty advise from NHPD attorney. Justice Conboy role limited or unlimited is not the case before this court, with all due respect. She had a chance to correct Mr.Ali's 2004, protective order conviction because she issued that order on March 29, 2004, and it was against what the law said See; RSA 173-B: 5 and doing so, she denied petitioner's every motion in this case. And it's for good cause showing.

.

## DENIAL OF CONSTITUTIONAL RIGHTS STATES AND FEDDERALS

The Court of appeals agrees that the Six Amendment imposes on counsel's a duty to investigate, because a reasonable effective assistance must be based on professional decision and informed legal choices can be made only after investigation of options.

The court observes that counsel investigatory must be assisted in the light of the information known at the time of the decision not in the hand sight and amount of pretrial investigation, that is reasonable defense and precise measurement .And these are claims 4 (a) (b) (c) (d) (e) (f) and (g) that attorney Al-Marayati constructive denial of assistance of counsel legally presumed to result in prejudice. His advice is not within ringed of competent demanded attorney in a criminal proceeding .when looking to the facts presented in this argument by the petitioner. With respect to this court opinion. Attorney Al-Marayati k new petitioner was motivated   primarily by a strong desire not to have appellate defender's represent him in this case, for the fact that he would not raise all the issues promised by petitioner's counsels. For lack of better terms, the petitioner was forced to be represented by all these incompetent attorney who violated petitioner's every Constitutional Rights and the court is forcing petitioner to except responsibility of these unloyal incompetent, sale outs attorneys who interested in a fee. See; **Stoia v. U.S.** 109 f.3d 392 (CA 7 1997) and that continue from 2004, nolo conviction. These incompetent counsels's prejudice petitioner's resulting or fundamentally unfair outcome the proceeding and rest of the perceived weakness of the prosecution case. See; **State v. Sharkey**, 155 NH 638(2007.also; **Robison v. Norris**, 60 f.3d. 457 (CA 8 1995).

The Constitutional requirement of substantial equality   and fairness process can only be abtaine  where counsel act in the role  of an active advocate on behalf of his client  and opposed to that  of amicus curiae the no-merit letter and procedure it trigger don not reach that dignity. Counsel should and can with honor without conflict can be more then an assistance to his client and the court. His role as an advocate requires that he support his client to the best of his ability to seek justice. Here the trial court admitted that "it will appoint counsel for the petitioner to advise and represent the him with respect to the merits of his ineffective assistance of counsel claim" but failed to admits whether counsel provided faulty advise about the material fact of this case or whether he consulted with the petitioner to just withdraw his motion for new trial that petitioner some how filed for

no reason with the court to waist judicial process. As a matter of law, petitioner assertions of ineffective assistance of counsel simply can not excuse a lawyer for failure to inform and then advise his client, the purpose if advice is to have an effect on the petitioner view of what he should do or have done. Especially when petitioner was not the one who put the motion together and was lack of understanding to the American legal process because he is from Africa and didn't know what he needed to do or what to ask for. Counsel knew that petitioner was primarily motivated by a strong desire not to have an ATTORNEY FROM THE NEW HAMPSHIRE PUBLIC DEFENDR'S represent him in this case. Especially when he was sold out by attorney's from that office. And just lost his trial with two incompetent counsels's who made up excuses all over this case. And the other reasons that counsel knew that appellate defender's would not raise any ineffective assistance on behalf of the petitioner .see; **State v. Veale**, 154 NH 730 (2007).that was right from the get go. Counsel knew of petitioner's desire and because the accurate and full receipt of counsel manipulation and opinion concerning the appeal that raises no reversible error, counsel advice can often change his cline's thinking on the critical issue. It axiomatic that a petitioner may waive his right to conflict free representation See **United States v. Garcia** ,517 f.2d 272 , (5th Cir. 1975) However, the effective of waiver of a Constitutional rights require that the waiver must be an "intentional relinquishment of or abondmen of known rights" **Garcia** ,517 F.2d at 276,quoting **Johnson v. Zerbst** ,304 us 458 (1938 ).(1) petitioner must be told there is a conflict of interest s(2) must be informed of possible consequences to his defense that a conflict may have and (3) he must be informed of his rights to another attorney. See **Duncan v. Alabama**, 881 f.2d 1013 (11th Cir. 1989). (Citation Omitted)

