### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

Dominic S. Ali

                        v.                          Civil No. 12-cv-185-JL

New Hampshire Adult Parole Board


### REPORT AND RECOMMENDATION

Before the court are respondent's "Motion for Summary Judgment as to Claims 4(g) and 5" (doc. no. 57), and Dominic Ali's "Motion to Vacate Enhance Indictment" (doc. no. 61).  The respondent objects (doc. no. 64) to Ali's motion, and Ali objects (doc. no. 66) to respondent's motion.  The pending motions (doc. nos. 57 and 61) have been referred to the magistrate judge for a report and recommendation, pursuant to LR 72.1.  For reasons set forth below, the district judge should grant respondent's motion (doc. no. 57), deny Ali's motion (doc. no. 61), and decline to issue a certificate of appealability.


### Background

Ali is an inmate in Immigration and Customs Enforcement ("ICE") custody.  Ali was paroled by the New Hampshire Department of Corrections to ICE custody before the expiration

of a sentence Ali was serving in New Hampshire on a 2008 second degree assault charge.

In 2004, Ali pleaded nolo contendere, and was convicted of, violating a restraining order.  In the 2008 assault prosecution, the state used Ali's 2004 conviction as the basis for enhancing the 2008 second degree assault charge from a Class B felony to a Class A felony, pursuant to N.H. Rev. Stat. Ann. § 173-B:9, IV(b).  In the 2004 criminal case and pretrial and at trial in the 2008 criminal case, Ali was represented by court-appointed counsel from the New Hampshire Public Defender ("NHPD").

In this § 2254 petition, Ali challenges his 2008 conviction, and, derivatively, his 2004 conviction, on grounds including ineffective assistance of counsel in the 2008 case. The operative claims in the § 2254 petition, and additional facts relating to Ali's case, are set forth in this court's March 31, 2014, Order (doc. no. 46) ("March 2014 Order"), granting in part respondent's motion for summary judgment on all claims except for Claims 4(g) and 5(a)-(d).  Because respondent had not filed all of the state court record that this court required to rule on Claims 4(g) and 5(a)-(d), this court in the March 2014 Order denied that summary judgment motion as to those claims, without prejudice to refiling after respondent filed additional parts of the state court record.

Claims 4(g) and 5(a)-(d) are reproduced below:

4(g).  NHPD Attorneys Helen Sullivan and Aileen O'Connell, appointed to represent Ali, provided incompetent representation of Ali at trial and in pretrial proceedings in the 2008 case, in violation of Ali's Sixth Amendment right to the effective assistance of counsel, in that they failed to investigate whether the 2004 conviction, which provided the basis for enhancing the 2008 felony charge, had been obtained in violation of Ali's constitutional rights.

5.  Non-NHPD Attorney Anthony Introcaso, appointed to represent Ali shortly before sentencing in the 2008 case, denied Ali competent representation at sentencing, in violation of Ali's Sixth Amendment right to the effective assistance of counsel, in that Attorney Introcaso:

> (a)  Failed to challenge the materially incorrect statement of Ali's prior criminal record and inaccuracies regarding the 2008 convictions in the Pre-Sentence Investigation report ("PSI");

> (b)  Failed to provide the PSI to Ali prior to the sentencing hearing;

> (c)  Failed to assert as mitigating factors during sentencing (i) that trial counsel generally provided ineffective assistance of counsel to Ali; and (ii) that trial counsel failed to advise Ali of the improbability of acquittal and the benefits of accepting a plea bargain, in violation of Ali's Sixth Amendment right to the effective assistance of counsel; and

> (d)  Did not review the sentencing recommendations prepared by the NHPD attorneys who had represented Ali at trial and did not prepare or offer the sentencing court any sentencing proposal on Ali's behalf.

Respondent has filed documents in compliance with the March 2014 Order in this case.  See Doc. Nos. 47, 50, and 57.  Ali has

filed a "Motion to Vacate Enhance [sic] Indictment" (doc. no. 61) and an objection (doc. no. 66) to respondent's motion for summary judgment on Claims 4(g) and 5(a)-(d).

## Discussion

I.   Respondent's Motion for Summary Judgment (Doc. No. 57)

    A.   Habeas Standard of Review

In a federal habeas action, relief is not available as to any claim adjudicated on the merits in state court, unless the state court's legal conclusions or application of legal standards to settled facts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); see also Robidoux v. O'Brien, 643 F.3d 334, 338 (1st Cir. 2011).  If the issue is one of fact, the habeas court must "apply a presumption of correctness to the [state] court's factual findings and also examine whether there has been an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  John v. Russo, 561 F.3d 88, 92 (1st Cir. 2009); see also 28 U.S.C. § 2254(d)(2).  The petitioner bears the burden of rebutting the presumption of correctness of state court factual findings by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  This court reviews de novo claims that

4

were raised in, but left unresolved by, the state courts.  See
Pike v. Guarino, 492 F.3d 61, 67 (1st Cir. 2007); see also Lynch
v. Ficco, 438 F.3d 35, 44 (1st Cir. 2006).

