IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

2014 NOV -3 P 12: 20

**Petitioner**: Dominic Ali )
)
V. )
)
**Respondent**: State of New Hampshire ) Civil No: 12 –CV- 185-JL
N.H. Adult Parole Board )
)
_____ )

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28U.S.C. 2254

## PETITIENER OBJUCTION TO THE COURT FINDING AND CONCLUSION ON CLAIM 4G AND 5

   **NOW COMES**, Dominic Ali, Sui Juris, respectfully requests this Honorable Court to withdraw its finding and conclusion and grant this objection for the following reasons states below:

   1)    Petitioner objection to the court (RMJ) finding and conclusion to petitioner's initial claim 4 g which's:

   Trail counsel's provided incompetent representation of Ali at trial and pre-trial proceedings in the 2008 case, in violation of Ali's Sixth Amendment right to the effective assistance of counsel, in they failed to investigate whether the 2004 conviction which provided the basis for enhancement the simple assault misdemeanor charge to felony has been obtained in violation of his Constitutional Rights. The fairness and adequacy of the procedures on acceptance of pleas of guilty are of vital importance in according equal justice ….").

 Knowingly and voluntarily made. Florida v. Nixon, <u>543 U.S. 175, 125 S. Ct. 551, 559, 160 L. Ed. 2d 565, 577 (2004)</u> ("a guilty plea cannot be inferred from silence; it must be based on express affirmations made intelligently and voluntarily"); Bordenkircher v. Hayes, <u>434 U.S. 357, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978)</u> ("need for a public record indicate that a plea was knowingly and voluntarily made");

1

North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) ("standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant"); Brady v. United States, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970) ("new element added in Boykin was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily"); Boykin v. Alabama, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) ("error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary"); Kercheval v. United States, 274 U.S. 220, 223, 47 S. Ct. 584, 71 L. Ed. 1009 (1927) ("plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences").

U.S. Supreme Court: Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (even if court and defense attorney provided information to defendant about nature of charge that was accurate at time of plea, if later developments in the law show defendant to have been misinformed about essential elements of offense, plea is constitutionally invalid); Henderson v. Morgan, 426 U.S. 637, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976) (error where court and defense attorneys failed to explain to defendant that element of second degree murder, the offense to which defendant pled guilty, was intent to kill); Smith v. O'Grady, 312 U.S. 329, 334, 61 S. Ct. 572, 85 L. Ed. 859 (1941) ("real notice of the true nature of the charge ... [is] the first and most universally recognized requirement of due process")   The States, after reviewing the petitioner criminal record, they found out that the petitioner was convicted of violation of proactive order in 2004, and therefore upgraded petitioner's simple assault to Class A felony and two misdemeanors .Due to trial counsel's incompetent, the State re-indicted petitioner with full recklessness and disregards to the N.H. Superior Court with three count of felonies and five misdemeanors. See; State v. Marcoux, 154 NH 118 (2006). Also, See; Glover v. United States, 531 US 198,203,121 S.Ct 696,148 L.Ed.2d 602(2001); United States v. Chase, 499 f.3d 1061, 1068(9th Cir.2007); Alaniz v. United States, 351 f.3d 365,368(8th

Cir.2003). (concluding that an error increasing a defendant sentence by as little as six months can be prejudicial within the meaning of Strickland).Mr.Ali's sentence was increase from 1 year to 15 years maximum. The cause and prejudice requirement do no t apply to allegation of ineffective assistance of counsel. United States v. DeRewal, 10 F.3d 100(3rd Cir 1993).Counsel can not be expected to identify his or her own errors, or to appeal on those grounds because of a conflict of interest. See; Billy-Eko v. United States, 113 S.ct. 2989 (1993). See; State v. Veale, 154 NH 730(2007) the NHPD and NHAD same "firm". See; National Legal Aid and Defender's Ass'n performance Guidelines for criminal Representations 6.2(1995) ("in order to develop an over all negotiation plan, counsel should be fully aware of and make sure the client is fully aware of other consequence of conviction such as deportation .In developing a negation strategy, counsel should be completely familiar with the advantage and disadvantage of each available plea according to the circumstance's of the case." There is a reasonable probability that had not been for Ali's incompetent assistance the proceeding would have been different. There performance fell below an objective reasonableness in failure to disclose material facts or misrepresentation of material facts in fever of Mr.Ali to Dismissed his enhance indictment with advance that he was convicted base upon a faulty advise form an incompetent lawyer who states that the law "meant nothing" in his 2004 hearing. U.S. Supreme Court: Almendarez-Torres v. United States, 523 U.S. 224, 227, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998) (defendant objected claiming he could not be sentenced to more than 2 years in prison because indictment "had not mentioned his earlier aggravated felony convictions").
Maine: Aldus v. State, 748 a.2d 463, 471 (Me. 2000); (performance of defense counsel was below that of ordinary fallible attorney where post-conviction court considered relevant facts surrounding defendant's guilty plea, including fact that attorney knew defendant was not a citizen and that INS was looking for defendant, as well as overall justice and fairness of plea

3

proceeding).