The U.S.Supreme Court states in **kimmelman v. Morrison**, 477 us365,378,91,L.Ed.2d 305,321,106,s.c.t.(1986) That "a layman will ordinarily be unable to recognized counsel's errors and to evaluated counsel's professional performance ,consequently a criminal defendant will rarely know that he has not been represented competently until after trial or appeal, usually when he consults another lawyer about his case. Indeed, an accused will often not realize that he has a meritorious ineffectiveness claims until he begins collateral review proceeding, particularly if he retained trial counsel on direct appeal."Id.(citation omitted ) In the instance case, Mr.Ali was not qualified to know or

17

understand whether he had been represented competently at the time he was on trial
.Mr.Ali have no <u>CRIMINAL RECORD IN THIS COUNTRY</u> and never been convicted
of a felon until his 2008, unconstitutional states conviction. For good cause shown,
Mr.Ali's claims should not be procedurally buried because of his incompetent counsel's
who did not raises them on direct appeal citing **United States v. Frady,**456 us 152,167-
168,71 L.Ed.2d 816,102 S.Ct.1584(1982).Therefore, prejudice is shown.

**Strickland v. Washington**, 466 us 668(1984) The deficient performance prong of
Strickland test turns upon a determination of whether counsel assistance was reasonable
considering all circumstances. The court must judge the reasonableness of counsel on the
fact to particular case. A petitioner claiming ineffective assistance of counsel must show
(1) that counsel representation fell below an objective standard of reasonableness and (2)
that counsel deficient performance prejudice his case,

   Second part of Strickland requires a criminal defendant to show prejudice form
counsel's deficient performance for the purpose of establishing ineffective assistance of
counsel under Federal Constitution Six Amendment where such claim involves counsel
performance during the course of legal proceeding -either at trial or appeal (a)
Showing how specific errors of counsel undermine the reliability of finding of guilt or (b)
demonstrating that attorney errors actually had an adverse effect on the defendant case.

         In the instance case, there is no trier of fact will find the petitioner guilty beyond a
reasonable doubt, with all the trial court and the States racial bias, harassment, confusion,
over charging and engaging the jury in misconduct, allowing unqualified expert's, given
personal opinions, and trial counsel's incompetents .even if all evidence is put in the
favor of the States. The petitioner argue that his all appointed attorney on this case
performance fell below an objective standard of reasonableness in failure to disclose
martial facts or misrepresentation of martial facts in this case. The Court in Strickland
states "that purpose of effective assistance is guarantee of the Six Amendment is to
....ensure that criminal defendant receive a fair trial" .Id at 689.and none of Ali's counsel
has made sure that should happen. Every counsel's making excuses to their own laziness
and needs based on that is sound trial strategy to maximize their work on each case.
 There is a reasonable probability that had not been for these incompetent attorney's who
represent petitioner in this case. Ali's claims would prevail on trial and appeal. Just

looking to the facts of this case and weakness of the prosecution evidence, there is no trier of fact will find Mr.Ali guilty beyond a reasonable doubt. In addition, prejudice has been shown.

The neutrality requirement helps to guarantee that life, liberty, or property will not be taken based on an erroneous or distorted conception of facts or the law. See; **Mathews v. Eldridge,** 424 us 319 S.c.t. 2d (1976) at the same time it preserves both the appearance and reality of fairness "generating the feeling so important to a popular government that Justice has been done".**Jonit Anti Fascist Committee v. McGrath**, 341 us 123 S.ct.L.Ed.2d (1951) be ensuring that no person will be deprived of his interest in the absences of a proceeding in which he may present his case with assurance that the arbiter is not predispose to find against him. At "409 us 387" (1985).