    B.   Ineffective Assistance of Counsel

Under Strickland v. Washington, 466 U.S. 668 (1984), a
petitioner claiming ineffective assistance of counsel must show
both that counsel's representation fell below an objective
standard of reasonableness, and that prejudice resulted.  See
id. at 687-88.  Deficiency is found "'only where, given the
facts known at the time, counsel's choice was so patently
unreasonable that no competent attorney would have made it.'"
Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (citation
omitted).  The court, in the prejudice analysis, must consider
the totality of the evidence before the jury.  Strickland, 466
U.S. at 695.  "Taking the . . . findings [unaffected by the
errors] as a given, and taking due account of the effect of the
errors on the remaining findings, a court making the prejudice
inquiry must ask if the defendant has met the burden of showing
that the decision reached would reasonably likely have been
different absent the errors."  Id. at 696.

    C.   Claim 4(g)

Claim 4(g) asserts a violation of Ali's Sixth Amendment
right to the effective assistance of counsel, based on his trial

counsel's failure to investigate the validity of the 2004
conviction used to enhance the 2008 charge.  Ali claims that his
2004 plea was not knowing, intelligent, and voluntary, and that
he received deficient advice about the meaning and consequences
of a nolo contendere plea from the NHPD lawyer who represented
him in 2004.  Ali asserts that, in 2004, his English skills were
not good, and that he relied on his lawyer's explanation that a
nolo plea meant "nothing," and would allow him to be released
and go home, when he entered the nolo plea.  Ali further
contends that the plea was not knowing, intelligent, and
voluntary, because the presiding judge in 2004 did not conduct a
proper colloquy to ensure that he understood the consequences of
the plea, and that the judge threatened him with substantial
jail time if Ali ever came back into the courtroom.

Respondent has moved for summary judgment on Claim 4(g),
contending that the claim was procedurally defaulted, and that
the failure to investigate the 2004 conviction was not
prejudicial to Ali.  This court previously ruled that Claim 4(g)
was not procedurally defaulted, see March 2014 Order, and
declines respondent's invitation to reconsider that ruling.

Claim 4(g) is entitled to de novo review, as there is no
pertinent state court decision on the ultimate issue raised in
that claim.  In 2011, Ali obtained a state court ruling on the
validity of the 2004 conviction.  Specifically, the Goffstown

District Court issued an order in March 2011, finding that Ali's
2004 nolo plea was knowing, intelligent, and voluntary, and that
Ali's recollections regarding the circumstances of his entry of
that plea were not credible.  See Doc. No. 61-1, at 11 (State v.
Ali, No. 438-2004-CR-1627 (Goffstown Dist. Ct. Mar. 3, 2011))
(denying motion to withdraw 2004 nolo contendere plea)
(hereinafter "March 2011 Order").[1]  Ali failed to file a timely
appeal of that order, and the New Hampshire Supreme Court
dismissed his late appeal.  See State v. Ali, No. 2011-0482
(N.H. July 25, 2011).  Ali is estopped from asserting in this
court that the 2004 nolo contendere plea was invalid.  Cf.
Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 403-04
(2001) ("once a state conviction is no longer open to direct or
collateral attack in its own right because the defendant failed
to pursue those remedies while they were available (or because
the defendant did so unsuccessfully), the conviction may be
regarded as conclusively valid," and "[i]f that conviction is
later used to enhance a criminal sentence, the defendant
generally may not challenge the enhanced sentence through a
petition under § 2254 on the ground that the prior conviction

---

[1]In March 2011, the New Hampshire Circuit Court system was
not yet established.  The Goffstown District Court that issued
the March 2011 Order is now the New Hampshire Circuit Court,
Ninth Circuit, District Division, Goffstown.

was unconstitutionally obtained").  In light of the March 2011
Order, Claim 4(g) necessarily fails.

Given the result in 2011, Ali has not shown that if his
2008 trial counsel had undertaken further inquiry into the
validity of the 2004 conviction in the course of representing
him in 2008, the result in his 2008 proceeding would have been
different.  Accordingly, the motion for summary judgment should
be granted on Claim 4(g).

D.  Claim 5

In the motion for summary judgment on Claim 5, respondent
asserts both that Claim 5 is procedurally defaulted, and that it
lacks merit.  This court previously concluded that Claim 5(c)
was not procedurally defaulted, and declines to revisit that
issue at this time.  There is no state court order finding that
petitioner defaulted Claims 5(a), (b), and (d), and this court
concludes that respondent has not shown that the "'factual and
legal prerequisites of a default . . . are present,'" as to
those claims.  Pike, 492 F.3d at 73 (citation omitted).