**INTERESTS OF JUSTICE**

Fundamental of miscarriage of justice occurred when Mr.Ali entered his plea in 2004 violation of Restraining order and it's in the interest of justice would be served by granting Mr.Ali's motion to vacate his conviction base upon ineffective assistance of counsel and due process of law violations. And this court error in its finding in question of law.

The petitioner objection to the court (RMJ) finding and conclusion to petitioner's initial claim which is:

>Court appointed counsel Introcaso denied Ali the effective assistance at sentencing and failed to provide his own pre-sentencing proposal, failed to provide Ali the PSI report, failed to assert that trial counsel's were incompetent that they are young inexperience lawyers that they failed to advise Ali of the improbability of acquittal and benefits of the accepting a plea bargain. See; Boria v. Keane, when Mr.Ali is facing 7½ to 15 and the State offered 3½ to 7, in violation of Ali's Sixth Amendment rights. The court re-phrasing his claim and then addressing only part of the claim or entirely different claim than raised by the petitioner and alleged speculation, and default based on his incompetent counsel's violating petitioner's six Amendment rights not providing assistance in this case.See;U.S. v. Jmenes,270 f.3d 554(CA 8 cir 2001) Attorney Interocaso did not papered before the sentencing court with his own sentencing guideline computation or pos-conviction specialist need to the court early enough to be consider in relation to the( PSI).

>With all due respect to this court, the PSI report recommended five years whishes in this is the State who asked for five years and the petitioner was sentence by the prejudice court to six years by identifying the rang in sentencing table correspond petitioner's total offenses level,whiches in could the two double jeopardy second degree assault, two misdemeanors

4

conviction and criminal history that is in could the violation of restraining order, that petitioner is challenging in this court. And therefore his representation falls below the Strickland standard, and prejudice has been shown. Fundamental of miscarriage of justice occurred when Mr.Ali received ineffective assistance of counsel, and this court error in its finding in question of law.

The petitioner objection to the court (RMJ) finding and conclusion to petitioner's initial claim which is:

With respect to this Court opinion on the issue of Padilla. Mr. Ali has no training in the field of law and has limited access to the law library. For example; the NH State prisons have limited access to favorable case to support M.Ali's case or nor he could read the case law cited by the Respondent, and it's the other way around while in detention center for Immigration. M.Ali have no access to criminal case laws in this facility or any other facility he been throw which's put him in disadvantage with the respondent. Mr.Ali found out about Padilla once he is in Immigration custody and uses Padilla for its consequences. See: Law Review: Steve Colella, "Guilty, Your Honor": The Direct and Collateral Consequences of Guilty Pleas and the Courts that Inconsistently Interpret Them, 26 Whittier L. Rev. 305, 307 (Fall 2004) ("Starting with the Supreme Court decision in Brady v. United States, eleven federal circuits, over thirty states and the District of Columbia have held that a defendant entering a plea of guilty must be informed of all direct consequences of his plea but need not be informed of the collateral consequences.").See; Montejo v. Louisana, 556 U.S. 778 (2009); United States v. Wade,338 U.S. 227,289( 1967); Lafler v. Cooper,132 S.ct 1376,13769(2012)

The federal statute which determined the defendant's immigration status was very clear and a simple reading would have informed any competent counsel that the defendant would be subject to automatic removal based on the conviction. ibid. Thus the question before this Honorable Court is whether Mr.Ali's former attorney rendered inadequate advice should therefore be analyzed in light of any pertinent immigration statute and its revision dates. Fundamental of miscarriage

5

of justice occurred when Mr.Ali entered his plea in 2004, and this court error in question of law.

## CONCLUSION

Petitioner Dominic Ali has been deprived of basic fundamental Constitutional Rights as guaranteed by the 5th, 6th, and the 14 teenth Amendment of the United States Constitution and he seeks relief in this court to restore those rights based on the objection and authorities presented herein. Petitioner's conviction and sentence was sustained in violation of his due process of law and he was deprived of his rights to effective assistance of counsel's in his court appearance. Petitioner's prays that this withdraw its finding, conclusion and over rule the judgment of both the courts, NHSC and NHSC, and deny the States relief.

Sui Juris Representations /s/ Dominic 10/28/2014
Dominic Ali # 642059
827 Forrest Ave
Gadsden AL, 35801

## CERTIFIED OF SERVICE

I, Dominic Ali, hereby certify under penalty of perjury, that a copy of this objection has been forwarded to the NH Attorney General in the U.S. Mail first class postage address of the last known address to this court, this date 10/28/14 2014.

C: file.