The New Hampshire Superior Court and the Supreme Court provided well known incompetent attorney who works within the State of New Hampshire Bar and involve in the Criminal defendant defense who keeps constructively denies, deprive and jeopardize the petitioner's case, by not providing the guiding hand of the assistance of counsel's as the United Stats Constitution guarantees. The State's hypercritical against the petitioner and its hippaccerssy torturing the petitioner by having him in the cruelest maximum County jail in the State of New Hampshire for one year using petitioner's violation of protective order of 2004 and his three felony indictments before the Superior Court to asked for excessive bail and called Immigration to put hold on the petitioner's is not justifiable by law. With respect to petitioner's stay and his disciplinary infraction written by staff, who's not subject to cross-examination. See: **Abu kargbo v. H.C.D.C.S.** Doc No; 11-CV-00130, with this court. The bias trial court and the State is entitle to there opinion to recall how brutality the petitioner was against his victim and that's why it denies petitioner's request for an expert's witness who will show there is no torture or any brutality in this case, and petitioner is innocent of the crime charged.

19

On Feb 4, 2008, the petitioner left the victim at her sister's house at Dover N.H. after her been intoxicated and durged out with heroin. She started a fight with the petitioner over money that she wanted for drugs. Petitioner left Dover around 3; 30 Am and come home to Manchester and left her behind .On the night the incident, the petitioner asked if the victim wants to watch the Super Bowl together. The victim stated that "she wants to go bed because she is really not feeling good from the other night". The petitioner then states that he will go to his friends around the area to watch the game .Some how, the victim became up set, of why the petitioner wants to go out and hang out with other people like girls etc with his friends because his friends always have them over and he's a single person. Over jealously, the victim invited one other man to come over for a drink and maybe use him for drugs money. Christy Bean was staying over with the petitioner and she's petitioner's friends in the first place and she's dating petitioner's friend. Well supported by the record developed at trial, that the State's two star witness beside the victim who were in the house the night of the incident never testified during trial for the State, one witness for the State's was down stairs in Court who refuse to come and testify, that the petitioner "went into the bedroom and start hitting the victim with his fist" there is no evidence to support that and called her a "whor". Due to the victim mental illness and paranoia and seen the argument between petitioner with another man who was in his house past mid night, she was in faire. petitioner's victim abused drugs and gives sexual favor for drugs money to support her habits. Been abused in the past by her four baby father's of her 7 kids, and multiple boy friends in the side, she though the petitioner is coming after her. The States alleged that Christy Bean petitioner's friend was left behind with the kids when the victim jump out the window and fracture her caller bone while doing that, that simply is not true. Christy when up stair to the neighbor house because she did not want to be part of other couple argument, and she gave statement to the cops that night.

### BACKGROUND

Petitioner is a native of Sudan and a citizen of Sudan with lawful permanent resident status from the United States Government .Petitioner lived in the State of New Hampshire for the past 7 years until his arrest of Feb 4, 2008.;petitioner criminal record consist of nolo contender in 2004, disorderly conduct conviction in 2006,  upon faulty advises by counsel's  of plea bragging .Petitioner when to high  school in that State and worked for McDonald's for six months as a kid, and  as a technical mechanical and a welder with the North American Equipment Upffiter,Inc at Hook set, NH for 3 years and half. And for other company within the State such as, temp agency like, H & R Block, Encore Staffing Inc, Coll wall, Inc, North America Plastic, Inc, and other four company not in mind .From 2008, to January 29, 2014, petitioner exhibit good moral character in prison where he worked toward his high school diploma and have his G.E.D. and more then 10 Certificate for work opportunities in the future. His personal and  prison records speaks for it self, where there is no such act of violence toward any one or any threats and have all his family and friends support. Petitioner became uncertified paralegal and is willing to work hard to become a certified civil counsel in the future.

## Conclusion

Petitioner Dominic Ali, has been deprived of his basic fundamental Constitutional Rights as guaranteed by the 5th ,6th, and the 14teenth Amendment of the United States Constitution and Part (1) Article (15) of the State's of NH Constitution  and  he seek relief in this Court to restore those rights based on the argument and authorities presented herein, petitioner  conviction and sentence was sustained  in violation of his due processes of law and he was deprived of his rights to effective assistance of counsel's and due process of law  in the trial Court and the Supreme Court.