Ali asserts in Claim 5 that Attorney Introcaso's
representation of him was ineffective because Attorney Introcaso
did not challenge inaccuracies about Ali's criminal record in
the PSI; did not share the PSI with Ali prior to the sentencing
hearing; did not review a sentencing memorandum prepared by

Ali's NHPD trial counsel; did not offer a sentencing proposal on Ali's behalf; and raised neither the NHPD trial counsel's failure to advise Ali properly regarding the relative benefits of accepting a guilty plea offer, nor trial counsel's generally deficient representation of Ali, as factors to mitigate Ali's sentence.  As there is no state court decision addressing Claims 5(a)-(d), this court's review of those claims is de novo.

Contrary to Ali's contentions, Attorney Introcaso, at the sentencing hearing: highlighted and corrected errors in the PSI's statement of Ali's criminal history, demonstrated that he had reviewed the sentencing memorandum prepared by Ali's NHPD lawyers by highlighting aspects of it, and offered information about Ali's background and the victim's statements to an NHPD investigator, for the purpose of proposing a lenient sentence. Moreover, the court had before it a memorandum filed previously by Ali's NHPD attorneys, see Doc. No. 47-1, which included: accurate information about Ali's criminal record; facts and/or documentation of Ali's personal history, immigration status, efforts at self-improvement, and rehabilitative potential; as well as a detailed proposal and rationale for lenient sentencing.  Ali has not shown how Attorney Introcaso's alleged failure to identify errors in the PSI or to prepare a more detailed sentencing proposal for the sentencing court was either objectively unreasonable, or prejudicial.

Ali also claims that Attorney Introcaso provided ineffective representation to Ali by not ensuring Ali had received and reviewed the contents of the PSI.  Ali has failed to point to any issues unaddressed by the December 8, 2008, sentencing memorandum or the offers of proof at the sentencing hearing that might have resulted from inaccuracies or omissions in the PSI.  Therefore, Ali has not shown that his lack of access to the PSI resulted in prejudice to Ali under Strickland.

Ali further contends that Attorney Introcaso's representation was deficient because, for the purpose of arguing for leniency, counsel did not assert in the sentencing proceeding that Ali's NHPD trial counsel in 2008 had provided Ali with ineffective representation.  A trial judge in New Hampshire has broad discretion to consider a range of factors in sentencing.  See State v. Stearns, 130 N.H. 475, 493, 547 A.2d 672, 682 (1988).  Objectively reasonable representation at sentencing, where the range of factors is broad, does not require defense counsel to anticipate every possible mitigating factor.  Furthermore, a claim of ineffective assistance of counsel at trial is neither typically litigated, nor necessarily raised in a sentencing hearing in New Hampshire.  Cf. State v. Thompson, 161 N.H. 507, 527-28, 20 A.3d 242, 257-58 (2011) (state supreme court retains strong preference for collateral review of such claims).  In evaluating the effectiveness of

counsel's representation, the court presumes that Attorney
Introcaso made a strategic decision in declining to raise as
mitigating factors trial counsel's alleged incompetent advice in
plea bargaining and alleged ineffective representation of Ali at
trial.  See Pena v. Dickhaut, 736 F.3d 600, 605 (1st Cir. 2013)
(to demonstrate ineffective assistance of counsel, petitioner
must overcome presumption that "'the challenged action might be
considered sound trial strategy'" (citation omitted)).  There is
no record evidence to rebut that presumption.

Even assuming, arguendo, that the failure to raise those
issues regarding Ali's NHPD counsel in the sentencing hearing
could be deemed objectively unreasonable, the court, applying
the Strickland prejudice standard, concludes that Ali has not
shown that the result of the proceeding would have been
different.  The sentencing memorandum filed on behalf of Ali,
along with Attorney Introcaso's statements in the sentencing
hearing, provided the sentencing court with multiple mitigating
factors that weighed in favor of leniency, including Ali's
childhood as a Sudanese refugee, his minimal prior criminal
record, his work history, education, family connections, efforts
taken at self-improvement while awaiting trial, and the risks he
could face if deported to Sudan following the imposition of a
sentence exceeding one year.

11

The court in sentencing made it clear that the court's key concerns were the severity of the victim's injuries and the brutality of the assault.  <u>See</u> Doc. No. 50-2, at 19-20.  Given the record of aggravating and mitigating factors presented to the sentence court, and that court's stated rationale for its sentencing decision, this court cannot conclude that it was reasonably likely that Ali's sentence would have been shorter if Attorney Introcaso had asserted, as an additional factor, an argument concerning previous counsel's alleged failure to provide Ali with competent representation and proper advice. Accordingly, the motion for summary judgment (doc. no. 57) should be granted on Claim 5.