Petitioner prays this Court will issue an order to over rule the judgment of both courts, and deny the States motion for Summary Judgment.

Sui juris Representations _Au Denine_ 9/4/2014

Dominic Ali #642059
Etowah County Jail
827 Forrest Ave
Gadsden, AL 35801

## **CERTIFICATE OF SERVICE**

I, Dominic Ali, hereby certify under penalty of perjury that these statements are true and a copy of this motion has not been forwarded to the NH Attorney General .Mr.Ali request this Honorable court to forward a copy of this motion electronically to the State as he lacks the finical assistance for postage.

C: file

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**  SEP 10  A 9: 23

**Petitioner:**     **Dominic Ali**

**V.**                    **Civil No: 12-CV-185-JL**

**Respondent:**     **State of New Hampshire**
**Adult Parole Board**

## PETITIONER WRIT OF HABEAS CORPUS 28 U.S.C. 2254

### PETITIENER OBJUCTION TO THE COURT FINDING AND CONCLUSION

**NOW COMES,** Dominic Ali, Sui Juris, respectfully requests this Honorable Court
to withdraw its finding and conclusion and grant this objection for the following reasons
states below:

1) Petitioner objection to the court finding and conclusion to petitioner's initial claim
which is:

The trial court abuse its discretion motivated by racial bias to prejudice and allowed
the State's to over charge, harass, and confuse the jury. See; **State v. Macleod**, 141 NH
427, State **v. Lebaron**, 148 NH 226(2002) (quoting) **Harris v. United States**, 536 us 545
(2002) and **Apprendi v. New Jersey**, 530 us 466 (2002).Matter of fact, NO ONE
BESIDE PETITIONER IS CONVICTED ON THIS STATUTE .RSA 173-B;9,IV,III in
the State of New Hampshire .Ambiguity in a criminal statute should be resolved in
against an interpretation that increases the penalties or punishment impose on the
petitioner and the NHSC is "playing the mind reader" . When there is doubt as to the
legislature's intent. 1) (A) (b) (c).See; **State v. Michael Dansereau**, 157 NH 596, 956,
A2d 310 (2008) And then mischaracterize his constitutional claim the court re-phrasing
his claim and then addressing only part of the claim or entirely different claim than raised

by the petitioner and alleged speculation, and default based on his incompetent counsel's violating petitioner's six Amendment rights not providing assistance in this case.

2) The petitioner objection to the court finding and conclusion to petitioner's initial claim which is:

Ineffective assistance of counsel's of trial attorneys under **Strickland v. Washington** ,466 us 688(1984) and also, **State v. Sharkey**,155 NH 638(2009), that Petitioner's requested expert's witness were not alibi witness, rather they were material witness whose testimony would have created a reasonable doubt respecting petitioner's guilt based on the prosecution's theory of the case. 4)(a)(b) Petitioner states that his witness would have testify that the victim's injury is consisted with the fall out the window which over 7 feet and more evidence to that , the State's own witness testified that Ali's victim's COLUDN'T MOVE BECAUSE OF HER INJURY'S. Nor does trial counsel's explain any strategic decision for not consulting with an expert's witness and why they failed to answer when asked by the trial court "if desired to depose of the State's expert's witne. 5", when they complained so much bout Superior Court Rule (98) See; **State v. Martin**, 142 NH 63(2007) also, **Richter v. Hickman**, 578 f.3d 944 (CA 9. 2009)and failure to provide evidence of victims abuse of alcohol, drugs, and DCYF case witches open that night of the incident. And failure to objects to the States micaratraized petitioner his song appealing for the jury sympathy, and provoke horror, that this is a black man who likes to act violent, etc...Or more then likely will .Because they were incompetent. And therefore there representation falls below the Strickland standard. And therefore prejudice has been shown.