## II.  <u>Ali's Motion (Doc. No. 61)</u>

Ali's "Motion to Vacate Enhance [sic] Indictment" (doc. no. 61) seeks dispositive relief on claims in the § 2254 petition, including Claims 4(g) and 5 addressed in this order, and reconsideration of the June 7, 2013, Order dismissing a Sixth Amendment right to counsel/conflict of interest claim.  <u>See</u> Order (doc. no. 26) (approving May 20, 2013, Report and Recommendation (doc. no. 17), and dismissing claim then denominated as Claim 6(h)).  Ali's motion (doc. no. 61) further seeks reconsideration of the March 2014 Order (doc. no. 46) granting summary judgment on the remaining claims in the

12

petition, and ruling that Ali could not obtain dispositive

relief on his § 2254 petition because he had not exhausted each

claim in the petition.  Finally, the motion (doc. no. 61) seeks

relief on new claims, specifically: a Sixth Amendment claim

challenging the validity of the 2004 conviction, based on

Padilla v. Kentucky, 559 U.S. 356 (2010); a due process claim

that the trial court's failure to appoint an interpreter for Ali

in 2004 rendered his nolo plea invalid; a due process claim that

the plea was invalid because Ali did not fully understand the

elements of the offense to which he was pleading guilty; and a

due process claim that the restraining order underlying the 2004

conviction was void because it arose out of a criminal stalking

proceeding which was dismissed by the state courts.

There are four reasons to deny Ali's motion.  First, to the

extent Ali seeks reconsideration of the March 2014 Order, the

motion should be denied for failing to show that the March 2014

Order is based on any error of fact or law.  Second, for reasons

stated in that Order, Ali is not entitled to relief on any claim

in the § 2254 petition because he failed to exhaust each claim

asserted in that petition.

Third, the motion should be denied as the addition of the

proposed new claims would be futile.  A "defendant generally may

not challenge [an] enhanced sentence through a petition under

§ 2254 on the ground that the prior conviction was

unconstitutionally obtained." <u>Lackawanna</u>, 532 U.S. at 403-04.
Ali previously litigated claims challenging his inability to
understand the 2004 nolo plea, and asserting that he required an
interpreter.  <u>See</u> Doc. Nos. 61-1, at 30-31, and 61-2, at 31 (<u>Ali</u>
<u>v. Reilly</u>, No. 214-212-CV-178 (N.H. Super. Ct., Coos Cnty., Feb.
21, 2013), <u>appeal declined</u>, No. 2013-0155 (N.H. June 6, 2013)).
The state courts rejected those claims.  <u>See</u> <u>id.</u>  Ali cannot use
this case to collaterally attack the validity of, or revisit
rulings in state post-conviction proceedings relating to, the
2004 conviction.  Additionally, the rule announced in <u>Padilla</u>
does not apply retroactively to his conviction.  <u>See</u> <u>Chaidez v.</u>
<u>United States</u>, 133 S. Ct. 1103, 1113 (2013) (citing <u>Padilla</u>, 559
U.S. at 366, and <u>Teague v. Lane</u>, 489 U.S. 288, 301 (1989)).

        Finally, to the extent Ali's motion seeks to add new
claims, the motion should be denied as Ali has failed to show
good cause for unduly delaying his assertion of such claims.
Ali's motion was filed after the court resolved most of the
claims in the petition through an order granting, in pertinent
part, respondent's first motion for summary judgment, and after
respondent filed a supplemental motion for summary judgment on
the remaining claims.  Ali has provided this court with no
reason for having waited until this stage of the case to add the
<u>Padilla</u> claim and an interpreter claim to this action.  For each
of these reasons, and for reasons stated in the March 2014

Order, the district judge should deny Ali's "Motion to Vacate Enhance Indictment" (doc. no. 61).

III. <u>Certificate of Appealability</u>

Ali has not shown that reasonable jurists could debate whether the petition should be resolved in a different manner, or that the issues presented deserve encouragement to proceed further, and he has not otherwise made a substantial showing of the denial of a constitutional right.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000). Accordingly, a certificate of appealability should not be issued in this case.

## Conclusion

For the forgoing reasons, the district judge should grant the respondent's motion for summary judgment on Claims 4(g) and 5 (doc. no. 57), deny Ali's "Motion to Vacate Enhance Indictment" (doc. no. 61), and decline to issue a certificate of appealability.  Approval of this Report and Recommendation will leave no claims remaining in the petition, and for that reason, the clerk should further be directed to enter judgment and close the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the

15

specified time waives the right to appeal the district court's

order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617

F.3d 554, 564 (1st Cir. 2010).


Andrea K. Johnstone
United States Magistrate Judge

October 16, 2014

cc:  Dominic S. Ali, pro se
     Elizabeth C. Woodcock, Esq.
     Francis Charles Fredericks, Esq.