3) The petitioner objection to the court finding and conclusion to petitioner's initial claim which is:

Ineffective assistance of counsel by appellate attorney under **Strickland v. Washington**, 466 us 688(1984), that he failed to brief all of the issues requested and promised by petitioner's trial counsel's to be raise on appeal which they are stronger and that in could the misinterpretation of the statute RSA 173-B:9,IV,III. That increased petitioner's sentence by three and half years and the argument that trial counsel's failed to consult an expert's witness the reasons and their failure to argue that DCYF case was open the night of the incident ,that will reverse the judgment and conviction of the

24

State's court finding. Appellate counsel was burden by a conflict of interest beast on the affiliation of the NHPD and NHAD.And Ali's 2004,nolo conviction that result from faulty advise from counsel he work with .See; **State v. Veale**, 154 NH 730(2007) also; **Penseon v. Ohio**, 488 us 75, 102, L.Ed.2d s.ct. (1988) and **Lombard v. Lynavgh** ,868 f.2d 1475 (CA 5th cir 1989) .Nor does counsel explain any strategic decision for not raising these issues on appeal and why petitioner 's trial counsel were wrong in asking and promising petitioner about these claims .6) (a) (b) (c) and therefore his representation falls below the Strickland standard. And there is a reason the proceeding would have been different. Therefore, prejudice has been shown.

4) The petitioner objection to the court finding and conclusion to petitioner's initial claim which is:

Ineffective assistance of counsel by attorney Al-Marayati in connection to his motion for new trial for his issues on his petition with this court under **Strickland v. Washington,**466 us 688 (1984)that counsel grossly misinformed the petitioner bout the fact to this case, and manipulated his client to withdraw his motion for new trial, when in fact, a competent counsel would know that the under line issues of double jeopardy is conceded by the State's in the petitioner indictment and he challenged that by motion to dismissed and the reason why its ,Is for confusion and harassment of Mr.Ali and jeopardize his defense on appeal on collateral challenge and interlocutory appeal and the trial court did not step in But some how the State's ask to withdraw their confusion in their brief after its damages is done . This is violation of petitioner constitutional rights to due process of law States and Federal. Mr.Ali would have prevailed on all grounds states in his petition. And therefore his representation falls below the Strickland standard. Therefore prejudice has been shown.

5) The petitioner objection to the court finding and conclusion to petitioner's initial claim which is:

NHSC Justice Conboy as a Superior Court Justice in March 2004, she issued a temporary protective order to a false domestic violence matter (1) when the court did not have sufficient allegation of fact to support the issuance of ex-party temporary protective order to the victim (2) by law, RSA 173-B; 5, require

25

that the court "must make specific finding of a criminal conduct" in order to issue a final restraining order that involving Ali, and as evidence ,Ali was found not guilty of the insufficient allegation of fact that Justice Conboy thought their was. See; Fillmore v. Fillmore, 147 NH 283 (2001). Justice Conboy participated in Ali's 2008,appeal of his conviction and sentence See; State v. Ali.no 2009-0140(NH Dec 13,2010) and denies Ali's motion of this issue and his motion for new counsel other then appellate attorney. As a matter of law, Justice Conboy has a say on petitioner's cases in 2004 and 2009, and that's a fact when Mr. Ali is setting in jail because of her prejudice and been the mind reader. Also, Justice Conboy had the chance to correct her finding of 2004, which Ali filed all evidence with his motion with the NHSC in 2010 to have his enhance indictment be dismissed because it was upon her finding.

## CONCLUSION

Petitioner Dominic Ali has been deprived of basic fundamental Constitutional Rights as guaranteed by the 5th, 6th, and the 14 teenth Amendment of the United States Constitution and he seeks relief in this court to restore those rights based on the objection and authorities presented herein. Petitioner's conviction and sentence was sustained in violation of his due process of law and he was deprived of his rights to effective assistance of counsel's in his court appearance. Petitioner's prays that this withdraw its finding, conclusion and over rule the judgment of both the courts, NHSC and NHSC, and deny the States motion for Summary Judgment .

Sui Juris Representations
Dominic Ali # 642059
827 Forrest Ave
Gadsden AL, 35801

## CERTIFIED OF SERVICE

I, Dominic Ali, hereby certify under penalty of perjury ,that a copy of this objection has been forwarded to the NH Attorney General in the U.S. Mail first class postage address of the last known address to this court, this date 9/ 4/ 2014.

C: file.

26